# STULL, STULL & BRODY
COUNSELORS AT LAW

10940 WILSHIRE BLVD
23RD FLOOR
LOS ANGELES, CA 90024
(310) 209-2468
TELECOPIER (310) 209-2087

6 EAST 45TH STREET
NEW YORK, NY 10017
(212) 687-7230
TELECOPIER (212) 490-2022

FEB 20 2009

**MEMO ENDORSED**

> Conference adjourned to
> 4/16/09 @ 9:00 AM
>
> February 18, 2009
>
> SO ORDERED:
> Date: 2/20/09
> Richard M. Berman, U.S.D.J.

**VIA FEDERAL EXPRESS**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 21D
New York, New York 10007-1312

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 02.20.09

Re: Repex Ventures S.A. v. Bernard Madoff, et al.
    Case No. 09-cv-00289 (RMB)

Dear Judge Berman:

I represent plaintiff Repex Ventures, S.A. in the above-entitled securities class action. I write seeking an additional 120-day postponement of the initial pre-trial conference the Court recently set for February 23, 2009. Plaintiff has already been granted a three- week extension of the original January 27, 2009 pre-trial conference date.

The original complaint in this action was filed on January 12, 2009. The Court set the original pre-trial conference for January 27, 2009. On January 16, 2009 plaintiff sought an extension because none of the defendants, who are mainly located in Europe, had yet been served. On January 21, 2009, the Court granted plaintiff a three-week extension of the pre-trial conference, to February 23, 2009.

Since the initial extension was granted the following has occurred. On January 26, 2009, plaintiff amended the complaint to drop Bernard L. Madoff Investment Securities LLC ("BMIS") from the complaint as a defendant pursuant to a December 15, 2008 Order staying all actions against BMIS under the Securities Investor Protection Act. Plaintiff also used this opportunity to correct the names of certain defendants.

Beginning on January 27, 2008, nine individual Requests to Waive Service of a Summons under FRCP 4(d) have been mailed to defendants. As these defendants are for the most part located outside the district, defendants have 60 days from the date of mailing to return executed waivers. As of this date, none have been returned. Only counsel for defendant Sonja Kohn has indicated that a waiver would not be forthcoming. Process servers are currently attempting to serve her in New York.

Defendant Pioneer Alternative Investments, through its counsel at Skadden, Arps, Slate, Meagher & Flom LLP, has been in contact with plaintiff's counsel concerning a schedule for defendants to respond to the complaint. The present case is a securities class action governed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 (the "PSLRA"). Pursuant to the PSLRA, plaintiff's counsel on January 12, 2009 published a notice to purported members of the class advising them of the pendency of the action and their right to move this Court to serve as lead plaintiff not later than sixty (60) days after publication of the notice. The time to file any motions for appointment of lead plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934 will not occur before March 13, 2009. Prior to the Court deciding the expected lead plaintiff motion or motions, plaintiff Repex Ventures S.A. does not know if it will be appointed lead plaintiff or if its choice of counsel, Stull, Stull & Brody, will be appointed lead plaintiff's counsel in this action.

Plaintiff Repex Ventures would like the opportunity to further amend that complaint, as additional information concerning the Madoff scandal has come to light. Furthermore, it is expected that the future lead plaintiff, whoever is appointed, will also seek to file an additional amended complaint to, at a minimum, be added as a plaintiff.

Also, in conversations with Pioneer's counsel, it was disclosed that defendants presently intend to file motions to dismiss which would trigger the PSLRA's stay-of-discovery provision. 15 U.S.C. § 78u-4(b)(3)(B). Thus, in order to avoid the unnecessary expenditure of effort by the parties and the Court prior to the appointment of lead plaintiff and the filing of an operative complaint, the parties have agreed in principle, subject to the Court's approval, to extend each defendant's time to answer, move to dismiss, or otherwise respond to an expected future complaint until the issue of lead plaintiff has been decided and that lead plaintiff has an opportunity to file an amended complaint. A stipulation to this effect will be filed shortly.

Plaintiff therefore seeks a 120-day continuance of the initial pre-trial conference. By the end of the proposed 120-day extension, the issue of lead plaintiff should be decided. As discovery will be stayed under the PSLRA until the expected motions to dismiss are denied, it will be difficult for the parties and the Court to devise a discovery schedule prior to the Court ruling on the various expected motions to dismiss. As discovery is stayed, no party will be prejudiced by the proposed continuance. Defendant Pioneer Alternative Investments agrees to plaintiff's request. Plaintiff has not sought any other defendants' consent to this request, as no defendant has yet been served.

Respectfully yours,

Timothy J. Burke

TMB/mlj

cc: Defendants (Via Facsimile)

Z:\STULL\BANKMEDICI\COR\Judge Berman 02.wpd