UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REPEX VENTURES S.A., on Behalf of Itself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF, BANK MEDICI S.A., SONJA KOHN, PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, PIONEER ALTERNATIVE INVESTMENTS, THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., and HSBC SECURITIES SERVICES, S.A.,<br><br>      Defendants. | ECF CASE<br><br>Civil Action No.: 1:09-cv-00289-RMB |
| ADDITIONAL CAPTION ON NEXT PAGE | |

MEMORANDUM OF LAW IN SUPPORT OF
PETER BRANDHOFER'S MOTION FOR CONSOLIDATION AND FOR
APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

Dockets.Justia.co

| | |
|---|---|
| HORST LEONHARDT, on Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                               v.<br><br>BERNARD L. MADOFF, BANK MEDICI S.A., SONJA KOHN, PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, PIONEER ALTERNATIVE INVESTMENTS, THEMA INTERNATIONAL FUND PLC, HELMUTH E. FREY, FRIEDRICH PFEFFER, FRANCO MUGNAI, ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, DAVID T. SMITH, GERALD J.P. BRADY, DANIEL MORRISEY, ERNST & YOUNG S.A., ERNST & YOUNG GLOBAL LIMITED, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES (IRELAND) LIMITED, HSBC SECURITES SERVICES, S.A., PRICEWATERHOUSECOOPERS, CHARTERED ACCOUNTANTS, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED and FRIEHLING & HOROWITZ,<br><br>                               Defendants. | **ECF CASE**<br><br>Civil Action No.: 1:09-cv-02032-UA |

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS.....................................................................................................2

ARGUMENT ........................................................................................................................4

I. OVERVIEW OF APPLICABLE LAW ...................................................................4

II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................................5

III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ............6

    A. Movant's Motion To Serve As Lead Plaintiff Is Timely .....................................7

    B. Movant Is Believed to Have the Largest Financial Interest in the Relief Sought by the Class ...................................................................................................7

    C. Movant Satisfies the Typicality and Adequacy Requirements of Rule 23 .............8

        1. Movant's Claims Are Typical of the Claims of the Class ...............................9

        2. Movant Will Fairly and Adequately Represent the Interests of the Class..........9

IV. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL .....10

CONCLUSION .................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Albert Fadem Trust v. Citigroup Inc.*
   239 F. Supp. 2d 344 (S.D.N.Y. 2002) ................................................................... 5, 8

*Johnson v. Celotex Corp.*
   899 F.2d 1281 (2d Cir. 1990) .................................................................................. 5, 6

*Kaplan v. Gelfond*
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................... 5, 6

*In re Olsten Corp Sec. Litig.*
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................ 6

*In re Oxford Health Plans, Inc. Sec. Litig.*
   182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................. 8

*Sofran v. LaBranche & Co.*
   220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................ 8, 9

*Walker v. Deutsche Bank, AG*
   No. 04 Civ. 1921 (DAB), 2005 WL 2207041 (S.D.N.Y. Sept. 6, 2005) .................... 5

## STATUTES

15 U.S.C. § 78u-4 ................................................................................................... *passim*

## RULES

Fed. R. Civ. P. 23(a) ..................................................................................................... 8, 9

Fed. R. Civ. P. 42(a) ..................................................................................................... 5, 6

Peter Brandhofer ("Movant") respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the above-captioned actions (together, the "Actions"); (ii) appointment as Lead Plaintiff in the Actions; and (iii) approval of Movant's selection of Lead Counsel for the putative class. Movant purchased, on behalf of his clients, shares in Herald USA Segregated Portfolio One and Herald (Lux) US Absolute Return (the "Herald Funds"),[1] investment funds that are Defendants in the Actions, and suffered damages as a result of Defendants' alleged unlawful conduct.

## PRELIMINARY STATEMENT

This Court should appoint Movant as Lead Plaintiff for the class of "all persons and entities who invested in the Herald USA Fund, Herald Luxemburg Fund, Primeo Select Funds and the Thema International Fund ("collectively, the "Funds") between January 12, 2002 through and including January 12, 2008"[2] (the "Class") because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), he is the "most adequate" plaintiff to serve as Lead Plaintiff. In fact, Movant satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. Movant is believed to have the "largest financial interest" in the relief sought by the Class. As of December 11, 2008, Movant suffered estimated losses of $369,313.24 during the class period in the Actions (the "Class Period"). His motion to be appointed Lead Plaintiff is timely, and his claims against Defendants are typical of the claims of the other Class members.

---

[1] Movant certifies that he is an investment advisor and that his clients, listed in Attachment "A" to his certification, by way of Assignment Agreements, have assigned him "all rights, legal title and interest in Client[s'] claims for damages, demands, or causes of action relating to" their purchase of shares in the Herald Funds. *See* Affidavit of Robert S. Schachter in Support of Peter Brandhofer's Motion for Consolidation and for Appointment of Lead Plaintiff and Lead Counsel ("Schachter Aff."), Ex. "D".

[2] This class definition is set forth in the notice regarding the filing of *Repex Ventures S.A. v. Madoff* (the "*Repex* Action"). *See* Schachter Aff., Ex. "A".

Movant's interests are also aligned with the interests of the Class. Finally, Movant has retained qualified counsel, Zwerling, Schachter & Zwerling, LLP ("Zwerling, Schachter") and will vigorously prosecute the Actions.

## STATEMENT OF FACTS

This class action arises from a Ponzi Scheme perpetrated by Bernard L. Madoff ("Madoff") and his firm, Bernard L. Madoff Investment Securities, LLC ("BMIS") (the "Ponzi Scheme"), using money obtained from feeder funds, such as the Herald Funds. ¶¶ 1, 33, 34.[3] On December 11, 2008, Madoff was arrested by federal authorities after confessing that he had been operating a $50 billion Ponzi Scheme in which he used the investments of new clients to pay for fictitious "returns" to other clients. ¶¶ 1, 33, 34. The SEC charged Madoff and BMIS with securities fraud; the U.S. Attorney's Office in the Southern District of New York charged Madoff and MBIS with criminally violating the securities laws. ¶ 1.[4]

After Madoff was arrested, it was disclosed that the Funds were merely feeder funds for Madoff and BMIS, and that each of the Funds had raised capital from investors and delivered that capital directly to Madoff and BMIS. ¶¶ 3, 38.

Defendants Bank Medici S.A., Sonja Kohn, Peter Scheithauer, Bank Austria Creditanstalt, UniCredit S.A and Pioneer Alternative Investments (collectively, the "Bank Medici Defendants") controlled the Funds and represented to investors that they would use investors' assets in the Funds for investing in the securities market, and furthermore, that the

---

[3] "¶" references are to allegations in the amended complaint filed in the *Repex* Action, attached as Exhibit "B" to the Schachter Aff. The complaint's allegations in *Leonhard v. Madoff* (*see* Schachter Aff., Ex. "C") are virtually identical to those in the *Repex* Action amended complaint.

[4] On March 12, 2009, Madoff pled guilty to 11 counts of fraud, money laundering, perjury and theft.

investors would share the profits from such investments, promising them steady returns. ¶ 4.

However, the Bank Medici Defendants did not inform their investors that the Funds were acting as feeder funds for Madoff and BMIS and that the members of the Class were not sharing in true returns on investments in the securities market. ¶¶ 7, 33, 34, 38. The Funds, the Bank Medici Defendants, and Defendant Ernst & Young S.A., the auditors for the Herald and Primeo funds, also ignored many red-flags that should have caused them to conduct further due diligence and/or alter their investment decisions with regard to Madoff and BMIS. ¶¶ 9, 39-48.

These red-flags included: (a) a lack of transparency into BMIS; (b) BMIS's returns were abnormally consistent, including only 5 months of negative returns in 12 years; (c) the inability of others, using a "split-strike conversion" strategy (which Madoff purported to use) to generate remotely comparable returns to those claimed by Madoff; (d) Madoff's acting as his own prime broker; and (e) BMIS's auditor, Freihling & Horowitz, being unsuitable and incapable of performing the audit services required because it consisted of one office with 3 employees. ¶¶ 9, 42-45, 48.

The *Repex* Action alleges that Defendants' representations to the putative Class members regarding Defendants' purported oversight, manager research, careful due diligence, risk allocation and portfolio management were materially false and misleading, because the Defendants either conducted no diligence or their due diligence was so reckless that they missed the red-flags and other warning signs. ¶ 10. The *Repex* Action also alleges that the Defendants materially misled putative class members by providing them with false and misleading statements about the investment returns and/or concealing the Ponzi Scheme from them. ¶¶ 10, 36, 37, 49. Finally, it alleges that the Defendants knew that their representations about their

investment activities were false and misleading, and that their concealment of the true nature and status of the investment would materially mislead putative Class members. ¶ 37.

Had the Defendants conducted proper due diligence and oversight, Madoff's and BMIS's improper conduct would have been revealed, and the putative Class members would not have invested in the Funds. ¶¶ 11, 50. Due to the Defendants' wrongful conduct, including the failure to conduct due diligence into the legitimacy of Madoff and BMIS, the investments in the Funds have been wiped out, damaging plaintiff and the other putative Class members. ¶ 12.

## ARGUMENT

### I. OVERVIEW OF APPLICABLE LAW

The PSLRA sets forth a procedure for providing notice to members of the putative class of the pendency of a class action, the claims asserted, and the purported class period. Specifically, the PSLRA provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).[5]

The PSLRA also sets out the requirements for selection of a lead plaintiff to oversee class

---

[5] 15 U.S.C. § 78u-4 amends the Securities Exchange Act of 1934 to adopt the PSLRA's provisions.

actions brought pursuant to the federal securities laws. 15 U.S.C. § 78u-4(a)(3). There is a rebuttable presumption that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to [the] notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant satisfies each of the PSLRA's statutory requirements to serve as Lead Plaintiff here.

## II.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues when multiple actions asserting substantially the same claims on behalf of a class have been filed. A court must first decide the consolidation motion and then decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation of actions pursuant to Fed. R. Civ. P. 42(a) is appropriate when the actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Under Rule 42(a), this Court has broad discretion to determine whether consolidation is appropriate, "and in making this determination, [is] to consider whether judicial economy favors consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Walker v. Deutsche Bank, AG*, No. 04 Civ. 1921 (DAB), 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005) ("[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will

generally be appropriate." (alteration in original) (citation and quotation marks omitted)); *see also Johnson*, 899 F.2d at 1285. It is "well recognized" that the "consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." *Kaplan*, 240 F.R.D. at 92 (*quoting In re Olsten Corp Sec. Litig.*, 3 F. Supp. 2d 286, 293-94 (E.D.N.Y. 1998)).

Presently pending before this Court are at least two related securities class action cases:

| Case Name | Case No. |
|---|---|
| *Repex Ventures S.A. v. Madoff, et al.* | No. 1:09-CV-00289-RMB |
| *Leonhardt v. Madoff, et al.* | No. 1:09-CV-02032-UA |

The Actions involve common questions of fact and law. Thus, the Actions, and any related actions that are subsequently filed in this District or transferred to this District, should be consolidated. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 293 (noting that "the facts and legal issues need not be identical to warrant consolidation.").

Because the PSLRA explicitly ties the selection of a lead plaintiff to the consolidation of related actions, the Movant respectfully requests that this Court grant the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Fed. R. Civ. P. 42(a).

### III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

The PSLRA provides guidelines for the appointment of a lead plaintiff in "each private action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Because Movant is the "most adequate" plaintiff, as defined by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii), he should be

appointed as Lead Plaintiff.

### A. Movant's Motion To Serve As Lead Plaintiff Is Timely

As noted, within sixty days after the publication of a notice of a class action, a member of the proposed class may move the Court to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, the earliest notice of a class action regarding the Herald Funds and other Defendants (*i.e.*, the *Repex* Action) was published on January 12, 2009. Schachter Aff., Ex. "A". Movant has timely moved for appointment as Lead Plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movant therefore satisfies the PSLRA's initial requirement.

### B. Movant Is Believed to Have the Largest Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, this Court next determines which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Although the PSLRA does not specifically indicate the manner in which the "largest financial interest" should be calculated, it provides that a plaintiff's damages in any securities fraud class action may be measured by:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

Alternatively, when a plaintiff continues to hold the security that is the subject of the action, damages may be measured by:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of

that security during the 90-day period beginning on the date on which the
information correcting the misstatement or omission that is the basis for the action
is disseminated to the market.

15 U.S.C. § 78u-4(e)(1).

Movant believes at this time that he has the "largest financial interest" in the relief sought by the Class, and thus, is presumptively the "most adequate" plaintiff to serve as Lead Plaintiff. *Albert Fadem Trust*, 239 F. Supp. 2d at 347. The chart annexed as Attachment "A" to Movant's certification fully sets forth the facts relevant to determine that Movant has the largest financial interest in the relief sought by the Class. During the Class Period, Movant suffered estimated losses of $369,313.24. *See* Schachter Aff., Ex. "D", Attachment "A". Movant believes that he satisfies the PSLRA's second requirement for appointment as Lead Plaintiff.

### C. Movant Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to meeting the PSLRA's requisites set forth above, a proposed lead plaintiff must also satisfy the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

For purposes of appointing a lead plaintiff, however, a wide-ranging analysis under Fed. R. Civ. P. 23 is not appropriate at this stage of the litigation. *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004). Rather, only two requirements – "typicality" and "adequacy" – must be preliminarily satisfied by the proposed lead plaintiff. *Id. See also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As discussed below, Movant satisfies

8

both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), further supporting his appointment as Lead Plaintiff.

1. Movant's Claims Are Typical of the Claims of the Class

A lead plaintiff meets the typicality requirement in Fed. R. Civ. P. 23(a)(3) when his claims: (i) arise from the same events or course of alleged conduct by the defendants, and (ii) are based upon similar legal theories as the claims of the class members. *See Sofran*, 220 F.R.D. at 402. The typicality requirement does not require that the lead plaintiff's claims be identical with the claims of the other class members; rather, they need only share common elements of fact or law. *Id.*

Movant satisfies the typicality requirement of Fed. R. Civ. P. 23(a). Movant's claims and the Class's claims arise from the same alleged course of conduct by Defendants, *i.e.*, the alleged misrepresentations about the investment of their assets in the Funds with Madoff and BMIS during the Class Period.

2. Movant Will Fairly and Adequately Represent the Interests of the Class

In evaluating the adequacy of a proposed lead plaintiff, the Court limits its inquiry to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the class. The primary elements of the adequacy requirements of Fed. R. Civ. P. 23(a)(4) are that: (i) the class representative's interests are not antagonistic to those of the class; and (ii) the class counsel is "'qualified, experienced, and able to conduct the…litigation.'" *Sofran*, 220 F.R.D. at 403 (citation omitted).

Movant's interests are aligned with — and certainly are not antagonistic to — the interests of the other Class members. Movant, like the other Class members, is a victim of Defendants' misconduct. He, like the other Class members, was damaged as a result of the

Defendants' misrepresentations and omissions during the Class Period. Due to his significant financial interest in this action, interest in prosecuting this action, and choice of proposed Lead Counsel, Movant will vigorously prosecute the claims against Defendants and protect the interests of the Class.

## IV. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

Pursuant to the PSLRA, the lead plaintiff is permitted, subject to the Court's approval, to select and retain counsel to represent the Class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Movant has selected and retained Zwerling, Schachter as Lead Counsel to represent it and the putative Class. As fully set forth in Exhibit "E" to the Schachter Aff., proposed Lead Counsel has extensive experience in the areas of securities litigation and other complex litigation, and has prosecuted many securities fraud class actions, including the notorious Bennett Funding Group Ponzi Scheme litigation (*In re Bennett Funding Group Inc. Sec. Litig.*, 96 Civ. 2583 (SDNY)(JES)).[6] In that regard, Zwerling, Schachter has been responsible for significant successful results on behalf of injured investors in numerous securities class action lawsuits, as well as legal decisions that enable litigation such as this to be successfully prosecuted. *See* Schachter Aff. Ex. "E".

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion for (1) consolidation of the Actions; (2) appointment as Lead Plaintiff; and (3) approval of his choice of Zwerling, Schachter as Lead Counsel for the putative Class.

---

[6] At the time, in 1996, Bennett Funding Group Ponzi Scheme was then the nation's largest scheme at $700 million.

Dated: New York, New York
       March 13, 2009

                       Respectfully submitted,

                       **ZWERLING, SCHACHTER &**
                          **ZWERLING, LLP**

By:      s/Robert S. Schachter
         Robert S. Schachter
         Jeffrey C. Zwerling
         Stephen L. Brodsky
41 Madison Avenue
New York, NY 10010
(212) 223-3900
rschachter@zsz.com
jzwerling@zsz.com
sbrodsky@zsz.com

*Attorneys for Lead Plaintiff Movant
Peter Brandhofer*