UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

REPEX VENTURES S.A., Individually and on :
Behalf of All Others Similarly Situated,

                              :

             Plaintiff,

                              :

     -against-

                              :

BERNARD L. MADOFF; BERNARD L.                   Case No.  1:09-cv-0289-RMB
MADOFF INVESTMENT SECURITIES;
BANK MEDICI S.A.; SONJA KOHN; PETER   :
SCHEITHAUER; HERALD USA FUND;
HERALD LUXEMBURG FUND; BANK         :
AUSTRIA CREDITANSTALT; UNICREDIT
S.A.; PRIMEO SELECT FUNDS; PIONEER     :
ALTERNATIVE INVESTMENTS; THEMA
INTERNATIONAL FUND PLC; ERNST &       :
YOUNG LLP, and HSBC HOLDINGS PLC,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HORST LEONHARDT, on Behalf of Himself :
and All Others Similarly Situated,

                              :

             Plaintiff,

                              :

     -against-

                              :

BERNARD L. MADOFF, BANK MEDICI
S.A., SONJA KOHN, PETER                       :
SCHEITHAUER, HERALD USA FUND,          Case No. 1:09-cv-2032
HERALD LUXEMBURG FUNDS, BANK
AUSTRIA CREDITANSTALT, UNICREDIT   :
S.A., PRIMEO SELECT FUND, PRIMEO
EXECUTIVE FUND, PIONEER            :
ALTERNATIVE INVESTMENTS, THEMA
INTERNATIONAL FUND PLC, HELMUTHY :
E. FREY, FRIEDRICH PFEFFER, FRANCO
MUGNAI, ALBERTO BENBASSAT,         :
STEPHANE BENBASSAT, GENEVALOR,
BENBASSAT & CIE, DAVID T. SMITH,     :
GERALD J.P. BRADY, DANIEL
MORRISSEY, ERNST & YOUNG S.A.,    :
ERNST & YOUNG FLOBAL LIMITED,

                              :

HSBC HOLDINGS PLC, HSBC
INSTITUTIONAL TRUST SERVICES          :
(IRELAND) LIMITED, HSBC SECURITIES
SERVICES (IRELAND) LIMITED, HSBC      :
SECURITIES SERVICES, S.A.,
PRICEWATERHOUSECOOPERS,               :
CHARTERED ACCOUNTANTS,
PRICEWATERHOUSECOOPERS               :
INTERNATIONAL LIMITED and
FRIEHLING & HOROWITZ,                 :

        Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SHMUEL
CABILLY'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.    INTRODUCTION

Dr. Shmuel Cabilly ("Movant") suffered a substantial loss as a result of his investment in

the Primeo Select Funds ("Primeo") which were controlled and/or managed by Bank Medici

("Medici") and in turn provided such investment funds to Bernard L. Madoff ("Madoff") and

Bernard L. Madoff Investment Securities ("BMIS") during the period between January 12, 2004

and January 12, 2009, inclusive (the "Class Period").[1]  Pursuant to Section 21D(a)(3)(B) of the

Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities

Litigation Reform Act of 1995 ("PSLRA" or "Reform Act"), 15 U.S.C. § 78u-4(a)(3)(B),

Movant now respectfully submits this memorandum of law in support of his motion for an

Order: (1) consolidating the above-related actions (the "Related Actions"); (2) appointing Dr.

Cabilly as Lead Plaintiff on behalf of those who purchased investments in funds that were

---

[1]  Proposed Lead Counsel is aware of this Court's Individual Practices Rule 2.A. which mandates
a Pre-Motion Conference in civil cases prior to filing a motion.  However, because this motion is
governed by Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"),
as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA" or "Reform
Act"), 15 U.S.C. §78u-4(a)(3)(B), Proposed Lead Counsel respectfully requests that this Court
waive its Individual Practices Rule 2.A. requirement.

controlled or managed by Medici and in turn provided those funds to Madoff and BMIS during the Class Period; and (3) approving Movant's choice of the law firm Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel for the class. At a minimum, the Court should appoint Dr. Cabilly as Lead Plaintiff for a class or sub-class of those who invested in the Primeo Select Funds only.[2]

Movant suffered damages of more than $3,665,200 as a result of his investment in Primeo, and in turn BMIS, and is unaware of any other movant with losses that exceed those of himself. Thus, Movant is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff because he has "the largest financial interest in the relief sought by [the] class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant is represented in this action by Cohen Milstein, which is eminently qualified to prosecute securities fraud claims such as these. Moreover, Movant has signed a certification expressing his willingness and desire to serve as representative party on behalf of the class. *See* Torell Decl., Ex. B. Therefore, Movant should be appointed Lead Plaintiff in this action.

## II.    SUMMARY OF FACTS

The first Related Action was filed on January 12, 2009 and alleges that Madoff, BMIS, Medici, Pioneer Alternative Investments ("Pioneer"), Primeo, and several others (collectively "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act.

On December 11, 2008, Madoff was arrested by federal authorities after confessing to his children that he was operating a $50 billion Ponzi (or pyramid) scheme, in which Madoff used the investments of new clients to pay fictitious "returns" to other clients. After Madoff was

---

[2] This action was filed "on behalf of those who purchased investments in *funds* that were controlled or managed by Medici and in turn provided to Madoff between January 12, 2004 and January 12, 2009, inclusive. . ." (Emphasis added). While Primeo is one example of such fund, others include, but are not limited to, Herald USA Fund and Herald Luxemburg Fund (collectively the "Herald Funds") and Thema International Fund plc ("Thelma Fund").

arrested, numerous investment funds disclosed that they were little more than feeder funds for Madoff and BMIS. Primeo is an example of one such a fund. At all relevant times, Primeo was owned by defendant Pioneer and was controlled by Medici and defendant Unicredit S.A. ("Unicredit"). The complaint alleges that each feeder fund sought investments directly from investors and delivered such funds to Madoff and BMIS without the investor's knowledge.

## III.    PROCEDURAL BACKGROUND

As noted above, this case alleges claims for violation of Sections 10(b) and 20(a) of the Exchange Act. At this time, proposed Lead Counsel is only aware of the two above-captioned Related Actions (dealing with investments from Primeo) pending in this jurisdiction.

## IV.    ARGUMENT

### A.    The Above-Captioned Actions Should Be Consolidated

The Reform Act provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *Davidson v. E*Trade Fin. Corp.*, No. 07 Civ. 10400, 2008 U.S. Dist. LEXIS 61265, *7 (S.D.N.Y. July 16, 2008). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, when actions involving common questions of law or fact are pending, the district court is vested with broad powers to consolidate such actions if the court, in its discretion, determines that consolidation would facilitate the administration of justice. *See Bhojwani v. Pistiolis,* No. 06 Civ. 13761 (CM)(KNF), 2007 U.S. Dist. LEXIS 52139, *12 (S.D.N.Y. June 26, 2007). Rule 42(a) states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation is particularly appropriate in securities class action litigation. *See, e.g., Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *7-8 (S.D.N.Y. June 18, 2003); *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292 (S.D.N.Y. 1998).

As noted above, at least two Related Actions have been filed in this Court which allege the same fraud with respect to the same or substantially the same conduct. All of the documents to be reviewed and testimony to be taken in the Related Actions will be substantially identical. The witnesses, except for plaintiffs for class certification purposes, are virtually the same. Therefore, consolidation is appropriate and in the interest of judicial economy.

### B.    Movant Should Be Appointed Lead Plaintiff Pursuant To The Reform Act

The Reform Act provides a detailed procedure for the selection of lead plaintiff to oversee securities class actions. First, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

<blockquote>
(II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
</blockquote>

*See* 15 U.S.C. §78u-4(a)(3)(A)(i).  In this case, notice was first published on the *Business Wire* on January 12, 2009.  *See* Torell Decl., Ex. A.  Accordingly, this motion is timely filed within 60 days of the date of publication.

The Court is directed by the Reform Act to consider any motions brought by plaintiffs or purported class members who wish to serve as lead plaintiff not later than 90 days after the date of publication, or as soon as practicable after the court decides any pending motion to consolidate.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  In selecting a lead plaintiff, a court must appoint the "most adequate plaintiff" based on the following statutory factors:

<blockquote>
the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –

(aa)    has either filed the complaint or made a motion in response to a notice…;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
</blockquote>

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

When applying these factors, courts have emphasized that, in enacting the Reform Act, Congress "call[ed] for greater supervision by the Court in the selection of which plaintiffs will control the litigation."  *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 439 (S.D. Tex. 2002).  As a result, each movant has the initial burden of demonstrating to the court that it is the most adequate plaintiff.  *See Id* at 441 ("The adequacy of the putative class representative(s) and of plaintiffs' counsel should not be presumed, however, even in the absence of proof to the

contrary; plaintiff bears the burden of demonstrating his and his counsel's adequacy"). In support of his desire to serve as lead plaintiff, Movant has signed a certification expressing his willingness and ability to serve as a representative party on behalf of the class. *See* Torell Decl., Ex. B.

1. **Movant Has A Significant Financial Interest In The Relief Sought By The Class**

In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person who: (a) filed a complaint or made a motion to serve as lead plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Movant overwhelmingly satisfies these requirements.

During the Class Period, Movant suffered a total loss of more than $3,665,200 from his investment in Primeo and thus BMIS. *See* Torell Decl., Ex. B. Movant believes he has the largest financial interest in the relief sought by the Class. Movant is willing to actively participate in the leadership of this litigation through both personal involvement and consultation with his chosen counsel. *See* Torell Decl., Ex. C.

Moreover, because Movant is unaware of any movant with a larger financial interest in the outcome of this litigation, he is presumed to be the "most adequate plaintiff" to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant is both qualified to represent the class and is willing to serve as representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. *See* Torell Decl., Ex. C.

Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the Reform Act and the instant motion should be granted.

### 2. Movant Has Made A Substantial Showing That He Satisfies The Adequacy And Typicality Requirements Of Rule 23

The third prong of the "most adequate plaintiff" test is that a lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four prerequisites are met:

1. the class is so numerous that joinder of all members is impracticable;

2. there are questions of law or fact common to the class;

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4. the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Only the typicality and adequacy prongs are relevant at this stage of the litigation. *See In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)). In its determination and selection of the most adequate plaintiff, the "Court must be inordinately careful, making certain that the requirements of section 21D(a) are assiduously applied in line with the purposes of Congress in the enactment of the 1995 Reform Act." *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1309 (N.D. Ala. 2000).

### a. Movant Will Fairly And Adequately Protect The Interests of The Class

As stated above, it is equally important that the lead plaintiff not only have a significant financial interest in the case, but also demonstrates his adequacy to oversee the prosecution of

the case as a fiduciary to the class. Courts have noted that adequacy of representation requires inquiry into whether: (a) the plaintiff's attorneys are qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff's interests are not antagonistic to those of the class. *See Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).

Movant's interests are fully aligned with those of the class, and there is no evidence of any conflict of interest between his interest and any other member of that class. Indeed, Movant's financial stake in the outcome of this litigation provides significant and compelling evidence that his interest in prosecuting this action is aligned with the interests of the class.

### b.    <u>Movant's Claims Are Typical Of Those Of The Class</u>

The typicality requirement of Rule 23(a) of the Federal Rules of Civil Procedure is satisfied when a plaintiff's claims arise from the same event or practice or course of conduct that gives rise to the claims of other class members and the claims are based on the same legal theory. *Hicks v. Morgan Stanley & Co.*, No. 01-Civ-10071(HB), 2003 WL 21672085, at *2 (S.D.N.Y. July 16, 2003). Rule 23 does not require that the lead plaintiff be identically situated with all class members. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).

The questions of law and fact common to the members of the Class which also affect Movant include, but are not limited to, the following:

(a)    Whether the federal securities laws were violated by Defendants' acts as alleged in the Action;

(b)    Whether documents and public statements made by Defendants during the Class Period contained misstatements or omissions of material fact; and

(c)    The appropriate measure of the class's damages.

These common questions of law and fact apply to Movant and to all members of the purported class. Movant invested in Primeo which in turn invested in BMIS during the Class

Period and Movant suffered damages as a result of Defendants' fraudulent scheme and in reliance on their misrepresentations, as did all of the other members of the class. Accordingly, his claims are typical of those of all class members. The typicality requirement is therefore satisfied because Movant's claims are based on the same legal theories and arise from the same event or course of conduct giving rise to the claims of other class members. *See In re Corel Corp., Inc. Sec. Litig.,* 206 F.R.D. 533, 541-542 (E.D. Pa. 2002).

### C. The Court Should Approve Movants' Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to the Court's approval, select and retain counsel to represent the class. Movant has selected the law firm Cohen Milstein as Lead Counsel. As illustrated by the firm's biography, Cohen Milstein has extensive experience in successfully prosecuting securities fraud actions and has appeared in major class actions throughout the country, including several cases in this District. *See* Torell Decl., Ex. C.

## V. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint him as the Lead Plaintiff for the entire class or, at a minimum, a sub-class for all those who invested in Primeo; and (2) approve his selection of Lead Counsel for the class or, at a minimum, for those who invested in Primeo.

Dated: New York, N.Y.
     March 13, 2009

Respectfully submitted,

**Cohen Milstein Sellers & Toll PLLC**


By:        /s/ Catherine A. Torell
     Catherine A. Torell (CAT-0905 )
     150 East 52nd Street, 30th Floor
     New York, New York 10022
     Tel: (212) 838 7797
     Fax: (212) 838-7745
     *-and-*
     Steven J. Toll
     Daniel S. Sommers
     1100 New York Avenue, N.W.
     Suite 500, West Tower
     Washington, D.C. 20005
     Tel:  202-408-4600
     Fax:  202-408-4699

*Proposed Lead Counsel for Movant*

**Of Counsel:**

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Tel:  (972) 36078888
Fax:  (972) 36078889