

**COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
NEW YORK • BOCA RATON
WASHINGTON, DC • ATLANTA
LOS ANGELES • PHILADELPHIA

Samuel H. Rudman, Esq.
srudman@csgrr.com

**MEMO ENDORSED**

> The filing date for Repex
> is 3/13/09 (and class
> members have been notified).
> 2) I'm not sure why the Stull firm
> filed a second case on 3/5/09
> but since they did, we should not
> disturb the filing period for that action,
> which seems to be 5/4/09.
>
> SO ORDERED:
> Date: March 11, 2009
> 3/12/09
> Richard M. Berman, U.S.D.J.

VIA HAND DELIVERY

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21D
New York, NY 10007-1312



RECEIVED
MAR 11 2009
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Re: *Repex Ventures, S.A. v. Bernard L. Madoff, et al.*,
No. 09-00289, and related case
*Leonhardt v. Bernard L. Madoff, et al.*,
No. 09-2032

Dear Judge Berman:

We represent numerous investors who have been injured by the conduct of the various defendants in the above-referenced actions. We write to seek the Court's guidance on certain ambiguities that have arisen concerning important pre-trial deadlines in these cases.

On January 12, 2009, plaintiff Repex Ventures, S.A. ("Repex Ventures"), represented by the law firm of Stull, Stull & Brody, filed the first securities fraud class action referenced above, which was assigned to this Court. Because that action is governed by the Private Securities Litigation Reform Act ("PSLRA"), the plaintiff was required to publish notice advising potential class members of, *inter alia*, the nature of the action and the deadline for filing motions for appointment of lead plaintiff. 15 U.S.C. §78u-4(3)(A)(i). The deadline established by the PSLRA is "not later than 60 days after the date on which the notice is published." *Id.* Stull Stull & Brody, on behalf of the plaintiff, published notice to the class on January 12, 2009, which stated a deadline of **March 13, 2009** for lead plaintiff motions. (*See* Ex. A, attached.) March 13, 2009 is 60 days after the date on which that notice was published, and hence is the proper deadline under the PSLRA.

On March 5, 2009, plaintiff Horst Leonhardt, also represented by the law firm of Stull Stull & Brody, filed the second securities fraud class action referenced above with an affirmation that the case should also be assigned to this Court because it was related to the first-filed *Repex Ventures* action. Although the actions are substantially similar, and plead the same legal claims, Stull Stull & Brody filed an additional notice advising class members of this "new" but "related" action. Importantly, though, this second notice stated that "attorneys at

58 South Service Road, Suite 200 • Melville, NY 11747 • 631.367.7100 • Fax 631.367.1173 • www.csgrr.com



The Honorable Richard M. Berman
March 11, 2009
Page 2

Stull, Stull & Brody filed a new Class Action lawsuit" and that class members "now have until **May 4, 2009**" to move the Court for lead plaintiff appointment. (*See* Ex. B, attached.) May 4, 2009 is 52 days *later* than the deadline already established. It is also 22 days *later* than the deadline by which the Court would be required to consider motions and appoint the lead plaintiff according to the date of the notice published in the first-filed action. *See* 15 U.S.C. §78u-4(3)(B)(i) ("Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall . . . appoint . . . lead plaintiff . . . .").

The deadlines established by the PSLRA's lead plaintiff provisions are intended (among other things) to avoid prejudice by delay in the appointment of lead plaintiff. *King v. Livent, Inc.*, 36 F. Supp. 2d 187, 189-90 (S.D.N.Y. 1999) ("The timetable is significant for it provides an interested class member a sixty day period after the notice of the filing of the complaint to review the complaint and to determine whether or not to seek appointment as a class representative."). Unilateral "extension" of the lead plaintiff deadlines is contrary to the PSLRA, which provides that the 60-day notice for seeking Lead Plaintiff status is required to be published "only . . . in the first filed action." 15 U.S.C. §78u-4(3)(A)(ii).

We respectfully request that the Court order one deadline so that all class members who wish to be appointed as lead plaintiff are working from a level playing field and are not prejudiced by the varying deadlines. We believe that deadline should be March 13, 2009. In the event that the Court does not issue an order in advance of March 13, 2009, we suggest that the deadline be set within 3 business days of the Court's order. We are prepared to, immediately upon receiving Your Honor's order, issue a press release that, in a simple manner, states the date of the Court's deadline.

Should Your Honor wish to hear the parties on this matter, we will make ourselves available for a conference call.

We appreciate the Court's assistance.

Respectfully submitted,

Samuel H. Rudman

SHR/PAF
Enclosures

cc: Jules Brody (by fax: (212) 490-2022)
Patrick Kevin Slyne (by fax: (212) 490-2022)
Timothy Joseph Burke (by fax: (310) 209-2468)