# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| REPEX VENTURES S.A., on Behalf of Itself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 09-CV-289-RMB |
| v. | ) ) | **CLASS ACTION** |
| BERNARD L. MADOFF; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND;  BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUND; PRIMEO EXECUTIVE FUND;  PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC; ERNST & YOUNG S.A., AND HSBC SECURITIES SERVICES, S.A., | ) ) ) ) ) ) ) ) ) ) ) ) ) | **ECF CASE** |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
REPEX GROUP FOR APPOINTMENT AS LEAD
PLAINTIFF PURSUANT TO § 21D(A)(3)(B) OF THE SECURITIES
EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I. INTRODUCTION

This securities fraud class action was brought against Bank Medici S.A. ("Medici" or the "Company") and others involved in a Ponzi-scheme run by Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS"), pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. The action was brought on behalf of purchasers of funds that were controlled or managed by Medici and in turn provided to Madoff ("Medici Controlled Funds")

Movants Repex Ventures S.A. and Radovan Fijember (the "Repex Group" or "Movant") invested $700,000 in the Herald (LUX) U.S. Absolute Return Fund and $133,617.85[1] in the Primeo Executive Fund, respectively during the period from January 12, 2004 and January 12, 2009, inclusive (the "Class Period"). Both of these funds were Medici Controlled Funds. Movant respectfully submits this Memorandum of Law in support of its motion for: (i) appointment as Lead Plaintiff, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 and (ii) approval of Movant's selection of Lead Counsel.

## II. PROCEDURAL BACKGROUND

On January 12, 2009, Repex Ventures S.A filed a complaint on behalf of a proposed class consisting of all persons who purchased Medici Controlled Funds between January 12, 2004 and January 12, 2009. Pursuant to 15 U.S.C. § 78u-4(a) (3) (A) (i), on January 12, 2009, notice of pendency of the action was published over a widely-available, national business-oriented wire

---

[1] This amount is converted from Euros using the exchange rate of one Euro to 1.34798 Dollars. This exchange rate was retrieved from Oanda.com and is the rate as of January 12, 2009, the date of the filing of the initial complaint in this action and the publication of notice of the action.

service, *Business Wire*, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, *i.e.*, by March 13, 2009. *See* Burke Decl., Ex. A. An amended complaint in this action was filed on January 26, 2009. This motion is timely filed within the 60-day period following publication of the January 12, 2009 notice.

## III.    SUMMARY OF THE PENDING ACTION

This matter involves a massive and unprecedented Ponzi-scheme. Over the past several years, Madoff and BMIS amassed billions of dollars in private investments. On December 11, 2008, Madoff was arrested by federal authorities after confessing to his children that he was operating a $50 billion Ponzi scheme, in which Madoff used the investments of new clients to pay for fictitious "returns" to other clients.

After Madoff was arrested, numerous investment funds disclosed that they were little more than feeder funds for Madoff and BMSI. Such funds included the Medici Controlled Funds such as the Herald USA Fund, Herald Luxemburg Fund, Primeo Select Fund, Primeo Executive Fund, and Thema International Fund. Medici controlled the aforementioned funds, and caused these funds to be fed to Madoff.

Medici, along with Defendants Sonja Kohn, Peter Scheithauer, Bank Austria Creditanstalt, Unicredit S.A., and Pioneer Alternative Investments (collectively, the "Fund Managers") each represented to investors that they would use their respective investors funds for investing in the securities market, and that the investors would share the profits from such investments. The Fund Managers promised steady returns, sometimes in excess of 10% of the investment profits while not informing their investors that they were in fact acting as feeder funds for Madoff. Madoff forbade the Fund Managers from naming him as the actual manager

in their performance summaries or marketing literature. The Fund Managers also represented and reported that existing investors were making profits on their investments, thereby encouraging further investments from new and existing investors.

In truth, plaintiff and other members of the proposed Class were not sharing in true returns on their investments in the securities market. Instead, Madoff and BMSI systematically stole investor funds for their personal use and for making payments to other investors in order to create the false appearance of high returns on investments.

Medici, the Fund Managers, and the other defendants ignored many red flags that should have caused them, as investment professionals, to conduct further due diligence and/or alter their investment decisions.

## IV.    ARGUMENT

### A.    <u>The Proposed Lead Plaintiff Should Be Appointed Lead Plaintiff</u>

#### 1.    **The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a) (3) (A) (i). Notice of pendency of the action was published over *Business Wire* on January 12, 2009. *See* Burke Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a) (3) (A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4 (a) (3) (B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a) (3) (B) (iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

## 2.  The Proposed Lead Plaintiff Satisfies The "Lead Plaintiff" Requirements of the PSLRA

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4 (a) (3) (A) and (B) expires on March 13, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on January 12, 2009), the Repex Group herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the proposed class.

The Proposed Lead Plaintiff has duly signed and filed a certification stating that Movant has reviewed the complaint filed in the action and is willing to serve as the representative party on behalf of the Class. *See* Burke Decl., Ex. B. In addition, the Proposed Lead Plaintiff has selected and retained experienced and competent counsel to represent Movant and the class. *See*

Burke Decl., Ex. C.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4 (a) (3) (B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of counsel, as set forth herein, considered and approved by the Court.

### 3. The Proposed Lead Plaintiff Has The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant invested $833,617.85 in Medici Controlled Funds during the Class Period and suffered a total loss of these investments as a result of defendants' misconduct. *See infra*, Burke Decl., Ex. B. As a result, Movant herein has a significant financial interest in this case.

The Proposed Lead Plaintiff has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's publicly traded securities. Therefore, the Proposed Lead Plaintiff satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and, should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4 (a) (3) (B).

### 4. The Proposed Lead Plaintiff Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - - typicality and adequacy - - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchants*, 1997 U.S. Dist. LEXIS 11866 at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

The Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying appointment as lead plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dept. Of Housing Preservation and Development*, 141 F.R.D. 229, 238 (2d Cir. 1992). *See also Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D 562, 582

(S.D.N.Y. 1984).

The Proposed Lead Plaintiff seeks to represent a class of purchasers of Medici Controlled Funds who have identical, non-competing and non-conflicting interests.  The Proposed Lead Plaintiff satisfies the typicality requirement, since it purchased Medici Controlled Funds and suffered a loss of the investment in the funds due to defendants' violations of the federal securities laws .  Thus, typicality is satisfied since the claims asserted by the Proposed Lead Plaintiff arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory."  *Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y.  1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.  *Garfinkel v. Memory Metals, Inc.*, 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, the Proposed Lead Plaintiff is an adequate representative of the class.  As evidenced by the injury suffered by Movant, who purchased Medici Controlled Funds and suffered a substantial economic loss due to defendants' violations of the federal securities laws, the interests of the Proposed Lead Plaintiff are clearly aligned with the class members, and there is no evidence of antagonism between Movant's interests and those of the other members of the class.  In addition, as demonstrated below, Movant's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in the highest professional manner.  Thus, Movant *prima facie* satisfies the commonality, typicality and adequacy

requirements of Rule 23.

### B.      The Court Should Approve Movant's Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4 (a) (3) (B) (v), proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class lead plaintiff seeks to represent. In that regard, Movant has selected the law firms Stull, Stull & Brody to serve as Lead Counsel. Stull, Stull & Brody has extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. *See* Burke Decl., Ex. C.

## V.      CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) appoint the Proposed Lead Plaintiff as lead plaintiff in the action; and (ii) approve Movant's selection of lead counsel as set forth herein.

Dated: March 13, 2009

Respectfully submitted,

**STULL, STULL & BRODY**

By: _____s/ Timothy J. Burke_____
Timothy J. Burke (Admitted *Pro Hac Vice*)
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA  90024
Tel:  310-209-2468
Fax:  310-209-2087

*//*

*//*

*//*

**STULL, STULL & BRODY**
Jules Brody (JB-9151)
Patrick K. Slyne (PS-1765)
6 East 45th St.
New York, NY 10017
Tel:  212-687-7230
Fax:  212-490-2022

*Counsel for Movant the Repex Group and*
*Proposed Lead Counsel For Plaintiffs and*
*The Class*