UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
REPEX VENTURES S.A, on Behalf of Itself    :    Civil Action No.: 09-cv-00289-RMB
and All Others Similarly Situated,         :
                                           :
         Plaintiff,                        :
                                           :    <u>CLASS ACTION</u>
     v.                                    :
                                           :
BERNARD L. MADOFF; BERNARD L.              :
MADOFF INVESTMENT SECURITIES;              :
BANK MEDICI S.A.; SONJA KOHN; PETER        :
SCHEITHAUER; HERALD USA FUND;              :
HERALD LUXEMBURG FUND; BANK                :
AUSTRIA CREDITANSTALT; UNICREDIT           :
S.A.; PRIMEO SELECT FUNDS; PIONEER         :
ALTERNATIVE INVESTMENTS; THEMA             :
INTERNATIONAL FUND PLC; ERNST &            :
YOUNG LLP, and HSBC HOLDINGS PLC,          :
                                           :
         Defendants.                       :
_____ x

HORST LEONHARDT, on Behalf of Himself      :    Civil Action No.: 09-cv-02032-UA
and All Others Similarly Situated,         :
                                           :
         Plaintiff,                        :
                                           :    <u>CLASS ACTION</u>
     v.                                    :
                                           :
BERNARD L. MADOFF, BANK MEDICI             :
S.A., SONJA KOHN, PETER                    :
SCHEITHAUER, HERALD USA FUND,              :
HERALD LUXEMBURG FUND, BANK                :
AUSTRIA CREDITANSTALT, UNICREDIT           :
S.A., PRIMEO SELECT FUND, PRIMEO           :
EXECUTIVE FUND, PIONEER                    :
ALTERNATIVE INVESTMENTS,                   :
                                           :
[Caption continued on following page]      x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NÜRNBERGER
VERSICHERUNG AKTIENGESELLSCHAFT ÖSTERREICH FOR CONSOLIDATION
OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND FOR
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| THEMA INTERNATIONAL FUND PLC, HELMUTH E. FREY, FRIEDRICH PFEFFER, FRANCO MUGNAI, ALBERTO BENBASSAT, STÉPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, DAVID T. SMITH, GERALD J. P. BRADY, DANIEL MORRISSEY, ERNST & YOUNG S.A., ERNST & YOUNG GLOBAL LIMITED, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES, S.A., PRICEWATERHOUSECOOPERS, CHARTERED ACCOUNTANTS, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED and FRIEHLING & HOROWITZ,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x |

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit relating to the massive "Ponzi" scheme run by Bernard L. Madoff ("Madoff") and his affiliated company. A second, related action has recently been filed, but has not yet been assigned to this Court. These related actions are collectively referred to as the "Actions."

These Actions are brought on behalf of all those who invested in funds operated or controlled by Bank Medici ("Medici"), including Herald USA Fund ("Herald USA"), Herald Luxemburg Fund ("Herald Lux") (collectively, the "Herald Funds"), Primeo Select Fund ("Primeo Select"), Primeo Executive Fund ("Primeo Executive") (collectively, the "Primeo Funds"), and Thema International Fund PLC ("Thema"), between January 12, 2004 and January 12, 2009, inclusive (the "Class Period"), and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995

("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). The defendants include Madoff and his investment company, Medici, and the various funds, fund managers and fund accountants.

Proposed lead plaintiff Nürnberger Versicherung Aktiengesellschaft Österreich ("Nürnberger"), an Austrian insurance company, hereby moves this Court for an Order: (i) consolidating the related actions pending in this District against the various defendants pursuant to Federal Rule of Civil Procedure 42(a); (ii) appointing Nürnberger as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and, (iii) approving the Nürnberger's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that the pending Actions involve common questions of law and fact, rendering consolidation appropriate. Further, Nürnberger is the most adequate plaintiff, as defined by the PSLRA, because it possesses a significant financial interest in these Actions, s*ee* Rudman Decl. Ex. B,[1] and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II. PROCEDURAL HISTORY

On January 12, 2009, a securities fraud class action was filed against Madoff, Medici and various other defendants, captioned *Repex Ventures, S.A. v. Bernard L. Madoff, et al.*, No. 09-00289 (the "*Repex* Action"), which was assigned to this Court. Also on January 12, 2009, counsel for the

---

[1] References to the "Rudman Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Sam Rudman in Support of Motion of Nürnberger Versicherung Aktiengesellschaft Österreich for Consolidation of Related Actions, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel, dated March 13, 2009 and submitted herewith.

3

plaintiff, pursuant to the PSLRA, published notice of the *Repex* Action, advising potential class members of, *inter alia*, the nature of the action and the deadline for filing motions for appointment of lead plaintiff. 15 U.S.C. §78u-4(3)(A)(i). According to the notice, the deadline for filing lead plaintiff motions was March 13, 2009.

On March 5, 2009, a second securities fraud class action was filed against Madoff, Medici and various other defendants, captioned *Leonhardt v. Bernard L. Madoff, et al.*, No. 09-2032 (the "*Leonhardt* Action"). Counsel for the plaintiff in the *Leonhardt* Action, which is the same counsel in the *Repex* Action, filed a Related Case Affirmation, indicating that the *Repex* Action and the *Leonhardt* Action were related and should be assigned to this Court.[2] Although the *Leonhardt* Action has been referred to this Court, the case remains unassigned.

## III. FACTUAL BACKGROUND[3]

As recent news reports indicate, Madoff has been criminally charged with, and pleaded guilty to, operating a "Ponzi" scheme that bilked investors for over $50 billion. In essence, Madoff, through his investment company, used the investments of new clients to pay for fictitious "returns" to other clients. The scheme was operated, in large part, through the efforts numerous "feeder" funds, such as those operated and controlled by Medici, including the Herald Funds, the Primeo Funds, and Thema, along with the funds' managers and accountants.

---

[2] Inexplicably, counsel for plaintiff in the *Leonhardt* Action published a second press release advising class members of this "new" but "related" action, and indicating that the deadline for filing lead plaintiff motions is May 4, 2009. Nürnberger maintains that March 13, 2009 is the proper lead plaintiff motions deadline for the Actions.

[3] These facts are drawn from the allegations in the complaint in the *Repex* Action, which was amended on January 26, 2009.

The Complaint alleges that, unknown to investors, these feeder funds concentrated almost 100% of their investment capital in the massive, fraudulent scheme perpetrated by Madoff. It further alleges that the Herald Funds, the Primeo Funds, and Thema, which were controlled by Medici, solicited funds directly from investors and then directed those funds to Madoff. Medici and the fund managers represented to investors that they would use their funds to invest in the securities market and promised steady returns, sometimes in excess of 10% of the investment profits.

In furtherance of this scheme, throughout the Class Period, the Herald Funds, the Primeo Funds, and Thema each disseminated fund performance updates that materially misrepresented and/or concealed facts in order to induce class members to invest their capital with and to maintain their investment. In fact, as late as December 2008, the performance reports showed consistent positive net returns for the first 11 months of 2008, even during the months of September, October, and November, when the stock market began its tailspin. In fact, according to the Complaint, the performance report showed positive year-to-date net returns for the years 1998 through the first 11 months of 2008.

Of course, these returns were not real, as Madoff systematically stole investor funds for their personal use and for making payments to other investors involved in the Ponzi scheme. Because no due diligence was conducted into Madoff or his operations, the billions of dollars of investment capital acquired from the putative class members is reportedly lost.

## IV. ARGUMENT

### A. The Related Actions Pending in this District Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). In these instances, district courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

At present, there are two securities fraud class actions pending in the district against Madoff, Medici, and the Herald Funds, the Primeo Funds, and Thema, among others: (1) the *Repex* Action; and (2) the *Leonhardt* Action. These Actions present virtually identical factual and legal issues, and assert the same claims under the Exchange Act against most of the same defendants for fraudulent conduct occurring during the same Class Period. Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here, despite the fact that there is not a complete unity of defendants. *Caiafa v. Sea Containers, Ltd.*, 2006 U.S. Dist. LEXIS 57776, at *5 (S.D.N.Y. Aug. 14, 2006) (This Court consolidated seven cases "pursuant to Federal Rule of Civil Procedure 42(a) because the actions relate to the same transactions or events, i.e. a series of allegedly false and misleading statements by the Company in violation of the securities laws.").

### B. Nürnberger Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was

published on *Business Wire*, a national, business-oriented newswire service, on January 12, 2009. *See* Rudman Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *See Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *5-6.

### 2. Nürnberger Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Nürnberger Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on January 12, 2009), Nürnberger timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the March 13, 2009 deadline. Duly authorized representatives of Nürnberger have signed and filed a Certification stating that

7

Nürnberger is willing to serve as a representative party on behalf of the class. *See* Rudman Decl. Ex. C. In addition, Nürnberger has selected and retained competent counsel to represent them and the class. *See* Rudman Decl. Ex. D. Accordingly, Nürnberger is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b. Nürnberger Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rudman Decl. Ex. C, Nürnberger invested in Primeo Select in reliance upon materially false and misleading statements and was injured thereby. In addition, Nürnberger incurred a loss of approximately $941,000 on its investments. Rudman Decl. Ex. B. Nürnberger, thus, has a significant financial interest in this case. Therefore, Nürnberger satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this Action and should be appointed Lead Plaintiff pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B).

### c. Nürnberger Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and, (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion

to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997). Nürnberger satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

Nürnberger satisfies this requirement because, just like all other class members, it: (1) invested in Defendants during the Class Period; (2) made those investments in reliance upon the allegedly materially false and misleading statements issued by Defendants; and, (3) suffered damages thereby. Thus, Nürnberger's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on

the same legal theories. *Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *6 (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form the same course of conduct that gives rise to the claims of the other class members'").

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Nürnberger to represent the class to the existence of any conflicts between the interests of Nürnberger and the members of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) & (bb). The Court must evaluate adequacy of representation by considering (i) whether the class representatives' claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Nürnberger is an adequate representative of the class. As evidenced by the injuries suffered by Nürnberger, which invested in reliance on materially false and misleading statements, the interests of Nürnberger are clearly aligned with the members of the class, and there is no evidence of any antagonism between Nürnberger's interests and those of the other members of the class. Further, Nürnberger has taken significant steps which demonstrate that it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Nürnberger 's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. *See Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *6 & *8 n.3 (appointing lead plaintiff that "has a sufficient interest in the outcome of the case to ensure vigorous advocacy" and "has also retained counsel that is qualified, experienced and generally able to conduct the litigation.").

Finally, the fact that Nürnberger is a foreign institutional investor does not in any way affect its ability to serve as Lead Plaintiff. *In re Goodyear Tire & Rubber Co. Secs. Litig.*, 2004 U.S. Dist. LEXIS 27043, at * (N.D. Ohio May 12, 2004) (appointing Austrian institutional investor as lead plaintiff); In re Molson Coors Brewing Co. Sec. Litig., 233 F.R.D. 147, 151 (D. Del. 2005) (noting that "many courts, including this one, have approved foreign investors as lead plaintiffs in cases such as this."). This is particularly true where a significant portion of the fraud took place through funds operated in Europe. In any event, Nürnberger is an Austrian life insurance company with substantial assets that is ready, willing and able to serve as Lead Plaintiff in the Actions.

Accordingly, Nürnberger *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Nürnberger's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, Nürnberger has selected Coughlin Stoia to serve as Lead Counsel. This firm has substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere. *See, e.g., Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Coughlin Stoia); *In re Orion Secs. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17-18 (S.D.N.Y. July 8, 2008) (same); Rudman Decl., Ex. D. Accordingly, the Court should approve Nürnberger's selection of counsel.

## V. CONCLUSION

For all the foregoing reasons, Nürnberger respectfully request that the Court: (i) consolidate the related actions pending in this District; (ii) appoint Nürnberger as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and, (iv) grant such other relief as the Court may deem just and proper.

DATED: March 13, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

      /s/ Samuel H. Rudman
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@csgrr.com
drosenfeld@csgrr.com

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)
dwilens@csgrr.com
stirabassi@csgrr.com

Counsel for Proposed Lead Plaintiff Nürnberger

JOHNSON BOTTINI, LLP
FRANK A. BOTTINI
655 W. Broadway, Suite 1400
San Diego, CA 92101
Telephone: 619/230-0063
619/233-5535 (fax)
frankb@johnsonbottini.com

Additional Counsel for Proposed Lead Plaintiff Nürnberger

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN
