UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| REPEX VENTURES S.A, on Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF; BERNARD L. MADOFF INVESTMENT SECURITIES; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND; BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUNDS; PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC; ERNST & YOUNG LLP, and HSBC HOLDINGS PLC,<br><br>    Defendants. | Civil Action No.: 09-cv-00289-RMB<br><br><u>CLASS ACTION</u> |
| HORST LEONHARDT, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF, BANK MEDICI S.A., SONJA KOHN, PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, PIONEER ALTERNATIVE INVESTMENTS,<br><br>[Caption continued on following page] | Civil Action No.: 09-cv-02032-RMB<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF NÜRNBERGER VERSICHERUNG AKTIENGESELLSCHAFT ÖSTERREICH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE <u>COMPETING MOTIONS</u>**

| | |
|---|---|
| THEMA INTERNATIONAL FUND PLC, HELMUTH E. FREY, FRIEDRICH PFEFFER, FRANCO MUGNAI, ALBERTO BENBASSAT, STÉPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, DAVID T. SMITH, GERALD J. P. BRADY, DANIEL MORRISSEY, ERNST & YOUNG S.A., ERNST & YOUNG GLOBAL LIMITED, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES, S.A., PRICEWATERHOUSECOOPERS, CHARTERED ACCOUNTANTS, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED and FRIEHLING & HOROWITZ, Defendants. | : : : : : : : : : : : : : : : : : : : : : : x |

Proposed lead plaintiff Nürnberger Versicherung Aktiengesellschaft Österreich ("Nürnberger") respectfully submits this memorandum of law in further support of its motion for consolidation, appointment as lead plaintiff and approval of selection of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and in opposition to all other competing motions. 15 U.S.C. §78u-4(a)(3)(B).

## I. PRELIMINARY STATEMENT

In addition to Nürnberger's motion, presently pending before the Court are lead plaintiff motions filed by the following parties: (1) Dr. Shmuel Cabilly; (2) the Repex Group; and (3) Peter Brandhofer.[1] Each motion was made on behalf of those who invested in various funds operated or controlled by Bank Medici ("Medici") between January 12, 2004 and January 12, 2009, inclusive

---

[1] On March 27, 2009, Peter Brandhofer filed a notice of withdrawal of its lead plaintiff motion.

(the "Class Period"). These "feeder" funds solicited money directly from investors and directed almost 100% of their investment capital to the massive, fraudulent "Ponzi" scheme perpetrated by Bernard L. Madoff ("Madoff") and his affiliated company.

In making the determination of which investor to appoint as Lead Plaintiff, the PSLRA instructs this Court to decide which movant, among all of the competing movants, "has the largest financial interest in the relief sought by the class," 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), ***and*** "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). The adequacy requirement of Rule 23(a) requires the Court to determine whether a lead plaintiff movant has the *ability* to protect the interests of the class.

Although Dr. Cabilly purports to claim a larger financial interest than Nürnberger, he is an individual investor residing in Israel who has failed to make the requisite showing the he is able to direct and control this complex action involving fraudulent conduct in the U.S. and Austria. In fact, Dr. Cabilly's motion is completely silent on his qualifications to serve as lead plaintiff in this multinational litigation.

By contrast, Nürnberger, an Austrian life and casualty insurance company, is a sophisticated institutional investor that is uniquely situated to litigate this action due to its proximity to the fraud in Austria. As Congress made clear when passing the PSLRA, institutional investors are the preferred type of investors to serve as lead plaintiffs. *See* House Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 34 (1995). Indeed, for this reason, courts routinely appoint institutional investors as lead or co-lead plaintiffs even when they do not represent the largest financial interest. *See e.g., Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482 (S.D.N.Y. 2006) (appointing an institutional investor who did not represent the largest financial interest as co-lead plaintiff after expressing concerns over the ability of the individual movants to lead the litigation on

behalf of the class); *Malasky v. IAC/InterActiveCorp*, 2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. Dec. 21, 2004) (reconsideration granted by, in part, *Malasky v. IAC/InterActiveCorp*, 2005 U.S. Dist. LEXIS 3628 (S.D.N.Y., Mar. 7, 2005)) (same). Consequently, given the unique circumstances of this case, Nürnberger is most capable of adequately representing all members of the class.

For these reasons, and as set forth herein in more detail, Nürnberger respectfully requests that the Court: (i) consolidate the related actions pending before this Court pursuant to Federal Rule of Civil Procedure 42(a); (ii) appoint Nürnberger as Lead Plaintiff; and, (iii) approve Nürnberger's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

## II. ARGUMENT

### A. The Related Actions Pending before this Court Should be Consolidated

At present, there are two related actions pending before this Court: (1) *Repex Ventures, S.A. v. Bernard L. Madoff, et al.*, No. 09-00289; and (2) *Leonhardt v. Bernard L. Madoff, et al.*, No. 09-2032. Nürnberger and Dr. Cabilly agree that these related actions pending before this Court should be consolidated pursuant to Rule 42(a) because they involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a);[2] *Caiafa v. Sea Containers, Ltd.*, 2006 U.S. Dist. LEXIS 57776, at *5 (S.D.N.Y. Aug. 14, 2006).[3] Accordingly, this Court should consolidate these related actions for all purposes.

---

[2] Before his withdrawal, Mr. Brandhofer also agreed that consolidation of the related actions was appropriate. The Repex Group did not include a request for consolidation of the related actions in its motion papers.

[3] Unless otherwise noted all emphasis is added and citations are omitted.

### B. The PSLRA's Lead Plaintiff Framework

The PSLRA provides that in securities class actions, "courts shall appoint as Lead Plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *5-6.

While courts, understandably, focus on the PSLRA's "financial interest" component, "a movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003). Moreover, where the lead plaintiff presumption established by the PSLRA attaches, it may be rebutted upon proof that "the presumptive lead plaintiff (1) will not fairly and adequately protect the interests of the class or (2) is subject to 'unique defense' that render such plaintiff incapable of adequately representing the class." *Id.* at 375. "Under Rule 23, a representative may be inadequate to protect the interests of the class if the representative is incapable of 'putting up a real fight,' has unqualified, inexperienced, or incapable counsel, or has interests antagonistic to the rest of the class." *Plymouth County Retirement Sys. v. Carter's, Inc.*, 2009 WL 692141, *2 (N.D. Ga. Mar. 13, 2009). Thus, the fact that the Dr. Cabilly

claims to have the "largest financial interest" among the various movants does not end the Court's lead plaintiff inquiry.

> **C. Nürnberger Is Precisely the Type of Sophisticated Institutional Investor that Congress Has Recognized as Being Ideally Suited to Control This Type of Securities Class Action Litigation**

"Under the PSLRA, institutional investors are considered preferred lead plaintiffs." *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004). Indeed, "[t]he PSLRA was enacted with the explicit hope that institutional investors . . . would step forward to represent the class and exercise effective management and supervision of the class lawyers." *Sakhrani v. Brightpoint*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999).

In fact, Congress, in passing the PSLRA, expressed a strong preference for plaintiffs such as Nürnberger to be appointed lead plaintiff. The legislative history of the PSLRA demonstrates this clear Congressional intent:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs . . . . The Conference Committee believes that . . . with pension funds accounting for $4.5 trillion or nearly half of the institutional assets [of the equity market] . . . institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. Conf. Rep. No. 104-369.

Recognizing this preference, numerous courts have appointed an institutional investor movant as a sole lead plaintiff over individual investors in order to ensure that the interests of the entire class are well represented. *See*, *e.g.*, *In re Vicuron Pharms.*, 225 F.R.D. at 511 (court found that, given Congress' preference, "the scales tip in favor of the Institutional Investor Group as the lead plaintiff" over a group of individuals); *In re Goodyear Tire & Rubber Co. Secs. Litig.*, 2004 U.S. Dist. LEXIS 27043, at *17-18 (N.D. Ohio May 12, 2004) (consistent with the PSLRA's legislative history, the district court appointed institutional investors to serve as lead plaintiffs over a

6

the movant that was "a holding company for two individual investors and thus is not an 'institutional investor.'").

Similarly, numerous court have also appointed an individual investor and an institutional investor as co-lead plaintiffs where the "combination . . . could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner." *Plumbers & Pipefitters Local 51 Pension Fund*, 409 F. Supp. 2d at 483. As the district court in *Malasky* concluded:

> [T]he Court expresses some concern as to whether Fein [the individual investor with the largest financial interest] can satisfy the adequacy component of Rule 23 in the sense that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a) . . . . Although Fein indicated in his certification that he is willing to assume the responsibilities of lead plaintiff and class representation, ***he is not an institutional investor*** . . . . ***In order to address this concern, the Court designates both Fein and the Investor Group, which includes institutional investor New Hayward Holdings, Ltd., as co-lead plaintiffs in the belief that together, they can ensure adequate representation to the prospective class***.

2004 U.S. Dist. LEXIS 25832 at *12-*13.[4]

Unlike Dr. Cabilly, Nürnberger is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. Nürnberger is a reputable life and casualty insurance company based in Austria with offices in Vienna and Salzburg. As a result, Nürnberger has powerful incentives to litigate this action vigorously on behalf of the class because significant portion of this action will focus on fraud committed by Bank Medici and other affiliated entities in Austria. More specifically, Bank Medici is an Austrian bank that controlled and operated

---

[4] *See also Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (holding that "the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone."); *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003) (same); *Weisz v. Calpine Corp.*, 2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) (same); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (same).

the "feeder" funds that directed money to Madoff primarily out of its Vienna offices. Thus, Nürnberger is uniquely situated to lead this action against those defendants located in Austria.

By contrast, as an individual investor, Dr. Cabilly is not the preferred investor that Congress intended to lead securities class actions. While he has a significant financial interest in this action, there are open questions as to whether Dr. Cabilly has the real ability to solely direct this litigation and adequately represent the interests of the class. Unfortunately, those questions are not answered by Dr. Cabilly's motion papers, which are silent as to his qualifications to serve as a lead plaintiff. *See Plumbers & Pipefitters Local 51 Pension Fund*, 409 F. Supp. 2d at 483 (court expressed "substantial concern whether [the individuals with the largest financial interest in the litigation], jointly or severally, can entirely fulfill the important lead-plaintiff functions contemplated by the PSLRA" because the individuals had "very little investment expertise and virtually no prior experience with [securities class action] litigation.").

The need for a strong and engaged institutional lead plaintiff is particularly acute given the distinct facts of this case, which involves a massive fraud perpetrated by parties located in both the U.S. and Austria. Accordingly, given the unique circumstances of this action, and Congress' expressed preference for institutional investors to serve as lead plaintiffs, the Court should appoint Nürnberger as the lead plaintiff in this action. At a minimum, the Court should appoint Nürnberger and Dr. Cabilly as co-lead plaintiffs.

> **D.    Nürnberger Is Otherwise Adequate and Typical
> and Should Be Appointed Lead Plaintiff**

In their initial motion, Nürnberger, which acquired shares in the Primeo Select Fund, demonstrated that it satisfies the typicality and adequacy prerequisites of Rule 23, as required by the PSLRA. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004). More specifically, Nürnberger satisfies Rule 23(a)(3)'s typicality requirement because its claims, like the claims of

8

every other class member, are premised on the defendants' dissemination of false and misleading public statements in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934. *See Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *6 (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form the same course of conduct that gives rise to the claims of the other class members'"). Additionally, Nürnberger satisfies Rule 23(a)(4)'s adequacy requirement because its interests do not conflict with the interests of any other class member, and they have retained experienced counsel to vigorously prosecute this action on behalf of the class. *See id.* at *6 & *8 n.3 (appointing lead plaintiff that "has a sufficient interest in the outcome of the case to ensure vigorous advocacy" and "has also retained counsel that is qualified, experienced and generally able to conduct the litigation.").

Accordingly, Nürnberger *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### E. The Repex Group Should Not be Appointed as Lead Plaintiff

Because the Repex Group does not possess a larger financial interest in this action than Nürnberger, it should not be appointed as lead plaintiff. But the Repex Group should not be appointed for the further reason that it is a lawyer-driven amalgamation formed for the sole purpose of obtaining lead plaintiff status in this action. Comprised of Repex Ventures S.A. (the named plaintiff in the first-filed action) and Radovan Fijember, the Repex Group failed to make an evidentiary showing that they are an appropriate "group" under the PSLRA. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) ("A proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs."). Without such a showing, the unrelated members of the Repex Group cannot serve as lead plaintiffs.

9

**III. CONCLUSION**

For all the foregoing reasons, Nürnberger respectfully request that the Court: (i) consolidate the related actions pending before this Court; (ii) appoint Nürnberger as Lead Plaintiff or Co-Lead Plaintiff in the action; (iii) approve its selection of Lead Counsel as set forth herein; and, (iv) grant such other relief as the Court may deem just and proper.

DATED: March 30, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

      */s/ David A. Rosenfeld*
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
drosenfeld@csgrr.com
srudman@csgrr.com

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)
dwilens@csgrr.com
stirabassi@csgrr.com

Counsel for Proposed Lead Plaintiff Nürnberger

JOHNSON BOTTINI, LLP
FRANK A. BOTTINI
655 W. Broadway, Suite 1400
San Diego, CA 92101
Telephone: 619/230-0063
619/233-5535 (fax)
frankb@johnsonbottini.com

Additional Counsel for Proposed Lead Plaintiff Nürnberger

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                                *s/ David A. Rosenfeld*
                                                DAVID A. ROSENFELD