UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
REPEX VENTURES S.A., Individually and on :
Behalf of All Others Similarly Situated,
:
          Plaintiff,
:
   -against-
:
BERNARD L. MADOFF; BERNARD L.       :   Case No. 1:09-cv-0289-RMB
MADOFF INVESTMENT SECURITIES;
BANK MEDICI S.A.; SONJA KOHN; PETER :
SCHEITHAUER; HERALD USA FUND;
HERALD LUXEMBURG FUND; BANK :
AUSTRIA CREDITANSTALT; UNICREDIT
S.A.; PRIMEO SELECT FUNDS; PIONEER :
ALTERNATIVE INVESTMENTS; THEMA
INTERNATIONAL FUND PLC; ERNST & :
YOUNG LLP, and HSBC HOLDINGS PLC,

          Defendants.
---------------------------------------- X
HORST LEONHARDT, on Behalf of Himself :
and All Others Similarly Situated,
:
          Plaintiff,
:
   -against-
:
BERNARD L. MADOFF, BANK MEDICI
S.A., SONJA KOHN, PETER :
SCHEITHAUER, HERALD USA FUND,
HERALD LUXEMBURG FUNDS, BANK      Case No. 1:09-cv-2032-RMB
AUSTRIA CREDITANSTALT, UNICREDIT :
S.A., PRIMEO SELECT FUND, PRIMEO
EXECUTIVE FUND, PIONEER :
ALTERNATIVE INVESTMENTS, THEMA
INTERNATIONAL FUND PLC, HELMUTHY :
E. FREY, FRIEDRICH PFEFFER, FRANCO
MUGNAI, ALBERTO BENBASSAT, :
STEPHANE BENBASSAT, GENEVALOR,
BENBASSAT & CIE, DAVID T. SMITH, :
GERALD J.P. BRADY, DANIEL
MORRISSEY, ERNST & YOUNG S.A., :
ERNST & YOUNG FLOBAL LIMITED,
:

| | |
|---|---|
| HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES, S.A., PRICEWATERHOUSECOOPERS, CHARTERED ACCOUNTANTS, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED and FRIEHLING & HOROWITZ, | : : : : : |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DR. SHMUEL CABILLY'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS**

**I.    INTRODUCTION**

Four motions have been filed in this Court seeking appointment as lead plaintiff in actions alleging false and misleading statements regarding investments in certain funds owned, marketed, managed, and/or controlled by Bank Medici, S.A ("Medici"). One of those motions has since been withdrawn.[1] Lead Plaintiff Movant Dr. Shmuel Cabilly ("Dr. Cabilly" or "Movant") lost over $3,665,200, suffering the largest loss of any of the three remaining lead plaintiff movants. Dr. Cabilly is therefore presumptively the most adequate lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). He also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Therefore, Dr. Cabilly should be appointed as the sole lead plaintiff for this action.

---

[1] On March 27, 2009, plaintiff Peter Brandhofer withdrew his motion for appointment of lead plaintiff and lead counsel. *See* Docket Entry No. 26.

## II. SUMMARY OF FACTS

This case arises from a massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff"), in which Madoff used the investments of new clients to pay fictitious "returns" to other clients. After Madoff was arrested by federal authorities, numerous investment funds disclosed that they were merely feeder funds for Madoff and his firm, Bernard L. Madoff Investment Securities, LLC ("BMIS"). These funds – namely Herald USA Fund, Herald Luxemburg Fund, Primeo Select Funds, and the Thelma International Fund (the "Funds") – raised capital from investors and delivered that capital directly to Madoff and BMIS.

Defendants Bank Medici S.A., Sonja Kohn, Peter Scheithauer, Bank Austria Creditanstalt, UniCredit S.A., and Pioneer Alternative Investments (the "Bank Medici Defendants") controlled the Funds. They represented that funds would be invested in the securities markets and that investors would receive steady returns. They did not inform investors, however, that the Funds were acting as feeder funds for Madoff and BMIS and that investors were not sharing in true returns in investments in the securities market. The Funds, the Bank Medici Defendants, and Defendant Ernst & Young S.A., the auditors for the Herald and Primeo funds, also ignored many red flags, including a lack of transparency into BMIS; BMIS's abnormally consistent returns; the inability of others to generate returns that were remotely comparable to Madoff's; Madoff's acting as his own prime broker; and BMIS's auditor being a small, largely unknown firm with only three employees.

The Related Actions allege that Defendants' representations to class members regarding Defendants' oversight and management of the Funds were materially false and

misleading, because they either conducted no due diligence or their due diligence was so reckless that they missed obvious red flags. The Related Actions also allege that Defendants misled members of the class by misrepresenting investment returns and/or concealing the Ponzi scheme from them. Had Defendants conducted proper due diligence, Madoff's and BMIS's conduct would have been revealed, and class members would not have invested in the Funds. Due to Defendants' wrongful conduct, however, class members invested in the Funds and were damaged thereby.

## III.  PROCEDURAL BACKGROUND

Counsel for plaintiffs in several of the Related Actions published notices to class members on nationally circulated wire services pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i). The notices informed investors who purchased investments in funds that were controlled or managed by Medici and in turn provided to Madoff between January 12, 2004 and January 12, 2009, inclusive (the "Class Period"), of the pendency of the lawsuit against Defendants, and of the nature of the allegations relating to Defendants' fraudulent statements, which induced plaintiffs to invest their capital with, and to maintain their investment with, Defendants. On March 13, 2009, Dr. Cabilly timely filed his motion to be appointed as Lead Plaintiff, believing that he has suffered the largest individual loss of anyone that can adequately represent the proposed class.

## IV.  ARGUMENT

The PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(1). The PSLRA requires the court to consider all motions made by purported class members seeking appointment and to determine the "member or members of the purported plaintiff

class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

### A. Dr. Cabilly Is the Presumptively Most Adequate Plaintiff

#### 1. Dr. Cabilly Has the Largest Financial Loss

The PSLRA instructs the court to adopt the presumption that the most adequate plaintiff is the one with the "largest financial interest in the relief sought." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The primary factor in determining the plaintiff with the largest financial interest is identifying the plaintiff with the largest loss. *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

In this case, Dr. Cabilly is presumptively the most adequate plaintiff. During the Class Period, Dr. Cabilly's investments in one of the Bank Medici-controlled funds – the Primeo Funds – resulted in losses to him of approximately $3,665,205.00. The two other remaining movants have filed motions with lesser financial interests than Dr. Cabilly. Movant Nürnberger Versicherung Aktiengesellschaft Österreich has claimed a loss of $941,000.00 and the Repex Group has claimed a loss of $833,617.85. Therefore, Dr. Cabilly has the greatest financial interest in the litigation and is presumptively the most adequate plaintiff.

#### 2. Dr. Cabilly Satisfies the Requirements of the PSLRA and Rule 23

After the court has determined which plaintiff has suffered the largest loss, "further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements," and it is irrelevant that another plaintiff might claim to be more typical or more adequate. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004)

4

(internal citations omitted). Furthermore, it is insufficient for a competing plaintiff to attempt to show that it meets an alternate Congressional purpose for passing the PSLRA, because "Congress enacts statutes, not purposes," and courts must adhere to the statute as passed rather than attempt to fashion their own method of achieving legislative goals. *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002). For example, the mere fact that one movant is an institutional investor gives it no priority over a non-institutional investor with greater losses. *Id.* at 737; *Tanne v. Autobytel*, 226 F.R.D. 659, 670-71 (C.D. Cal. 2005) (internal citations omitted).

Dr. Cabilly has satisfied the procedural requirements of the PSLRA. The 60-day time period during which applications could be made for appointment as lead plaintiff expired March 13, 2009. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Dr. Cabilly moved to become lead plaintiff within that statutory time period. The motion contained the required certifications setting forth, *inter alia*, Dr. Cabilly's transactions in the Primeo Funds during the Class Period, that Dr. Cabilly has reviewed a complaint, and that Dr. Cabilly is willing to serve as a representative party on behalf of the Class. In addition, Dr. Cabilly has selected and retained competent and experienced counsel.

In addition to meeting the requirements of the PSLRA, a lead plaintiff must preliminarily fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Pirelli*, 229 F.R.D. at 411 (internal citations omitted). When deciding a lead plaintiff motion under the PSLRA, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (*quoting In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)). This is supported by the PSLRA, which provides

that the most adequate plaintiff presumption may be rebutted only by proof that the plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses" that make the plaintiff incapable of fairly and adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) & (bb); *Kaplan*, 240 F.R.D. at 92.

A lead plaintiff's claims are typical when they "arise from the same course of conduct as that from which claims of the other class members arise." *Albert Fadem Trust*, 239 F. Supp. 2d at 347-48; *see also Pirelli*, 229 F.R.D. at 412. Here, Dr. Cabilly purchased shares in the Primeo Funds based on fictitious returns and was damaged by the alleged fraud. His claims and the other class members' claims arise from the same course of alleged misrepresentations by Defendants and will require the same arguments to prove Defendants' liability. Because Dr. Cabilly's claims are co-extensive with those of the other class members, they fully satisfy the typicality requirement of Rule 23(a).

Dr. Cabilly is also an adequate representative of the Class. A lead plaintiff is adequate when there is no conflict of interest between him and the other class members, he has selected experienced counsel, and he has a significant interest to vigorously pursue prosecution of the suit. *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (citing *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001)). Dr. Cabilly and proposed Lead Counsel have no conflicts of interest with other class members. Dr. Cabilly has indicated that he will protect the interests of the Class, as reflected in his certification. Dr. Cabilly has also retained counsel with considerable experience in the prosecution of class action and federal securities law claims, which will ensure that the class receives vigorous representation.

### B. Dr. Cabilly's Choice of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d at 732-33. Dr. Cabilly has selected Cohen, Milstein, Sellers & Toll, P.L.L.C. as Lead Counsel for the Class. Cohen, Milstein, Sellers & Toll, P.L.L.C. has extensive experience in the areas of securities and complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Thus, the Court may be assured that the Class will receive the highest caliber of legal representation available.

### V. CONCLUSION

For the foregoing reasons, Dr. Cabilly respectfully submits that the motions of Nürnberger Versicherung Aktiengesellschaft Österreich and the Repex Group must be denied, and that the Court should appoint Dr. Cabilly as Lead Plaintiff on behalf of the Class.

Dated: New York, New York
      March 30, 2009

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:    /s/ Catherine A. Torell
    Catherine A. Torell (CAT-0905)
    150 East 52nd Street, 30th Floor
    New York, New York 10022
    Tel: (212) 838 7797
    Fax: (212) 838-7745
    *-and-*
    Steven J. Toll
    Daniel S. Sommers
    S. Douglas Bunch
    1100 New York Avenue, N.W.
    Suite 500, West Tower
    Washington, D.C. 20005
    Tel: (202) 408-4600
    Fax: (202) 408-4699

*Proposed Lead Counsel for Movant*

**Of Counsel:**

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Tel: (972) 36078888
Fax: (972) 36078889