UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REPEX VENTURES S.A., on Behalf of Itself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 09-CV-289-RMB |
| v. | ) ) <u>CLASS ACTION</u> ) |
| BERNARD L. MADOFF; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND; BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUND; PRIMEO EXECUTIVE FUND; PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC; ERNST & YOUNG S.A., AND HSBC SECURITIES SERVICES, S.A., | ) ECF CASE ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION
OF THE REPEX GROUP FOR APPOINTMENT AS LEAD
PLAINTIFF PURSUANT TO § 21D(A)(3)(B) OF THE SECURITIES
EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I. INTRODUCTION

This securities fraud class action was brought against Bank Medici S.A. ("Medici" or the "Company") and others involved in a Ponzi-scheme run by Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS"), pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. The action was brought on behalf of purchasers of funds that were controlled or managed by Medici and in turn provided to Madoff ("Medici Controlled Funds")

Movants Repex Ventures S.A. and Radovan Fijember (the "Repex Group" or "Movant") invested $700,000 in the Herald U.S. Absolute Return Fund and $133,617.85[1] in the Primeo Executive Fund, respectively during the period from January 12, 2004 and January 12, 2009, inclusive (the "Class Period"). Both of these funds were Medici Controlled Funds. Movant respectfully submits this Memorandum of Law in further support of its motion for: (i) appointment as Lead Plaintiff, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 and (ii) approval of Movant's selection of Lead Counsel.

## II. PROCEDURAL HISTORY

On January 12, 2009, plaintiff in the action filed a complaint on behalf of a proposed class consisting of all persons who purchased Medici Controlled Funds between January 12, 2004 and January 12, 2009. Pursuant to 15 U.S.C. § 78u-4(a) (3) (A) (i), on January 12, 2009,

---

[1] This amount is converted from Euros using the exchange rate of one Euro to 1.34798 Dollars. This exchange rate was retrieved from Oanda.com and is the rate as of January 12, 2009, the date of the filing of the initial complaint in this action and the publication of notice of the action.

notice of pendency of the action was published over a widely-available, national business-oriented wire service, *Business Wire*, ("January 12 Notice") advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, *i.e.*, by March 13, 2009. *See* Declaration of Timothy J. Burke in Support of the Motion of the Repex Group, March 13, 2009, Docket No. 21, Ex. A. An amended complaint was filed on January 26, 2009.

On March 5, 2009, the action *Leonhardt v. Madoff, et al.*, Case No. 09-cv-2032, was filed in this District alleging substantially similar claims on behalf of investors in Medici Controlled Funds. That same day notice was published regarding the *Leonhardt* action notifying investors in various funds that they had until May 4, 2009 to request the Court appoint them as lead plaintiff ("March 5 Notice").

Four separate movants filed on March 13, 2009 requesting appointment of lead plaintiff and lead counsel: the Repex Group, Nürnberger Versicherung Aktiengesellschaft Österreich, Dr. Shmuel Cabilly, and Peter Brandhofer. Movant Peter Brandhofer withdrew his application for appointment as lead plaintiff on March 27, 2009.

## III. ARGUMENT.

### A. **Ruling upon the Pending Motions for Consolidation and/or Appointment of Lead Plaintiffs and Counsel Should Be Stayed or the Motions Should be Ordered to Be Refiled**

Per the Court's Endorsement of March 12, 2009 (Docket # 18), the May 4, 2009 deadline for application for appointment as lead plaintiff in the *Leonhardt* action is undisturbed. As the *Leonhardt* action is substantially similar to this action, Movant requests that ruling upon the presently pending motions for appointment of lead plaintiff in the *Repex Ventures* action be stayed until after May 4, 2009 so that all investors that desire to be appointed as Lead Plaintiff

will have a chance to do so. In the alternative, the pending motions should be ordered to be refiled on May 4, 2009.

The March 5 Notice added substantial information to that provided in the January 12 Notice and was necessary as a expanded class of investors was identified in the March 5 Notice. Had the notice not been issued, these investors would have been prejudiced by not being informed of their right to apply for appointment as lead plaintiff. As such, Movant submits that the corrected March 5 Notice should be regarded as the operative notice for both the *Repex Ventures* and *Leonhardt* actions.

The PSLRA describes the procedure for proper notice to the purported class:

> (3) Appointment of lead plaintiff.
>
> (A) Early notice to class members.
>
> (i) In general. Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, ***and the purported class period***. . .

15 USCS § 78u-4 (emphasis added).

The March 5 Notice corrected the purported class period described in the January 12 Notice, stating that the class period runs from January 12, 2004 to January 12, 2009, as opposed to extending from January 12, 2004 to only January 12, 2008. Furthermore, an entirely new group of investors, those investing in the Primeo Executive Fund, were notified of their rights to move for lead plaintiff in the March 5 Notice.

This Court has confronted a similar situation before. *See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 05 Civ. 1898, 2005 U.S. Dist. LEXIS 10780 (S.D.N.Y.

June 1, 2005). In *Teamsters*, as here, new securities were added to the purported class action in a subsequent complaint. *Id.* at *2. There, as here, the purported class period was also expanded. *Id.* The Court, given these facts, ordered plaintiffs to publish a new notice with respect to the additional securities and expanded class period. *Id.* at *9.

The Court in *Marsden v. Select Med. Corp.* similarly considered when a notice issued pursuant to the PSLRA was proper or required a new issuance:

> A class member reading notice published pursuant to the PSLRA should be able to (1) determine whether she is eligible for lead plaintiff status based on the class period; (2) learn enough about the asserted claims to make an initial judgment as to whether to obtain a copy of the full Complaint (which will in turn inform her final judgment about whether to pursue lead plaintiff status); and (3) contact the clerk's office to obtain a copy of the Complaint and discover the procedures for filing a motion.

2005 U.S. Dist. LEXIS 714, at *12 (E.D. Pa. Jan. 18, 2005).

Here, any investors relying only on the January 12, 2009 notice who purchased shares of any of Medici Controlled Funds between January 13, 2008 and January 12, 2009 would not be able to determine whether he or she is eligible for lead plaintiff status. Furthermore, purchasers of the Primeo Executive Fund would be unaware that their purchases qualified them for application as lead plaintiff. While these potential lead plaintiffs could be prejudiced by a preceding determination of the pending lead plaintiff motions in a case that will in all likelihood be consolidated with *Leondhardt*, the current movants would not be prejudiced by the minor delay of decision on their motions to May 4, 2009. In fact, many of the possible defendants and facts regarding the allegations of the complaints in the *Repex Ventures* and *Leonhardt* actions are still coming to light and new, similar actions are still being filed against many of the same defendants alleging many of the same facts. *See, e.g., Perrone et al v. Benbassat et al.*, Case No. 1:09-cv-02558-UA (S.D.N.Y. March 19, 2009) (also brought on behalf of purchasers of Thema,

Primeo, and Herald funds and also naming defendants Sonja Kohn, Peter Scheithauer, Thema International Fund PLC, HSBC Securities Services S.A. as defendants) (*see* Declaration of Timothy J. Burke in Further Support of the Motion of the Repex Group, March 30, 2009 ("Burke Decl.") Ex. A.

As this Court noted in *Teamsters*, "'in deciding a motion for the appointment of lead plaintiff under the PSLRA, courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA.'" 2005 U.S. Dist. LEXIS 10780, at *5, quoting *Marsden v. Select Med. Corp.*, 2005 U.S. Dist. LEXIS 714, No. Civ. A. 04-4020, 2005 WL 113128, at *3 (E.D. Pa. Jan. 18, 2005). Here we submit that the Court should delay consideration of the pending motions for appointment of Lead Plaintiff until the May 4, 2009 deadline stated to investors in the March 5 Notice.

### B. Alternatively, the Repex Group Should be Appointed Lead Plaintiff As Part of a Broader Lead Plaintiff Group

While the Repex Group does not believe that competing lead plaintiff motions should be decided now, if the Court is inclined to appoint lead plaintiffs at this time, Repex Ventures should be appointed Lead Plaintiff to represent purchasers of the Herald Funds. The other movants, Nürnberger Versicherung Aktiengesellschaft Österreich and Dr. Shmuel Cabilly, both purchasers of Primeo Funds, cannot be appointed lead plaintiffs for the Herald Fund purchasers because they do not satisfy Rule 23's requirement that they have standing to sue on behalf of Herald fund purchasers.

In determining the appropriate lead plaintiff, the PSLRA provides, in pertinent part: "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that (aa) has either filed the complaint or made a motion [to be designated as lead plaintiff]; (bb) in the determination of the court, has the

largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008).

However, this presumption . . . "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii). As explained by the Second Circuit, "[t]wo objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23." *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 81 (2d Cir. 2004).

In assessing whether a proposed lead plaintiff satisfies the criteria set forth in Rule 23, the district court focuses on the typicality and adequacy requirements of Rule 23. *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. *In re Crayfish Co. Sec. Litig.*, No. 00-CV-6766, 2002 U.S. Dist. LEXIS 10134 at * 14 (S.D.N.Y. June 6, 2002). Typicality is satisfied if "the defendants 'committed the same wrongful acts in the same manner against all members of the class'" *Hevesi,* 366 F.3d at 82-83 366 F.3d at 82-83. (quoting *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).

Here, Primeo Fund investors do not satisfy Rule 23's "typicality" requirements when they seek to be appointed lead plaintiffs to represent Herald Fund investors. Primeo Fund purchasers do not have standing to bring claims on behalf of Herald Fund purchasers because they did not

they did not purchase or sell Herald funds. *Ont. Pub. Serv. Emples. Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 31 (2d Cir. 2004).

In *Nortel* the district court held that the JDS shareholders did not have standing to sue because they did not purchase or sell any Nortel stock. 369 F.3d at 31. The Second Circuit upheld the dismissal, holding that investors do not have standing to sue under Section 10(b) and Rule 10b-5 when the company whose securities they purchased is negatively impacted by the material misstatement of another company, whose securities they do not purchase. 369 F.3d at 34. The same reasoning holds true in the present case. Investors in the Primeo Funds do not have standing to sue the Herald Funds when they did not purchase any of the Herald Funds. *Id.* The Primeo Funds were at all relevant times owned by Pioneer Alternative Investments. ¶ 22. According to their website, Pioneer Alternative Investments is located in Dublin, Ireland. Burke Decl. Ex. B. The Herald Funds, on the other hand, were at all relevant times investment funds created and sold by Bank Medici. ¶ 20. Medici is based in Vienna, Austria with offices located in New York, Milan, Gibraltar and Zurich. ¶ 15.

As the Herald Funds and the Primeo Fund had different issuers—which are located in different countries, investors in the different fund families should have different lead plaintiffs appointed to represent their respective interests. The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625-626 (U.S. 1997). Here, the inquiry has shown that investors in the Primeo funds cannot serve as lead plaintiffs for investors in the Herald Funds because they do not have standing. *Hoffman v. UBS-AG*, 591 F. Supp. 2d 522, 531 (S.D.N.Y. 2008)(plaintiffs lack standing for claims relating to funds that plaintiffs did not own); *In re Merrill Lynch Inv. Mgmt. Funds Sec. Litig.*, 434 F. Supp. 2d 233, 236 (S.D.N.Y.

2006)(plaintiffs who only owned shares in Merrill Lynch mutual funds do not have standing to assert claims on behalf of shareholders of other funds).

While courts often appoint purchasers of one type of securities to represent purchasers of other types of securities *of the same issuer* where the interests of those purchasers are aligned, (*Lifschitz v. Hexion Specialty Chems.*, 08 Civ. 6394, 2009 U.S. Dist. LEXIS 21933 at * 4-5 (S.D.N.Y. Mar. 19, 2009) (emhpasis added)), here the required "same issuer" does not exist. Instead of having the same issuer, the Herald Funds and Primeo Funds have different issuers, which necessitates investors in the two different fund families each having their own lead plaintiff. 434 F. Supp. 2d at 236.

In the present case, it is appropriate to appoint a lead plaintiff from the Herald Fund purchasers and a lead plaintiff from the Primeo Fund purchasers to serve as co-lead plaintiffs. When the possibility that conflicts could arise exists, it is appropriate to protect the interests of the class by appointing a co-lead plaintiff. *Davidson v. E\*Trade Fin. Corp.*, Civil Action No. 07 Civ. 10400, 2008 U.S. Dist. LEXIS 61265 at *21 (S.D.N.Y. July 16, 2008). Here, the appointment of co-lead plaintiffs provides that the lead plaintiffs will have standing to sue on behalf of both Herald and Primeo Fund purchasers. *Id.* Accordingly, although it is appropriate to consolidate all the Related Actions, in order to ensure that all individual fund purchasers are adequately represented, a separate lead plaintiff must be appointed for each family of funds.

//

//

//

## IV. CONCLUSION

Ruling upon the pending motions for consolidation and/or appointment of lead plaintiffs and counsel should be stayed. In the alternative, Movant respectfully requests that the Court: (i) appoint Repex Ventures as a co-lead plaintiff in the action; and (ii) approve Repex Ventures' selection of lead counsel as set forth herein.

Dated: March 30, 2009

    Respectfully submitted,

    **STULL, STULL & BRODY**

By: s/ Timothy J. Burke
    Timothy J. Burke (Admitted *Pro Hac Vice*)
    10940 Wilshire Boulevard
    Suite 2300
    Los Angeles, CA 90024
    Tel: 310-209-2468
    Fax: 310-209-2087

    **STULL, STULL & BRODY**
    Jules Brody (JB-9151)
    Patrick K. Slyne (PS-1765)
    James E. Lahm (JL-4335)
    6 East 45th St.
    New York, NY 10017
    Tel: 212-687-7230
    Fax: 212-490-2022

    *Counsel for Movant the Repex Group and Proposed Lead Counsel For Plaintiffs and The Class*

# CERTIFICATE OF SERVICE

       I hereby certify, this 30th day of March, 2009, that I caused a true and correct copies of the **MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE REPEX GROUP FOR APPOINTMENT AS LEAD PLAINTIFF PURSUANT TO § 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL** to be served via First Class Mail and First Class International Mail on all parties listed on the attached service list.

Dated: March 30, 2009

                                      **STULL, STULL & BRODY**

                                By:    s/ Timothy J. Burke
                                     Timothy J. Burke (Admitted *Pro Hac Vice*)
                                     10940 Wilshire Boulevard, Suite 2300
                                     Los Angeles, CA 90024
                                     Tel: 310-209-2468
                                     Fax: 310-209-2087

**SERVICE LIST**

William P. Hammer, Esq.
ERNST & YOUNG LLP
5 Times Square
36th Floor
New York, NY 10036-6530
Tel:     (212) 773-3865
Fax:     (212) 773-3928

Lawrence J. Zweifach, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:            (212) 351-2625
Direct Fax:     (212) 351-6225

William J. O'Brien, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, NY  10036-6522
Tel:     (212) 735-3000
Fax:     (917) 777-4128

Steven J. Toll
Daniel S. Sommers
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington,  DC  20005
Tel:     (202) 408-4600
Fax:     (202) 408-4699

Catherine A. Torell
COHEN MILSTEIN SELLERS & TOLL PLLC
150 East 52nd Street
30th Floor
New York, NY  10022
Tel:     (212) 838 7797
Fax:     (212) 838-7745

Samuel H. Rudman
David A. Rosenfeld
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
58 South Service Road
Suite 200
Melville, NY 11747
Tel:     (631) 367-7100
Fax:     (631) 367-1173

Sabrina E. Tirabassi
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DOUGLAS WILENS
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809
Tel:     (561) 750-3000
Fax:     (561) 750-3364

JOHNSON BOTTINI, LLP
Frank A. Bottini
655 W. Broadway
Suite 1400
San Diego, CA 92101
Tel:     (619) 230-0063
Fax:     (619) 233-5535

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Tel: (972) 36078888
Fax: (972) 36078889

Bank Austria Creditanstalt
1010 Wien, Schottengasse 6-8
A-1010 Vienna
Austria

Bank Medici S.A.
Operngasse 6/4
Vienna, 1010
Austria

Stéphane Benbassat
7, rue Versonnex
CH-1207 Geneva
Switzerland

Gerald J. P. Brady
Birch Hollow
Upper Kilmacud Road
Dundrum
Dublin 14
Ireland

Ernst & Young Global Limited
Becket House, 1 Lambeth Palace Rd.
London SE1 7EU
United Kingdom

Ernst & Young S.A.
7 Parc d'Activite Syrdall
Munsbach
L5365
Luxembourg

Helmuth E. Frey
Operngasse 6/4
Vienna, 1010
Austria

Friehling & Horowitz
337 North Main Street
New City, NY  10956-4310

Genevalor, Benbassat & Cie
7, rue Versonnex
CH-1207 Geneva
Switzerland

Herald Luxemburg Fund
Operngasse 6/4
Vienna, 1010
Austria

Herald USA Fund
Operngasse 6/4
Vienna, 1010
Austria

HSBC Holdings plc
c/o Chris Wilcockson
Managing Director, HSS
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC Institutional Trust Services (Ireland) Limited
c/o Ronnie Griffin
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

HSBC Securities Services S.A.
c/o Chris Wilcockson
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC Securities Services (Ireland) Limited
c/o Rosemary Leahy
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

Daniel Morrissey
William Fry Solicitors
Fitzwilton House
Wilton Place
Dublin 2
Ireland

Franco Mugnai
Via Leone XIII_ n.27
I-20145 Milan
Italy

Friedrich Pfeffer
WFE-Consulting
Fuhrenweg 27
D-31515 Wunstorf
Germany

Pioneer Alternative Investments
1 George's Quay Plaza
George's Quay
Dublin 2
Ireland

PricewaterhouseCoopers, Chartered Accountants
One Spencer Dock
North Wall Quay
Dublin 1
Ireland

PricewaterhouseCoopers International Limited
1 Embankment Place
London
WC2N 6RH
United Kingdom

Primeo Executive Fund
Attention: Mrs. R. Scott
13 Rue Goethe, B P 413
L-2014
Luxembourg

Primeo Select Fund
Attention: Mrs. R. Scott
13 Rue Goethe, B P 413
L-2014
Luxembourg

Peter Scheithauer
Operngasse 6/4
Vienna, 1010
Austria

David T. Smith
c/o Equus Asset Management Partners
Bermudiana Arcade
27 Queen Street
Hamilton HM 11
Bermuda

Thema International Fund plc
c/o NCB Stockbrokers
3 George's Dock IFSC
Dublin 1
Ireland

Unicredit S.A.
Piazza Cordusio
20123 Milan
Italy