SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP
Susan L. Saltzstein
William J. O'Brien
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000

Attorneys for Defendant Pioneer Alternative Investments

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REPEX VENTURES S.A., on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND; BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUND; PRIMEO EXECUTIVE FUND; PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC; ERNST & YOUNG S.A.; and HSBC SECURITIES SERVICES, S.A.,<br><br>Defendants. | Civil Action No. 09-00289 (RMB)<br><br>ECF Case<br><br>**STIPULATION AND ORDER FOR EXTENSION OF TIME**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 04.06.09 |

|  | Civil Action No. 09-02032 (RMB) |
|---|---|
| HORST LEONHARDT, on Behalf of Himself and All Others Similarly Situated, | ECF Case |
| Plaintiff, | |
| v. | |
| BERNARD L. MADOFF; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND; BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUND; PRIMEO EXECUTIVE FUND; PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC; HELMUTH E. FREY; FRIEDRICH PFEFFER; FRANCO MUGNAI; ALBERTO BENBASSAT; STÉPHANE BENBASSAT; GENEVALOR, BENBASSAT & CIE; DAVID T. SMITH; GERALD J.P. BRADY; DANIEL MORRISSEY; ERNST & YOUNG S.A.; ERNST & YOUNG GLOBAL LIMITED; HSBC HOLDINGS PLC; HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED; HSBC SECURITIES SERVICES, S.A.; PRICEWATERHOUSECOOPERS; CHARTERED ACCOUNTANTS; PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED; and FRIEHLING & HOROWITZ, | |
| Defendants. | |

WHEREAS, on or about January 12, 2009, Plaintiff Repex Ventures S.A.

("Repex"), through its counsel, filed a purported class action Complaint for Violations of

the Securities Laws against the defendants in the matter bearing Civil Action No. 09-00289 (RMB).

WHEREAS, Repex was contacted by the Trustee for then defendant Bernard L. Madoff Investment Securities LLC ("Debtor"). Counsel for the Trustee informed Repex that a stay was in place under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-et esq. ("SIPA"), which enjoined any action against the Debtor.

WHEREAS, on or about January 26, 2009, Repex filed an Amended Complaint for Violations of the Securities Laws ("Amended Complaint") to remove the Debtor from the action and to correct the names of certain defendants named therein (the "Repex Action").

WHEREAS, on or about March 5, 2009, Plaintiff Horst Leonhardt ("Leonhardt" and, collectively with Repex, "Plaintiffs"), through its counsel, filed a purported class action Complaint for Violations of the Securities Laws against the defendants in the matter bearing Civil Action No. 09-02032 (RMB) (the "Leonhardt Action").

WHEREAS, Plaintiffs have requested that certain defendants waive service of the summons, and as of this date, only defendant Pioneer Alternative Investments has agreed to waive service.

WHEREAS, none of the defendants has been served with a summons and complaint in either action.

WHEREAS, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 (the "PSLRA"), counsel published a notice to purported members of the class advising them of the pendency of the Repex Action and their right to move this Court to serve as lead plaintiff not later than sixty (60) days after publication of the notice.

WHEREAS, on March 13, 2009, various plaintiffs filed motions requesting, *inter alia*, (1) appointment as lead plaintiff in the Repex Action pursuant to Section 21D of the Securities Exchange Act of 1934, and (2) consolidation of the Repex and Leonhardt Actions.

WHEREAS, the Repex Action and Leonhardt Action both assert claims under the federal securities laws that are subject to the PSLRA, and defendant Pioneer Alternative Investments presently intends to file a motion to dismiss which would trigger the PSLRA's stay-of-discovery provision. 15 U.S.C. § 78u-4(b)(3)(B).

WHEREAS, in order to avoid the unnecessary expenditure of effort by the parties and the Court, the undersigned parties have agreed, subject to the Court's approval, to extend the time for each defendant named in the Repex and/or Leonhardt Actions (collectively, "Defendants," and individually, a "Defendant") to answer, move to dismiss, or otherwise respond to the complaints filed therein.

WHEREAS, this is the first extension of Defendants' time to respond to a complaint filed in either Action.

WHEREAS, this Stipulation and Order is without prejudice to, or waiver of, any rights, arguments or defenses otherwise available to the parties to this action, including, but not limited to, (1) any challenge to the assertion of personal jurisdiction over one or more of the Defendants; (2) Plaintiffs' ability to file any motion they deem appropriate, including motions for discovery concerning jurisdiction; (3) Plaintiffs' counsel's right to file additional complaints, which may be related to this action, on behalf of other plaintiffs, or the consolidated amended complaint referred to in Paragraph 3 below; or (4)

the right of any party, including a plaintiff who is subsequently appointed lead plaintiff pursuant to the PSLRA, to seek a modification of this stipulation.

NOW, THEREFORE, the undersigned parties, by and through their counsel of record, stipulate as follows:

1. Each Defendant's time to answer, move to dismiss or otherwise respond to the Amended Complaint filed in the Repex Action shall be adjourned *sine die*.

2. Each Defendant's time to answer, move to dismiss or otherwise respond to the complaint filed in the Leonhardt Action shall be adjourned *sine die*.

3. Once lead plaintiff(s) are appointed by the Court in both Actions, such lead plaintiff(s) will have 30 days from the date thereof to file a consolidated amended complaint covering the Repex and Leonhardt Actions (the "Consolidated Action").

4. Each Defendant in the Consolidated Action shall have 60 days from the date a consolidated amended complaint is filed and served on that Defendant to answer, move to dismiss, or otherwise respond thereto.

5. In his, her or its initial response to the consolidated amended complaint, any Defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure without also, at the same time, asserting other defenses available under the Federal Rules (a "Personal Jurisdiction Motion"). If the Court issues an order which does not dismiss the consolidated amended complaint as to a Defendant on the grounds of lack of personal jurisdiction in response to a Personal Jurisdiction Motion, that Defendant will have 60 days from the issuance of this order to answer or, in the alternative, move to dismiss the consolidated amended complaint on any

*See Court's rules regarding the filing of motions.*

grounds then available.

Dated: April 2, 2009

                                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Susan L. Saltzstein
(susan.saltzstein@skadden.com)
William J. O'Brien
(william.obrien@skadden.com)
Four Times Square
New York, New York 10036-6522
Tel: (212) 735-3000
Attorneys for Defendant
Pioneer Alternative Investments

STULL, STULL & BRODY

Timothy J. Burke (admitted pro hac vice)
(service@ssbla.com)
10940 Wilshire Boulevard, Suite 2300
Los Angeles, California 90024
Tel: (310) 209-2468
Attorneys for Plaintiffs Repex Ventures
S.A. and Horst Leonhardt

**IT IS SO ORDERED:**

DATED: 4/6/09

                                                  RMB
                                                  U.S.D.J.

Richard M. Berman