UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
REPEX VENTURES S.A., Individually and on : 
Behalf of All Others Similarly Situated,
                                                     :
        Plaintiff,
                                                     :
   -against-
                                                     :
BERNARD L. MADOFF; BERNARD L.
MADOFF INVESTMENT SECURITIES;     Case No. 1:09-cv-0289-RMB
BANK MEDICI S.A.; SONJA KOHN; PETER
SCHEITHAUER; HERALD USA FUND;    :
HERALD LUXEMBURG FUND; BANK
AUSTRIA CREDITANSTALT; UNICREDIT  :
S.A.; PRIMEO SELECT FUNDS; PIONEER
ALTERNATIVE INVESTMENTS; THEMA
INTERNATIONAL FUND PLC; ERNST &    :
YOUNG LLP, and HSBC HOLDINGS PLC,

        Defendants.
---------------------------------------- X

**[caption continues on next page]**

**REPLY MEMORANDUM OF DR. SHMUEL CABILLY TO OPPOSITION TO HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

```
------------------------------------   X
HORST LEONHARDT, on Behalf of Himself  :
and All Others Similarly Situated,
                                       :
           Plaintiff,
                                       :
     -against-
                                       :
BERNARD L. MADOFF, BANK MEDICI
S.A., SONJA KOHN, PETER SCHEITHAUER,   :
HERALD USA FUND, HERALD
LUXEMBURG FUNDS, BANK AUSTRIA          :
CREDITANSTALT, UNICREDIT S.A.,
PRIMEO SELECT FUND, PRIMEO             :
EXECUTIVE FUND, PIONEER
ALTERNATIVE INVESTMENTS, THEMA         :
INTERNATIONAL FUND PLC, HELMUTHY           Case No. 1:09-cv-2032-RMB
E. FREY, FRIEDRICH PFEFFER, FRANCO     :
MUGNAI, ALBERTO BENBASSAT,
STEPHANE BENBASSAT, GENEVALOR,         :
BENBASSAT & CIE, DAVID T. SMITH,
GERALD J.P. BRADY, DANIEL              :
MORRISSEY, ERNST & YOUNG S.A.,
ERNST & YOUNG FLOBAL LIMITED, HSBC     :
HOLDINGS PLC, HSBC INSTITUTIONAL
TRUST SERVICES (IRELAND) LIMITED,      :
HSBC SECURITIES SERVICES (IRELAND)
LIMITED, HSBC SECURITIES SERVICES,     :
S.A., PRICEWATERHOUSECOOPERS,
CHARTERED ACCOUNTANTS,                 :
PRICEWATERHOUSECOOPERS
INTERNATIONAL LIMITED and FRIEHLING    :
& HOROWITZ,
                                       :
           Defendant.
------------------------------------   X
```

# TABLE OF CONTENTS

                                                        **Page**

**INTRODUCTION** ..................................................................................................................1

**ARGUMENT** .......................................................................................................................2

**I.     DR. CABILLY IS THE PRESUMPTIVE LEAD PLAINTIFF** ....................................2

**II.    THE COMPETING MOVANTS HAVE NOT REBUTTED THE STATUTORY PRESUMPTION IN FAVOR OF DR. CABILLY** ............................................................3

        **A.     Dr. Cabilly's Status as an Individual Investor Does Not Render Him Inadequate** ................................................................................................4

        **B.     Dr. Cabilly Can Adequately Represent Purchasers of the Herald Funds** ........7

**III.   THE COURT'S RULING ON THE PENDING MOTIONS SHOULD NOT BE STAYED** ..................................................................................................................9

**CONCLUSION** ..................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Cable & Wireless, PLC Sec. Litig.*,
   217 F.R.D. 372 (E.D. Va. 2003) ................................................................................................6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................................................1, 4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................3, 4

*Cheney v. Cyberguard Corp.*,
   211 F.R.D. 478 (S.D. Fla. 2002) ............................................................................................10

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006) ......................................................................................7

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................................2

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................................4

*Fishbury, Ltd. v. Connetics Corp.*,
   No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696 (S.D.N.Y. Dec. 14, 2006) .............8

*Freudenberg v. E*Trade Fin. Corp.*,
   No. 07 Civ. 8538, 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ............................8

*Mohanty v. Bigband Networks, Inc.*,
   No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008) ...................4, 5

*Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.*,
   369 F.3d 27 (2d Cir. 2004) .......................................................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................6

*In re Rite Aid Corp. Sec. Litig.*,
   No. 99 Civ. 1349, 1999 U.S. Dist. LEXIS 19753 (E.D. Pa. Dec. 20, 1999) ...........................10

*In re Smith Barney Transfer Agent Litig.*,
   No. 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 19728 (S.D.N.Y. Apr. 17, 2006) ...............7

*Tanne v. Autobytel*,
   226 F.R.D. 659 (C.D. Cal. 2005) .............................................................................................5

*In re Telxon Corp. Sec. Litig.*,
    67 F. Supp. 2d 803 (N.D. Ohio 1999) ................................................................................5

*Weisz v. Calpine Corp.*,
    No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ......................6

*In re Worldcom, Inc. Sec. Litig.*,
    219 F.R.D. 267 (S.D.N.Y. 2003) ........................................................................................9

*Yousefi v. Lockheed Martin Corp.*,
    70 F. Supp. 2d 1061 (C.D. Cal. 1999) ................................................................................6

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................2, 4

**OTHER AUTHORITIES**

Nelson D. Schwartz and Julia Werdigier, *Austria's 'Woman on Wall Street' and Madoff*,
    N.Y. Times, Jan. 6, 2009 ....................................................................................................6

Dr. Shmuel Cabilly ("Dr. Cabilly") respectfully submits this reply to the oppositions to his motion for consolidation, appointment as lead plaintiff, and approval of selection of lead counsel filed by Nürnberger Versicherung Aktiengesellschaft Österreich ("Nürnberger") and the Repex Group.

## INTRODUCTION

Dr. Cabilly, with nearly $3.67 million in losses – quadruple the losses of the next largest movant – has the largest financial interest in the outcome of this litigation. He is thus the presumptive lead plaintiff as set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Neither Nürnberger nor the Repex Group has rebutted the statutory presumption in favor of Dr. Cabilly, nor is there a reasoned argument, much less any proof as the PSLRA requires, that Dr. Cabilly will not fairly and adequately protect the interests of the entire class or is subject to unique defenses rendering him incapable of representing the class. As a result, the other motions for lead plaintiff need not even be considered.

Nürnberger and the Repex Group are wrong to contend that they are more qualified to serve as lead plaintiff. The PSLRA is crystal clear that the Court should select the party that fulfills the statutory requirements. In appointing a lead plaintiff, the Court should not "engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). It is not a subjective inquiry.

Nürnberger and the Repex Group make several wholly unconvincing attempts to argue that Dr. Cabilly is inadequate to represent the class. In particular, Nürnberger argues that because Dr. Cabilly is an individual and not an institution, he is inadequate on that basis alone. Courts have repeatedly rejected this argument, however, reasoning that the plaintiff with the largest financial interest in the outcome of the litigation is the presumptive lead plaintiff, regardless of whether it is an individual or an institution. Had Congress intended for a preference for institutional investors to

1

be a *per se* rule, it would have made it one.

Additionally, the Repex Group argues that Dr. Cabilly, who purchased shares in the Primeo Funds, is incapable of representing purchasers of the Herald Funds. Legions of courts in this Circuit and in others have rejected this argument. It is clear that lead plaintiffs need not have standing to bring every single claim on behalf of every single security at issue in a case. Indeed, lead plaintiffs frequently represent purchasers of securities different than their own. The PSLRA – the purpose of which is to consolidate control of the litigation in the hands of a single plaintiff – is entirely consistent with this result.

Finally, the Repex Group argues that a ruling on the pending motions for appointment of lead plaintiff should be stayed until May 4, 2009, when the sixty-day period following the publication of a "revised" notice by counsel for the Repex Group on March 5, 2009 will expire. For the reasons described below, however, the Court should not entertain what amounts to an effort by the Repex Group's counsel to extend the statutory period for their own benefit.

## **ARGUMENT**

### I.  DR. CABILLY IS THE PRESUMPTIVE LEAD PLAINTIFF

Dr. Cabilly has, by far, the largest financial interest in this case and is therefore the presumptive lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The second phase of the inquiry is to determine whether he "otherwise satisfies" the adequacy and typicality requirements of Rule 23 within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). The PSLRA directs courts to consider competing lead plaintiff motions in a sequential rather than comparative fashion. *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005). If the presumptive lead plaintiff based on financial interest is disqualified for not meeting the Rule 23 requirements, only then "the court returns to the first phase to determine a new presumptive lead plaintiff. The [lead plaintiff selection] process repeats itself until a candidate succeeds in both the first and second phases of

inquiry." *Id.* The competing lead plaintiff applicants may contest the presumption only by *proving* that the presumptive lead plaintiff cannot adequately represent the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 262-64 (3d Cir. 2001). If that presumption is not rebutted, the Court should not engage in discretionary analysis as to who might be the "best" lead plaintiff. The statutory scheme directs otherwise and requires the Court to appoint the movant with the largest financial interest so long as he or she is not inadequate or atypical.

In this case, Dr. Cabilly is the presumptive lead plaintiff. Moreover, Dr. Cabilly has made the required preliminary showing under the PSLRA that he is typical and adequate. Opening Mem. at 7-9. It is indisputable that Dr. Cabilly has the largest financial interest of all of the movants.

| **Movant** | **Claimed Loss** |
|---|---|
| **Dr. Shmuel Cabilly** | **$3,665,205.00** |
| **Nürnberger Versicherung Aktiengesellschaft Österreich** | **$941,000.00** |
| **Repex Group** | |
| Repex Ventures S.A. | $700,000.00 |
| Randovan Fijember | $133,617.89 |
| **Total** | **$833,617.89** |

During the class period, as set forth in the chart above, Dr. Cabilly suffered losses of approximately $3.67 million. In contrast, Nürnberger asserts that it suffered losses of $941,000.00, *see* Nürnberger Opening Mem. at 8, which is approximately 25% of the losses suffered by Dr. Cabilly. The Repex Group lost even less – $833,617.89, *see* Repex Group Opening Mem. at 5. Appropriately, none of the competing movants claims they have suffered greater losses than those suffered by Dr. Cabilly.

## II. THE COMPETING MOVANTS HAVE NOT REBUTTED THE STATUTORY PRESUMPTION IN FAVOR OF DR. CABILLY

Nürnberger and the Repex Group attempt to rebut the statutory presumption in favor of Dr. Cabilly by arguing, respectively, that Dr. Cabilly's status as an individual investor renders him inadequate, *see* Nürnberger Opp. Mem. at 6-8, and that Dr. Cabilly cannot adequately represent

3

purchasers of the Herald Funds, *see* Repex Group Opp. Mem. at 5-8. Neither of their arguments has merit.

## A.     Dr. Cabilly's Status as an Individual Investor Does Not Render Him Inadequate

Dr. Cabilly's financial interest in the outcome of this litigation exceeds that of any other movant, making him the "most adequate plaintiff" as provided by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii). The statute does not contemplate "a wide-ranging comparison to determine which plaintiff is best suited to represent the class." *Cavanaugh*, 306 F.3d at 729. "Although the court may compare putative lead plaintiffs when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004). As explained in *Miller v. Dyadic Int'l, Inc.*, "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can *prove* that the presumptive lead plaintiff will not do a 'fair [] and adequate []' job." No. 07-80948-CIV-Dimitrouleas, 2008 U.S. Dist. LEXIS 32271, at *20 (S.D. Fla. Apr. 18, 2008) (*quoting In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)) (emphasis added).

Nonetheless, Nürnberger argues that solely by virtue of the fact that it is an institutional investor, it should be appointed lead plaintiff over Dr. Cabilly, who has *nearly four times the losses* of Nürnberger. Nürnberger Opp. Mem. at 6-8. However, "a plaintiff's mere status as an institutional investor does not provide any presumption that the institutional plaintiff is a more adequate lead plaintiff than an individual investor with a larger financial interest." *Mohanty v. Bigband Networks, Inc.*, No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764, at *17-18 (N.D. Cal. Feb. 13, 2008) (citing *Cavanaugh*, 306 F.3d at 730 n.20 ("If financial sophistication had been Congress's principal concern, it would not have made the plaintiff who lost the most money the presumptive lead plaintiff."); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist.

4

LEXIS 20341, at *14 (N.D. Cal. June 5, 2000) ("[T]he PSLRA does not limit the presumption of most adequate plaintiff to institutional investors. Rather, the statute merely provides that the person or group of persons with the largest financial interest in the relief sought by the class is entitled to the presumption of most adequate plaintiff.")).[1] "Had Congress intended to craft a *per se* rule to that effect," the *Mohanty* court concluded, "it could easily have done so; it chose not to." *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *19.

Given the strength of the statutory presumption, it is not surprising that Nürnberger cannot cite a single case which stands for the proposition that a Court should appoint as lead plaintiff an institution with one-third the losses of an individual instead of that individual simply because of its status as an institution. *See generally* Nürnberger Opp. Mem. In *In re Vicuron Pharms., Inc. Sec. Litig.*, relied on by Nürnberger, the group of institutional investors which was ultimately appointed as lead plaintiff had the largest loss and thus the greatest financial interest in the litigation. 225 F.R.D. 508, 511 (E.D. Pa. Oct. 6, 2004). Similarly, in *In re Goodyear Tire & Rubber Co. Sec. Litig.*, also relied on by Nürnberger, the court appointed an investment manager – *not* an institutional investor – whose losses far exceeded the losses of individual movants. No. 5:03-2166, 2004 U.S. Dist. LEXIS 27043, at *17-26 (N.D. Ohio May 12, 2004).

The only other cases Nürnberger cites in support of its position were cases in which a court appointed both an institution and one or more individuals to serve as co-lead plaintiffs. *See* Nürnberger Opp. Mem. at 7-8. The facts in these cases, however, are again dissimilar from the case at bar. In *Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, for example, the court appointed an institution to serve as co-lead plaintiff with two individuals only after finding

---

[1]  *See also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 821 (N.D. Ohio 1999) ("The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor."); *Tanne v. Autobytel*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("[T]here is no *per se* rule requiring that an institutional investor be appointed lead plaintiff in lieu of an individual who has a larger stake in the litigation.").

5

legitimate questions regarding their adequacy. 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006). Similarly, in *Malasky v. IAC/InterActiveCorp*, the court appointed an institution to serve as co-lead plaintiff with an individual who was less than $100,000 apart in claimed losses, because the court, again, found questions regarding the individual's adequacy. No. 04 Civ. 7447 (RJH), 2004 U.S. Dist. LEXIS 25832, at *11-12 (S.D.N.Y. Dec. 21, 2004). Here, where no such questions have been raised, there is no reason to appoint an institution with significantly smaller losses as co-lead plaintiff, much less as sole lead plaintiff.[2]

In a final attempt to disqualify Dr. Cabilly, Nürnberger argues that his presence in Israel will hamper his ability to direct and control this litigation. Nürnberger Opp. Mem. at 3. On the contrary, Dr. Cabilly has retained counsel in Israel, the Law Offices of Jacob Sabo, Esq., to assist in prosecution of this case. Mr. Sabo and Cohen Milstein have a long history of working together on complex securities fraud actions. If anything, Dr. Cabilly's presence in Israel makes him *more* typical of other class members, many of whom are Israeli and were specifically targeted by Bank Medici's executives. Nelson D. Schwartz and Julia Werdigier, *Austria's 'Woman on Wall Street' and Madoff*, N.Y. Times, Jan. 6, 2009 (*at* www.nytimes.com/2009/01/07/business/07medici.html) (describing how Sanja Kohn, founder of Bank Medici, targeted Israeli investors, among others). It is Dr. Cabilly – not Nürnberger – who is uniquely positioned to lead this litigation.

---

[2] Nürnberger's remaining cases, *see* Nürnberger Opp. Mem. at 7 n.4, are also easily distinguishable. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1070 (C.D. Cal. 1999) (institution and individual appointed as co-lead plaintiff *were not competing movants*, but were appointed from the same movant group and had roughly equivalent losses); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003) (institution and individual were appointed as co-lead plaintiffs to represent different types of securities); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *30 (N.D. Cal. Aug. 19, 2002) (court appointed individual and institution as co-lead plaintiffs because all other movants had been eliminated and "[n]either party, standing alone, [was] a particularly ideal lead plaintiff"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (group of individuals appointed co-lead plaintiff with two other institutions, one of which had far greater losses than any one individual).

**B. Dr. Cabilly Can Adequately Represent Purchasers of the Herald Funds**

The Repex Group argues that it should be appointed co-lead plaintiff to represent purchasers of the Herald Funds, because Dr. Cabilly does not have standing to sue on behalf of Herald Fund purchasers. Repex Group Opp. Mem. at 5-8. It is well-established, however, that lead plaintiffs need not have standing to bring every single claim on behalf of every single class of security at issue in a case. According to the Second Circuit in *Hevesi v. Citigroup Inc.*, "any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff." 366 F.3d 70, 83 n.13 (2d Cir. 2004). As explained in *In re Global Crossing, Ltd. Sec. Litig.*:

> nothing in the PSLRA requires that the lead plaintiffs have standing to assert all of the claims that may be made on behalf of all of the potential classes and subclasses of holders of different categories of security at issue in the case. Indeed, the imposition of any such requirement would be at odds with the purposes of the statute, since in the case of large alleged frauds involving issuers of many classes of securities, the consequence would be either the appointment of a large number of lead plaintiffs (undermining the goal of a cohesive leadership and management group) or the premature breakdown of the action into an unmanageable number of separate cases brought by different lead plaintiffs on behalf of each potential subclass of securities holders.

313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003) (Lynch, J.). Likewise, in *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, the Court held that "[i]t is well established that the Lead Plaintiff's claims do not have to be identical to the other class members' claims and in fact, the idea that there should [be] multiple Lead Plaintiffs with standing to sue on all possible causes of action has been rejected by the Southern District." 216 F.R.D. 248, 253 (S.D.N.Y. 2003) (Connor, J.).

Indeed, the ability of a lead plaintiff to represent purchasers of securities different than its own is virtually uncontroverted. *See*, *e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401 (S.D.N.Y. 2006) (declining to appoint a "niche" plaintiff to represent purchasers of preferred shares); *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at *11 (S.D.N.Y. Apr. 17, 2006) (rejecting argument that the Court appoint a different lead

7

plaintiff for each of a number of different funds); *Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *12 (S.D.N.Y. Dec. 14, 2006) (rejecting argument that the Court appoint as co-lead plaintiffs investors who bought both stock options and common stock); *Freudenberg v. E*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 U.S. Dist. LEXIS 62767, at *17 (S.D.N.Y. July 16, 2008) (purchaser of one type of security is not atypical of a class which includes purchasers of other types of securities).

Accordingly, the cases the Repex Group cites in support of their argument that Dr. Cabilly does not have standing to sue on behalf of purchasers of the Herald Funds, *see* Repex Group Opp. Mem. at 6-8, are inapposite, since, even if Dr. Cabilly lacks standing on the Herald Fund claim (which is unlikely, since the Herald Fund is simply another Madoff feeder fund under the auspices of Bank Medici), he is not thereby disqualified from serving as lead plaintiff. Not surprisingly, none of these cases involves the appointment of lead plaintiffs. *See*, *e.g.*, *Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 31 (2d Cir. 2004) (granting motion to dismiss claims of certain shareholders). Indeed, the Repex Group – after *conceding* that courts "often" appoint purchasers of one type of security to represent purchasers of another type of security – points to a single case which it says requires the two different securities to have been sold by the "same issuer." Repex Group Opp. Mem. at 8 (citing *Lifschitz v. Hexion Specialty Chems.*, 08 Civ. 6394, 2009 U.S. Dist. LEXIS 21933, at *4-5 (S.D.N.Y. Mar. 19, 2009). This Court's decision in *Lifschitz*, however – which actually *rejected* the argument that a court must appoint multiple lead plaintiffs to represent purchasers of different types of securities – did not turn on the question of whether such securities were sold by the "same issuer." On the contrary, the Court's attention was focused on whether "the interests of those purchasers are aligned." *Lifschitz*, 2009 U.S. Dist. LEXIS 21933, at *4-5. Here, where the Herald, Primeo, and Thema Funds are alleged to have engaged in the same pattern of fraudulent conduct, *see* Repex Comp. at ¶¶ 49-50,

8

the interests of the purchasers of one are clearly aligned with the interests of purchasers of the other two.[3]

## III. THE COURT'S RULING ON THE PENDING MOTIONS SHOULD NOT BE STAYED

The Repex Group inappropriately argues that a ruling on the pending motions for appointment of lead plaintiff should be stayed until May 4, 2009, or sixty days after a revised notice was published to investors on March 5, 2009,[4] presumably to allow the Repex Group's counsel additional time to locate an investor with larger losses.[5] Repex Group Opp. Mem. at 2-5. According to the Repex Group, republication of the notice was warranted to correct the class period and to include purchasers of shares of the Primeo Executive Fund. *Id.* **The class definition in the Repex Group's initial complaint is identical to that in the Leonhardt complaint, and includes both the longer class period and purchasers of shares of the Primeo Executive Fund.** *See* Repex Comp. at ¶ 54 (including "those who purchased investments in funds that were controlled or managed by Medici and in turn provided to Madoff between January 12, 2004 and January 12, 2009, inclusive"); Leonhardt Comp. ¶ 75 (same). Both complaints were filed by the Repex Group's counsel. The revised notice was apparently published to correct two mistakes made by the Repex Group's counsel. Staying a ruling on the pending motions until a supposedly new statutory period expires will serve no purpose other than to allow the Repex Group's counsel to benefit from their

---

[3] If the Court is nonetheless concerned that the class requires a purchaser of the Herald Fund to pursue that claim, a Herald Fund purchaser like the Repex Group can simply be named as a class representative in the consolidated amended complaint, rather than a lead plaintiff, as other courts have allowed in similar circumstances. *See*, *e.g.*, *In re Worldcom, Inc. Sec. Litig.*, 219 F.R.D. 267, 283 (S.D.N.Y. 2003).

[4] The Repex Group's counsel did not issue a revised notice until fifty-two days after it published the initial notice, a mere eight days before the end of the sixty-day statutory period.

[5] The Repex Group argues that "investors relying on the January 12, 2009 notice who purchased shares of any Medici Controlled Funds between January 13, 2008 and January 12, 2009 would not be able to determine whether he or she is eligible for lead plaintiff status." Repex Group Opp. Mem. at 4. Not so. Dr. Cabilly, who purchased his shares on January 30, 2008, was aware of the correct class period, responded accordingly, and is now seeking to serve as lead plaintiff.

9

own careless mistakes.[6]

The Repex Group's reliance on *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, *see* Repex Group Opp. Mem. at 3-5, is misleading at best. There, the Court noted that it would not require that notice be republished merely to extend the class period, even where the class period did actually change. *See* No. 05 Civ. 1898, 2005 U.S. Dist. LEXIS 10780, at *6-7 (S.D.N.Y. June 1, 2005).

Under the unique circumstances present in *Teamsters*, where the complaint was revised to include "Series 1998-C" securities as well as "Series 2000-A" securities, the Court held that the notice should be republished. The Court's concern was that amendments to the previously-filed complaint had raised "entirely new factual and legal allegations …, as to separate transactions, affecting a new class of plaintiffs." *Id.* at *7 (quoting *In re Select Comfort Corp. Sec. Litig.*, Civil No. 99-884 (DSD/JMM), 2000 U.S. Dist. LEXIS 22697, at *25 (D. Minn. Jan. 27, 2000)). No such amendments were made to the initial complaint here; again, the class definition in the Repex Group's initial complaint and its counsel's subsequent Leonhardt complaint are identical. Thus, there were no new securities added in the Leonhardt complaint, and no reason that could justify extending the statutorily mandated 60-day period.

## **CONCLUSION**

For the foregoing reasons, Dr. Cabilly respectfully submits that the motions of Nürnberger Versicherung Aktiengesellschaft Österreich and the Repex Group must be denied, and that the Court should appoint Dr. Cabilly as Lead Plaintiff on behalf of the class.

---

[6] Courts generally disfavor republication of notice, even when the revised notice would alter the class period. *See*, *e.g.*, *Cheney v. Cyberguard Corp.*, 211 F.R.D. 478, 498 (S.D. Fla. 2002) ("additional notice is not required where the original complaint is amended to include, in part, an extension of the class period"); *In re Rite Aid Corp. Sec. Litig.*, No. 99 Civ. 1349, 1999 U.S. Dist. LEXIS 19753, at *4 (E.D. Pa. Dec. 20, 1999) (filing a complaint similar to previously-filed complaint, but encompassing an earlier class period, did not warrant republication).

10

Dated: New York, New York
April 9, 2009

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/ Catherine A. Torell
Catherine A. Torell (CAT-0905)
150 East 52nd Street, 30th Floor
New York, New York 10022
Tel: (212) 838 7797
Fax: (212) 838-7745
 -and-
Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Proposed Lead Counsel for Movant*

**Of Counsel:**

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Tel: (972) 36078888
Fax: (972) 36078889