# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REPEX VENTURES S.A, on Behalf of Itself and All Others Similarly Situated, ) ) ) | Civil Action No. 09-cv-289 (RMB) |
| Plaintiff, ) ) ) | **CLASS ACTION** |
| v. ) ) | **ECF CASE** |
| BERNARD L. MADOFF; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND; BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUND; PRIMEO EXECUTIVE FUND; PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., and HSBC SECURITIES SERVICES, S.A., ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

[Additional caption on next page]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY REPEX VENTURES, S.A. FOR CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF PURSUANT TO § 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| HORST LEONHARDT, on Behalf of Himself and All Others Similarly Situated, | Civil Action No. 09-cv-2032 (RMB) |
| Plaintiff, | **CLASS ACTION** |
| v. | **ECF CASE** |
| BERNARD L. MADOFF, BANK MEDICI S.A., SONJA KOHN, PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, PIONEER ALTERNATIVE INVESTMENTS, THEMA INTERNATIONAL FUND PLC, HELMUTH E. FREY, FRIEDRICH PFEFFER, FRANCO MUGNAI, ALBERTO BENBASSAT, STÉPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, DAVID T. SMITH, GERALD J. P. BRADY, DANIEL MORRISSEY, ERNST & YOUNG S.A., ERNST & YOUNG GLOBAL LIMITED, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES, S.A., PRICEWATERHOUSECOOPERS, CHARTERED ACCOUNTANTS, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED; and FRIEHLING & HOROWITZ, | |
| Defendants. | |

[Additional caption on next page]

| | |
|---|---|
| FABIAN PERRONE and CHIA-HUNG KAO,<br><br>              Plaintiff(s),<br><br>     v.<br><br>ALBERTO BENBASSAT, STÉPHANE BENBASSAT, GERALD J.P. BRADY, NICOLA A. CORSETTI, NIGEL H. FIELDING, HELMUTH E. FREY, JOHN HOLLIWELL, KARL E. KANIAK, SONJA KOHN, ALBERTO LA ROCCA, DANIEL MORRISSEY, FRANCO MUGNAI, DECLAN MURRAY, HERALD C. NOGRASEK, JAMES. E. O'NEILL, FRIEDRICH PFEFFER, URSULA RADELLESZCZYNSKI, HANNES SALETA, PETER SCHEITHAUER, ALFRED SIMON, DAVID T. SMITH, JOHANNES P. SPALEK, WERNER TRIPOLT, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD, BANK AUSTRIA CREDITANSTALT, BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK MEDICI AG, ERNST & YOUNG, PRIMEO FUND, HERALD FUND SPC, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (LUXEMBURG) S.A., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, PRICEWATERHOUSECOOPERS, THEMA INTERNATIONAL FUND PLC, and UNICREDIT S.A.,<br><br>              Defendant(s). | Civil Action No. 09-cv-2558 (SHS)<br><br>**CLASS ACTION**<br><br>**ECF CASE** |

## TABLE OF CONTENTS

**PAGE NO.**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    SUMMARY OF THE PENDING ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      The Court Should Consolidate the Related Actions
               for the Purposes of Efficiency and Judicial Economy . . . . . . . . . . . . . . . . . . . . . . . 3

V.     SECTION 21D OF THE EXCHANGE ACT REQUIRES THAT
      CONSOLIDATION BE DECIDED PRIOR TO THE DETERMINATION
      OF THE APPOINTMENT OF LEAD PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.      The Proposed Lead Plaintiff Should Be Appointed Lead Plaintiff . . . . . . . . . . . . 5

               1.      The Procedure Required By The PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . 5

               2.      The Proposed Lead Plaintiff Satisfies The "Lead Plaintiff"
                       Requirements of the PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

               3.      The Proposed Lead Plaintiff Has the Largest Financial Interest
                       in the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Amchem Prods. v. Windsor*,
521 U.S. 591 (U.S. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Baughman v. Pall Corp.*,
250 F.R.D. 121 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Crayfish Co. Sec. Litig.*,
No. 00-CV-6766, 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002) . . . . . . . . . . . . . . . . 8

*Davidson v. E*Trade Fin. Corp.*,
Civil Action No. 07 Civ. 10400, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008) . . . 10

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hevesi v. Citigroup, Inc.*,
366 F.3d 70 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hoffman v. UBS-AG*,
591 F. Supp. 2d 522 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lifschitz v. Hexion Specialty Chems.*,
08 Civ. 6394, 2009 U.S. Dist. LEXIS 21933 (S.D.N.Y. Mar. 19, 2009) . . . . . . . . . . . . . . . . 10

*In re Merrill Lynch Inv. Mgmt. Funds Sec. Litig.*,
434 F. Supp. 2d 233 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ont. Pub. Serv. Emples. Union Pension Trust Fund v. Nortel Networks Corp.*,
369 F.3d 27 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sofran v. LaBranche & Co., Inc.*,
220 F.R.D. 398 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Werner v. Satterlee, Stephens, Burke & Burke*,
797 F. Supp. 1196 (S.D.N.Y. 1992)V          4

## I. INTRODUCTION

This securities fraud class action was brought against Bernard L. Madoff ("Madoff") and numerous others pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. The action was brought on behalf of purchasers of Herald USA Fund and Herald Luxemburg Fund (collectively, "Herald Funds"), Primeo Select Fund and Primeo Executive Fund (collectively, "Primeo Funds"), and Thema International Fund plc, ("Thema Fund")(collectively, "Madoff Feeder Funds") against each funds issuers, control persons, auditors, and fund custodians concerning the transfer and subsequent looting of each funds' assets by Madoff.

Movant Repex Ventures S.A. ("Repex" or "Movant") invested $700,000 in the Herald (LUX) U.S. Absolute Return Fund during the period from January 12, 2004 and January 12, 2009, inclusive (the "Class Period"). Movant respectfully submits this Memorandum of Law in support of its motion for: (i) the consolidation of each related action, (ii) appointment of Repex as Lead Plaintiff for the investors in the Herald Funds pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 and (iii) approval of Movant's selection of Lead Counsel.

## II. PROCEDURAL BACKGROUND

On January 12, 2009, Repex filed a complaint on behalf of a proposed class consisting of all persons who purchased Madoff Feeder Funds between January 12, 2004 and January 12, 2009. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 12, 2009, notice of pendency of the action was published over a widely-available, national business-oriented wire service, *Business*

*Wire*, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, *i.e.*, by March 13, 2009. On March 5, 2009, the action *Leonhardt v. Madoff, et al.*, Case No. 09-cv-2032, was filed in this District alleging substantially similar claims on behalf of investors in Madoff Feeder Funds. That same day notice was published regarding the *Leonhardt* action notifying investors in various funds that they had until May 4, 2009 to request the Court appoint them as lead plaintiff ("March 5 Notice")(*See* Declaration of Timothy J. Burke in Support of Repex Ventures' Motion for Consolidation of All Related Actions, Appointment as Lead Plaintiff Pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934, and Approval of Selection of Lead Counsel, Exhibit A ("Burke Decl., Ex. ___")). Per the Court's Endorsement of March 12, 2009 (Docket Entry #9), the May 4, 2009 deadline for application for appointment as lead plaintiff in the *Leonhardt* action is undisturbed. Thus, the present motion is timely filed.

### III.  SUMMARY OF THE PENDING ACTION

This matter involves a massive and unprecedented Ponzi-scheme. Over the past several years, Madoff and Bernard L. Madoff Investment Securities ("BMIS") amassed billions of dollars in private investments. On December 11, 2008, Madoff was arrested by federal authorities after confessing to his children that he was operating a $50 billion Ponzi scheme, in which Madoff used the investments of new clients to pay for fictitious "returns" to other clients.

After Madoff was arrested, numerous investment funds disclosed that they were little more than feeder funds for Madoff and BMIS. Such funds included the the Herald USA Fund,

Herald Luxemburg Fund, Primeo Select Fund, Primeo Executive Fund, and Thema International Fund. Bank Medici controlled the aforementioned funds, and caused these funds to be fed to Madoff.

Defendants represented to investors that they would use their respective investors funds for investing in the securities market, and that the investors would share the profits from such investments. Defendants promised steady returns, sometimes in excess of 10% of the investment profits while not informing their investors that they were providing their investments to Madoff. Madoff forbade defendants from naming him as the actual manager in their performance summaries or marketing literature. Defendants also represented and reported that existing investors were making profits on their investments, thereby encouraging further investments from new and existing investors.

In truth, plaintiff and other members of the proposed Class were not sharing in true returns on their investments in the securities market. Instead, Madoff and BMIS systematically stole investor funds for their personal use and for making payments to other investors in order to create the false appearance of high returns on investments. Defendants ignored many red flags that should have caused them, as investment professionals, to conduct further due diligence and/or alter their investment decisions.

## IV. ARGUMENT

### A. The Court Should Consolidate the Related Actions for the Purposes of Efficiency and Judicial Economy

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the

actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).

Repex believes consolidation of all of the actions listed on the face page is appropriate because they involve common questions of law and fact and allege the same or similar claims under the federal securities laws on behalf of the same or similar plaintiff class. In addition, all actions will involve similar issues regarding class certification, and will involve identical discovery. There is also no reason to believe that defendants would not support consolidation of these actions, as well as any subsequently filed related actions. Accordingly, these actions should be consolidated in the interests of judicial economy and overall efficiency. *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp 1196, 1211 (S.D.N.Y. 1992) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.) (citing *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1975), *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (class action suits are ideally suited to consolidation since their unification expedites pretrial proceedings, reduces case duplication, avoids the contacting of parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned).

## V. SECTION 21D OF THE EXCHANGE ACT REQUIRES THAT CONSOLIDATION BE DECIDED PRIOR TO THE DETERMINATION OF THE APPOINTMENT OF LEAD PLAINTIFF

Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA as follows:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Cases subject to Section 21D of the Exchange Act must, therefore, undergo a two step process in determining lead plaintiff when consolidation is an issue. First, the Court shall rule on the consolidation issue. Second, after any consolidation issues have been resolved, the Court may then rule on the lead plaintiff issue as soon as practicable. §78u-4(a)(3)(B)(ii). Repex therefore respectfully requests the Court resolve the issue of consolidation of these actions as soon as possible so that the Court may then rule on the determination of lead plaintiff in this matter. Under Rule 42(a) of the Federal Rules of Civil Procedure, a timely determination pertaining to consolidation is reasonable and will ultimately benefit the Class members' interest in the prompt prosecution of their claims.

### A. The Proposed Lead Plaintiff Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The operative notice of pendency of the action was published over *Business Wire* on March 5, 2009. *See* Burke Decl., Ex. A. Within 60 days

5

after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
>     (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
>     (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>     (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See* generally *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Proposed Lead Plaintiff Satisfies The "Lead Plaintiff" Requirements of the PSLRA

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on May 4, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the operative notice (published on March 5, 2009), Repex herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the proposed class.

6

The Proposed Lead Plaintiff has duly signed and filed a certification stating that Movant has reviewed the complaint filed in the action and is willing to serve as the representative party on behalf of the Class. *See* Burke Decl., Ex. B. In addition, the Proposed Lead Plaintiff has selected and retained experienced and competent counsel to represent Movant and the class. *See* Burke Decl., Ex. C.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of counsel, as set forth herein, considered and approved by the Court.

### 3. The Proposed Lead Plaintiff Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant invested $700,000 in Herald Funds during the Class Period and suffered a total loss of these investments as a result of defendants' misconduct. *See infra*, Burke Decl., Ex. B. As a result, Movant herein has a significant financial interest in this case.

Repex Ventures should be appointed Lead Plaintiff to represent purchasers of the Herald Funds. The other prior movants, Nürnberger Versicherung Aktiengesellschaft Österreich and Dr. Shmuel Cabilly, both purchasers of Primeo Funds, cannot be appointed lead plaintiffs for the Herald Fund purchasers because they do not satisfy Rule 23's requirement that they have standing to sue on behalf of Herald fund purchasers.

7

In determining the appropriate lead plaintiff, the PSLRA provides, in pertinent part: "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that (aa) has either filed the complaint or made a motion [to be designated as lead plaintiff]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008).

However, this presumption . . . "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii). As explained by the Second Circuit, "[t]wo objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23." *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 81 (2d Cir. 2004).

In assessing whether a proposed lead plaintiff satisfies the criteria set forth in Rule 23, the district court focuses on the typicality and adequacy requirements of Rule 23. *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. *In re Crayfish Co. Sec. Litig.*, No. 00-CV-6766, 2002 U.S. Dist. LEXIS 10134 at * 14 (S.D.N.Y. June 6, 2002). Typicality is satisfied if "the defendants 'committed the same wrongful acts in the same manner against all members of the class'" *Hevesi*, 366 F.3d at

8

82-83 (quoting *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).

Here, Primeo Fund investors do not satisfy Rule 23's "typicality" requirements when they seek to be appointed lead plaintiffs to represent Herald Fund investors. Primeo Fund purchasers do not have standing to bring claims on behalf of Herald Fund purchasers because they did not purchase or sell Herald funds. *Ont. Pub. Serv. Emples. Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 31 (2d Cir. 2004).

In *Nortel* the district court held that the JDS shareholders did not have standing to sue because they did not purchase or sell any Nortel stock. 369 F.3d at 31. The Second Circuit upheld the dismissal, holding that investors do not have standing to sue under Section 10(b) and Rule 10b-5 when the company whose securities they purchased is negatively impacted by the material misstatement of another company, whose securities they do not purchase. 369 F.3d at 34. The same reasoning holds true in the present case. Investors in the Primeo Funds do not have standing to sue the Herald Funds when they did not purchase any of the Herald Funds. *Id*. The Primeo Funds were at all relevant times owned by Pioneer Alternative Investments. ¶ 22. The Herald Funds, on the other hand, were at all relevant times investment funds created and sold by Bank Medici. ¶ 20. As the Herald Funds and the Primeo Fund had different issuers -- which are located in different countries, investors in the different fund families should have different lead plaintiffs appointed to represent their respective interests.

The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625-626 (U.S. 1997). Here, the inquiry has shown that investors in the Primeo funds cannot

serve as lead plaintiffs for investors in the Herald Funds because they do not have standing. *Hoffman v. UBS-AG*, 591 F. Supp. 2d 522, 531 (S.D.N.Y. 2008)(plaintiffs lack standing for claims relating to funds that plaintiffs did not own); *In re Merrill Lynch Inv. Mgmt. Funds Sec. Litig.*, 434 F. Supp. 2d 233, 236 (S.D.N.Y. 2006)(plaintiffs who only owned shares in Merrill Lynch mutual funds do not have standing to assert claims on behalf of shareholders of other funds).

While courts often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned, (*Lifschitz v. Hexion Specialty Chems.*, 08 Civ. 6394, 2009 U.S. Dist. LEXIS 21933 at * 4-5 (S.D.N.Y. Mar. 19, 2009), here the required "same issuer" does not exist. Instead of having the same issuer, the Herald Funds and Primeo Funds have different issuers, which necessitates investors in the two different fund families each having their own lead plaintiff. 434 F. Supp. 2d at 236.

In the present case, it is appropriate to appoint a lead plaintiff from the Herald Fund purchasers and a lead plaintiff from the Primeo Fund purchasers to serve as co-lead plaintiffs. When the possibility that conflicts could arise exists, it is appropriate to protect the interests of the class by appointing a co-lead plaintiff. *Davidson v. E*Trade Fin. Corp.*, Civil Action No. 07 Civ. 10400, 2008 U.S. Dist. LEXIS 61265 at *21 (S.D.N.Y. July 16, 2008). Here, the appointment of co-lead plaintiffs provides that the lead plaintiffs will have standing to sue on behalf of both Herald and Primeo Fund purchasers. *Id.* Accordingly, although it is appropriate to consolidate all the Related Actions, in order to ensure that all individual fund purchasers are adequately represented, a separate lead plaintiff must be appointed for each family of funds.

## VI. CONCLUSION

Movant respectfully requests that the Court: (i) consolidate the related actions; (ii) appoint Repex as a co-lead plaintiff for Herald Funds in the action; and (iii) approve Repex's selection of lead counsel as set forth herein.

Dated: May 4, 2009						Respectfully submitted,

**STULL, STULL & BRODY**

By:     s/ Timothy J. Burke
Timothy J. Burke (Admitted *Pro Hac Vice*)
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA  90024
Tel:     310-209-2468
Fax:     310-209-2087

**STULL, STULL & BRODY**
Jules Brody (JB-9151)
Patrick K. Slyne (PS-1765)
6 East 45th St.
New York, NY 10017
Tel:     212-687-7230
Fax:     212-490-2022

*Counsel for Movant Repex Ventures, S.A. and Proposed Lead Counsel For Plaintiffs and The Class*

# CERTIFICATE OF SERVICE

       I hereby certify, this 4th day of May, 2009, that I caused a true and correct copies of the **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY REPEX VENTURES, S.A. FOR CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF PURSUANT TO § 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL** to be served via First Class Mail and First Class International Mail on all parties listed on the attached service list.

Dated  May 4, 2009                      **STULL, STULL & BRODY**

                                       By:      s/ Timothy J. Burke
                                               Timothy J. Burke (Admitted *Pro Hac Vice*)
                                               10940 Wilshire Boulevard, Suite 2300
                                               Los Angeles, CA  90024
                                               Tel:    310-209-2468
                                               Fax:   310-209-2087

**SERVICE LIST**

William P. Hammer, Esq.
ERNST & YOUNG LLP
5 Times Square
36th Floor
New York, NY 10036-6530
Tel:     (212) 773-3865
Fax:     (212) 773-3928

Lawrence J. Zweifach, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:               (212) 351-2625
Direct Fax:     (212) 351-6225

William J. O'Brien, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, NY  10036-6522
Tel:     (212) 735-3000
Fax:     (917) 777-4128

Steven J. Toll
Daniel S. Sommers
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:     (202) 408-4600
Fax:     (202) 408-4699

Catherine A. Torell
COHEN MILSTEIN SELLERS & TOLL PLLC
150 East 52nd Street
30th Floor
New York, NY  10022
Tel:     (212) 838 7797
Fax:     (212) 838-7745

Samuel H. Rudman
David A. Rosenfeld
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
58 South Service Road
Suite 200
Melville, NY 11747
Tel:     (631) 367-7100
Fax:     (631) 367-1173

Sabrina E. Tirabassi
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DOUGLAS WILENS
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809
Tel:     (561) 750-3000
Fax:     (561) 750-3364

Frank A. Bottini
JOHNSON BOTTINI, LLP
655 W. Broadway
Suite 1400
San Diego, CA 92101
Tel:     (619) 230-0063
Fax:     (619) 233-5535

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Tel:     (972) 36078888
Fax:     (972) 36078889

Bank Austria Creditanstalt
1010 Wien, Schottengasse 6-8
A-1010 Vienna
Austria

Bank Medici S.A.
Operngasse 6/4
Vienna, 1010
Austria

Stéphane Benbassat
7, rue Versonnex
CH-1207 Geneva
Switzerland

Gerald J. P. Brady
Birch Hollow
Upper Kilmacud Road
Dundrum
Dublin 14
Ireland

Ernst & Young Global Limited
Becket House, 1 Lambeth Palace Rd.
London SE1 7EU
United Kingdom

Ernst & Young S.A.
7 Parc d'Activite Syrdall
Munsbach
L5365
Luxembourg

Helmuth E. Frey
Operngasse 6/4
Vienna, 1010
Austria

Genevalor, Benbassat & Cie
7, rue Versonnex
CH-1207 Geneva
Switzerland

Herald Luxemburg Fund
Operngasse 6/4
Vienna, 1010
Austria

Herald USA Fund
Operngasse 6/4
Vienna, 1010
Austria

HSBC Holdings plc
c/o Chris Wilcockson
Managing Director, HSS
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC Institutional Trust Services (Ireland) Limited
c/o Ronnie Griffin
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

HSBC Securities Services S.A.
c/o Chris Wilcockson
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC Securities Services (Ireland) Limited
c/o Rosemary Leahy
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

Daniel Morrissey
William Fry Solicitors
Fitzwilton House
Wilton Place
Dublin 2
Ireland

Franco Mugnai
Via Leone XIII$^N$ n.27
I-20145 Milan
Italy

Friedrich Pfeffer
WFE-Consulting
Fuhrenweg 27
D-31515 Wunstorf
Germany

Pioneer Alternative Investments
1 George's Quay Plaza
George's Quay
Dublin 2
Ireland

PricewaterhouseCoopers, Chartered Accountants
One Spencer Dock
North Wall Quay
Dublin 1
Ireland

PricewaterhouseCoopers International Limited
1 Embankment Place
London
WC2N 6RH
United Kingdom

Peter Scheithauer
Operngasse 6/4
Vienna, 1010
Austria

David T. Smith
c/o Equus Asset Management Partners
Bermudiana Arcade
27 Queen Street
Hamilton HM 11
Bermuda

Thema International Fund plc
c/o NCB Stockbrokers
3 George's Dock IFSC
Dublin 1
Ireland

Unicredit S.A.
Piazza Cordusio
20123 Milan
Italy