UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

REPEX VENTURES S.A., on Behalf of Itself
and All Others Similarly Situated,

                     Plaintiff,

        v.

BERNARD L. MADOFF; BERNARD L.
MADOFF INVESTMENT SECURITIES;
BANK MEDICI S.A.; SONJA KOHN; PETER
SCHEITHAUER; HERALD USA FUND;
HERALD LUXEMBURG FUND; BANK
AUSTRIA CREDITANSTALT; UNICREDIT
S.A.; PRIMEO SELECT FUNDS; PIONEER
ALTERNATIVE INVESTMENTS; THEMA
INTERNATIONAL FUND PLC; ERNST &
YOUNG LLP, and HSBC HOLDINGS PLC,

                  Defendants.

---------------------------------------------------------- X

Civil Action No.: 09-cv-00289-RMB

[Caption continued on the next page]

## MEMORANDUM OF LAW IN SUPPORT
## OF THE FOXTON GROUP'S MOTION TO CONSOLIDATE,
## TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL
## OF ITS SELECTION OF LEAD AND LIAISON COUNSEL

```
----------------------------------------------------------  X
HORST LEONHARDT, on Behalf of Himself      :
and All Others Similarly Situated,          :
                                            :
                                            :
                        Plaintiff,          :        Civil Action No.: 09-cv-02032-UA
                                            :
            v.                              :
                                            :
BERNARD L. MADOFF, BANK MEDICI             :
S.A., SONJA KOHN, PETER                     :
SCHEITHAUER, HERALD USA FUND,               :
HERALD LUXEMBURG FUND, BANK                 :
AUSTRIA CREDITANSTALT, UNICREDIT            :
S.A., PRIMEO SELECT FUND, PRIMEO            :
EXECUTIVE FUND, PIONEER                      :
ALTERNATIVE INVESTMENTS, THEMA              :
INTERNATIONAL FUND PLC, HELMUTH            :
E. FREY, FRIEDRICH PFEFFER, FRANCO         :
MUGNAI, ALBERTO BENBASSAT,                   :
STEPHANE BENBASSAT, GENEVALOR,              :
BENBASSAT & CIE, DAVID T. SMITH,           :
GERALD J.P. BRADY, DANIEL                    :
MORRISSEY, ERNST & YOUNG S.A.,             :
ERNST & YOUNG GLOBAL LIMITED,              :
HSBC HOLDINGS PLC, HSBC                      :
INSTITUTIONAL TRUST SERVICES                :
(IRELAND) LIMITED, HSBC SECURITIES         :
SERVICES (IRELAND) LIMITED, HSBC           :
SECURITIES SERVICES, S.A.,                   :
PRICEWATERHOUSECOOPERS,                      :
CHARTERED ACCOUNTANTS,                       :
PRICEWATERHOUSECOOPERS                       :
INTERNATIONAL LIMITED and                    :
FRIEHLING & HOROWITZ,                        :
                                            :
                        Defendants.         :
----------------------------------------------------------  X
```

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................ 1

II. PROCEDURAL HISTORY ..................................................................................................... 2

III. STATEMENT OF FACTS ....................................................................................................... 2

IV. ARGUMENT ............................................................................................................................ 3

   A. CONSOLIDATION IS APPROPRIATE ........................................................................................ 3

   B. THE FOXTON GROUP MEETS THE PSLRA'S
      REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF ........................................................ 4

     1. The PSLRA's Procedural Requirements ................................................................. 5

     2. The Foxton Group Has Timely  Moved To Be Appointed Lead Plaintiff ......................... 6

     3. The Foxton Group Has The Largest Financial Interest
       Submitted By A Plaintiff For The Class ................................................................ 6

     4. The Foxton Group Otherwise Satisfies The Requirements
       Of Rule 23 Of The Federal Rules Of Civil Procedure ........................................... 7

   C. THE FOXTON GROUP'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED ......................... 9

V. CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Statutes**

```
Fed. R. Civ. P. Rule 42...................................................... 3
Securities Exchange Act of 1934, Section 10(b)........................... 1, 4
Securities Exchange Act of 1934, Section 20(a)........................... 1, 4
```

<u>**Cases**</u>

*Avagliano v. Sumitomo Shoji America, Inc.*,
   103 F.R.D. 562 (S.D.N.Y. 1984) ................................................................. 8

*Barnet v. Elan Corp.*
   236 F.R.D. 158 (S.D.N.Y. 2005) ................................................................. 9

*Bishop v. New York City Dep't of Hous. Pres. and Dev.*,
   141 F.R.D. 229 (S.D.N.Y. 1992) ................................................................. 8

*Funke v. Life Financial Corp.*,
   No. 99 Civ. 11877(CBM), 2003 WL 194204 (S.D.N.Y. Jan. 28, 2003) ................. 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................. 4

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986) ................................................................. 8

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ................................................................. 8

*Walsh v. Northup Grumman Corp.*,
   162 F.R.D. 440 (E.D.N.Y. 1995) ................................................................. 9

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................. 9

The Foxton Group – consisting of three victims of Bernard Madoff's ponzi scheme, William Foxton, Neville Seymour Davis, and Chia-Hung Kao, submits this Memorandum of Law in Support of its Motion to Consolidate, to be Appointed Lead Plaintiff, and for Approval of its Selection of Lead Counsel.

## I. INTRODUCTION

The Foxton Group seeks to be appointed Lead Plaintiff in the above-captioned federal securities class actions (the "Action") on behalf of a class of investors who purchased or acquired shares of the Medici Funds[1] between January 1, 2004 and December 10, 2008 (the "Class Period"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). The defendants include Madoff and his investment company, and the various banks, funds, fund managers and fund accountants that were involved in directing investments to Madoff.

In Point I, the Foxton Group seeks consolidation of these related actions because they raise similar issues of fact and law. In Point II, the Foxton Group demonstrates that is entitled to serve as Lead Plaintiff because it: (1) timely moved for appointment as Lead Plaintiff; (2) suffered the largest statutory damages in connection with his investments in Medici Funds, and thus has a substantial financial interest in the Action; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii). In Point III, the Foxton Group's selection of Johnson Bottini, LLP ("Johnson Bottini") as Lead Counsel and Murray, Frank & Sailer LLP ("Murray Frank") as Liaison Counsel for the Class should be approved by the Court

---

[1] The "Medici Funds" include the Thema Fund, the Primeo Select Fund, the Primeo Executive Fund, the Herald USA Fund, and the Herald Luxemburg Fund.

because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the presumptive Lead Plaintiff selects Lead Counsel, and both Johnson Bottini and Murray Frank have extensive experience in litigating securities class actions and will adequately represent the interests of the Foxton Group and the absent Class members.

## II. PROCEDURAL HISTORY

On March 5, 2009, a securities fraud class action was filed against Madoff and various other defendants, captioned *Leonhardt v. Bernard L. Madoff, et al.,* No. 09-2032 (the "*Leonhardt* Action"). Counsel for the plaintiff in the *Leonhardt* Action filed notice on BUSINESS WIRE, indicating that the deadline for filing of lead plaintiff motions is May 4, 2009. A copy of that notice is attached as Exhibit A to the Declaration of Gregory Linkh in Support of the Foxton Group's Motion to be Appointed Lead Plaintiff and for Approval of its Selection of Lead Counsel ("Linkh Declaration") submitted herewith. The *Leonhardt* Action has been related to a prior filed action, captioned *Repex Ventures, S.A. v. Bernard L. Madoff, et a*l., No. 09-00289 (the "*Repex* Action") and both actions have been assigned to the Honorable Richard M Berman.

On March 12, 2009, Judge Berman endorsed a letter (Dkt. No. 18 in the *Repex* Action) setting May 4, 2009 as the deadline for moving for lead plaintiff appointment in the above actions.

On March 19, 2009, a third securities fraud class action, captioned *Perrone, et al v. Benbassat, et al.,* No. 09-cv-2558 (the "*Perrone* Action") was filed. The *Perrone* Action alleges substantially similar claims and allegations as the *Leonhardt* Action and *Repex* Actions, but also includes state common law claims, and has been assigned to the Honorable Sidney H. Stein.

## III. STATEMENT OF FACTS

As recent news reports indicate, Madoff has been criminally charged with, and pleaded guilty to, operating a "Ponzi" scheme that bilked investors for over $50 billion. In essence,

Madoff, through his investment company, used the investments of new clients to pay for fictitious "returns" to other clients. The scheme was operated, in large part, through the efforts numerous "feeder" funds, such as those operated and controlled by Bank Medici, including the Herald Funds, the Primeo Funds, and the Thema Fund, along with the funds' managers and accountants.

Unknown to investors, these feeder funds concentrated almost 100% of their investment capital in Madoff's fraudulent scheme. The Medici Funds solicited funds directly from investors and then directed those funds to Madoff. Medici and the fund managers represented to investors that they would use their funds to invest in the securities market and promised steady returns, sometimes in excess of 10% of the investment profits.

In furtherance of this scheme, throughout the Class Period, the Medici Funds disseminated fund performance updates that materially misrepresented and/or concealed facts in order to induce class members to invest their capital with and to maintain their investment. In fact, as late as December 2008, the performance reports showed consistent positive net returns for the first 11 months of 2008, even during the months of September, October, and November, when the stock market began its tailspin.

Of course, these returns were not real, as Madoff systematically stole investor funds for their personal use and for making payments to other investors involved in the Ponzi scheme. Because no due diligence was conducted into Madoff or his operations, the billions of dollars of investment capital acquired from the putative class members is reportedly lost.

## IV. ARGUMENT

### A. CONSOLIDATION IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact. The Foxton Group asks this Court to consolidate all

related actions with this action, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers or acquirors of the Medici Funds which arise out of the same facts as alleged in the above-referenced actions and allege violations of Section 10(b) and/or 20(a) of the Exchange Act.

The *Repex*, *Leonhardt*, and *Perrone* Actions are ideally suited for consolidation, because they present virtually identical claims for relief based upon a single course of conduct, as described above. While the *Perrone* Action also alleges state law claims, the factual and legal issues raised in these claims have a sufficient nexus with the federal securities claims to warrant consolidation. *See*, *e.g.*, *Ellison v. Am. Image Motor Co., Inc.*, Nos. 97 Civ. 3608 (DC) et al., 2000 U.S. Dist. LEXIS 22311, at *12 (S.D.N.Y. Jan. 31, 2000) (Chin, J.) (consolidating securities-fraud actions where plaintiffs raised similar arguments to prove liability). Thus, since the three cases present similar issues of law and fact, consolidation promotes judicial economy by (1) streamlining and simplifying pre-trial and discovery motions and class certification issues, and (2) reducing the waste, confusion, and delay that could result from multiple trials. Where as here, "the complaints are based on the same 'public statements and reports,' consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (Buchwald, J.).

Under Section 21D(a)(3)(B)(ii) of the Exchange Act, the Court must decide rule on the consolidation issue before determining the Lead Plaintiff.

## B. THE FOXTON GROUP MEETS THE PSLRA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF

The Foxton Group should be appointed Lead Plaintiff of the Class because it has complied with all of the PSLRA's requirements for appointment as Lead Plaintiff, has demonstrated the largest financial interest of any plaintiff for the Class in the Action, and

otherwise meets the relevant requirements of Fed. R. Civ. P. 23 within the meaning of the Securities Act.

### 1. The PSLRA's Procedural Requirements

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the Securities Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On March 5, 2009, the *Leonhardt* Action was filed, and notice was published via BUSINESS WIRE, indicating that the deadline for filing of lead plaintiff motions is May 4, 2009. Furthermore, Judge Berman recognized, in letter endorsement dated March 12, 2009, that the lead plaintiff deadline is May 4, 2009.

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)     has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

**2. The Foxton Group Has Timely  Moved To Be Appointed Lead Plaintiff**

As set forth above, the deadline for Class members to move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) is May 4, 2009.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Foxton Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Each of the members of the Foxton Group have signed and filed certifications stating that he has reviewed the complaint *Perrone* Action and is willing to serve as a representative party in this Action.  *See* Linkh Declaration, Exhibit C.  In addition, the Foxton Group has selected and retained experienced and competent counsel to represent himself and the Class.  *See* résumés of Johnson Bottini and Murray Frank, attached to the Linkh Declaration as Exhibits D and E.

Accordingly, the Foxton Group has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have their application for appointment as Lead Plaintiff and selection of Lead Counsel, as set forth herein, considered and approved by the Court.

**3. The Foxton Group Has The Largest Financial Interest
Submitted By A Plaintiff For The Class**

In accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)), the Court shall appoint as Lead Plaintiff the Class member or members who represent the largest financial interest in the relief sought by purchasers of acquirors of the Medici Funds during the Class Period.

As evidenced by the accompanying signed certification, the Foxton Group suffered losses [2] of approximately $4,211,441.20 to $4,451,441.20 as a result of defendants' misconduct. [3]

---

[2] The losses suffered are not the same as the Foxton Group's legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the

*See* Linkh Declaration, Exhibit C. Accordingly, the Foxton Group has a significant financial interest in this Action.

The Foxton Group has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase or acquisition of Medici Funds during the Class Period. In fact, several movants have filed in the *Repex* and *Leonhardt* Actions, and none of the movants have losses as large as those of the Foxton Group. Therefore, the Foxton Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff of the Class in this Action and should be appointed as Lead Plaintiff of the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 4. The Foxton Group Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. *See Strougo v. Brantley*

certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's securities.

[3] As stated in Mr. Foxton's certification, his father, who originally possessed the investments at issue, committed suicide upon the disclosure of Madoff's fraud. Mr. Foxton has been authorized by his father's estate to pursue this claim. While Mr. Foxton, at this time, has been unable to ascertain the exact amount of losses, he estimates that the losses as a result of his father's investments in the Herald USA Fund and Herald Luxemburg Fund are between $2.88 and $3.12 million.

*Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) (Robinson, J.). Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

The Foxton Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff of the Class. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412; *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dep't of Hous. Pres. and Dev*., 141 F.R.D. 229, 238 (S.D.N.Y. 1992); *Avagliano v. Sumitomo Shoji America, Inc*., 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

The Foxton Group seeks to represent a class of all purchasers and acquirers of Medici Funds during the Class Period who have identical, non-competing, and non-conflicting interests. Each of the members of the Foxton Group satisfies the typicality requirement because they: (i) purchased or acquired Medici Funds during the Class Period; and (ii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Foxton Group "arise[] from the same event or course of conduct that gives rise to claims of other class members and the claims are

based on the same legal theory." *Walsh v. Northup Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23 (a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Babcock*, 212 F.R.D. at 131 (citation omitted).

Here, as evidenced by the injury suffered by Foxton Group, who purchased or acquired Medici Funds during the Class Period, the interests of the Foxton Group are clearly aligned with other Class members, and there is no evidence of any antagonism between the Foxton Group's interests and those of the other Class members. In addition, as shown below, the Foxton Group's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, the Foxton Group *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23.[4]

Clearly, the Foxton Group satisfies all prongs of the Securities Act's prerequisites for appointment as Lead Plaintiff of the Class in this Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### C. THE FOXTON GROUP'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a proposed lead plaintiff shall, subject to court

---

[4] The fact that the Foxton Group consists of several plaintiffs does not defeat Rule 23's requirements. The PSLRA explicitly contemplates that a "member or members of the purported plaintiff class," inkling a "group of persons," may be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). Courts in this district have appointed groups as lead plaintiff. *See Barnet v. Elan Corp.* 236 F.R.D. 158, 163 (S.D.N.Y. 2005) (group of 6 plaintiffs appointed) (Holwell, J.); *Funke v. Life Financial Corp.*, No. 99 Civ. 11877(CBM), 2003 WL 194204, at *5 (S.D.N.Y. Jan. 28, 2003) (Motley, J.) (group of 9 plaintiffs appointed); *Weltz v. Lee,* 199 F.R.D. 129, 133-34 (S.D.N.Y. 2001) (Batts., J.) (group of 7 plaintiffs appointed).

approval, select and retain counsel to represent the class. In that regard, the Foxton Group has selected and retained the firms of Johnson Bottini as Lead Counsel and Murray Frank as Liaison Counsel for the Class. Both firms have extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* résumé of the firms, attached to the Linkh Declaration as Exhibits D and E.

Because there is nothing to suggest that the Foxton Group or its choice of law firms will not fairly and adequately represent the Class, or that the Foxton Group is subject to unique defenses - which is the only evidence that can rebut the presumption of adequacy under the Act - this Court should appoint the Foxton Group as Lead Plaintiff of the Class and approve its selection of Lead and Liaison Counsel for the Class.

## V. <u>CONCLUSION</u>

The Foxton Group has timely moved to be appointed Lead Plaintiff of the Class, has the largest financial interest submitted by a plaintiff in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the *Repex*, *Leonhardt*, and *Perrone* Actions should be consolidated, the Foxton Group should be appointed Lead Plaintiff of the Class, and its selection of Johnson Bottini to serve and Lead Counsel and Murray Frank to serve as Liaison Counsel for the Class should be approved by the Court. Should this Court decline to appoint the entire Foxton Group as lead plaintiff, the individual members of the Foxton Group seek appointment as lead plaintiff.

DATED:  May 4, 2009                    **MURRAY, FRANK & SAILER LLP**

_____/s/_____
Brian P. Murray (BM 9954)
bmurray@murrayfrank.com
Gregory B. Linkh (GL 0477)
glinkh@murrayfrank.com
275 Madison Avenue, Suite 801
New York, New York  10016-1101
Telephone:   (212) 681-1818
Facsimile:    (212) 682-1892


**JOHNSON BOTTINI, LLP**
Francis A. Bottini, Jr.
Albert Chang
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone:  (619) 230-0063
Facsimile:   (619) 233-5535

***Attorneys for the Foxton Group***

11

## DECLARATION OF SERVICE

I am an attorney admitted to practice in this district. I hereby certify, under penalty of perjury, that on this 4th day of May, 2009, I caused a true and correct copy of the foregoing document to be served on the persons listed below, 1) through this court's ECF system, 2) by e-mail, and/or 3) by causing a true copy thereof to be delivered by mail, postage prepaid:

ERNST & YOUNG GLOBAL LIMITED
Becket House, 1 Lambeth Palace Rd.
London
SE1 7EU, United Kingdom

William P. Hammer, Esq.
ERNST & YOUNG LLP
5 Times Square, 36th Floor
New York, New York 10036-6530

Lawrence J. Zweifach, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

Steven J. Toll, Esq.
Daniel S. Sommers, Esq.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv, Israel

GENEVALOR, BENBASSAT & CIE
7, rue Versonnex
CH-1207 Geneva
Switzerland

FRIEHLING & HOROWITZ
4 High Tor Rd
New City, NY 10956

Susan L. Saltzstein (susan.saltzstein@skadden.com)
William J. O'Brien (william.obrien@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
*Attorneys for Defendant Pioneer Alternative Investment Management Limited*

BERNARD L. MADOFF
885 Third Avenue
New York, New York 10022

BANK MEDICI S.A.
Operngasse 6/4
Vienna, 1010
Austria

SONJA KOHN
Operngasse 6/4
Vienna, 1010
Austria

PETER SCHEITHAUER
Operngasse 6/4
Vienna, 1010
Austria

HERALD USA FUND
Operngasse 614
Vienna, 1010
Austria

HERALD LUXEMBURG FUND
Operngasse 6/4
Vienna, 1010
Austria

BANK AUSTRIA CREDITANSTALT
1010 Wien, Schottengasse 6-8
A-1010 Vienna
Austria

UNICREDIT S.A.
Piazza Cordusio
20123 Milan
Italy

PRIMEO SELECT FUND
13 Rue Goethe, B P 413 L-2014
Luxembourg

PRIMEO EXECUTIVE FUND
13 Rue Goethe, B P 413 L-2014
Luxembourg

THEMA INTERNATIONAL FUND PLC
3 George's Dock IFSC
Dublin 1
Ireland

ALBERTO BENBASSET
7, rue Versonnex
CH-1207 Geneva
Switzerland

HELMUTH E. FREY
Operngasse 6/4
Vienna, 1010
Austria

FRIEDRICH PFEFFER
WFE-Consulting
Fuhrenweg 27
D-31515 Wunstorf
Germany

FRANCO MUGNAI
Via Leone XIII_ n.27
1-20145 Milan
Italy

STEPHANE BENBASSAT
7, rue Versonnex
CH-1207 Geneva
Switzerland

DAVID T. SMITH
c/o Equus Asset Management Partners
Bermudiana Arcade
27 Queen Street
Hamilton HM 11
Bermuda

GERALD J. P. BRADY
Birch Hollow
Upper Kilmacud Road
Dundrum
Dublin 14
Ireland

DANIEL MORRISSEY
William Fry Solicitors
Fitzwilton House
Wilton Place
Dublin 2
Ireland

ERNST & YOUNG S.A.
7 Pare d'Activite Syrdall
Munsbach
L5365
Luxembourg

HSBC HOLDINGS PLC
c/o Chris Wilcockson
Managing Director, HSS
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED
c/o Ronnie Griffin
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

HSBC SECURITIES SERVICES (IRELAND) LIMITED
c/o Rosemary Leahy
1 Grand Canal Square
Grand Canal Harbour Dublin 2
Ireland

HSBC SECURITIES SERVICES, S.A.
c/o Chris Wilcockson
Managing Director, HSS
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

PRICE WATERHOUSECOOPERS, CHARTERED ACCOUNTANTS
One Spencer Dock
North Wall Quay
Dublin 1
Ireland

PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED
1 Embankment Place
London
WC2N 6RH
United Kingdom

PIONEER ALTERNATIVE INVESTMENTS
1 George's Quay Plaza
George's Quay
Dublin 2
Ireland

WERNER TRIPOLT
Operngasse 6/4
Vienna, 1010
Austria

JOHN HOLLIWELL
Operngasse 6/4
Vienna, 1010
Austria

ALFRED SIMON
13 Rue Goethe, B P 413 L-2014
Luxembourg

KARL E. KANIAK
13 Rue Goethe, B P 413 L-2014
Luxembourg

JOHANNES P. SPALEK
13 Rue Goethe, B P 413 L-2014
Luxembourg

NIGEL H. FIELDING
13 Rue Goethe, B P 413 L-2014
Luxembourg

JAMES E. O'NEILL
13 Rue Goethe, B P 413 L-2014
Luxembourg

ALBERTO LA ROCCA
13 Rue Goethe, B P 413 L-2014
Luxembourg

DECLAN MURRAY
13 Rue Goethe, B P 413 L-2014
Luxembourg

URSULA RADEL-LESZCZYNSKI
13 Rue Goethe, B P 413 L-2014
Luxembourg

MICHAEL WHEATON
13 Rue Goethe, B P 413 L-2014
Luxembourg

BA WORLDWIDE MANAGEMENT LTD
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

HERALD C. NOGRASEK
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

HANNES SALETA
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

NICOLA A. CORSETTI
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

BANK OF BERMUDA (LUXEMBOURG) S.A.
6 Front St.
Hamilton, HM 11
Bermuda

BANK OF BERMUDA
P.O. Box 513
GT HSBC House
68 West Bay Road
Grand Cayman
Cayman Islands




_____S/_____
Thomas J. Kennedy