UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
REPEX VENTURES S.A., on Behalf of Itself            :
and All Others Similarly Situated,                  :
                                                    :
                            Plaintiff,              :        Civil Action No.: 09-cv-00289-RMB
                                                    :
            v.                                      :
                                                    :
BERNARD L. MADOFF; BERNARD L.                       :
MADOFF INVESTMENT SECURITIES;                       :
BANK MEDICI S.A.; SONJA KOHN; PETER                 :
SCHEITHAUER; HERALD USA FUND;                       :
HERALD LUXEMBURG FUND; BANK                         :
AUSTRIA CREDITANSTALT; UNICREDIT                    :
S.A.; PRIMEO SELECT FUNDS; PIONEER                  :
ALTERNATIVE INVESTMENTS; THEMA                      :
INTERNATIONAL FUND PLC; ERNST &                     :
YOUNG LLP, and HSBC HOLDINGS PLC,                   :
                                                    :
                            Defendants.             :
-------------------------------------------------------- X


[Caption continued on the next page]


**THE FOXTON GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO
THE MOTIONS OF SHMUEL CABILLY AND REPEX VENTURES S.A. FOR
APPOINTMENT OF LEAD PLAINTIFF**

```
------------------------------------------------------  X
HORST LEONHARDT, on Behalf of Himself      :
and All Others Similarly Situated,         :
                                           :
                                           :
                    Plaintiff,             :      Civil Action No.: 09-cv-02032-RMB
                                           :
           v.                              :
                                           :
BERNARD L. MADOFF, BANK MEDICI             :
S.A., SONJA KOHN, PETER                    :
SCHEITHAUER, HERALD USA FUND,              :
HERALD LUXEMBURG FUND, BANK                :
AUSTRIA CREDITANSTALT, UNICREDIT           :
S.A., PRIMEO SELECT FUND, PRIMEO           :
EXECUTIVE FUND, PIONEER                     :
ALTERNATIVE INVESTMENTS, THEMA             :
INTERNATIONAL FUND PLC, HELMUTH            :
E. FREY, FRIEDRICH PFEFFER, FRANCO         :
MUGNAI, ALBERTO BENBASSAT,                 :
STEPHANE BENBASSAT, GENEVALOR,             :
BENBASSAT & CIE, DAVID T. SMITH,           :
GERALD J.P. BRADY, DANIEL                  :
MORRISSEY, ERNST & YOUNG S.A.,             :
ERNST & YOUNG GLOBAL LIMITED,              :
HSBC HOLDINGS PLC, HSBC                     :
INSTITUTIONAL TRUST SERVICES               :
(IRELAND) LIMITED, HSBC SECURITIES         :
SERVICES (IRELAND) LIMITED, HSBC           :
SECURITIES SERVICES, S.A.,                 :
PRICEWATERHOUSECOOPERS,                     :
CHARTERED ACCOUNTANTS,                      :
PRICEWATERHOUSECOOPERS                      :
INTERNATIONAL LIMITED and                  :
FRIEHLING & HOROWITZ,                       :
                                           :
                    Defendants.            :
------------------------------------------------------  X
```

# TABLE OF CONTENTS

I.  INTRODUCTION                                                                          1

II. STATEMENT OF FACTS                                                                    2

    A.  The Foxton Group Has Suffered the Largest Damages                                3

    B.  Only the Foxton Group Claims Damages Attributable to All Three Medici
        Funds                                                                         4

    C.  The Foxton Group Can Effectively Manage the Litigation                          4

III. ARGUMENT                                                                             5

    A.  The Foxton Group Is the Presumptive Lead Plaintiff Because It Has
        the Largest Financial Interest and Meets Rule 23's Requirements               6

        (1)  Aggregation Is Appropriate Because the Foxton Group Is
            Small and Its Members Can Control the Litigation                       6

        (2)  Aggregation Is Necessary Because the Lead Plaintiff Must Be Able
            To Represent Purchasers of Each Underlying Fund                        7

        (3)  The Foxton Group Satisfies the Typicality and Adequacy
            Requirements                                                           8

    B.  The Competing Motions of Cabilly and Repex Fail to Satisfy Rule 23's
        Requirements and Do Not Provide a Basis to Rebut the Foxton Group's
        Presumptive Lead Plaintiff Status                                             8

    C.  Cabilly and Repex Cannot Adequately Protect the Class Because Their
        Interests Are Divergent                                                       9

    D.  Repex Is Particularly Unsuitable for Lead Plaintiff Appointment Because It
        Seeks to Manipulate the Lead Plaintiff Selection Process                      10

    E.  Appointment of the Foxton Group as Lead Plaintiff Ensures the Protection
        of the Interest of Every Class Member                                         11

IV. CONCLUSION                                                                           13

# I.    INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), a "group of persons" having "the largest financial interest" in the litigation is presumed the "most adequate plaintiff" if the group moves for lead plaintiff appointment and satisfies the requirements of Federal Rule of Civil Procedure 23.  The Foxton Group is entitled to this statutory presumption because:

(1)    its three members, Willard Foxton, Neville S. Davis, and Chia-Hung Kao, have between $4,211,441.20 and $4,451,441.20 in damages – at least $500,000 higher than all three competing movants; and

(2)    as their Joint Declaration demonstrates, Messrs. Foxton, Davis, and Kao share the common goal of maximizing class recovery and their claims are typical of the class claims under Rule 23.

No evidence exists to rebut this presumption.  Thus, the Foxton Group respectfully requests that it be appointed Lead Plaintiff.

The Foxton Group's appointment is particularly appropriate because it represents victims of *all* three categories of funds implicated in this litigation:  (a) Herald USA Fund and Herald Luxemburg Fund (collectively, the "Herald Funds"); (b) Primeo Select Fund and Primeo Executive Fund (collectively, the "Primeo Funds"); and (c) Thema International Fund PLC (the "Thema Fund").  In contrast, the other movants claim damages attributable only to the Herald and Primeo Funds.  Because they have no claim against defendants who were involved with the Thema Fund only, these movants cannot represent Thema Fund purchasers.  Nor can they represent the entire class.  The Foxton Group is therefore the only appropriate Lead Plaintiff to represent all class members.

## II. STATEMENT OF FACTS

Four movants have filed lead plaintiff motions in the three related actions pending in the Southern District of New York: *Repex Ventures S.A. v. Madoff et al.*, No. 09 Civ. 2032 (RMB); *Leonhardt v. Madoff et al.*, No. 09 Civ. 2089 (RMB); and *Perrone et al. v. Benbassat et al.*, No. 09 Civ. 2558 (SHS). Alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act"), these actions arise from Defendant Bank Medici's management of the Herald, Primeo, and Thema Funds (collectively, the "Medici Funds"). Central to these actions are the allegations that (1) during the class period – between January 1, 2004 and December 10, 2008[1] – Medici controlled the Herald, Primeo, and Thema Funds; and (2) Medici, its affiliates, its officers and directors, and other banking and accounting defendants materially misled investors and funneled over $3 billion of investment funds to Bernard L. Madoff's now well-known Ponzi scheme. *Perrone* Compl. ¶¶ 1, 18, 111-28.[2]

To rule on the competing motions for appointment of lead plaintiff,[3] the Court must consider three factual questions:

(1)     which movant has the largest financial interest in the related actions;

(2)     which movant has suffered damages attributable to all Medici Funds; and

---

[1]     This class period is alleged in *Perrone* for the Exchange Act claims. *Perrone* Compl. ¶ 1. Similarly, *Repex* and *Leonhardt* set the class period between January 12, 2004 and January 12, 2009. *Repex* Compl. ¶ 54; *Leonhardt* Compl. ¶ 75.

[2]     Because all three actions allege similar claims under the Exchange Act and contain similar factual allegations, this brief cites to the *Perrone* Complaint as a sample reference of the relevant allegations.

[3]     The Foxton Group moved for lead plaintiff appointment on May 4, 2009, relying in good faith upon the March 5, 2009 class notice in *Leonhardt*. This motion is timely because, according to the letter endorsed by this Court, the filing period for *Leonhardt* "should not [be] disturb[ed]." *Repex*, Dkt. No. 18 at 1.

(3)     which movant can manage the litigation most effectively.

Based on the evidence before the Court, the answer to each question is the Foxton Group.

### A.     The Foxton Group Has Suffered the Largest Damages

Messrs. Foxton, Davis, and Kao are victims of the fraud alleged in the related

actions.  They lost between $4,211,441.20 and $4,451,441.20 in all three Medici Funds:

### THE FOXTON GROUP

| Member | Fund Purchased | Total Damages |
|---|---|---|
| Mr. Foxton[4] | Herald | $2,880,000.00-$3,120,000.00 |
| Mr. Davis | Thema | $1,131,441.20 |
| Mr. Kao | Primeo | $200,000.00 |
| **Total Loss** | | **$4,211,441.20-$4,451,441.20** |

*Repex*, Dkt. No. 40 (Linkh Decl.) Exs. A, C.

As indicated below, the Foxton Group's damages are much larger than those of

the three other movants:  (1) Shmuel Cabilly; (2) Nürnberger Versicherung

Aktiengesellschaft Österreich; and (3) Repex Ventures S.A.

### COMPETING MOVANTS

| Movant | Funds Purchased | Total Damages |
|---|---|---|
| Cabilly | Primeo | $3,665,200.00 |
| Nürnberger | Primeo | $941,242.85 |
| Repex | Herald | $700,000.00 |

*See* Repex, Dkt. Nos. 17, 25, 43.

---

[4]  On behalf of his father's estate, Mr. Foxton provided estimates of his father's investment because he had not been able to locate the papers documenting the damages since his father committed suicide in February 2009 as a result of the fraud alleged in the related actions.  *Repex*, Dkt. No. 40 Ex. A.  He certified that his father invested approximately 1.6 million British Pounds in the Herald Funds.  *Id.*  The exact amount of the investment can easily be identified through discovery.

**B.**     **Only the Foxton Group Claims Damages Attributable to All Three Medici Funds**

The charts above demonstrate that only the Foxton Group represents purchasers of all three Medici Funds.  In contrast, Cabilly and Repex claim damages attributable only to the Herald or Primeo Funds; and notably, they do not allege any damages attributable to the Thema Fund.

Cabilly and Repex therefore lack an interest – and a basis – to seek recovery against *all* defendants, because numerous defendants were allegedly involved with only a specific fund and thus can only be held liable for damages attributable to that fund.  For example, three individuals are named as defendants in these cases based solely on their alleged role as directors of the Herald Funds.  *Perrone* Compl. ¶¶ 18, 26-30.  In addition, over a dozen other defendants are alleged to have liability solely due to their roles at the Primeo Funds.  *Id.* ¶¶ 23, 33-34, 44-48.  And at least seven defendants were allegedly involved only with the Thema Fund.  *Id.* ¶¶ 7, 55-65.

Accordingly, in order to pursue claims on behalf of the entire class, the lead plaintiffs must have a claim against each of the foregoing defendants.  Only the Foxton Group meets this requirement because Messrs. Foxton, Davis, and Kao suffered damages attributable to all three Medici Funds.

**C.**     **The Foxton Group Can Effectively Manage the Litigation**

In support of the Foxton Group's motion, Messrs. Foxton, Davis, and Kao submit a Joint Declaration outlining their efforts and plans to manage the litigation.  *See* Joint Declaration of All Members of the Foxton Group (submitted together with this brief).  In the Joint Declaration, they state that they have ample experience in managing counsel and that they have communicated with counsel regularly and have discussed litigation

strategy in telephonic conferences.  Joint Decl. ¶¶ 2-5.  They also set forth the specific steps they have taken and will continue to take to maintain communication with counsel and control the litigation:  (1) holding at least one all-hands telephonic conference every three months during the pendency of this litigation, and more frequently as necessary; (2) communicating regularly with counsel regarding any development in the litigation; and (3) receiving status reports from counsel at least once a month and more often as the circumstances require.  *Id.* ¶ 6.  Moreover, to ensure that the attorneys' fees and expenses are reasonable, the Foxton Group will review and authorize any fee application before submission to the Court.  *Id.* ¶ 7.

## III.    ARGUMENT

At the outset, as all competing movants agree, the related actions should be consolidated because they raise similar issues of fact and law and because consolidation promotes judicial economy.  *See* FED. R. CIV. P. 42(a); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (Stein, J.) (allowing consolidation because "crucial factual and legal questions [were] common to all the related actions").

After consolidating the related actions, the Court should rule on the competing motions for appointment as lead plaintiff by applying the two-step analysis set forth in 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  First, the Court determines which movant is entitled to the statutory presumption of lead plaintiff.  *Constance Sczesny Trust*, 223 F.R.D. at 323-24.  Second, the Court determines whether the presumption can be rebutted.  *Id.* at 324.  Here, an analysis of both tests supports appointment of the Foxton Group as Lead Plaintiff.

### A. The Foxton Group Is the Presumptive Lead Plaintiff Because It Has the Largest Financial Interest and Meets Rule 23's Requirements

The Foxton Group has suffered between $4,211,441.20 and $4,451,441.20 in damages – the largest among the competing movants. As discussed below, aggregation of the Foxton Group's damages is not only appropriate, but necessary.

#### (1) Aggregation Is Appropriate Because the Foxton Group Is Small and Its Members Can Control the Litigation

The PSLRA expressly contemplates the appointment of more than one class member as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i), (iii). The Southern District of New York has repeatedly appointed groups as lead plaintiffs. *E.g.*, *Davidson v. E*Trade Fin. Corp.*, Nos. 07 Civ. 10400 (RS) *et al.*, 2008 U.S. Dist. LEXIS 61265, at *11 (S.D.N.Y. July 17, 2008) (Sweet, J.).[5] To be appointed lead plaintiff, a group must establish that its members can function cohesively and can control the litigation effectively. *Id.*

The Foxton Group meets this test for two reasons. First, the Foxton group has only three members and is "therefore presumptively cohesive" because it is easy for a small group to control the litigation. *Id.* at *12 (appointing a group of three). In their Joint Declaration, Messrs. Foxton, Davis, and Kao state that they have ample experience in investing in the securities market and managing counsel. Joint Decl. ¶ 3. Not only have they discussed litigation strategy with each other, but they also have communicated

---

[5] *See also In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967 (LMM), 2008 U.S. Dist. LEXIS 56016, at *13 (S.D.N.Y. July 18, 2008) (Mckenna, J.); *Reimer v. Ambac Fin. Group, Inc.*, No. 08 Civ. 0411 (NRB), 2008 U.S. Dist. LEXIS 38729, at **7-8 (S.D.N.Y. May 9, 2008) (Buchwald, J.); *In re Centerline Holding Co. Sec. Litig.*, No. 08 Civ. 0505 (SAS), 2008 U.S. Dist. LEXIS 36406, at *8 (S.D.N.Y. May 5, 2008) (Scheindlin, J.); *In re Tarragon Corp. Sec. Litig.*, No. 07 Civ. 7972 (PKC), 2007 U.S. Dist. LEXIS 91418, at *2 (S.D.N.Y. Dec. 6, 2007) (Castel, J.); *Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (Batts, J.).

regularly with counsel.  *Id.* ¶¶ 4-5.  Mr. Foxton has met with counsel in person to discuss

the litigation and the Foxton Group's pending motion.  *Id.*  These facts demonstrate the

Foxton Group's ability to function cohesively.

Second, the Foxton Group has established a protocol to share information among

its members and to manage counsel.  *Id.* ¶ 6.  The protocol includes monthly status

reports from counsel and quarterly all-hands telephonic conferences.  *Id.*  Thus, the

Foxton Group has demonstrated its ability to control the litigation effectively.  *See*

*Davidson*, 2008 U.S. Dist. LEXIS 61265, at *12 (appointing a group because the group

members shared a "clear understanding as to consultation, information sharing, and

management of the litigation").

### (2) Aggregation Is Necessary Because the Lead Plaintiff Must Be Able to Represent Purchasers of Each Underlying Fund

The aggregation of the Foxton Group's damages is necessary because class

members suffered damages in connection with not one, but three categories of funds:  the

Herald Funds, the Primeo Funds, and the Thema Fund.  Claims arising from each fund

implicate different defendants.  *See Perrone* Compl. ¶¶ 7, 18, 27-65.  As a result, to

adequately represent the entire class, the lead plaintiff must have a financial interest in

seeking recovery from all defendants implicated in each Medici Fund.  Purchasers of

each Medici Fund must therefore join forces to fulfill the role as lead plaintiff.

Accordingly, the members of the Foxton Group have joined together based on necessity

to represent the interest of class members who purchased shares in all three Medici

Funds.  Therefore, the Foxton Group was formed to ensure the standing of the class and

is not an "artifice cobbled together by cooperating counsel for the obvious purpose of

creating a large enough" aggregated loss. *Cf. In re Razorfish, Inc. Sec. Litig.*, 143 F Supp. 2d 304, 307-08 (S.D.N.Y. 2001) (Rakoff, J.).

In summary, the Foxton Group has the largest financial interest and is the presumptive lead plaintiff because, as discussed below, it has made a "preliminary showing" that its claims are typical of the class claims and that it is an adequate class representative. *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *6 (S.D.N.Y. Mar. 6, 2009) (Chin, J.).

### (3) The Foxton Group Satisfies the Typicality and Adequacy Requirements

The Foxton Group's claims are typical because, like other class members, Messrs. Foxton, Davis, and Kao purchased shares of the Medici Funds and suffered damages. *Caiafa v. Sea Containers, Ltd.*, Nos. 06 Civ. 2565 (RMB) *et al.*, 2006 U.S. Dist. LEXIS 57776, at *6 (S.D.N.Y. Aug. 14, 2006) (Berman, J.). Furthermore, the Foxton Group shares with all class members the "common purpose of maximizing class recovery." Joint Decl. ¶ 2. The Foxton Group has selected experienced counsel to pursue the class claims. *See* Linkh Decl. Exs. D-E. Accordingly, the Foxton Group meets Rule 23's typicality and adequacy requirements. *Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *8 n.3.

### B. The Competing Motions of Cabilly and Repex Fail to Satisfy Rule 23's Requirements and Do Not Provide a Basis to Rebut the Foxton Group's Presumptive Lead Plaintiff Status

The Rule 23 analysis highlights the deficiencies in the competing motions. Cabilly and Repex claim damages attributable only to the Herald Funds and the Primeo Funds, respectively. According to the underlying complaints, different defendants managed each underlying fund. *See Perrone* Compl. ¶¶ 27-30, 35-43. Thus, class members who invested in different funds do not have the same claims against the same

defendants arising from the same events, and cannot recover money from those defendants who have no liability to them. As a result, Cabilly (who purchased only the Primeo Funds) and Repex (who purchased only the Herald Funds), standing alone, do not have claims that are typical of class members who purchased other Medici Funds. Repex concedes as such. *Repex*, Dkt. No. 42 at 9 (stating that "Primeo Fund investors do not satisfy Rule 23's 'typicality' requirements when they seek to be appointed lead plaintiffs to represent Herald Fund investors"). Because Cabilly and Repex fail to adduce any proof that the Foxton Group cannot adequately represent the class, the Foxton Group's presumptive status cannot be rebutted. *Constance Sczesny Trust*, 223 F.R.D. at 324.

### C.    Cabilly and Repex Cannot Adequately Protect the Class Because Their Interests Are Divergent

In other securities class actions, courts have appointed purchasers of one type of securities to serve as lead plaintiffs on behalf of "purchasers of other types of securities of the *same issuer* where the interest of those purchasers are aligned." *Davidson*, 2008 U.S. Dist. LEXIS 61265, at **16-17 (citing cases) (emphasis added). This line of cases, however, is inapplicable here for two reasons. First, the "same issuer" requirement cannot be satisfied because the three different categories of Medici Funds were managed by different defendants and were offered and sold by different issuers through different channels across the world. *See Perrone* Compl. ¶¶ 18, 23-65. Second, Cabilly's and Repex's interests are not aligned with those of the class because, standing alone, Cabilly and Repex have no claim against numerous defendants. *See id.* Accordingly, Cabilly and Repex are unsuitable for lead plaintiff appointment. *See Davidson*, 2008 U.S. Dist. LEXIS 61265, at **21-22 (appointing co-lead plaintiffs to protect the class because of potential conflicts of interest).

**D.      Repex Is Particularly Unsuitable for Lead Plaintiff Appointment Because It Seeks to Manipulate the Lead Plaintiff Selection Process**

Repex made two motions for lead plaintiff appointment. After commencing the first of the related actions, Repex moved together with an individual investor, Radovan Fijember, as a group based on the class notice published on January 12, 2009. *See* Dkt. No. 19. Without withdrawing that motion, Repex moved again, by itself, purportedly based on the March 5, 2009 class notice relating to *Leonhardt*. Dkt. Nos. 35, 41.

Repex's second motion is procedurally improper for two reasons. First, Repex abandoned its group apparently because, after its first motion was fully briefed, it discovered that Fijember lacked the requisite financial interest. Repex's de-grouping is an effort to manipulate the lead plaintiff appointment process and thus should not be condoned. *See Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284 (RWS), 2004 U.S. Dist. LEXIS 6382, at **12-13 (S.D.N.Y. Apr. 14, 2004) (Sweet, J.) (stating that formation of groups after the statutory 60-day period thwarts the PSLRA's purpose to prevent counsel manipulation and to expedite the lead plaintiff selection process). Second, by making two motions, Repex sought to take unfair advantage from a procedural conundrum created by its counsel: *Repex* and *Leonhardt* had two different deadlines for motions for lead plaintiff appointment because Repex's counsel, who filed both cases, published two separate, inconsistent class notices as to when the deadline fell. *See* Dkt. No. 18.

These procedural improprieties cast Repex and its motions in an unfavorable light. In any event, Repex fails to demonstrate that it has the largest financial interest and that it can adequately represent the class. As a result, the Court should not appoint Repex to serve as Lead Plaintiff in any capacity.

**E.    Appointment of the Foxton Group as Lead Plaintiff Ensures the Protection of the Interest of Every Class Member**

The Foxton Group should be appointed Lead Plaintiff here to ensure that the interests of purchasers of shares in all three Medici Funds are represented. Recently, the court in *Zemprelli v. Royal Bank of Scotland Group PLC* addressed a similar issue involving appointment of lead plaintiff for a class with divergent interests. 09 Civ. 0300 (DAB) (S.D.N.Y.). There, related cases arose from plaintiffs' purchases of Royal Bank of Scotland ("RBS") stock. *Zemprelli*, Dkt. No. 57 at 9 (May 5, 2009 Order) (attached as Exhibit A). The putative class included two types of investors: (1) investors who asserted strict liability claims under Section 11 of the Securities Act of 1933 (the "Securities Act") relating to their purchase of the series Q, R, S, and T of Preferred Shares of RBS pursuant to its registration statements; and (2) investors who asserted fraud claims under Section 10(b) of the Exchange Act relating to their purchase of RBS common stock on the open market. *See id.* at 7-9.

On motions for lead plaintiff appointment, two groups emerged as leading contenders. *Id.* at 8-9. Claiming over $120 million in damages, one group consisted of institutional investors who had only purchased RBS stock on the open market (and thus who only had fraud claims under the Exchange Act). *Id.* Claiming under $450,000 in damages, the other group consisted of individual investors who had acquired RBS Preferred Shares pursuant to registration statements and who thus had and asserted strict liability claims under the Securities Act. *Id.* at 9. Although the institutional-investor group did not identify any losses attributable to RBS Preferred Shares (and thus had no claims under the Securities Act), the group asserted claims under both the Securities Act and the Exchange Act and sought to be appointed lead plaintiff for the entire class. *Id.* at

8-9. In contrast, the individual-investor group's damages were attributable to all four series of RBS Preferred Shares, and the group sought only to represent the Securities Act claimants. *Id.* at 9. These facts raised the same question that now confronts this Court: In selecting a lead plaintiff, how should the Court protect the interest of an entire class that includes members who have separate claims arising from separate investments?

To resolve the question, the *Zemprelli* court had to consider three issues. First, the movant with the largest financial interest is entitled to a presumption of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Pursuant to this rule, the institutional-investor group was entitled to the presumption. Second, to be appointed lead plaintiff over the entire class (which asserted claims under both the Securities Act and the Exchange Act), the institutional-investor group was not required to have standing to bring all class claims since the case involved different securities *from the same issuer. Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). Third, the lead plaintiff must be able to adequately represent the interest of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Faced with these competing considerations, the *Zemprelli* court appointed both groups as co-lead plaintiffs in order to secure adequate representation for all class members, holding that the class members who had Securities Act claims required separate representation from the investors who had only Exchange Act claims. *Zemprelli*, Dkt. No. 57 at 9.

*Zemprelli*'s logic applies here with stronger force. The purchasers of *each* Medici Fund require representation by the lead plaintiffs because they purchased their shares from different issuers and because they have claims against different defendants and based on different events. *See Perrone* Compl. ¶¶ 7, 18, 27-65. Among the competing movants, the Foxton Group has the largest financial interest, has standing to assert claims

of all purchasers of each Medici Fund, and is able to control the litigation and protect the interest of all class members. Accordingly, the analysis in *Zemprelli* supports the conclusion that the Foxton Group is the most adequate Lead Plaintiff. *See also Davidson*, 2008 U.S. Dist. LEXIS 61265, at **21-22.

## IV.    CONCLUSION

The Foxton Group has suffered larger damages – over $4 million – than Cabilly, Repex, and Nürnberger. The Foxton Group is also the only movant which has suffered damages attributable to all three Medici Funds – Herald, Primeo, and Thema. Moreover, Cabilly and Repex cannot adequately represent the entire class. Accordingly, the Court should appoint the Foxton Group Lead Plaintiff in this litigation. In the alternative, should the Court decline to appoint the Foxton Group as Lead Plaintiff, the individual members of the Foxton Group request appointment individually as Lead Plaintiff or Co-Lead Plaintiff.

Dated: May 21, 2009

Respectfully submitted,

**Johnson Bottini, LLP**

s/ Albert Y. Chang
Francis A. Bottini, Jr.
Albert Y. Chang (AC 5415)
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 233-5535

Brian P. Murray (BM 9954)
Gregory B. Linkh (GL 0477)
**Murray, Frank & Sailer LLP**
275 Madison Avenue, Suite 801
New York, NY 10016-1101
Telephone:   (212) 681-1818
Facsimile:    (212) 682-1892

*Attorneys for the Foxton Group*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
EDWARD P. ZEMPRELLI, on Behalf of
Himself and All Others Similarly Situated,

                    Plaintiff,

          -against-

THE ROYAL BANK OF SCOTLAND GROUP
PLC, THE ROYAL BANK OF SCOTLAND PLC,
SIR THOMAS FULTON WILSON McKILLOP,
SIR FREDERICK ANDERSON GOODWIN, GUY
ROBERT WHITTAKER, LAWRENCE
KINGSBAKER FISH, GORDON FRANCIS PELL,
COLIN ALEXANDER MASON BUCHAN,
JAMES McGILL CURRIE, SIR STEPHEN
ARTHUR ROBSON, ROBERT AVISSON
SCOTT, PETER DENIS SUTHERLAND,
ARCHIBALD HUNTER, CHARLES JOHN
KOCH, JOSEPH PATRICK MacHALE, MERRILL
LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, GREENWICH CAPITAL
MARKETS, INC., WACHOVIA CAPITAL
MARKETS, LLC, MORGAN STANLEY & CO.
INCORPORATED, UBS SECURITIES LLC,
BANC OF AMERICA SECURITIES LLC, and
RBC CAPITAL MARKETS CORPORATION,

                    Defendants.
----------------------------------------X
HAROLD H. POWELL TRUST U/A DATED
DECEMBER 21, 1988, And On Behalf Of
All Others Similarly Situated,

                    Plaintiff,

          -against-

ROYAL BANK OF SCOTLAND GROUP PLC,
THOMAS FULTON WILSON McKILLOP, FREDERICK
ANDERSON GOODWIN, GORDON FRANCIS PELL,
GUY R. WHITTAKER, COLIN BUCHAN, JAMES M.
CURRIE, LAWRENCE KINGSBAKER FISH, WILLIAM

09 Civ. 300 (DAB)
ORDER

09 Civ. 617 (DAB)
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/09

1

M. FREIDRICH, ARCHIBALD SINCLAIR HUNTER,
CHARLES JOHN KOCH, JANIS C. KONG, JOSEPH
PATRICK MACHALE, STEVE ROBSON, ROBERT
AVISSON SCOTT, PETER D. SUTHERLAND,
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, GREENWICH CAPITAL MARKETS,
INC., MORGAN STANLEY & CO. INCORPORATED,
UBS SECURITIES LLC, WACHOVIA CAPITAL
MARKETS, LLC, BANC OF AMERICA SECURITIES
LLC, and RBC DAIN RAUSCHER INC.,

                    Defendants.
---------------------------------------X
NATALIE GORDON, on Behalf of Herself and
All Others Similarly Situated,

                    Plaintiff,

                                        09 Civ. 704(DAB)
          -against-                         ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,
THE ROYAL BANK OF SCOTLAND PLC, SIR
THOMAS McKILLOP, SIR FREDERICK A. GOODWIN,
LAWRENCE K. FISH, GORDON F. PELL, GUY R.
WHITTAKER, COLIN A.M. BUCHAN, JAMES
CURRIE, SIR STEPHEN A. ROBSON, ROBERT A.
SCOTT, PETER D. SUTHERLAND, ARCHIBALD
HUNTER, CHARLES J. KOCH, JOSEPH P. MacHALE,
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, GREENWICH CAPITAL MARKETS,
INC., WACHOVIA CAPITAL MARKETS, LLC,
MORGAN STANLEY & CO. INCORPORATED, UBS
SECURITIES LLC, BANC OF AMERICA SECURITIES
LLC, and RBC CAPITAL MARKETS CORPORATION,

                    Defendants.
---------------------------------------X
FERDINAND LEVY, on Behalf of Himself and
All Others Similarly Situated,

                    Plaintiff,

                                        09 Civ. 856(DAB)
          -against-                         ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,

2

THE ROYAL BANK OF SCOTLAND PLC, SIR
THOMAS FULTON WILSON McKILLOP, SIR
FREDERICK ANDERSON GOODWIN, GUY ROBERT
WHITTAKER, LAWRENCE KINDSBAKER FISH,
GORDON FRANCIS PELL, COLIN ALEXANDER
MASON BUCHAN, JAMES McGILL CURRIE, SIR
STEPHEN ARTHUR ROBSON, ROBERT AVISSON
SCOTT, PETER DENIS SUTHERLAND, ARCHIBALD
HUNTER, CHARLES JOHN KOCH, JOSEPH PATRICK
MacHALE, GREENWICH CAPITAL MARKETS, INC.,
WACHOVIA CAPITAL MARKETS, LLC, MORGAN
STANLEY & CO. INCORPORATED, UBS SECURITIES
LLC, BANC OF AMERICA SECURITIES LLC, and RBC
DAIN RAUSCHER INC.,

                         Defendants.
----------------------------------------X
JEFFREY WACKSMAN, on Behalf of Himself and
All Others Similarly Situated,

                         Plaintiff,

                                        09 Civ. 857(DAB)
          -against-                         ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,
THE ROYAL BANK OF SCOTLAND PLC, SIR
THOMAS FULTON WILSON McKILLOP, SIR
FREDERICK ANDERSON GOODWIN, GUY
ROBERT WHITTAKER, LAWRENCE KINDSBAKER
FISH, GORDON FRANCIS PELL, COLIN
ALEXANDER MASON BUCHAN, JAMES McGILL
CURRIE, SIR STEPHEN ARTHUR ROBSON,
ROBERT AVISSON SCOTT, PETER DENIS
SUTHERLAND, ARCHIBALD HUNTER, CHARLES
JOHN KOCH, JOSEPH PATRICK MacHALE,
GREENWICH CAPITAL MARKETS, INC.,
WACHOVIA CAPITAL MARKETS, LLC, MORGAN
STANLEY & CO. INCORPORATED, UBS SECURITIES
LLC, BANC OF AMERICA SECURITIES LLC, and
RBC DAIN RAUSCHER, INC.,

                         Defendants.
----------------------------------------X

3

```
----------------------------------------X
```
GARY KOSSOFF, Individually and On Behalf
of All Others Similarly Situated,

                    Plaintiff,

                                                09 Civ. 890(DAB)
          -against-                                  ORDER

ROYAL BANK OF SCOTLAND GROUP PLC,
FREDERICK ANDERSON GOODWIN, GORDON
FRANCIS PELL, GUY R. WHITTAKER, COLIN
BUCHAN, ARCHIBALD SINCLAIR HUNTER,
JOSEPH PATRICK MACHALE, STEVE ROBSON,
ROBERT AVISSON SCOTT, PETER D.
SUTHERLAND, MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED, GREENWICH
CAPITAL MARKETS, INC., MORGAN STANLEY
& CO. INCORPORATED, UBS SECURITIES LLC,
WACHOVIA CAPITAL MARKETS, LLC, BANC OF
AMERICA SECURITIES LLC, and CITIGROUP GLOBAL
MARKETS, INC., and RBC DAIN RAUSCHER, INC.,

                    Defendants.
```
----------------------------------------X
```
KENNETH BROWN, Individually And On Behalf of
All Others Similarly Situated,

                    Plaintiff,

                                                09 Civ. 1096(DAB)
          -against-                                  ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,
THOMAS FULTON WILSON MCKILLOP,
FREDERICK ANDERSON GOODWIN, GUY
ROBERT WHITTAKER, LAWRENCE KINGSBAKER
FISH, GORDON FRANCIS PELL, COLIN
ALEXANDER MASON BUCHAN, JAMES MCGILL
CURRIE, STEPHEN ARTHUR ROBSON, ROBERT
AVISSON SCOTT, PETER DENIS SUTHERLAND,
ARCHIBALD HUNTER, CHARLES JOHN KOCH,
JOSEPH PATRICK MACHALE, MERRILL LYNCH,
PIERCE, FENNER & SMITH INCORPORATED,
GREENWICH CAPITAL MARKETS, INC.,
WACHOVIA CAPITAL MARKETS, LLC, MORGAN
STANLEY & CO.INCORPORATED, UBS SECURITIES

4

LLC, BANC OF AMERICA SECURITIES LLC,
and RBC CAPITAL MARKETS CORP. F/K/A RBC
DAIN RAUSCHER, INC.,

Defendants.

------------------------------------X

BARBARA FITTER (BENEFICIARY OF ILSE O.
MARKS IRA), Individually and On Behalf of
All Others Similarly Situated

Plaintiff,

09 Civ. 1650(DAB)

-against-

ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,
THE ROYAL BANK OF SCOTLAND PLC, SIR
GEORGE ROSS MATHEWSON, SIR THOMAS
FULTON WILSON McKILLOP, SIR FREDERICK
ANDERSON GOODWIN, GUY ROBERT
WHITTAKER, LAWRENCE KINGSBAKER FISH,
GORDON FRANCIS PELL, COLIN ALEXANDER
MASON BUCHAN, JAMES McGILL CURRIE, SIR
STEPHEN ARTHUR ROBSON, ROBERT AVISSON
SCOTT, PETER DENIS SUTHERLAND, ARCHIBALD
HUNTER, CHARLES JOHN KOCH, JOSEPH
PATRICK MacHALE, MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED, GREENWICH
CAPITAL MARKETS, INC., CITIGROUP GLOBAL
MARKETS, INC., MORGAN STANLEY & CO.
INCORPORATED, UBS SECURITIES LLC,
WACHOVIA CAPITAL MARKETS, LLC, BANC
OF AMERICA SECURITIES LLC, A.G. EDWARDS &
SONS, INC., and RBC DAIN RAUSCHER, INC.,

Defendants.

------------------------------------X

TROY RAYNOR, Individually and on Behalf of
All Others Similarly Situated

Plaintiff,

09 Civ. 1854(DAB)

-against-

ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,
THE ROYAL BANK OF SCOTLAND PLC, THOMAS

5

FULTON WILSON McKILLOP, FREDERICK ANDERSON
GOODWIN, GUY ROBERT WHITTAKER, LAWRENCE
KINGSBAKER FISH, GORDON FRANCIS PELL,
COLIN ALEXANDER MASON BUCHAN, JAMES
McGILL CURRIE, STEPHEN ARTHUR ROBSON,
ROBERT AVISSON SCOTT, PETER DENIS SUTHERLAND,
ARCHIBALD HUNTER, CHARLES JOHN KOCH, JOSEPH
PATRICK MACHALE, JOHNNY CAMERON,
MARK ANDREW FISHER, JANIS CAROL KONG,
MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,
GREENWICH CAPITAL MARKETS, INC.,
WACHOVIA CAPITAL MARKETS, LLC, MORGAN STANLEY
& CO. INC., UBS SECURITIES LLC, BANC OF AMERICA
SECURITIES LLC, and RBC CAPITAL MARKETS
CORPORATION,

                    Defendants.
--------------------------------------X
SAM G. LINDSAY, TRUSTEE OF THE LINDSAY FAMILY
TRUST DATED 8/26/05,  Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

                                        09 Civ. 2325(DAB)
          -against-                        ORDER

THE ROYAL BANK OF SCOTLAND GROUP PLC,
THE ROYAL BANK OF SCOTLAND PLC,  THOMAS
FULTON WILSON McKILLOP, FREDERICK ANDERSON
GOODWIN, GUY ROBERT WHITTAKER, LAWRENCE
KINGSBAKER FISH, GORDON FRANCIS PELL,
COLIN ALEXANDER MASON BUCHAN, JAMES McGILL
CURRIE, STEPHEN ARTHUR ROBSON, ROBERT
AVISSON SCOTT, PETER DENIS SUTHERLAND, ARCHIBALD
HUNTER, CHARLES JOHN KOCH, JOSEPH PATRICK
MACHALE, JOHNNY CAMERON, MARK ANDREW FISHER,
JANIS CAROL KONG, MERRILL LYNCH, PIERCE,
FENNER & SMITH INC., GREENWICH CAPITAL MARKETS, INC.,
WACHOVIA CAPITAL MARKETS, LLC, MORGAN STANLEY & CO.
INC., UBS SECURITIES LLC, BANC OF AMERICA
SECURITIES LLC, and RBC CAPITAL MARKETS
CORPORATION,

                    Defendants.
--------------------------------------X

                        6

DEBORAH A. BATTS, United States District Judge.

A Complaint was filed under docket number 09 Civ. 300 by Edward P. Zemprelli on January 12, 2009, alleging violations of the Securities Act of 1933 against the Royal Bank of Scotland Group plc ("RBS"), its directors, and the investment banks which underwrote a June 2007 initial public offering of the Company's 38-million Non-cumulative Dollar Preference Shares, Series S ("the Offering"). Subsequently, nine other related actions (captioned above) were filed against similar Defendants, making similar allegations. Three of those Complaints also alleged violations of the Exchange Act of 1934 on behalf of purchasers of any shares of publicly traded RBS securities. (Brown Compl., 09 Civ. 1096, at ¶ 1; Raynor Compl., 09 Civ. 1854, at ¶ 3; Lindsay Compl., 09 Civ. 2325, at ¶ 4.) For example, the Complaint of Sam G. Lindsay asserted claims "on behalf of all persons who purchased of otherwise acquired any of the publicly traded securities of RBS from June 26, 2007 through and including January 19, 2009." (Lindsay Compl., 09 Civ. 2325, at ¶ 4.)

Rule 42 of the Federal Rules of Civil Procedure states that, "If actions before the court involve a common question of law or fact, the court may...(2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. The Court finds that the each of the actions

captioned above involve common questions of law and fact making consolidation appropriate to promote judicial efficiency and to avoid unnecessary cost and delay.

The Court received motions for appointment of lead plaintiff and selection of lead counsel from eight different individuals and groups: Stichting Bedrijfstakpensioenfonds Voor De Metalektro, Wirral MBC ("European Funds"), Sam G. Lindsay, the "Freeman Group" (Jay Freeman, Ravi Srinavasan, Sheldon Cantor, Heff Hathorn, and Michael Mancini), the "State Funds" (Massachusetts Pension Reserves Investment Management Board and the Mississippi Public Employee's Retirement System), Gary Kosseff, Michael T. Sullivan, the "Hersh-Schwartz Group" (Irwin Hersch et al.) and Barbara Fitter (beneficiary of Ilse O. Marks IRA). Of those seeking appointment as lead counsel, some but not all of the applicants have asserted claims solely under the Securities Act of 1933, and some but not all have asserted claims under both the Securities Act of 1933 and the Exchange Act of 1934.

The State Funds have the largest financial stake in the litigation, alleging losses as high as $123,090,077.35. The State Funds have alleged ownership in RBS common stock and Series U stock, but their moving papers did not differentiate losses attributable to their holdings of common stock from losses

attributable to preferred shares. Further, the State Funds have alleged claims under both the Securities Act and the Exchange Act.

On the other hand, the Freeman Group has alleged losses totaling $444,716.00. Their Group consists of individuals who held preferred shares from each of Series Q, R, S, and T. Their group alleges violations of the Securities Act only. They argue that "[a]lthough the individual actions should be consolidated, differences between the securities purchased and claims asserted to Securities Act Class and the Exchange Act Class, as well as inherent conflicts between the classes, mandate that each class have separate representation." (Freeman Group, Joint Resp., at 5.)

Having considered each of the applications, the Court determines:

1. The following actions are HEREBY consolidated for all purposes:

> EDWARD P. ZEMPRELLI v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09 Civ. 300(DAB)
>
> HAROLD H. POWELL TRUST U/A DATED DECEMBER 21, 1988 v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09 Civ. 617(DAB)
>
> NATALIE GORDON v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09 Civ. 704(DAB)
>
> FERDINAND LEVY v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09 Civ. 856(DAB)

JEFFREY WACKSMAN v. ROYAL BANK OF SCOTLAND GROUP PLC, et al.
09 Civ. 857(DAB)

GARY KOSSOFF v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09
Civ. 890(DAB)

KENNETH BROWN v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09
Civ. 1096(DAB)

BARBARA FITTER (BENEFICIARY OF ILSE O. MARKS IRA) v. ROYAL
BANK OF SCOTLAND GROUP PLC, et al. 09 Civ. 1650(DAB)

TROY RAYNOR v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09
Civ. 1854(DAB)

SAM G. LINDSAY, Trustee of the Lindsay Family Trust dated
8/26/05 v. ROYAL BANK OF SCOTLAND GROUP PLC, et al. 09 Civ.
2325(DAB)

The caption of these consolidated actions shall be "In re Royal

Bank of Scotland Group plc Securities Litigation" and the files

of these consolidated actions shall be maintained under Master

Docket Number 09 Civ. 300(DAB).

2. The Freeman Group SHALL BE APPOINTED Co-Lead Plaintiff on

behalf of the putative class of Plaintiffs who purchased

preferred shares in Defendant RBS ("the Preferred Share Group").

3. The State Funds SHALL BE APPOINTED Co-Lead Plaintiff on

behalf of the putative class of Plaintiffs who owned common

shares in Defendant RBS ("the Common Share Group").

4. Nothing in this Order shall be construed as a

determination for the purposes of class action certification

pursuant to Rule 23.  The Court may re-consider the decision to

appoint co-Lead Plaintiffs at a later time.

5. The Freeman Group's selection of Girard Gibbs LLP as Lead Counsel is APPROVED for the Preferred Share Group.

6. The State Funds's selection of Cohen Milstein Sellers & Toll PLLC, Labaton Sucharow LLP, and Wolf Popper LLP to serve as Co-Lead Counsel is APPROVED for the Common Share Group.

7. Counsel for the Common Share Group SHALL FILE an AMENDED COMPLAINT within thirty (30) days of the date of this ORDER which shall include all claims, including those under the Securities Act and the Exchange Act. Girard Gibbs LLP SHALL advise and coordinate with the Common Share Group attorneys on the creation of the Amended Complaint.

8. Going forward, counsel shall coordinate their efforts at every step in this litigation and avoid duplicative costs and fees.

SO ORDERED.

Dated:    New York, New York

May 5, 2009

_Deborah A. Batts_
Deborah A. Batts
United States District

# DECLARATION OF SERVICE

I am an attorney admitted to practice in this district. I hereby certify, under penalty of perjury, that on this 21st day of May, 2009, I caused a true and correct copy of the foregoing document to be served on the persons listed below: 1) through this court's ECF system, 2) by e-mail, and/or 3) by mail, postage prepaid:

ERNST & YOUNG GLOBAL LIMITED
Becket House, 1 Lambeth Palace Rd.
London
SE1 7EU, United Kingdom

William P. Hammer, Esq.
ERNST & YOUNG LLP
5 Times Square, 36th Floor
New York, New York 10036-6530

ERNST & YOUNG S.A.
7 Pare d'Activite Syrdall
Munsbach
L5365
Luxembourg

Lawrence J. Zweifach, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

Jules Brody (ssbny@aol.com)
Patrick Kevin Slyne
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Timothy Joseph Burke
(service@ssbla.com)
STULL, STULL & BRODY
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA 90024

Robert S. Schachter (rschachter@zsz.com)
ZWERLING, SCHACHTER &
ZWERLING
41 Madison Avenue
New York, NY 10010

Catherine A. Torell, Esq.
(ctorell@cohenmilstein.com)
COHEN, MILSTEIN, SELLERS & TOLL,
P.L.L.C.
150 East 52nd Street
30th Floor
New York, NY 10022

Steven J. Toll, Esq.
Daniel S. Sommers, Esq.
COHEN, MILSTEIN, SELLERS & TOLL,
P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005

Samuel Howard Rudman
(srudman@csgrr.com)
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS, LLP
58 South Service Road
Suite 200
Melville, NY 11747

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv, Israel

GENEVALOR, BENBASSAT & CIE
7, rue Versonnex
CH-1207 Geneva
Switzerland

STEPHANE BENBASSAT
7, rue Versonnex
CH-1207 Geneva
Switzerland

ALBERTO BENBASSAT
7, rue Versonnex
CH-1207 Geneva
Switzerland

FRIEHLING & HOROWITZ
4 High Tor Rd.
New City, NY 10956

Susan L. Saltzstein
([susan.saltzstein@skadden.com](mailto:susan.saltzstein@skadden.com))
William J. O'Brien
([william.obrien@skadden.com](mailto:william.obrien@skadden.com))
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York 10036-6522
*Attorneys for Defendant Pioneer*
*Alternative Investment Management*
*Limited*

BERNARD L. MADOFF
885 Third Avenue
New York, New York 10022

BANK MEDICI S.A.
Operngasse 6/4
Vienna, 1010
Austria

BANK MEDICI AG
Operngasse 6/4
Vienna, 1010
Austria

SONJA KOHN
Operngasse 6/4
Vienna, 1010
Austria

PETER SCHEITHAUER
Operngasse 6/4
Vienna, 1010
Austria

HERALD FUND SPC
Operngasse 6/4
Vienna, 1010
Austria

HERALD FUND SPC
PO Box 30B
Ufllend Heues
Oranti
Cayman Kri 1104

HERALD USA FUND
Operngasse 6/4
Vienna, 1010
Austria

HERALD LUXEMBURG FUND
Operngasse 6/4
Vienna, 1010
Austria

WERNER TRIPOLT
Operngasse 6/4
Vienna, 1010
Austria

JOHN HOLLIWELL
Operngasse 6/4
Vienna, 1010
Austria

HELMUTH E. FREY
Operngasse 6/4
Vienna, 1010
Austria

BANK AUSTRIA CREDITANSTALT
1010 Wien, Schottengasse 6-8
A-1010 Vienna
Austria

UNICREDIT S.A.
Piazza Cordusio
20123 Milan
Italy

ALFRED SIMON
13 Rue Goethe, B P 413 L-2014
Luxembourg

KARL E. KANIAK
13 Rue Goethe, B P 413 L-2014
Luxembourg

JOHANNES P. SPALEK
13 Rue Goethe, B P 413 L-2014
Luxembourg

NIGEL H. FIELDING
13 Rue Goethe, B P 413 L-2014
Luxembourg

JAMES E. O'NEILL
13 Rue Goethe, B P 413 L-2014
Luxembourg

ALBERTO LA ROCCA
13 Rue Goethe, B P 413 L-2014
Luxembourg

DECLAN MURRAY
13 Rue Goethe, B P 413 L-2014
Luxembourg

URSULA RADEL-LESZCZYNSKI
13 Rue Goethe, B P 413 L-2014
Luxembourg

MICHAEL WHEATON
13 Rue Goethe, B P 413 L-2014
Luxembourg

PRIMEO SELECT FUND
13 Rue Goethe, B P 413 L-2014
Luxembourg

PRIMEO EXECUTIVE FUND
13 Rue Goethe, B P 413 L-2014
Luxembourg

THEMA INTERNATIONAL FUND PLC
3 George's Dock IFSC
Dublin 1
Ireland

FRIEDRICH PFEFFER
WFE-Consulting
Fuhrenweg 27
D-31515 Wunstorf
Germany

FRANCO MUGNAI
Via Leone XIII_n.27
1-20145 Milan
Italy

DAVID T. SMITH
c/o Equus Asset Management Partners
Bermudiana Arcade
27 Queen Street
Hamilton HM 11
Bermuda

DANIEL MORRISSEY
William Fry Solicitors
Fitzwilton House
Wilton Place
Dublin 2
Ireland

HSBC SECURITIES SERVICES, S.A.
c/o Chris Wilcockson
Managing Director, HSS
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC INSTITUTIONAL TRUST
SERVICES (IRELAND) LIMITED
c/o Ronnie Griffin
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

PRICE WATERHOUSECOOPERS,
CHARTERED ACCOUNTANTS
One Spencer Dock
North Wall Quay
Dublin 1
Ireland

PIONEER ALTERNATIVE
INVESTMENTS
1 George's Quay Plaza
George's Quay
Dublin 2
Ireland

GERALD J. P. BRADY
Birch Hollow
Upper Kilmacud Road
Dundrum
Dublin 14
Ireland

HSBC HOLDINGS PLC
c/o Chris Wilcockson
Managing Director, HSS
40 Avenue Monterey
B.P. 413, L-2014
Luxembourg

HSBC SECURITIES SERVICES
(LUXEMBURG) S.A.
40 Avenue Monterey
P.O. Box 413, L-2014
Luxembourg

HSBC SECURITIES SERVICES
(IRELAND) LIMITED
c/o Rosemary Leahy
1 Grand Canal Square
Grand Canal Harbour
Dublin 2
Ireland

PRICEWATERHOUSECOOPERS
INTERNATIONAL LIMITED
1 Embankment Place
London
WC2N 6RH
United Kingdom

BA WORLDWIDE FUND
MANAGEMENT, LTD
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

BA WORLDWIDE MANAGEMENT
LTD
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

HANNES SALETA
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

BANK OF BERMUDA
(LUXEMBOURG) S.A.
6 Front St.
Hamilton, HM 11
Bermuda

BANK OF BERMUDA
P.O. Box 513
GT HSBC House
68 West Bay Road
Grand Cayman
Cayman Islands

PRIMEO FUND
c/o BANK OF BERMUDA (CAYMAN)
LIMITED
P.O. Box 513
GT HSBC House
68 West Bay Road
Grand Cayman
Cayman Islands

HERALD C. NOGRASEK
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

NICOLA A. CORSETTI
c/o HWR Services
P.O. Box 71
Road Town
Tortola
B.V.I.

BANK OF BERMUDA
(LUXEMBOURG) S.A.
13 rue Goethe
L-1637
Luxembourg

BANK OF BERMUDA (CAYMAN)
LIMITED
P.O. Box 513
GT HSBC House
68 West Bay Road
Grand Cayman
Cayman Islands

_____S/_____
Thomas J. Kennedy (TK-9989)