UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------- X
REPEX VENTURES S.A., Individually and on :
Behalf of All Others Similarly Situated,
:
       Plaintiff,
:
  -against-
:
BERNARD L. MADOFF; BERNARD L.
MADOFF INVESTMENT SECURITIES;
BANK MEDICI S.A.; SONJA KOHN; PETER
SCHEITHAUER; HERALD USA FUND;
HERALD LUXEMBURG FUND; BANK
AUSTRIA CREDITANSTALT; UNICREDIT
S.A.; PRIMEO SELECT FUNDS; PIONEER
ALTERNATIVE INVESTMENTS; THEMA
INTERNATIONAL FUND PLC; ERNST &
YOUNG LLP, and HSBC HOLDINGS PLC,

       Defendants.
----------------------------------------- X

Case No. 1:09-cv-0289-RMB

**[caption continues on next page]**


**REPLY MEMORANDUM OF DR. SHMUEL CABILLY IN FURTHER SUPPORT OF HIS
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
<u>OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS</u>**

```
------------------------------------  X
HORST LEONHARDT, on Behalf of Himself  :
and All Others Similarly Situated,
                                       :
            Plaintiff,
                                       :
    -against-
                                       :
BERNARD L. MADOFF, BANK MEDICI
S.A., SONJA KOHN, PETER SCHEITHAUER,   :
HERALD USA FUND, HERALD
LUXEMBURG FUNDS, BANK AUSTRIA          :
CREDITANSTALT, UNICREDIT S.A.,
PRIMEO SELECT FUND, PRIMEO             :
EXECUTIVE FUND, PIONEER
ALTERNATIVE INVESTMENTS, THEMA         :
INTERNATIONAL FUND PLC, HELMUTHY           Case No. 1:09-cv-2032-RMB
E. FREY, FRIEDRICH PFEFFER, FRANCO     :
MUGNAI, ALBERTO BENBASSAT,
STEPHANE BENBASSAT, GENEVALOR,         :
BENBASSAT & CIE, DAVID T. SMITH,
GERALD J.P. BRADY, DANIEL              :
MORRISSEY, ERNST & YOUNG S.A.,
ERNST & YOUNG FLOBAL LIMITED, HSBC     :
HOLDINGS PLC, HSBC INSTITUTIONAL
TRUST SERVICES (IRELAND) LIMITED,      :
HSBC SECURITIES SERVICES (IRELAND)
LIMITED, HSBC SECURITIES SERVICES,     :
S.A., PRICEWATERHOUSECOOPERS,
CHARTERED ACCOUNTANTS,                 :
PRICEWATERHOUSECOOPERS
INTERNATIONAL LIMITED and FRIEHLING    :
& HOROWITZ,
                                       :
            Defendant.
------------------------------------  X
```

**[caption continues on next page]**

```
------------------------------------ X
FABIAN PERRONE and CHIA-HUNG KAO,   :

              Plaintiffs,            :

       -against-                     :

ALBERTO BENBASSAT, STEPHANE          :
BENBASSAT, GERALD J.P. BRADY,
NICOLA A. CORSETTI, NIGEL H.         :
FIELDING, HELMUTH E. FREY, JOHN
HOLLIWELL, KARL E. KANIAK, SONJA     :
KOHN, ALBERTO LA ROCCA, DANIEL
MORRISSEY, FRANCO MUGNAI, DECLAN     :
MURRAY, HERALD C. NOGRASEK, JAMES
E. O'NEILL, FRIEDRICH PFEFFER, URSULA :
RADELLESZCZYNSKI, HANNES SALETA,
PETER SCHEITHAUER, ALFRED SIMON,     :   Case No. 1:09-cv-2558-SHS
DAVID T. SMITH, JOHANNES P. SPALEK,
WERNER TRIPOLT, MICHAEL WHEATON,     :
BA WORLDWIDE FUND MANAGEMENT,
LTD., BANK AUSTRIA CREDITANSTALT,    :
BANK OF BERMUDA (CAYMAN) LIMITED,
BANK OF BERMUDA (LUXEMBOURG)         :
S.A., BANK MEDICI AG, ERNST & YOUNG,
PRIMEO FUND, HERALD FUND SPC, HSBC   :
HOLDINGS PLC, HSBC INSTITUTIONAL
TRUST SERVICES (IRELAND) LTD., HSBC  :
SECURITIES SERVICES (IRELAND) LTD.,
HSBC SECURITIES SERVICES             :
(LUXEMBOURG) S.A., PIONEER
ALTERNATIVE INVESTMENT               :
MANAGEMENT LIMITED,
PRICEWATERHOUSECOOPERS, THEMA        :
INTERNATIONAL FUND PLC, and
UNICREDIT S.A.,                      :

              Defendants.
------------------------------------ X
```

Dr. Shmuel Cabilly ("Dr. Cabilly") respectfully submits this reply memorandum of law in further support of his motion for consolidation, appointment as lead plaintiff, and approval of selection of lead counsel, and in opposition to the competing motions filed by Repex Ventures S.A. ("Repex") and the Foxton Group.

## **INTRODUCTION**

After two exhaustive rounds of briefing, one fact has not changed: Dr. Cabilly, who incurred a loss of $3,665,200 as a result of the alleged fraud, has the largest documented loss of any movant to timely file a motion for appointment as lead plaintiff in this litigation and is thus the presumptive lead plaintiff. Despite ample opportunity to do so, none of the competing movants has rebutted the presumption in Dr. Cabilly's favor by providing any "proof" of his inadequacy as required by the PSLRA, nor can they. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The competing movants, however, are clearly inadequate; both Repex and the Foxton Group have filed untimely motions, and the Foxton Group cannot substantiate its losses. *See generally* Cabilly Opp. Mem.

In the face of the strong presumption in Dr. Cabilly's favor, both Repex and the Foxton Group try to maneuver themselves into leadership roles in this case. In its initial motion for appointment as lead plaintiff, Repex filed as part of a group comprised of it and an individual, Radovan Fijember, and argued that the group should be appointed as sole lead plaintiff. Docket Entry No. 19. Then, on May 4, 2009, Repex filed a second, untimely motion for appointment, in which it argued that it should be appointed as co-lead plaintiff to represent the Herald Fund purchasers. Docket Entry No. 41. Now, in its third bite at the apple, Repex argues in its opposition brief filed on May 21, 2009 that the Court should erect a "tri-lead plaintiff structure" comprised of it, Dr. Cabilly, and one of

the members of the Foxton Group. Docket Entry No. 47. Repex, which has now filed, in essence, three motions for appointment before this Court, simply cannot decide what it wants to do. Its chameleonic pleading is inappropriate and manifest evidence of its inadequacy.

The Foxton Group, meanwhile, admits that it cannot find records for three-quarters of its purchases and, as such, its motion fails on its face to identify all transactions as the PSLRA requires. *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv). According to the Foxton Declaration, filed with the group's untimely motion, "It has been extremely hard … to find any of [Sir William Foxton's] documents, and we have no idea where he may have kept them, despite repeated searches of the family home." Foxton Decl. ¶ 9. The Foxton Group, however, has come up with a game plan: "[t]he exact amount of the investment," it announces in its opposition brief, "can easily be identified through discovery." Foxton Group Opp. Mem. at 3 n.4. It seems unlikely at best that formal discovery will accomplish what "repeated searches" of the family home have not, and raises individual issues regarding the Foxton Group, rendering it atypical. Sensing the failings of its motion, the Foxton Group, too, proposes an alternative: to appoint one or more of its group members, individually, to represent purchasers of one or more of the Herald, Primeo, or Thema Funds (the "Funds"). Foxton Group Opp. Mem. at 13. There is no reason for such subrepresentation, which fails for the same reason as Repex's. The competing movants' niche plaintiff arguments are contrary to well-established law in this Circuit.

Dr. Cabilly's story has not changed. From the day he filed his motion – timely, on March 13, 2009 – until now, he has had the "largest financial interest" in this litigation

and thus been the presumptively most adequate plaintiff according to the provisions of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Accordingly, the presumption in Dr. Cabilly's favor has not been rebutted, he should be appointed as sole Lead Plaintiff and his counsel as Lead Counsel, and the competing motions should be denied.

## ARGUMENT

### I. DR. CABILLY IS THE PRESUMPTIVE LEAD PLAINTIFF

In ruling on competing lead plaintiff motions, the Court must adopt a presumption that the most adequate plaintiff is the person who "has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption is rebuttable only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Court must not "engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

Here, Dr. Cabilly possesses the largest properly-documented loss of any movant to timely file a motion for appointment as lead plaintiff. He thus has the largest financial interest in this litigation and is the presumptive lead plaintiff. No movant has, or can, offer any "proof," much less a reasoned argument, that Dr. Cabilly is inadequate or otherwise subject to unique defenses. The inquiry ends here, and, accordingly, Dr. Cabilly should be appointed Lead Plaintiff.

## II. COMPETING MOVANTS' NICHE PLAINTIFF ARGUMENTS ARE UNAVAILING

Unable to contest the presumption in Dr. Cabilly's favor, competing movants attempt to carve out "niche" roles for themselves in this litigation – however small – thereby wresting control of the case from the presumptively most adequate plaintiff. Their arguments are contrary to the express purposes of the PSLRA, and are unavailing.

### A. Dr. Cabilly Is Adequate to Represent the Class Alone

Notwithstanding the presumption in Dr. Cabilly's favor, opposing movants argue that he is inadequate to represent the class alone because, as a purchaser of the Primeo Funds, he has no standing to bring claims on behalf of the Herald or Thema Funds.

Even assuming, *arguendo*, that Dr. Cabilly has no standing to assert claims based on purchases of the Herald or Thema Funds, it is well-established in this Circuit that "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action." *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004); *see also In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003) ("[N]othing in the PSLRA requires that the lead plaintiffs have standing to assert all of the claims that may be made on behalf of all of the potential classes and subclasses of holders of different categories of security at issue in the case."). Indeed, because the Court must select the movant with the largest financial interest in the litigation, "it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Hevesi*, 366 F. 3d at 82. *See also* Cabilly Opp. Mem. at 11-14 (citing additional authority).

Both Repex and the Foxton Group attempt to distinguish these cases by pointing out that the Herald Fund on one hand, and the Thema and Primeo Funds on the other, do

4

not share the "same issuer."  Repex Opp. Mem. at 3-4; Foxton Group Opp. Mem. at 9.
The Foxton Group goes even further to assert – with no authority – that this is a
"requirement" that a prospective lead plaintiff in Dr. Cabilly's position must satisfy.
Foxton Group Opp. Mem. at 9.  None of the cases the competing movants cite, however,
stand for such a proposition; indeed, none turned on, much less discussed, such a minor
distinction.  *See, e.g., Lifschitz v. Hexion Specialty Chems.*, 08 Civ. 6394, 2009 U.S. Dist.
LEXIS 21933, at *4-5 (S.D.N.Y. Mar. 19, 2009) (Berman, J.) (denying reconsideration of
order appointing lead plaintiff who purchased put options but not common stock, and not
reaching the "same issuer" distinction).  Competing movants cleverly assert that they are
"unaware of any case" which holds that a purchaser of the securities of one issuer can
serve as lead plaintiff for a class which includes purchasers of securities of other issuers.
Repex Opp. Mem. at 3.  The converse, however, is equally obvious: competing movants
cite no case which holds that a lead plaintiff *cannot* represent the claims of purchasers of
securities of other issuers, nor can they.  At most, the "'same issuer' requirement" is mere
dicta, and the real concern, in the cases competing movants cite, is that "the interests of []
purchasers are aligned."  *Lifschitz*, 2009 U.S. Dist. LEXIS 21933 at *5.[1]

The Foxton Group's reliance on the court's recent decision appointing a lead
plaintiff in *Zemprelli v. Royal Bank of Scotland Group PLC*, No. 09 Civ. 300 (DAB)
(S.D.N.Y. filed Jan. 12, 2009), is similarly misplaced.  In *Royal Bank of Scotland*, citing
the risk of "inherent conflicts between the classes," the court appointed one co-lead

---

[1] To the extent a "'same issuer' requirement" does exist, Dr. Cabilly satisfies it. The Herald Fund had a different "issuer" than the Thema and Primeo Funds in name only.  All three Funds were controlled and managed by Bank Medici, S.A.  *See* Complaint in *Repex Ventures S.A. v. Madoff, et al.*, No. 09 Civ. 289 (RMB) (S.D.N.Y. filed Jan. 12, 2009) ("*Repex* Comp."), at ¶¶ 15, 22, 24, 27.

5

plaintiff to represent purchasers of common shares and one co-lead plaintiff to represent purchasers of preferred shares. *Zemprelli*, slip op. at 10-11 (May 5, 2009) (attached to the Declaration of Catherine A. Torell ("Torell Decl.") as Ex. A).[2] Appointment of separate lead plaintiffs in such a situation is understandable, since preferred shares often have a liquidation preference over common shares which would be paid first in cases involving a limited fund. *See, e.g.*, Transcript of Hearing, February 13, 2009, *In re Fannie Mae 2008 Sec. Litig.*, No. 08-cv-8008 (GEL) (S.D.N.Y. filed Sept. 8, 2008) (Lynch, J.), at 8; Declaration of Professor Bruce A. Green at ¶ 19 (attached to the Torell Decl. as Exs. B & C). This conflict does not exist here, where there are no preferred shares, and where the claims of each of the Funds' purchasers will be treated with equal priority.

Thus, even assuming, *arguendo*, that Dr. Cabilly lacks standing to bring claims for investments in funds other than the Primeo Fund, the overwhelming weight of authority in this district dictates that Dr. Cabilly's adequacy and ability to serve as lead plaintiff are unaffected. The cases competing movants cite, moreover, do not establish a "'same issuer' requirement" or otherwise contradict this body of authority. Accordingly, Dr. Cabilly is adequate to represent the entire class alone.

### B. Dr. Cabilly's Claims Are Typical of Class Members' Claims

Finally, competing movants argue that Dr. Cabilly is atypical of other class members because he only purchased shares in the Primeo Funds. Repex Opp. Mem. at 2 ("no investor in a single fund" can satisfy typicality requirement); Foxton Group Opp.

---

[2]   Proposed lead counsel, Cohen Milstein Sellers & Toll PLLC, was appointed by the court in *Royal Bank of Scotland* as one of the co-lead counsel for purchasers of RBS common shares.

6

Mem. at 9 ("class members who invested in different funds do not have the same claims against the same defendants arising from the same events"). Their arguments are misplaced.

The "typicality requirement is not demanding." *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at *39 (S.D.N.Y. July 27, 2007). According to the Second Circuit, "[t]his criterion does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact 'occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class.'" *Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283, 293 (2d Cir. 1999). Indeed, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). In securities fraud cases in particular, "factual differences involving the date, *type* and manner of the purchase, the investor's perception of the transaction, or even the information furnished to him at the time will not destroy typicality if each class member was the victim of the same material omissions and the same consistent course of conduct." *In re Baldwin-United Corp. Litig.*, 122 F.R.D. 424, 428 (S.D.N.Y. 1986) (emphasis added). Rather, the crucial question is whether "each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert*, 960 F.2d 285, 290 (2d Cir.1992).

Here, all three Funds were controlled by defendant Bank Medici, S.A. *Repex*

7

Comp. at ¶¶ 15, 22, 24, 27. All three Funds, moreover, were invested in Bernard L. Madoff Investment Securities ("BMIS") and were victims of Madoff's Ponzi scheme. *Id.* Plaintiffs allege that all three Funds issued false and misleading performance reports containing fictitious returns, and that, had the three Funds performed proper due diligence before investing in BMIS, they would have discovered that it was fraudulent. *Id.* at ¶¶ 49-50. Indeed, all three Funds are alleged to have ignored the same red flags and made the same false and misleading representations about their oversight, due diligence, and portfolio management. *Id.* at ¶¶ 8-9.

Accordingly, purchasers of all three Funds must make the same legal arguments to prove defendants' liability. They were victims of the same material omissions and the same course of conduct. Minor factual differences among their claims, including the type of their purchase, do not defeat typicality. The same disputed factual issues lie at the core of each of their claims. The typicality prerequisite of Rule 23, therefore, is easily satisfied.

## CONCLUSION

For the additional foregoing reasons, Dr. Cabilly respectfully submits that the motions of Repex and the Foxton Group must be denied, and that the Court should appoint Dr. Cabilly as Lead Plaintiff on behalf of the Class.

| | |
|---|---|
| Dated: New York, New York<br>June 1, 2009 | Respectfully submitted,<br><br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br><br>By: /s/ Catherine A. Torell<br>Catherine A. Torell (CAT-0905)<br>150 East 52nd Street, 30th Floor<br>New York, New York 10022<br>Tel: (212) 838 7797<br>Fax: (212) 838-7745<br> -and-<br>Steven J. Toll<br>Daniel S. Sommers<br>S. Douglas Bunch<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, D.C. 20005<br>Tel: (202) 408-4600<br>Fax: (202) 408-4699<br><br>*Proposed Lead Counsel for Movant* |
| **Of Counsel:**<br><br>Jacob Sabo, Esq.<br>The Tower<br># 3 Daniel Frisch St.<br>Tel Aviv Israel<br>Tel: (972) 36078888<br>Fax: (972) 36078889 | |