# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REPEX VENTURES S.A, on Behalf of Itself and All Others Similarly Situated, ) ) ) | Civil Action No. 09-cv-289 (RMB) |
| Plaintiff, ) ) | **CLASS ACTION** |
| v. ) ) | **ECF CASE** |
| BERNARD L. MADOFF; BANK MEDICI S.A.; SONJA KOHN; PETER SCHEITHAUER; HERALD USA FUND; HERALD LUXEMBURG FUND; BANK AUSTRIA CREDITANSTALT; UNICREDIT S.A.; PRIMEO SELECT FUND; PRIMEO EXECUTIVE FUND; PIONEER ALTERNATIVE INVESTMENTS; THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., and HSBC SECURITIES SERVICES, S.A., ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

[Additional caption on next page]


# REPEX VENTURES, S.A.'S REPLY MEMORANDUM OF POINTS AND
# AUTHORITIES IN SUPPORT OF ITS
# MOTION TO BE APPOINTED LEAD PLAINTIFF

| | |
|---|---|
| HORST LEONHARDT, on Behalf of Himself and All Others Similarly Situated, <br><br>               Plaintiff, <br><br>    v. <br><br>BERNARD L. MADOFF, BANK MEDICI S.A., SONJA KOHN, PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, PIONEER ALTERNATIVE INVESTMENTS, THEMA INTERNATIONAL FUND PLC, HELMUTH E. FREY, FRIEDRICH PFEFFER, FRANCO MUGNAI, ALBERTO BENBASSAT, STÉPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, DAVID T. SMITH, GERALD J. P. BRADY, DANIEL MORRISSEY, ERNST & YOUNG S.A., ERNST & YOUNG GLOBAL LIMITED, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES (IRELAND) LIMITED, HSBC SECURITIES SERVICES, S.A., PRICEWATERHOUSECOOPERS, CHARTERED ACCOUNTANTS, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED; and FRIEHLING & HOROWITZ, <br><br>               Defendants. | Civil Action No. 09-cv-2032 (RMB) <br><br>**CLASS ACTION** <br><br>**ECF CASE** |

[Additional caption on next page]

| | |
|---|---|
| FABIAN PERRONE and CHIA-HUNG KAO, | Civil Action No. 09-cv-2558 (SHS) |
| Plaintiff(s), | **CLASS ACTION** |
| v. | **ECF CASE** |
| ALBERTO BENBASSAT, STÉPHANE BENBASSAT, GERALD J.P. BRADY, NICOLA A. CORSETTI, NIGEL H. FIELDING, HELMUTH E. FREY, JOHN HOLLIWELL, KARL E. KANIAK, SONJA KOHN, ALBERTO LA ROCCA, DANIEL MORRISSEY, FRANCO MUGNAI, DECLAN MURRAY, HERALD C. NOGRASEK, JAMES. E. O'NEILL, FRIEDRICH PFEFFER, URSULA RADELLESZCZYNSKI, HANNES SALETA, PETER SCHEITHAUER, ALFRED SIMON, DAVID T. SMITH, JOHANNES P. SPALEK, WERNER TRIPOLT, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD, BANK AUSTRIA CREDITANSTALT, BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK MEDICI AG, ERNST & YOUNG, PRIMEO FUND, HERALD FUND SPC, HSBC HOLDINGS PLC, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (LUXEMBURG) S.A., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, PRICEWATERHOUSECOOPERS, THEMA INTERNATIONAL FUND PLC, and UNICREDIT S.A., | |
| Defendant(s). | |

**I.     INTRODUCTION**

This securities class action has three different issuer defendants: Bank Medici, which issued the Herald USA Fund and Herald Luxemburg Funds (collectively, "Herald Funds"); Pioneer Alternative Investments ("Pioneer") which issued the Primeo Select Fund and Primeo Executive Fund (collectively, "Primeo Funds"); and Genevalor, Benbassat & Cie, which promoted the Thema International Fund plc, ("Thema Fund"). Recognizing that at least one plaintiff who had purchased securities from each issuer would need to be appointed co-lead plaintiff, Repex Ventures S.A. originally moved in *Repex Ventures S.A. v. Madoff, et al.*, No. 09 Civ. 289, (S.D. N.Y., filed Jan. 12, 2009) to serve as co-lead plaintiff with Radovan Fijember as part of the Repex Group. Repex invested $700,000 in the Herald (LUX) U.S. Absolute Return Fund and Radovan Fijember invested $133,617.85 in the Primeo Executive Fund during the class period. The Repex Group did not contain any investors who purchased securities from Pioneer.

Dr. Cabilly, who suffered a $3,665,200 loss as a result of his investment in Primeo also moved to be appointed lead plaintiff in *Repex Ventures S.A. v. Madoff*. Recognizing that Dr. Cabilly had suffered the largest losses of the Primeo investors, the Repex Group disbanded. However, Repex is still seeking to be appointed co-lead plaintiff to represent Herald purchasers, same as it always has been.

Per the Court's Endorsement of March 12, 2009 (Docket Entry #9), the May 4, 2009 deadline for application for appointment as lead plaintiff in the *Leonhardt* action was undisturbed. Both Repex and a new movant, the Foxton Group, moved to be appointed lead plaintiffs in the *Leonhardt* Action. The Foxton Group has as its members investors who purchased securities from each of the three issuers--Bank Medici, Pioneer, and Genevalor,

Benbassat & Cie. However, as shown by Repex's Opposition to the Foxton Groups' Motion, the only member of the Foxton Group who suffered the largest losses caused by one of the three issuers is Neville Seymour Davis ("Davis"), who claims to have losses of $1,131,441.20 from his purchases in the Thema Fund. *See* Certification of Proposed Lead Plaintiff Neville Seymour Davis, attached as Exhibit "A" to Declaration of Gregory B. Linkh in Support of the Foxton Group's Motion to Consolidate, To Be Appointed Lead Plaintiff and for Approval of its Selection of Lead and Liaison Counsel (hereinafter, the "Davis Cert."). Repex believes it is appropriate for this Court to appoint Davis as co-lead plaintiff to represent Thema Fund purchasers. As Dr. Cabilly has suffered a $3,665,200 loss as a result of his investment in Primeo, he should be appointed co-lead plaintiff to represent the investors in Pioneer's Primeo Funds. And completing the tri-lead plaintiff structure, Repex, with its $700,000 in losses due to its investment in the Herald Funds, should be appointed co-lead plaintiff to represent the purchasers of Bank Medici's Herald Funds.

## II. ARGUMENT

### A. All of the Lead Plaintiff Motions are Timely

Oddly, Dr. Cabilly continues to deny the existence of the Court's Endorsement of March 12, 2009 (Docket Entry #9), which left the May 4, 2009 deadline for application for appointment as lead plaintiff in the *Leonhardt* action undisturbed. Dr. Cabilly has not moved the Court to reconsider its Order. Nor has he sought relief from the Second Circuit. Instead, Dr. Cabilly continues to argue, contrary to the Court's March 12 Order, that both Repex and the Foxton Groups' motions are untimely. This argument is absurd. While Dr. Cabilly may disagree with

the Court's order, he cannot simply ignore its existence and claim that acts done in full compliance of the Court's order are untimely.

**B.      Different Co-Lead Plaintiff Should be Appointed to Represent Purchasers From Each Issuer**

Dr. Cabilly has been unable to cite to a single case where a sole lead plaintiff has been appointed to represent purchasers of securities from different issuers. That is because such a case does not exist. Instead, investors who purchased securities from one issuer do not have standing to represent purchasers who purchased from a different issuer. *Ont. Pub. Serv. Emples. Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 31 (2d Cir. 2004). In *Nortel* the district court held that the JDS shareholders did not have standing to sue because they did not purchase or sell any Nortel stock. 369 F.3d at 31. The Second Circuit upheld the dismissal, holding that investors do not have standing to sue under Section 10(b) and Rule 10b-5 when the company whose securities they purchased is negatively impacted by the material misstatement of another company, whose securities they do not purchase. 369 F.3d at 34. The same reasoning holds true in the present case.

Furthermore, different lead plaintiffs have already been appointed to represent investors who purchased securities from different issuers of Madoff feeder funds. As show on the chart on the following page, each separate issuer has had either lead or co-lead plaintiffs appointed to represent their investors. Simply because this suit has three different issuers is no reason to appoint a single investor who did not purchase securities from each issuer as the sole lead plaintiff. Following Dr. Cabilly's argument to its logical conclusion, all of the Madoff cases should be consolidated, and a sole investor appointed lead plaintiff of the consolidated action. Of course, this makes no sense, and is completely unworkable.

3

| Madoff Feeder Fund Cases | | | |
|---|---|---|---|
| **Action** | **Feeder Funds** | **Advisors** | **Lead Plaintiff and Lead Counsel** |
| *Inversiones Mar Octava Limitada, et al. v. Banco Santander S.A., et al.*, No. 09cv20215 | Optimal Multiadvisors, Ltd. and Optimal Strategic US Equity Ltd. | Optimal Investment Services, S.A. Marketed by Banco Santander S.A. thru Bankco Santander International (U.S.) | Santander Investor Group by Labaton Sucharow LLP and Coughlin Stoia Geller Rudman & Robbins LLP |
| *In re J. Ezra Merkin and BDO Seidman Securities Litigation*, No. 08cv10922 (S.D.N.Y. filed Dec. 16, 2008) | Limited Partnership interests in Ascot Partners, L.P. | J. Ezra Merkin | Co-Lead Plaintiffs New York Law School and Scott Berrie by Abbey Spanier Rodd & Abrams, LLP |
| *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08cv111212 (S.D.N.Y. filed Dec. 23, 2008) | American Masters Broad Market Prime Fund, L.P. | Tremont Group Holdings, Inc. | Securities Action: Lead Plaintiffs Arthur M. Brainson, Yvette Finkelstein, and Group Defined Pension Plan by Bernstein Liebhard LLP |
| *Newman, et al. v. Family Management Corporation, et al.*, No. 08cv11215 (S.D.N.Y. filed Dec. 23, 2009) | Limited Partnership interests in FM Low Volatility Fund, L.P. | Family Management Corporation | Both actions coordinated for pre-trial purposes |
| *Wolff Living Trust et al v. FM Multi-Strategy Investment Fund, L.P. et al.*, No. 09cv1540 (S.D.N.Y. filed Feb. 19, 2009) | Limited Partnership interests in FM Multi-Strategy Investment Fund, L.P. | Family Management Corporation | |

| Action | Feeder Funds | Advisors | Lead Plaintiff and Lead Counsel |
|---|---|---|---|
| *In re Beacon Associates Litigation*, No. 09cv0777 (S.D.N.Y. filed Jan. 27, 2009) | Beacon Associates LLC I | Beacon Associates Management Corp. | Pipe Trades Group by Lowey Dannenberg Cohen & Hart P.C. |

Finally, there is no requirement that this Court appoint a single investor as lead plaintiff. Instead, courts in this district have the authority to appoint co-lead plaintiffs to represent investors who purchase the same securities from the *same issuer*, never mind when different securities from different issuers are involved. In *Metro Servs. v. Wiggins*, 158 F.3d 162, (2d Cir., 1998) the Second Circuit dismissed an appeal by the lead plaintiff movant with the largest losses challenging an order appointing three co-lead plaintiffs. *Id.* at 164. The Second Circuit dismissed the appeal because, same as this Court should do, the district court reserved the right to alter the lead plaintiff structure "at any time and for any reason, and will do so if it finds that the progress of the litigation is being delayed, that expenses are being unnecessarily enlarged, or if the structure established proves detrimental, in any way, to the best interests of the proposed class." *Id.* at 165.; *See also Davidson v. E*Trade Fin. Corp.*, No. 07 Civ 10400, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008)(group of 3, along with additional individual appointed co-lead plaintiffs); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(appointing three co-lead plaintiffs and noting that diverse representation ensures that the interests of all class members will be adequately represented).

## III. CONCLUSION

This case requires three different co-lead plaintiffs to represent purchasers. This Court should appoint Davis of the Foxton Group as co-lead plaintiff to represent Thema Fund investors, Dr.

Cabilly to represent investors in Pioneer's Primeo Funds, and Repex to represent purchasers of Bank Medici's Herald Funds.

Dated: June 1, 2009

Respectfully submitted,

**STULL, STULL & BRODY**

By:     s/ Timothy J. Burke
Timothy J. Burke (Admitted *Pro Hac Vice*)
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA 90024
Tel: 310-209-2468
Fax: 310-209-2087

**STULL, STULL & BRODY**
Jules Brody (JB-9151)
Patrick K. Slyne (PS-1765)
6 East 45th St.
New York, NY 10017
Tel: 212-687-7230
Fax: 212-490-2022

*Counsel for Movant Repex Ventures, S.A. and Proposed Lead Counsel For Plaintiffs and The Class*

# CERTIFICATE OF SERVICE

I hereby certify, this 1st day of June, 2009, that I caused a true and correct copies of the **REPEX VENTURES, S.A.'S REPLY MEMORANDUM OF POINTS AND UTHORITIES IN SUPPORT OF ITS MOTION TO BE APPOINTED LEAD PLAINTIFF** to be served via First Class Mail on all parties listed on the attached service list.

Dated:  June 1, 2009                    **STULL, STULL & BRODY**


By:      s/ Timothy J. Burke
Timothy J. Burke (Admitted *Pro Hac Vice*)
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA  90024
Tel:    310-209-2468
Fax:    310-209-2087

**SERVICE LIST**

William P. Hammer, Esq.
ERNST & YOUNG LLP
5 Times Square
36th Floor
New York, NY 10036-6530
Tel:   (212) 773-3865
Fax:   (212) 773-3928

Lawrence J. Zweifach, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel:             (212) 351-2625
Direct Fax:   (212) 351-6225

William J. O'Brien, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, NY 10036-6522
Tel:   (212) 735-3000
Fax:   (917) 777-4128

Steven J. Toll
Daniel S. Sommers
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel:   (202) 408-4600
Fax:   (202) 408-4699

Catherine A. Torell
COHEN MILSTEIN SELLERS & TOLL PLLC
150 East 52nd Street
30th Floor
New York, NY 10022
Tel:   (212) 838 7797
Fax:   (212) 838-7745

Samuel H. Rudman
David A. Rosenfeld
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
58 South Service Road
Suite 200
Melville, NY 11747
Tel:   (631) 367-7100
Fax:   (631) 367-1173

Sabrina E. Tirabassi
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DOUGLAS WILENS
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809
Tel:   (561) 750-3000
Fax:   (561) 750-3364

Frank A. Bottini
JOHNSON BOTTINI, LLP
655 W. Broadway
Suite 1400
San Diego, CA 92101
Tel:   (619) 230-0063
Fax:   (619) 233-5535

Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Tel:   (972) 36078888
Fax:   (972) 36078889