```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/10
```

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

RECEIVED MAR 15 2010 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
212-735-4132
DIRECT FAX
917-777-4132
EMAIL ADDRESS
SUSAN.SALTZSTEIN@SKADDEN.COM

**MEMO ENDORSED**

March 15, 2010

*Conference scheduled for 3/30 at 9am.*

SO ORDERED:
Date: 3/15/10

Richard M. Berman, U.S.D.J.

**By Hand**

Hon. Richard M. Berman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *In re: Herald, Primeo and Thema Funds Securities Litigation*, Master File No. 09 Civ. 289 (RMB) (HBP)

Dear Judge Berman:

We represent defendant Pioneer Alternative Investment Management Ltd. ("PAI") in the above-captioned matter[1] It has come to our attention that the scheduling stipulation made between plaintiff Neville Seymour Davis and defendants PriceWaterhouseCoopers International Ltd. and PricewaterhouseCoopers LLP (together, "PwC") in subdocket number 09 Civ. 2558 (RMB) (the "Thema Action"), which the Court modified and entered on March 12, 2010 (the "Stipulation"), directly contravenes representations made on the record on November 12, 2009, is inconsistent with agreements made with PAI and, most critically, threatens to render this consolidated case unmanageable. Accordingly, we request that the Stipulation (attached hereto) be vacated or amended.

---

[1] In submitting this letter, PAI reserves all of its rights, including the right to challenge the jurisdiction or venue of the Court.

By way of background, on October 5, 2009, this Court granted various plaintiffs' motions to consolidate Perrone v. Benbassat, 09 Civ. 2558 (as amended, referred to herein as the Thema Action), Repex Ventures v. Madoff, 09 Civ. 289, and Leonhardt v. Madoff, 09 Civ. 2032. PAI was a defendant in all three cases. In the consolidation order, the Court directed, "*[l]ead counsel are to coordinate their efforts so as to avoid any duplication of effort and/or unnecessary expense.*" (Emphasis added.)

Before the last in-court conference in this case, we were asked by lead plaintiffs' counsel not to oppose plaintiffs' proposed requests for a more than *ninety* day extension of time to file their amended complaint(s) and *sixty* day extension of time to effect service. We agreed, and it was represented to us that plaintiffs would seek a uniform response date for all defendants to respond to the Amended Complaint(s) a reasonable time after service of process had been effected on *all* defendants.

In the wake of this, in open court on November 12, 2009, Timothy Burke of Stull, Stull & Brody – the only counsel to speak substantively for lead plaintiffs – stated without objection:

> [W]hat we . . . wanted to put forward before the Court is us having 90, an additional 90 days [from today] to file an amended complaint and then doing service under the Hague Convention and under Austrian law and . . . [a]t the end, *when everyone is served successfully, that is when we want the time to run for – once everyone is served, we would like to get together with defendants who have been served and their counsel and come up with some sort of a briefing schedule, because we don't want people who have been served to file motions to dismiss serially with the Court. We want to hold off the filings of motions to dismiss until one day when everybody is served.*

(See attached Transcript, at *3 (emphasis added).)

Despite the foregoing, on March 11, 2010, lead plaintiff in the Thema Action filed the Stipulation purporting to establish a May 26, 2010 response date in that portion of the case – without waiting for "everyone [to be] served" and without "get[ting] together with defendants who have been served and their counsel [and]

attempting to come up with . . . a briefing schedule." (We learned of the stipulation only after it had been filed.) As "so ordered" on March 12, 2010, the Stipulation purports to govern "all defendants" in the Thema Action.

As entered, the Stipulation places the Thema portion of this consolidated case on a different schedule than the other two-thirds of the case – in direct contravention to the Court's previous order that the cases be "coordinated." Further, the schedule prejudices those defendants who have not yet been served, as they will have significantly less time to retain counsel, formulate their defenses and act in a coordinated manner, as requested by the Court. Having himself taken more than four months from the date of the consolidation order to file an amended complaint (and eleven months from the filing of the original complaint), the Stipulation seeks to squeeze the Thema Action defendants' response time to a matter of weeks.

Moreover, the Stipulation only addresses pleading-based motions to dismiss – and not jurisdictional motions – even though the Thema plaintiff is well aware that such motions will be forthcoming, as he has chosen to sue in a United States court foreign defendants on behalf of foreign investors in respect to foreign-based facts. Indeed, the stipulation for extension of time PAI entered into with respect to the initial complaint in the Thema Action explicitly preserved PAI's "objections . . . to the jurisdiction or venue of the Court[.]"

One reason we believed these actions were ripe for consolidation and coordination was specifically to avoid having three different complaints prosecuted against more than forty defendants located all over the world (some named in more than one complaint), each on its own competing schedule, and with each defendant possibly tethered to a different schedule within each case. But the Thema plaintiff's Stipulation threatens to undermine those goals.

We believe that a more reasonable and organized way to proceed is as follows: First, the lead plaintiffs in all three subdocketed cases should coordinate and select a single date certain by which they will have completed service on all defendants they wish to serve. Second, all of the defendants served by that date (virtually all of which will be located abroad) should have ninety days thereafter to answer, move against (on any ground) or otherwise respond to the amended consolidated complaints in which they are named.

In light of the foregoing, we respectfully submit that the Stipulation so-ordered on March 12, 2010, should be vacated or amended to conform with the proposal in the previous paragraph. We are available to discuss these issues at the Court's convenience.

Respectfully,

*Susan J. Saltzstein/ij*

Susan L. Saltzstein

Enc(s).

cc: All counsel of record (by e-mail)