# STULL, STULL & BRODY
COUNSELORS AT LAW

10940 WILSHIRE BLVD
23RD FLOOR
LOS ANGELES, CA 90024
(310) 209-2468
TELECOPIER: (310) 209-2087

## MEMO ENDORSED
## P1·3

6 EAST 45TH STREET
NEW YORK, NY 10017
(212) 687-7230
TELECOPIER: (212) 490-2022

October 20, 2010



RECEIVED
OCT 21 2010
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

**VIA FEDERAL EXPRESS**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 21D
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10-22-10
```

Re:  *In re Herald, Primeo, and Thema Fund Secs. Litig.*,
Case No. 09-cv-00289 (RMB)

Dear Judge Berman:

I represent Lead Plaintiff Repex Ventures, S.A. in the above entitled consolidated securities class action. I write to request a pre-motion conference for plaintiffs' anticipated Ex-parte Application for an Order Directing an Alternative Means of Service. Plaintiffs are seeking an order allowing them to serve Defendant Sonja Kohn via service on her attorney, Isaac M. Neuberger, Esq., of Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., located in Baltimore, Maryland.

Federal Rule of Civil Procedure 4(f)(3) authorizes the Court to direct alternate means of effecting service on an individual in a foreign country provided that such means are not prohibited by international agreement. See Fed. R. Civ. P. 4(f)(3). Article 1 of the Hague Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Accordingly, if the address of the person to be

The Honorable Richard M. Berman
October 20, 2010
Page 2 of 3

served is not known, service under Rule 4(1)(1) is not possible. This describes the precise circumstances of the instant case. Plaintiffs have been unable to locate Defendant Kohn's current address. Plaintiffs have tried to serve her at her business address in this District, with no success. Plaintiffs' counsel cannot locate her using Lexis searches or internet searches. Plaintiffs' private investigators also cannot find her.

Courts have authorized service of process upon a defendant's attorney where the defendant has been in communication with the attorney. *See, e.g., RSM Prod. Corp. v. Fridman*, at *6 (S.D.N.Y. Aug. 10, 2007)(holding that court-ordered service on defendant's attorney pursuant to Rule 4(f)(3) was proper); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641, 2005 U.S. Dist. LEXIS 4741, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (same).

Mr. Neuberger has been in contact with Ms. Kohn. Mr. Neuberger contacted my firm's New York office to discuss this case on behalf of Defendant Kohn. I in turn spoke with Mr. Neuberger during the weekend of January 31, 2009. During our conversation he told me that he represented Ms. Kohn in some of the European actions against her. He also told me that he would represent her in the present action. In response to his claim to represent Ms. Kohn, I sent him the letter attached hereto as Exhibit "1" along with a Summons and Complaint, asking him to accept service for Ms. Kohn. He did not do so. Additionally, on March 17, 2010, service on Ms. Kohn was made at her 9 Dolson Rd. Monsey, New York address. Nathan D. Adler, an attorney from Mr. Nueberger's firm, wrote Lead Plaintiff's Counsel S. Douglas Bunch and mailed back the Summons served at 9 Dolson Road. Mr. Adler's letter stated that Ms. Kohn had no interest in that property, did not reside there, and no one there was authorised to accept

service for her. A copy of that letter is attached as Exhibit "2."

Obviously Mr. Nueberger is in contact with Ms. Kohn. He told me he represents her in the related European actions and would represent her in this action. Additionally, his firm sent a letter on her behalf to Mr. Bunch and returned the Summons served at 9 Dolson Rd. Thus, service on Mr. Neuberger should be ordered.

The order should be granted via ex-parte application, instead of via a noticed motion. Defendant Kohn has not appeared in this action and none of the co-defendants in this action have standing to assert claims on behalf of her. *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006); *S.E.C. v. Lines*, No. 07 Civ. 11387, 2009 U.S. Dist. LEXIS 69855, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (properly-served defendants do not have standing to oppose substitute service on unserved defendants).

Plaintiffs respectfully suggest that the motion conference be held during the November 16 Status Conference.

Respectfully yours,

Timothy J. Burke

TJB/mlj

cc: Isaac M. Neuberger, Esq. (via Federal Express)
Nathan D. Adler, Esq. (via Federal Express)
All Counsel (via email)

Z:\STULL\BANKMEDICI\COR\Judge Berman 06.wpd

---

**We will discuss this issue at the status conference on 11/16/10.**

SO ORDERED:
Date: 10/22/10

Richard M. Berman, U.S.D.J.