

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/10

**RECEIVE** OCT 27 2010 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

**MEMO ENDORSED**

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

We can discuss Defendant Ernst & Young's proposed motion at the status conference on 11/16/10.

SO ORDERED:
Date: 10/27/10
Richard M. Berman, U.S.D.J.

October 27, 2010

Richard A. Martin
(212) 506-5135
rmartin@orrick.com

**BY HAND**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  In re Herald, Primeo and Thema Funds Securities Litigation  09 cv 2032
     This Document Relates to Repex Ventures, S.A., etc. v. Bernard L. Madoff, et al.,
     Civil Action No. 09 Civ. 289 (RMB) (HBP)

Dear Judge Berman:

On behalf of defendant Ernst & Young S.A. ("EY Lux"), we write in reply to plaintiffs' letter to the Court dated October 26, 2010, sent in response to our request for a pre-motion conference.[1] Plaintiffs agree that the Court should hold a pre-motion conference on November 16, 2010, but object to having the parties submit short letter-briefs to address the import of Morrison in advance of the conference. Notably, plaintiffs' opposition completely fails to address the fact that the Supreme Court's decision has foreclosed their Section 10(b) claim against EY Lux—the only claim asserted against it—and instead makes a series of procedural objections designed to delay the prompt resolution of the matter. EY Lux respectfully submits that because plaintiffs no longer have a good faith basis to assert a Section 10(b) claim against EY Lux, this Court should dismiss the claim without subjecting EY Lux to the expense and delay of engaging in a full round of formal briefing involving a potentially wide array of issues. Several courts

---

[1]  EY Lux is an audit firm organized under Luxembourg law, and is a member firm of Ernst & Young Global Limited ("EYG"), a UK private company limited by guarantee. Each of EY Lux, EYG and its member firms is a separate and independent legal entity and has no liability for another such entity's acts or omissions.



**ORRICK**

October 27, 2010
Page 2

have dismissed Section 10(b) claims pursuant to Morrison without the need for formal briefing on a motion to dismiss, as this Court should do here.[2]

Plaintiffs also object to EY Lux's request, suggesting that they will not have sufficient time to analyze EY Lux's argument on an expedited basis. Their letter fails to note, however, that EY Lux made a written request articulating the basis for its request for a voluntary dismissal on September 29, 2010, nearly one month ago and almost seven weeks in advance of the November 16, 2010 conference. The Court should reject plaintiffs' transparent attempt to delay a prompt resolution of the claims, and allow the parties to address this issue in advance of the November 16, 2010 conference.

Respectfully submitted,

*Richard A. Smith*

Richard A. Martin

cc:   Counsel of Record (via e-mail)

---

[2] Stackhouse v. Toyota Motor Co., No. 10-cv-0922-DSF-AJW, 2010 WL 3377409, at *1-2 (C.D. Cal. July 16, 2010) (addressing Morrison in the context of appointing lead plaintiffs); Tradex Global Master Fund SPC Ltd. v. Inder Rieden, 09-cv-06395-GBD, at *2 (S.D.N.Y. July 23, 2010) (addressing Morrison in the context of denying plaintiffs' motion for leave to amend); Cornwell v. Credit Suisse Group, No. 08 civ. 3758 (VM), 2010 WL 3069597, at *2-6 (S.D.N.Y. July 27, 2010) (addressing Morrison in response to argument made via letter-brief); Terra Sec. ASA Konkursbo v. Citigroup, Inc., No. 09 Civ. 7058 (VM), 2010 WL 3291579, at *4-5 (S.D.N.Y. Aug. 16, 2010) (claims voluntarily dismissed after Morrison raised during telephonic conference); In re Alstom SA Sec. Litig., 03 Civ. 6595 (VM), 2010 WL 3718863, at *2-3 (S.D.N.Y. Sept. 14, 2010) (order to show cause issued requiring plaintiffs to explain why Morrison does not foreclose claims); Anwar v. Fairfield Greenwich, Ltd., No. 09 Civ. 0118 (VM), 2010 WL 3341636, at *18-19 (S.D.N.Y. Aug. 18, 2010) (during conference call with court, parties ordered to address Morrison in letter-briefs).