LAW OFFICES
# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/10

(WRITER'S DIRECT LEGAL RO.)
(410) 332-8584

(DIRECT FAX NO.)
(410) 332-8561

RECEIVED
NOV 03 2010
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

November 2, 2010

**VIA FEDERAL EXPRESS**

The Honorable Richard M. Berman
United States District Court
 for the Southern District of New York
500 Pearl Street
Courtroom 21D
New York, New York 10007-1312

    Re:    *In re Herald, Primeo, and Phema Fund Secs. Litig.*,
          Case No: 09-CV-00289 (RMB)

See FRCP for rules re: appearance, reservation of rights to challenge jurisdiction, etc.

SO ORDERED:
Date: 11/3/10
Richard M. Berman, U.S.D.J.

Dear Judge Berman:

We are in receipt of the letter written to the Court by Timothy J. Burke, representing Lead Plaintiff, Repex Ventures, S.A. (**"Repex"**), dated October 20, 2010 (hereinafter "**Repex's Letter**"). In Repex's Letter, it seeks authority to effect service on Defendant, Sonja Kohn ("**Mrs. Kohn**"), by serving the Summons and Complaint on Isaac Neuberger, a principal in this firm. Please be advised that Mr. Neuberger is not authorized to accept service for Mrs. Kohn, and I am writing solely for the purpose of contesting Repex's extraordinary request to serve Mrs. Kohn by this alternative means. By responding to Mr. Burke's letter, Mrs. Kohn does not waive or compromise any rights she may have to object to any purported service of process, to jurisdiction, or to venue.

Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.

Repex's Letter and the Court's Order directing that Repex's request will be discussed at the status conference on November 16th, creates a somewhat unusual posture. We respectfully request that the Court allow undersigned counsel to appear at the status conference solely for the limited purpose of addressing the alternative service request in Repex's Letter, and without waiving Mrs. Kohn's right to object to service of process, jurisdiction or venue. If the Court deems it necessary, a motion for admission *pro hac vice* could be filed beforehand, which would seek admission solely for the purpose of addressing service of process issues.[1]

As support for its request, Repex represents to the Court that, despite diligent efforts, it has been unable to determine Mrs. Kohn's address and, therefore, the Hague Convention does not apply. Repex's Letter specifically represents to the Court that "[Repex] has been unable to locate Defendant Kohn's current address . . . ]Repex]'s counsel cannot locate her using Lexis searches or internet searches [and Repex's] private investigators also cannot find her."

Repex fails to provide a scintilla of evidence -- as distinguished from conclusory and unsupported statements of counsel -- to establish its failed efforts to learn Mrs. Kohn's address. Repex does not, as one would have expected, provide any verification in support of its assertions that it made genuine efforts to serve Mrs. Kohn by traditional means, such as an affidavit from Repex's counsel or the "private investigators" who purportedly attempted to locate Mrs. Kohn.

Repex's failure to offer any proof in support of its efforts to locate Mrs. Kohn may be due to the fact that Repex's representation is false: Repex knows Mrs. Kohn's precise address. ***Over***

---

[1] The undersigned counsel has previously been admitted *pro hac vice* in the Southern District of New York in the case styled as *Inna Gudavadze, et al. v Joseph Kay, et al*, 08-Civ.-3363 (RJS). This case is currently stayed. Undersigned counsel is a member in good standing of the District Court for the District of Maryland, the Fourth Circuit Court of Appeals and the D.C. Court of Appeals, and has been for approximately 34 years.

2

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

*seventeen months ago,* Repex identified Mrs. Kohn's address in pleadings and briefs filed in various proceedings involving Mrs. Kohn in Austria.

Thus, it would seem that Repex did not offer any evidentiary support for its assertion that it has "been unable to locate Mrs. Kohn's current address" because the statement is demonstrably untrue. In fact, **Repex is fully aware of Mrs. Kohn's domicile** in Europe and Ms. Elena Shpe, who claims to be the director and beneficial owner of Repex,[2] is actually litigating a case against Mrs. Kohn in a parallel lawsuit pending against her in Austria -- the forum where all the alleged wrongful conduct occurred.[3]

Enclosed is an Affidavit from Dr. Clemens Trauttenberg, an attorney and a partner in WOLF THEISS Rechtsanwälte GmbH, Attorneys at Law, located in Vienna at Schubertring 6, 1010 Vienna, Austria. *See* Exhibit 1 (hereinafter referred to as **"Trauttenberg Affidavit at ¶ __."**) Dr. Trauttenberg has represented 2020 Medici AG, the former Bank Medici AG, its former directors and Mrs. Kohn since 2008 in connection with issues concerning the Madoff fraud, including in civil claims filed by former investors and in a criminal investigation conducted by the Vienna Public Prosecutor's office.[4]

Dr. Trauttenberg's affidavit establishes that Repex is fully aware of Mrs. Kohn's domicile in Switzerland, as follows:

---

[2] According to a "Transfer Agreement" attached to the Austrian claim against Mrs. Kohn, Repex has assigned all of its claims against Mrs. Kohn to Ms. Shpe, a resident of St. Petersburg, Russian Federation.

[3] In the Complaint filed against Mrs. Kohn in Austria, Ms. Elena Shpe alleges that she met with Mrs. Kohn in October/ beginning of November 2007 at Bank Medici's offices in Vienna, Austria.

[4] Although the plaintiffs' cookie-cutter allegations in this case, as well as in the Austrian proceedings, state their beliefs that Mrs. Kohn was somehow knowledgeable or complicit in Madoff's massive Ponzi scheme, those allegations are illogical, internally contradictory, and in no way tie Mrs. Kohn to Madoff's fraud. The reality is that not one person or entity recognized Madoff for what he was — the operator of the largest Ponzi scheme in history — until he publicly admitted his fraud.

Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.

- On or about May 12, 2009, Repex filed a private joinder to criminal investigatory proceedings in Austria involving Mrs. Kohn, in which it alleged that Ms. Elena Shpe met with Mrs. Kohn on February 3, 2008 at Mrs. Kohn's private residence in Switzerland. In that brief, Repex identified Mrs. Kohn's precise and correct address in Switzerland (*See* Trauttenberg Affidavit at ¶ 3.);

- On or about May 30, 2009, Repex filed a brief with the Austrian Financial Market Authority which included the allegation that Ms. Shpe met with Mrs. Kohn at Mrs. Kohn's private residence in Switzerland. In that brief, Repex identified Mrs. Kohn's precise and correct address in Switzerland (*See* Trauttenberg Affidavit at ¶ 4.);

- Over fifteen months ago, in a brief filed by Repex's attorney in the criminal investigatory proceedings in Austria involving Mrs. Kohn, Repex moved to secure documents from Mrs. Kohn's Swiss residence. In that brief, Repex identified Mrs. Kohn's precise and correct address in Switzerland (*See* Trauttenberg Affidavit at ¶ 6.); and

- On or about January 21, 2010, Ms. Shpe filed a parallel civil claim against Mrs. Kohn in Austria (the **"Austrian Claim"**) that alleged wrongful conduct in connection with the Madoff fraud. In this claim, which was filed by the same Attorney who also represents Repex in Austria, Ms. Elena Shpe stated that she had a meeting with Mrs. Kohn on February 2, 2008 at 2 p.m. in her private domicile in Zürich. The precise and correct address of Mrs Kohn's domicile in Switzerland is specified in this brief. The Austrian Claim is currently pending in the Commercial Court in Vienna (*See* Trauttenberg Affidavit at ¶ 5.).

*See* Exhibit 1, Affidavit of Dr. Clemens Trauttenberg. Therefore, Repex has clearly known an address for service upon Mrs. Kohn *for more than seventeen months*.

Repex has not made any effort to serve Mrs. Kohn in compliance with the Hague Convention. As a result of Repex's failure to make any reasonable attempts to serve Mrs. Kohn by traditional Rule 4(f) procedures, such as via the Hague Convention or personal service, its request for alternative service should be denied. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) ("Plaintiffs have not met their threshold requirement of reasonably attempting to effect service on defendants…. While plaintiffs state that, according to Process Forwarding International, no individuals have been served successfully in Nigeria, Uganda, or Ghana using letters rogatory, they submit no proof to

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

support that this representation actually was made and, more importantly, that its conclusion is accurate. **Plaintiffs' unsupported statements do not constitute a reasonable attempt to effectuate service that courts in this Circuit require before obtaining the Court's assistance.**") (emphasis added); *United States v. Machat*, 2009 WL 3029303 (S.D.N.Y. Sept. 21, 2009) ("In light of the Government's diligent efforts to serve Giacobbi and her efforts to resist service... service on her attorney Mr. Shaban will be authorized.");*United States v. Shehyn,* No. 04 Civ.2003, 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008) (allowing alternative means of service of process where plaintiff used "diligent efforts" to discover defendant, who had continually evaded detection); *Swarna v. Al-Awadi,* No. 06 Civ. 4880, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007) (authorizing alternative service where "plaintiff has exhausted the possibility of service under subdivision 1 of Rule 4(f)"). Here, not only has Repex failed to provide *any* evidence establishing its purported efforts to serve Mrs. Kohn via traditional Rule 4(f) procedures, it clearly has not made any such efforts because Repex is fully aware of Mrs. Kohn's domicile in Europe.

In both cases cited by Repex as support for its unusual request, the court granted the plaintiffs' request for alternative service on defendant's counsel **only after reviewing the evidence and concluding that the plaintiffs made diligent efforts** to serve the defendants by the traditional methods set forth in Rule 4(f). *See RSM Production Corp. V. Fridman*, 2007 WL 2295907, *2, 4 (S.D.N.Y. Aug. 10, 2007) ("In this case, where plaintiffs have been unable, **despite diligent efforts**, to serve the defendant in the Russian Federation according to Hague Convention procedures [after plaintiff submitted evidence showing that the Russian Federation's Central Authority is no longer processing service requests from the United States] substituted service on [defendant] through [counsel is authorized]"); *Ehrenfeld v. Salim a Bin Mahfouz,*

5

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

2005 WL 696769, *2 (S.D.N.Y. March 23, 2005) ("**Plaintiff has reasonably asserted that the Court's intervention is needed here**. First, Plaintiff does not have the option of utilizing the service means authorized by the Hague Convention because Saudi Arabia is not a party to that treaty. Second, Plaintiff has stated that it would be extremely difficult to identify someone who would be willing to attempt personal service on Defendant in Saudi Arabia. **Plaintiff submits the affidavit of the President of Process Service Network**, a firm specializing in international service of process, which supports the claim that locating a process service in Saudi Arabia is extremely difficult at the present time. Furthermore, Plaintiff's counsel states that he has been unable to locate a residence address for Defendant.... Therefore, **Plaintiff has demonstrated that the circumstances of the case necessitate the Court's intervention**.) (emphasis added).

Repex's Letter also asserts that "on March 17, 2010, service on Mrs. Kohn was made at her 9 Dolson Rd., Monsey, New York address." Yet, Repex implicitly recognizes that this effort at serving Mrs. Kohn was ineffective, since Repex requests an alternative means for serving Mrs. Kohn. As Repex notes, Nathan Adler of our Firm, returned the Summons and Complaint to plaintiffs' counsel on March 22, 2010, and advised plaintiffs' counsel that 9 Dolson Rd., Monsey, New York (the **"Property"**) was not the dwelling place and/or usual place of abode of Mrs. Kohn. In fact, Mrs. Kohn sold the Property more than three (3) years earlier, on or about January 19, 2007 (*see* Exhibit 2)[5]. Further, plaintiffs' counsel curiously waited seven (7)

---

[5] It is well-settled that service of process left at a defendant's former place of residence is insufficient. In *Triad Energy Corp. v. McNell*, 110 F.R.D. 382 (S.D.N.Y. 1986), defendants submitted sworn affidavits supporting their claim that they were residing in Colorado on the day of service. The Court stated that "[w]hether [Defendants] had ever 'resided' with [the person served] is irrelevant, since they were not residing there on the day of service." *Id.* at 386. The court noted that "[a]lthough in some instances, a temporary residence may constitute a 'usual place of abode' within the meaning of CPLR §308(2), a sense of permanency, absent here, is required." *Id.* at 386 n.6. *Cf. In re Crysen/Montenay Energy Co.*, 166 B.R. 546, 554 (S.D.N.Y.1994) (Defendant's actual notice of plaintiff's complaint is no substitute for valid service of process). *Macchia v. Russo*, 496 N.E.2d 680, 682 (N.Y. 1986) ("Notice received by

6

**NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.**

months before filing an "Affidavit of Service" with this Court on **October 18**, 2010 regarding the purported service on **March 17**, 2010 -- without disclosing to the Court that Mr. Adler had promptly returned the Summons and Complaint to plaintiffs' because Mrs. Kohn had not resided at the Property for over three years.

In short, Repex has demonstrated substantial indifference to serving Mrs. Kohn by failing to adhere to appropriate service requirements: first, by attempting to serve Mrs. Kohn at a U.S. address where she had not lived for years; then, by not making any effort to serve Mrs. Kohn under the Hague Convention; and, finally, by making misrepresentations to this Court about not knowing where Mrs. Kohn actually does reside. Repex's eleventh hour request to serve Mrs. Kohn through Mr. Neuberger -- made twenty-one months after this case was filed and less than a month before the status conference on November 16, 2010 -- should be denied because Repex failed to make any reasonable attempts to serve Mrs. Kohn by the appropriate means provided in Rule 4(f).[6]

---

means other than those authorized by statute does not bring a defendant within the jurisdiction of the court."); *Raschel v. Rish*, 504 N.E.2d 389, 390 (N.Y. 1986) ("When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents.");

[6] If Plaintiffs ever properly serve Mrs. Kohn in this case, the case should, in light of the pending parallel claim filed by Repex against Mrs. Kohn in Austria, be dismissed pursuant to the doctrines of (a) *forum non conveniens* and (b) abstention. When a foreign plaintiff chooses a U.S. forum, it "is much less reasonable" to presume that the choice was made for convenience. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). In such circumstances, "a plausible likelihood exists that the selection was made for forum-shopping reasons, such as the perception that United States courts award higher damages than are common in other countries." *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71 (2d Cir. 2001). "Even if the U.S. district court was not chosen for such forum-shopping reasons, there is nonetheless little reason to assume that it is convenient for a foreign plaintiff." *Id.* Only in rare circumstances, "where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative." *Piper*, 454 U.S. at 255 n. 22; *see also Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 453 (S.D.N.Y. 2008). Furthermore, the Court has the inherent power to dismiss or stay an action pending the resolution of a related foreign proceeding. *Continental Time Corp. v. Swiss Credit Bank*, 543 F. Supp. 408, 410 (S.D.N.Y. 1982), citing, *Landis v. North Am. Co.*, 299 U.S. 248 (1936). Generally, "[i]f because of similarity between the issues and the parties, the proceedings are duplicative, then it would promote judicial efficiency for one of the two cases not to proceed." *Aerotel, Ltd. v. IDT Corp.*, 486 F. Supp. 2d

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

            Respectfully yours,

            */s/ Price Gielen*

            Price O. Gielen

POG:pd

cc: Timothy J. Burke, Esquire
   All Counsel of Record

298621 - 4460.1

---

277, 284 (S.D.N.Y. 2007). "For two actions to be considered parallel, the parties in the actions need not be the same, but they must be substantially the same, litigating substantially the same issues in both actions." *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006).