STULL, STULL & BRODY
COUNSELORS AT LAW

**MEMO ENDORSED**

10940 WILSHIRE BLVD.
23RD FLOOR
LOS ANGELES, CA 90024
(310) 209-2468
TELECOPIER: (310) 209-2087

6 EAST 45TH STREET
NEW YORK, NY 10017
(212) 687-7230
TELECOPIER: (212) 490-2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/10

RECEIVED
DEC 23 2010
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

December 22, 2010

*Defendant Kohn or her attorney to respond by 1/5/11. We will discuss these issues at the 1/10/11 status conference.*

SO ORDERED:
Date: 12/23/10
Richard M. Berman, U.S.D.J.

**VIA FEDERAL EXPRESS**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 21D
New York, NY 10007-1312

Re:   *In re Herald, Primeo, and Thema Fund Secs. Litig.*,
      Case No. 09-cv-00289 (RMB)

Dear Judge Berman:

We represent Lead Plaintiff Repex Ventures, S.A. ("Repex") in the above entitled consolidated securities class action. We write to request that the Court hold a conference for two contemplated motions at the January 10 Status Conference. The first motion is for an order allowing plaintiffs to serve Defendant Sonja Kohn via service on her attorney of record. Repex is being joined in this request by the other Co-Lead Plaintiffs in the consolidated action, Dr. Shmuel Cabilly and Neville Seymour Davis.

Repex also requests the Court hold a pre-motion conference for Repex's contemplated motion to file a second amended complaint. Repex is not being joined by the other plaintiffs in this request.

The reason for serving Ms. Kohn via service on her attorney is quite simple–Swiss authorities are unable to serve Ms. Kohn at the Zurich address provided by her counsel. As the Court recalls, it has already held a pre-motion conference on this issue.

Z:\STULL\BANKMEDICI\COR\JUDGE BERMAN 09C.DOC

The Honorable Richard M. Berman
December 22, 2010
Page 2 of 3

In response to Repex's initial conference request, on November 2 Ms. Kohn's attorney, Mr. Gielen, wrote an eight page letter to the Court claiming that there was no reason to grant Repex's request. Mr. Gielen claimed Repex knew that Ms. Kohn resided in Zurich, and plaintiff had not attempted to serve her there. Not only did Ms. Kohn's attorney claim via letter that Ms. Kohn could be served in Zurich, but he also repeated these representations during the November 16 Conference.

> MR. GIELEN: In the Austrian filings [Repex] identified [Ms. Kohn's] Swiss address, and [] said that Ms. Shepp, the owner of Repex, met with [Ms. Kohn ] 21 months ago at her Swiss address. [Repex] then in two other filings identified that Swiss address.
> THE COURT: So, is that the proper address to serve her in Switzerland, at that address?
> MR. GIELEN: Yes, your Honor.
> THE COURT: That is it.

Given Mr. Gielen's multiple representations to the Court that Ms. Kohn could be served in Zurich, plaintiffs tabled their request to serve her through Mr. Gielen. Prior to her attorney's representations, there was no evidence Ms. Kohn could be served in Zurich. Ms. Kohn maintains multiple residences around the world, located in Austria, Switzerland, and Israel, among other places, and news reports indicated that Ms. Kohn was in hiding and could not be located. However, because of Mr. Gielen's many assurances that Ms. Kohn could be served in Zurich, Repex attempted to serve her there.

However, Ms. Kohn's attorney was misrepresenting the facts when he assured the Court that Ms. Kohn could be served in Zurich. The clerk assigned by the Supreme Court of the Canton of Zurich to serve Ms. Kohn reported that after five attempts over a period of several weeks, he is unable to serve anyone at the Zurich address Mr. Gielen claimed was Ms. Kohn's active address. *See*

The Honorable Richard M. Berman
December 22, 2010
Page 3 of 3

Attached Exhibit 1. The clerk also reported that the property appeared vacant, as there were no tracks in the snow and the mail box had not been emptied for some time.[1] *Id.*

In sum, the Zurich address is deserted and Mr. Gielen has led plaintiffs on an expensive wild goose chase. Given that Ms. Kohn cannot be served in Zurich, plaintiffs seek another pre-motion conference for a motion to serve her attorney.

Repex also seeks a pre-motion conference for a motion for leave to file a second amended complaint. While the Court has stated there will be no further amendments, numerous additional facts have come to light since the current complaint was filed in February. Many of these facts were revealed for the first time in the twenty complaints filed by the Madoff Bankruptcy Trustee during the last three weeks. In addition to these newly revealed facts, Repex also seeks to amend due to the Supreme Court's decision in *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010). *See SEC v. Goldman Sachs & Co.*, No. 10 Civ. 3229, 2010 U.S. Dist. LEXIS 118861, at *1 (S.D.N.Y. Nov. 1, 2010) ("In view of the fact that *Morrison* was decided after the complaint was filed in this action, Plaintiff's request for leave to file an amended complaint is granted").

Respectfully yours,

Timothy J. Burke

TJB/mlj

cc:    All Counsel (via email)

---

[1] As indicated in Exhibit A, Swiss law provides that this Court may deem service effective under Swiss law based on the efforts to serve Ms. Kohn at the provided address if it is evident that Ms. Kohn is avoiding service. Plaintiffs' motion will also request in the alternative that the Court deem service effective under this Swiss law.

Z:\STULL\BANKMEDICI\COR\JUDGE BERMAN 09C.DOC

# Obergericht des Kantons Zürich



Internationale Rechtshilfe
Hirschengraben 13/15
Postfach 2401, 8021 Zürich
Schweiz
Telefon: +41 44 257 91 91
E-Mail: rechtshilfe@gerichte-zh.ch

Timothy J. Burke, Esq.
Stull, Stull & Brody, Counselors-at-Law
10940 Wilshire Boulevard, 23rd Floor
Los Angeles
CA 90024
United States of America

**Our case no. WR101360**
(Please repeat this reference in any reply)

Zürich, December 21, 2010

| | |
|---|---|
| **Your request dated:** | **November 17, 2010**[1] |
| **In the Matter:** | **Repex Ventures S.A. vs. Herald (LUX) et al.** |
| **Concerning:** | **Breach of fiduciary duty etc.** |
| **Your case no.:** | **09 CIV 289** |

Dear Mr. Burke,

Please find enclosed the original and the duplicate of documents in the case mentioned above. The documents could not be served physically upon Ms Sonja Kohn despite several attempts made by the competent clerk office of Zurich's second district (Stadtammannamt Zürich 2).

The clerk office states in its letter dated December 20, 2010, that following attempts were made: on November 26, 2010, on December 6, 2010, on December 9, 2010, on December 14, 2010, and on December 17, 2010.[2]

According to the competent clerk, neither Ms Sonja Kohn, nor her husband could be reached. Their house at 'Katharinenweg 4, 8002 Zurich, Switzerland' seems to be temporary unoccupied by its residents, the mail box has not been emptied in a while, no usual traces in the snow were detected around the building during the attempts of service.

The Zurich Court Constitution (Zürcher Gerichtsverfassungsgesetz GVG) states in paragraph 179:[3]

---

[1] Date of entry at the Supreme Court of the Canton of Zurich: November 22, 2010.
[2] See copy of the cost accounting enclosed including the dates.

- 2 -

§ 179. ¹ Kann die Vorladung nicht zugestellt werden, wird die Zu-    d. Gescheiterte
stellung wiederholt.    Zustellung

² Die Vorladung gilt als zugestellt, wenn der Adressat die Zustellung schuldhaft verhindert.

Unofficial translation from German to English:

§ 179. ¹ The service (of documents) shall be repeated if the summons can not be served.

² The service (of documents) can be considered as successful if the addressee prevents it culpably (deliberately).

As mentioned above, the document *could not be served physically* upon Ms Sonja Kohn. To what extent the legal statement of paragraph 179 of the Zurich Court Constitution can be considered as decisive for the question whether the service was successful or not, can only be judged by the requesting court in the United States of America itself within the framework of that particular action.

We hope this information meets your requirements. Do not hesitate to contact us in case of any further question. Thank you for your cooperation and courtesy.

Yours sincerely,

Tom Simasek

Supreme Court of the Canton of Zurich
International Legal Assistance

---

[3] Please notice that the Zurich Court Constitution, as well as all other cantonal (state) codes of civil procedure will be replaced by a unique federal code of civil procedure (Zivilprozessordnung ZPO) as of January 1, 2011. This new code of civil procedure basically says that a service can be considered as successful even after the first attempt if the addressee prevents it deliberately.

| **Attestation** | **CERTIFICATE** | *Zustellungszeugnis* | Attestazione |
|---|---|---|---|

L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de la dite Convention,
THE UNDERSIGNED AUTHORITY HAS THE HONOUR TO CERTIFY, IN CONFORMITY WITH ARTICLE 6 OF THE CONVENTION,
*Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,*
L'autorità sottoscritta si pregia attestare in conformità all'art. 6 di detta Convenzione,

Supreme Court of the Canton of Zurich
International Legal Assistance
(Please mention this reference in any reply)

1. que la demande a été exécutée[1]     THAT THE DOCUMENT HAS BEEN SERVED[1]
   *dass das Ersuchen erledigt worden ist[1]*   che la domanda è stata eseguita[1]

   **WR 1 0 1 3 6 0**

   - le (date)   THE (DATE)   - *am (Datum)*   - il (data)
   - à (localité, rue, numéro)   - AT (PLACE, STREET, NUMBER)
   - *in (Ort, Strasse, Nummer)*   - a (località, via, numero)

   - dans une des formes suivantes prévues à l'article 5:   - IN ONE OF THE FOLLOWING METHODS AUTHORISED BY ARTICLE 5:
   - *in einer der folgenden Formen nach Artikel 5:*   - in una delle seguenti forme previste dall'articolo 5:

   a)  - selon les formes légales (article 5, alinéa premier, lettre a)[1].
       - IN ACCORDANCE WITH THE PROVISIONS OF SUB-PARAGRAPH (A) OF THE FIRST PARAGRAPH OF ARTICLE 5 OF THE CONVENTION[1].
       - *in einer der gesetzlichen Formen (Art. 5 Abs. 1 Bst. a)[1]*
       - secondo le forme di legge (art. 5 comma 1 lett. a)[1].

   b)  - selon la forme particulière suivante[1]:
       - IN ACCORDANCE WITH THE FOLLOWING PARTICULAR METHOD[1]:
       - *in der folgenden besonderen Form[1]:*
       - secondo la forma particolare seguente[1]:

   c)  - par remise simple[1].   - BY DELIVERY TO THE ADDRESSEE, WHO ACCEPTED IT VOLUNTARILY[1]
       - *durch einfache Übergabe[1].*   - mediante semplice consegna[1].

Les documents mentionnés dans la demande ont été remis à:
THE DOCUMENTS REFERRED TO IN THE REQUEST HAVE BEEN DELIVERED TO:
*Die in dem Ersuchen erwähnten Schriftstücke sind übergeben worden an:*
I documenti di cui alla domanda sono stati consegnati a:

- (Identité et qualité de la personne):   (IDENTITY AND DESCRIPTION OF PERSON):
- *(Name und Stellung der Person):*   - (identità e qualità della persona):

- liens de parenté, de subordination ou autres, avec le destinataire de l'acte:
- RELATIONSHIP TO THE ADDRESSEE (FAMILY, BUSINESS OR OTHER):
- *Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:*
- rapporto di parentela, di subordinazione od altro, con il destinatario dell'atto:

[redacted]

THAT THE DOCUMENT HAS NOT BEEN SERVED, BY REASON OF THE FOLLOWING FACTS[1]:
*dass das Ersuchen aus folgenden Gründen nicht erledigt werden konnte[1]:*
che la domanda non è stata eseguita, per i seguenti motivi[1]:

**Five attempts made by the competent clerk office of Zurich's district 2 to serve the documents physically upon the addressee failed. Please see the letter dated December 21, 2010, for further information.**

Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint[1].
IN CONFORMITY WITH THE SECOND PARAGRAPH OF ARTICLE 12 OF THE CONVENTION, THE APPLICANT IS REQUESTED TO PAY OR REIMBURSE THE EXPENSES DETAILED IN THE ATTACHED STATEMENT[1].
*Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten[1].*
In conformità all'articolo 12 comma 2 di detta Convenzione, il richiedente è pregato di pagare o rimborsare le spese indicate dettagliatamente nella memoria allegata[1].

Annexes: ANNEXES: *Beilagen:* Allegati:

Pièces renvoyées:   DOCUMENTS RETURNED:
*Zurückgesandte Schriftstücke:*   Se del caso, gli atti che ne comprovano l'esecuzione:

**Hague form, original and duplicate of documents according to the list of documents on page 1 of the request form**

Le cas échéant, les documents justificatifs de l'exécution:   IN APPROPRIATE CASES, DOCUMENTS ESTABLISHING THE SERVICE:
*Gegebenenfalls Erledigungsstücke:*   Atti restituiti:

Obergericht des Kantons Zürich
Internationale Rechtshilfe
Hirschengraben 15
Postfach
8021 Zürich (Schweiz)

Fait à   DONE AT   *Ausgefertigt in*   Fatto a         le   THE   *am*   il   **December 21, 2010**

Signature et cachet   SIGNATURE AND STAMP
*Unterschrift und Stempel*   Firma e timbro

Tom Šimašek
Legal Assistant