UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HERALD, PRIMEO and THEMA FUNDS SECURITIES LITIGATION, <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Civil Action No.  09 CIV 289 (RMB) (HBP) (Consolidated with 09 CIV 2032 and 09 CIV 2558) <br><br> **ECF CASE** |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR LEAVE TO AMEND COMPLAINTS**

Repex Ventures, S.A., Dr. Shmuel Cabilly, and Neville Seymour Davis, Lead Plaintiffs

in the above-captioned action ("Lead Plaintiffs"), by their attorneys, respectfully submit this

memorandum of law in support of their joint motion, pursuant to Rule 15(a) of the Federal Rules

of Civil Procedure, for leave to amend their Amended Complaints[1] to add new facts learned

during the year Lead Plaintiffs' Amended Complaints have been pending, in particular from

complaints filed by the Trustee for the SIPA Liquidation of Bernard L. Madoff Investment

Securities LLC and Estate of Bernard L. Madoff, Irving Picard ("Mr. Picard" or the "Trustee").

Copies of Lead Plaintiffs' proposed Second Amended Complaints are attached as Exhibits A, B

and C.

**I.      INTRODUCTION**

On January 12, 2009, March 15, 2009 and March 19, 2009, three class action complaints

were filed in this Court asserting claims under Section 10(b) of the Securities Exchange Act of

1934, as amended, 15 U.S.C. § 78j(b) (the "Exchange Act"), Rule l0b-5 promulgated thereunder,

---

[1]      *See* Dkt. Entry Nos. 74 (Primeo amended complaint); 75 (Herald amended complaint); and 76 (Thema amended complaint) (collectively, the "Amended Complaints").

17 C.F.R. § 240.10b-5, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), as well as state law claims of negligent misrepresentation, breach of fiduciary duty, violation of New York General Business Law § 349, gross negligence, unjust enrichment, and aiding and abetting breach of fiduciary duty against, among others, the Herald, Primeo, and Thema Funds – which were feeder funds for Bernard L. Madoff's Ponzi scheme – and their directors, custodians, administrators, advisors, and auditors.  The named plaintiffs in each of these actions brought claims on behalf of themselves and other investors in the Herald, Primeo and Thema Funds.[2]  Six motions for consolidation and appointment of lead plaintiff and lead counsel were filed.

 On October 5, 2009, this Court consolidated the three actions for pretrial purposes only and appointed Repex Ventures Lead Plaintiff and Stull, Stull and Brody Lead Counsel of the *Repex* action; appointed Dr. Cabilly Lead Plaintiff and Cohen Milstein Sellers & Toll PLLC Lead Counsel of the *Leonhardt* action; and appointed Mr. Davis Lead Plaintiff and Johnson Bottini, LLP Lead Counsel of the *Perrone* action.

On February 10, 2010, Lead Plaintiffs in the three actions each filed an Amended Complaint pursuant to this Court's direction at its November 12, 2009 status conference.

On December 2, 2010, December 5, 2010 and December 10, 2010, while Lead Plaintiffs were engaged in the time-consuming process of serving foreign defendants via the Hague Convention and letters rogatory, the Trustee brought adversary proceedings against J.P. Morgan Chase & Co., various HSBC entities, and Sonja Kohn and other members of the Medici

---

[2]	The named plaintiff in *Repex Ventures v. Madoff, et al.*, No. 09 Civ. 289 (the "*Repex* action") purported to have invested in the Herald Funds (Repex Am. Compl. ¶ 14.).  The named plaintiff in *Leonhardt v. Madoff, et al.*, No. 09 Civ. 2032 (the "*Leonhardt* action") purported to have invested in the Primeo Funds (Leonhardt Compl. ¶ 15.).  The named plaintiffs in *Perrone, et al. v. Benbassat. et al.*, No. 09 Civ. 2558 (the "*Perrone* action") purported to have invested in the Thema and Primeo Funds (*Perrone* Compl. ¶¶ 15-16.).  Repex Ventures amended its complaint once, as a matter of right, on January 26, 2009.

Enterprise, respectively (the "Trustee actions").  These Trustee actions involved additional facts gleaned from documents that Lead Plaintiffs do not yet have access to, and defendants of which Lead Plaintiffs were not aware.  Indeed, pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(b)(3), discovery in the above-captioned action has been stayed since its inception, pending a decision on defendants' motion to dismiss, and Lead Plaintiffs have been unable to engage in discovery as the Trustee has.  The facts and allegations in the Trustee's complaints, however, arise out of the same facts and circumstances which are the basis for Lead Plaintiffs' Amended Complaints and are highly relevant to Lead Plaintiffs' claims.

On January 10, 2011, this Court held a status conference, in response to Lead Plaintiffs' request to amend their Amended Complaints, in which it instructed Lead Plaintiffs to file a motion for leave to amend their Amended Complaints on or before April 1, 2011.  Through this motion, Lead Plaintiffs now seek leave to amend.

## II.   PROPOSED AMENDMENTS TO LEAD PLAINTIFFS' COMPLAINTS

### A.   The *Repex* Action (Herald Funds)

Repex Ventures proposed Third Amended Complaint included additional factual allegations concerning HSBC Defendants; Sonja Kohn, Bank Austria, Bank Medici, Unicredit, the Herald Funds, and other members of the Medici Enterprise.  Repex Ventures also proposes adding additional defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, and J.P. Morgan Securities Ltd. (collectively, "JPMorgan" or "Defendant") as a defendant as well as additional causes of actions against JPMorgan, and to add Sonya Kohn's husband Erwin Kohn.  Repex ventures also seeks to add certain state law causes of action against

all defendants in addition to adding RICO causes of action against Defendants who are part of the Medici Enterprise.[3]

### B.    The *Leonhardt* Action (Primeo Funds)

Dr. Cabilly's proposed Second Amended Complaint includes additional factual allegations concerning various HSBC Defendants; Sonja Kohn, Bank Austria, Bank Medici, Unicredit, Pioneer, and other members of the Medici Enterprise; and grounds for the Court's personal jurisdiction over all defendants.  Dr. Cabilly proposes the addition of a single domestic defendant – Eurovaleur, Inc. ("Eurovaleur"), a New York corporation.  Eurovaleur was a sham company set up by Kohn, among others, to receive kickbacks from Madoff's Ponzi scheme; Dr. Cabilly recently learned facts that implicate Eurovaleur in the creation of the Primeo Funds.  Service may be promptly made on Eurovaleur at its last known address in New York City or, alternatively, on the New York Secretary of State, its agent for service of process.  As such, addition of Eurovaleur as a defendant will have no impact on the schedule of this action.

### C.    The *Perrone* Action (Thema Fund)

Mr. Davis's proposed Second Amended Complaint includes additional factual allegations concerning the misconduct of various defendants, including Sonja Kohn, the HSBC Defendants, and JP Morgan Chase & Co. , as well as grounds for the Court's personal jurisdiction over defendants.

Mr. Davis proposes the addition of a single domestic defendant, HSBC Bank USA, N.A. ("HSBC USA"), a national bank chartered by the Office of the Comptroller of the Currency with

---

[3]    The following Defendants are members of the Medici Enterprise: Defendants Herald Fund SPC-Herald USA Segregated Portfolio One ("Herald (USA)"), Herald (LUX), (collectively, "Herald Funds"), Herald Asset Management Limited ("HAML"), Paul de Sury, Bank Medici, ("Medici"), Unicredit S.A. ("Unicredit"), Sonja Kohn, ("S. Kohn"), Erwin Kohn ("E. Kohn"), Peter Scheithauer ("Scheithauer"), Helmuth E. Frey, Andreas Pirkner, Franco Mugnai, Bank Austria Creditanstalt ("Bank Austria").

principle executive offices in New York, New York and with corporate headquarters in McLean, Virginia.  The addition of HSBC USA as a defendant will not cause delay because HSBC USA's ultimate parent company, HSBC Holdings plc has already appeared in this action.

## III.   ARGUMENT

### A.   Leave to Amend Is Liberally Granted under Fed. R. Civ. P. 15(a)

Federal Rule of Civil Procedure 15(a) specifies that leave to amend "shall be freely given when justice so requires."  The Supreme Court has explained that it is "contrary to the spirit of the Federal Rules of Civil Procedure" to refuse leave to amend and thus not afford a claimant "an opportunity to test his claim on the merits" without sufficient justification.  *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).  Accordingly, the Second Circuit has explained that an "amendment should normally be permitted."  *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (citing *Foman*, 371 U.S. at 181-82).  Courts within this Circuit thus regularly allow a party to amend its pleading in the absence of undue delay, prejudice to the opposing party, futility of the argument, or bad faith.  *Anthony v. City of New York*, 339 F.3d 129, 138 (2d Cir. 2003).  None of these factors are present here.

Because Lead Plaintiffs' motion for leave to amend satisfies the applicable legal standard, the Court should permit Lead Plaintiffs to file their proposed Second Amended Complaints.

### B.   There Is No Evidence of Undue Delay or Prejudice to Defendants

As an initial matter, the addition of these factual allegations, claims, and defendants will not cause undue delay or unduly prejudice defendants.[4]  To determine whether an amendment

---

[4]   Lead Plaintiffs are filing this motion to amend based on instructions from this Court.  At the January 10, 2011 status conference, this Court gave Lead Plaintiffs permission to file a motion to amend the Amended Complaints on or before April 1, 2011.  *See* Tr. of Jan. 11, 2011

will prejudice defendants, the Second Circuit considers whether the amendment will (a) "require the opponent to expend significant additional resources to conduct discovery and prepare for trial"; (b) "significantly delay the resolution of the dispute"; or (c) "prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). None of these factors are present here, since defendants have neither answered Lead Plaintiffs' complaints nor filed motions to dismiss them and discovery has not yet begun. In addition, the proposed amendments will not prejudice defendants since they arise from essentially the same facts as the existing causes of action. *See Doe v. Karadzic*, 176 F.R.D. 458, 461 (S.D.N.Y. 1997) ("[T]he Second Circuit has instructed this Court to permit leave to amend, even on the eve of trial, where the new claims arise from the same set of operative facts asserted in the original complaint."); *see also Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986).

### C.    There Is No Evidence of Bad Faith

Lead Plaintiffs seek to supplement their Amended Complaints with further factual allegations of how and why defendants participated in – and failed to protect investors against – the massive Ponzi scheme which is the basis of their claims. Although Lead Plaintiffs were not previously able to learn of these new facts, Defendants have known about the added facts underlying Lead Plaintiffs' claims since before the inception of this litigation. Lead Plaintiffs seek to amend now not for improper purposes, but because of additional information that has come to light since the filing of their complaints. Thus far, defendants have not answered any of Lead Plaintiffs' complaints or made motions to dismiss with respect to such complaints. Although Lead Plaintiffs' current pleadings already state claims under state and federal law,

---

Status Conference at 18:1-3. Lead Plaintiffs' motion to amend, therefore, is timely, and because it is being filed within the timeframe set by this Court, shows no dilatory motive.

Lead Plaintiffs believe that they, as well as the Court, will be better served by additional and more detailed pleadings describing the nature of defendants' wrongdoing.[5]

### D.    Amendment Is Not Futile

"When considering whether a proposed amendment is 'meritless' or 'futile,' the Court must conduct an inquiry comparable to the analysis governing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Jenkins v. Sea-Land Serv.*, No. 92 Civ. 2380 (PKL), 1993 U.S. Dist. LEXIS 11580, at **6-7 (S.D.N.Y. 1993) (*quoting Benfield v. Mocatta Metals Corp.,* No. 91 Civ. 8255 (LJF), 1992 U.S. Dist. LEXIS 10060, at *2 (S.D.N.Y. July 13, 1992)).  The movant need not show a probability that additional claims will succeed, but rather only that they are not clearly frivolous on their face. *Illco Toy Co. U.S.A., Inc. v. Block*, No. 90 Civ. 1919 (CSH), 1992 U.S. Dist. LEXIS 4097, at **3-4 (S.D.N.Y. 1992).  As each of the additional claims Lead Plaintiffs seek to add to their Amended Complaints is supported by factual allegations that meet a 12(b)(6) standard of review, there is no basis for the denial of leave to amend on grounds of futility.  Lead Plaintiffs believe that their proposed Second Amended Complaints allege facts sufficient for this Court to make the determination that their claims are adequately stated.  Lead Plaintiffs' amendments are fully able to withstand a motion to dismiss.

---

[5]     Indeed, because Dr. Cabilly must plead his fraud claims with particularity, *see* Fed. R. Civ. P. 9(b), the additional evidence of defendants' scienter which he seeks to add in his proposed Second Amended Complaints is critical to his claims.  Much of this evidence, particularly as to certain of the HSBC entities, only recently came to light with the filing of, and removal of redactions in, the complaints in the Trustee actions.

## IV.    CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant them

leave to file the proposed Second Amended Complaints filed herewith.

Dated: April 1, 2011                              Respectfully submitted,

JOHNSON BOTTINI, LLP


_____/s/ Albert Y. Chang_____
Francis A. Bottini, Jr. (*pro hac vice*)
Albert Y. Chang (AC 5415)
501 West Broadway, Suite 1720
San Diego, CA 92l01
Telephone:     (6l9) 230-0063
Facsimile:     (619) 238-0622

*Lead Counsel for Plaintiff Neville Seymour
Davis and the Class (Perrone action)*

STULL, STULL & BRODY
Jules Brody (JB-9151)
Patrick Slyne (PS-1765)
6 East 45th Street
New York, NY 10017
Telephone:     (212) 687-7230
Facsimile:     (212) 490-2022

STULL, STULL & BRODY
Timothy J. Burke (Admitted *pro hac vice*)
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Telephone:     (310) 209-2468
Facsimile:     (310) 209-2087

*Lead Counsel for Plaintiff Repex Ventures
and the Class (Repex action)*

//

//

MURRAY, FRANK & SAILER LLP
Brian P. Murray (BM 9954)
Gregory B. Linkh (GL 0477)
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone:      (212) 681-1818
Facsimile:      (212) 682-1892

***Counsel for Plaintiff and the Class***

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Samuel H. Rudman
David A. Rosenfeld
52 Duane Street, 7th Floor
New York, NY 10007
Telephone:      (212) 693-l 05 8
Facsimile:      (212) 693-7423
*-and-*
Jack Reise
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone:      (56l) 750-3000
Facsimile:      (561) 750-3364

***Counsel for Plaintiff and the Class***

COHEN MILSTEIN SELLERS & TOLL
PLLC
Steven J. Toll
Lisa M. Mezzetti
Daniel S. Sommers
Joshua S. Devore
S. Douglas Bunch (SB-3028)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone:      (202) 408-4600
Facsimile:      (202) 408-4699

//

//

//

9

COHEN MILSTEIN SELLERS & TOLL PLLC
Catherine C. Torell (CAT-0905)
150 East 52nd Street, 30th Floor
New York, NY  10022
Telephone:     (212) 838 7797
Facsimile:     (212) 838-7745

*Counsel for Lead Plaintiff Dr. Shmuel Cabilly, Plaintiff Korea Exchange Bank, and the Class (Leonhardt action)*

Of Counsel:
Jacob Sabo, Esq.
The Tower
# 3 Daniel Frisch St.
Tel Aviv Israel
Telephone:     (972) 360-78888
Facsimile:     (972) 360-78889