| New Defendant | Necessity for Addition | Basis of Personal Jurisdiction | Method/Location of Defendant for Service |
|---|---|---|---|
| JPMorgan Chase & Co. | JPMorgan Chase & Co. is a New York based financial holding company which Plaintiffs are informed and believe controls proposed defendants JPMorgan Chase Bank N.A. ("Chase Bank"), JPMorgan Securities LLC, and JPMorgan Securities Ltd. (with JPMorgan Chase & Co., these proposed are collectively referred to herein as the "JPMorgan Chase Defendants). From recently discovered evidence, Plaintiffs are informed and believe that the JPMorgan Chase Defendants were unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Bernard Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC's ("BMIS") fraud, and violated RICO. | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State, Division of Corporations on:<br><br>C T Corp. System, 111 Eighth Avenue, 13th Floor, New York, New York, 10011<br><br>(Address listed with the New York Department of State, Division of Corporations.) |
| JPMorgan Chase Bank N.A. | Chase Bank is the consumer and commercial banking subsidiary of JPMorgan Chase & Co. Chase Bank maintained BMIS' Bank Account #000000140081703 (the "BMIS Bank Account"). From recently discovered evidence, Plaintiffs are informed and believe that Chase Bank, with the other JPMorgan Chase Defendants, violated certain federal banking laws by failing to properly monitor and maintain the BMIS Bank Account. As a result, Chase Bank knew and/or willingly ignored certain red flags which demonstrated that BMIS' business was fraudulent. In addition, certain of the other JPMorgan Chase Defendants, also controlled by defendant JPMorgan Chase & Co., were in possession of additional red flags regarding the fraudulent nature of BMIS' business, but instead of assisting in ending the fraud, divested the JPMorgan | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State, Division of Corporations or Personal Service on:<br><br>C T Corp. System, 111 Eighth Avenue, 13th Floor, New York, New York, 10011<br><br>(The parent corporation's address with the Department of State.)<br><br>or<br><br>JPMorgan Chase Bank N.A., 270 Park Avenue, |

|  | Chase Defendants of their Herald Funds investments at the expense of Plaintiffs and the Class.  From this recently discovered evidence, Plaintiffs are informed and believe that the JPMorgan Chase Defendants were unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO. |  | New York, New York, 10017<br><br>(Company's headquarters)<br><br>(No address found listed with the New York Department of State, Division of Corporations.) |
|---|---|---|---|
| J.P. Morgan Securities LLC | J.P. Morgan Securities LLC is a JPMorgan Chase & Co. subsidiary which provides security brokerage and underwriting services within the United States, services which recently discovered evidence demonstrates was provided by the proposed defendant to Madoff and/or BMIS.  From this recently discovered evidence, Plaintiffs are informed and believe that the JPMorgan Chase Defendants were unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO. | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State, Division of Corporations on:<br><br>C T Corp. System 111 Eighth Avenue, New York, New York, 10011<br><br>(Address listed with the New York Department of State, Division of Corporations.) |
| J.P. Morgan Securities Ltd. | J.P. Morgan Securities Ltd. provides security brokerage services, and according to filings made by the company in Hong Kong, it is controlled by JPMorgan Chase & Co.  Recently discovered evidence provides that J.P. Morgan Secs. Ltd. invested in, *inter alia*, the Herald Funds, which the JPMorgan Chase Defendants knew was invested solely in BMIS. While in the possession of specific red flags demonstrating that BMIS' business was fraudulent, the JPMorgan Chase defendants divested of their entire Herald Funds investment, at | Fed. R. Civ. P. 4(k); CPLR §§301-02;18 U.S.C §1865(a) | Service via the Hague Convention through:<br><br>The Senior Master The Foreign Process Department, Royal Courts of Justice Strand, LONDON WC2A 2LL<br><br>Proposed Defendant's Business Address:<br><br>J.P. Morgan Secs. Ltd. |

| | | | |
|---|---|---|---|
| | the expense of Plaintiffs and the Class. From this recently discovered evidence, Plaintiffs are informed and believe that the JPMorgan Chase Defendants were unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO. | | 125 London Wall, London, EC2Y 5AJ, United Kingdom |
| Kohn, Erwin S. | Mr. Kohn is the husband of already named and served defendant Sonja Kohn. From recently discovered evidence, Plaintiffs are informed and believe that Mr. Kohn was complicit in his wife's negligent, grossly negligence and/or fraudulent activity and RICO violations. Plaintiffs are further informed and believe that Mr. Kohn is and/or was in the possession of substantial funds obtained from those violations of New York and federal law, resulting in his unjust enrichment at the expense of Plaintiffs and the Class. | Fed. R. Civ. P. 4(k); CPLR §§301-02 | Service via the Hague Convention through:<br><br>The Supreme Court of the Canton of Zurich:<br><br>Tom Simasek, Obergericht des Kantons Zürich, Zentralbehörde Rechtshilfe Zivilsachen, Internationale Rechtshilfe, Hirschengraben 15, Postfach 2401, 8021 Zürich, SWITZERLAND<br><br>Proposed Defendants' Home Address:<br><br>8002 Zürich, Katharinenweg 4, Switzerland<br><br>(Address provided as Sonja Kohn's address by Sonja Kohn's counsel, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.. A translation of the Complaint into German must occur prior to |

| | | | service.) |
|---|---|---|---|
| Erko, Inc. | Erko, Inc. was, at all times relevant, a corporation controlled by defendant Sonja Kohn.  From recently discovered evidence, Plaintiffs are informed and believe that Erko was unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO.  More specifically, Plaintiffs are informed and believe that, *inter alia*, Erko, Inc. had no real business purpose and was only used by defendant Kohn to funnel money from the Herald Funds, through the BMIS Bank Account, and then to Madoff and/or BMIS, all while defendant Kohn knew BMIS' entire business was fraudulent. | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State Division of Corporations on:<br><br>Howard J Rhine Esq. Coleman & Rhine, 437 Madison Ave, New York, New York, 10022<br><br>(Address listed with the New York Department of State, Division of Corporations.) |
| Windsor IBC, Inc. | Defendant Sonja Kohn was the President and indirect owner of Windsor IBC, Inc., a purported brokerage firm.  From recently discovered evidence, Plaintiffs are informed and believe that Windsor IBC, Inc. was unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO.  More specifically, Plaintiffs are informed and believe that, *inter alia*, Sonja Kohn used Windsor IBC, Inc. to funnel money from the Herald Funds, through the BMIS Bank Account, and then to Madoff and/or BMIS, all while defendant Kohn knew BMIS' entire business was fraudulent. | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State, Division of Corporations on:<br><br>Bruce S. Coleman, Esq. Coleman & Rhine, 437 Madison Avenue, New York, New York, 10022<br><br>(Address listed with the New York Department of State, Division of Corporations.) |
| Eurovaleur, Inc. | Eurovaleur, Inc. was, at all times relevant, a corporation controlled by defendant Sonja Kohn.  From recently discovered evidence, Plaintiffs are informed and believe that Eurovaleur | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State, Division of Corporations on: |

|  | | | Eurovaleur, Inc. |
|---|---|---|---|
|  | was unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO. More specifically, Plaintiffs are informed and believe that, *inter alia*, Eurovaleur, Inc. had no real business purpose and was only used by defendant Kohn to funnel money from the Herald Funds, through the BMIS Bank Account, and then to Madoff and/or BMIS, all while defendant Kohn knew BMIS' entire business was fraudulent. |  | Eurovaleur, Inc. 767 Fifth Avenue #507, New York, New York, 10153<br><br>(Address listed with the New York, Department of State Division of Corporations.) |
| Infovaleur, Inc. | Infovaluer, Inc. was, at all times relevant, a corporation controlled by defendant Sonja Kohn. From recently discovered evidence, Plaintiffs are informed and believe that Infovaluer was unjustly enriched at the expense of Plaintiffs and the Class, aided and abetted both the fiduciary duties owed by certain other already named defendants and non-party bad actors Madoff and BMIS' fraud, and violated RICO. More specifically, Plaintiffs are informed and believe that, *inter alia*, Infovaluer, Inc. had no real business purpose and was only used by defendant Kohn to funnel money from the Herald Funds, through the BMIS Bank Account, and then to Madoff and/or BMIS, all while defendant Kohn knew BMIS' entire business was fraudulent. | Fed. R. Civ. P. 4(k); CPLR §301;18 U.S.C §1865(a) | Service via the New York Department of State, Division of Corporations on:<br><br>Infovaleur, Inc. 767 Fifth Avenue #507, New York, New York, 10153<br><br>(Address listed with the New York Department of State, Division of Corporations.) |