# STULL, STULL & BRODY
## COUNSELORS AT LAW

10940 WILSHIRE BLVD.
23RD FLOOR
LOS ANGELES, CA 90024
(310) 209-2468
TELECOPIER (310) 209-2087

**MEMO ENDORSED**

6 EAST 45TH STREET
NEW YORK, NY 10017
(212) 687-7230
TELECOPIER: (212) 490-2022


RECEIVED MAY 25 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

May 24, 2011

*Any response to be submitted in a brief (1-2 page letter) by 6/1/11.*

**SO ORDERED:**
Date: 5/25/11

*Richard M. Berman*
Richard M. Berman, U.S.D.J.

**VIA FEDERAL EXPRESS**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 21D
New York, NY 10007-1312

Re:  *In re Herald, Primeo, and Thema Fund Secs. Litig.*,
     Case No. 09-cv-00289 (RMB)

Dear Judge Berman:

We represent Lead Plaintiff Repex Ventures, S.A. ("Repex") in the above-entitled consolidated securities class action. We write in response to plaintiff Davis' May 23, 2011 letter ("Davis' Letter") claiming that Davis' motion to remove the reference is related to certain other actions in this District, instead of actually being related to the above-entitled action. Repex also writes to request that the Court set a pre-motion conference for Repex's contemplated motion under Rule of Civil Procedure 42 to consolidate five cases currently before two different judges in this District. Each of these cases share both common questions of law and fact with the above-entitled action.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/11

Z:\STULL\BANKMEDICI\COR\Judge Berman 12.wpd

The Honorable Richard M. Berman
May 24, 2011
Page 2 of 4

The five cases are:

1) *Picard v. HSBC Bank PLC*, No. 11 Civ. 0763 (JSR) (filed Feb 3, 2011);

2) *Picard v. Alpha Prime*, No. 11 Civ. 0836 (JSR) (filed Feb. 7, 2011)(already consolidated with case No. 11 Civ 0763);

3) *Picard v. Kohn*, No 11 Civ. 1181 (JSR) (filed Feb 22, 2011) (1, 2, & 3 are the three cases referred to in Davis's Letter);

4) *Picard v. JP Morgan Chase & Co.*, No. 11 Civ. 0913 (CM) (filed Feb. 9, 2011); and

5) Davis' currently unassigned motion to withdraw the reference to the Bankruptcy court.

First, Davis' unassigned motion to withdraw the reference should be heard by this Court. Picard, the Trustee appointed to liquidate Bernie Madoff Investment Securities ("BMIS"), has filed an adversarial complaint against all of the plaintiffs in the above-entitled action, along with a motion for an injunction prohibiting plaintiffs from prosecuting the above-entitled action, in the bankruptcy court. Davis seeks to have the Honorable Jed S. Rakoff, U.S.D.J., hear his motion to withdraw the bankruptcy court reference for the Trustee's complaint and injunction motion, instead of this Court. Obviously, this Court should hear all motions related to staying an active case before it, instead of having a different judge make those decisions. Davis' attempt to have Judge Rakoff rule on a matter that could possibly enjoin the prosecution of a case before

The Honorable Richard M. Berman
May 24, 2011
Page 3 of 4

this Court is simply improper. *This Court* should decide whether plaintiffs in the above-entitled action should or should not be enjoined from prosecuting a case on *this Court's docket*.

Second, all of the Madoff related actions listed above should be consolidated with the above-entitled class action. The above-entitled class action was the first filed case in the Southern District of New York concerning Madoff and the overseas feeder funds started and promoted by Defendant Kohn. It is the low numbered case. Each of the other actions listed above, except for Davis' unassigned motion, are cases where the Trustee has brought an adversarial action in the bankruptcy court against one or more defendants in the above-entitled action. Those adversarial actions arise from the same set of facts alleged in the above-entitled class action and share one or more of the same defendants. Common defendants include Kohn and each her overseas feeder funds. In each listed case, one or more defendants in the adversarial action moved the Southern District of New York to remove the reference to the bankruptcy court.

The procedural posture of these cases supports consolidation. As of today, both the Honorable Jed S. Rakoff and the Honorable Colleen McMahon have issued orders granting certain defendants' motions to remove the reference. *See* attached Exhibit 1, *Picard v. HSBC Bank PLC*, No. 11 Civ. 0763 (S.D.N.Y. Apr. 25, 2011); Exhibit 2, *Picard v. JP Morgan Chase & Co.*, No. 11 Civ. 0913 (S.D.N.Y. May 23, 2011). In both cases, same as the present case, motions to dismiss will shortly follow. Thus, unless this Court consolidates these actions, redundant and overlapping motion practice will ensue. Worse, different courts could issue

The Honorable Richard M. Berman
May 24, 2011
Page 4 of 4

different rulings on common questions of fact and law. Here, not only will consolidation promote judicial convenience and economy, along with reducing the parties' costs, but consolidation is the only way to avoid the risk of inconsistent adjudications of common factual and legal issues.

      Therefore, Repex requests this Court hear Davis' presently unassigned motion to remove the reference, and also to schedule a pre-motion conference for Repex's contemplated motion to consolidate.

                                             Respectfully yours,

                                             Timothy J. Burke

TJB/mlj
Enc.

cc:    All Counsel (via email)