**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
:
IN RE HERALD, PRIMEO, and THEMA           :        09 Civ. 289 (RMB)
SECURITIES LITIGATION                              :
:        **DECISION & ORDER**
---------------------------------------------------------------x

This consolidated (class) action involves three classes of investors who invested in Bernard Madoff's (3) "feeder funds," i.e., the Herald, Primeo, and Thema Funds. The gravamen of Plaintiffs' Complaints is that the Herald, Primeo, and Thema Funds "each sought funds directly [from investors], and delivered, or fed the investments they received . . . to Madoff" as part of Madoff's Ponzi scheme, in violation of, among other things, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and state common law. (See Compls., dated Feb. 10, and 11, 2011, respectively.) The Court is in the middle of a briefing cycle involving Plaintiffs' motion to amend the Complaint (for a third time), dated April 1, 2011 and Defendants' motion to dismiss the Complaint, scheduled to be filed on June 29, 2011. By Order, dated October 5, 2009, this Court consolidated the proceedings for general pre-trial purposes and appointed Repex Ventures, S.A. ("Repex") as Lead Plaintiff for the Herald Fund, Dr. Schmuel Cabilly ("Cabilly") as Lead Plaintiff for the Primeo Fund, and Neville Seymour Davis ("Davis") as Lead Plaintiff for the Thema Fund. (See Order, dated Oct. 5, 2009.)

Also pending in the Southern District of New York – but not before this Court – are 5 (other) Madoff related cases – entitled (i) Picard v. HSBC Bank PLC, No. 11 Civ. 763 (Rakoff, J.), (ii) Picard v. Alpha Prime Fund Ltd., No. 11 Civ. 836 (Rakoff, J.), (iii) Picard v. Kohn, No. 11 Civ. 1181 (Rakoff, J.), (iv) Picard v. Repex Ventures, S.A., 11 Civ. 3477 (Rakoff, J.), and (v) Picard v. JP Morgan Chase & Co., 11 Civ. 913 (McMahon, J.). These five cases were

initially commenced in the United States Bankruptcy Court of the Southern District of New York by Irving H. Picard, Trustee to Bernard L. Madoff Investments Securities LLC, and are referred to here collectively as the "Trustee Actions."  The gravamen of the Trustee Actions, brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)–(d), the United States Bankruptcy Code, and state common law, is (also) that the defendants fed "billions of dollars of other people's money into [Bernard Madoff's] Ponzi Scheme" through the Herald, Primeo, and Thema Funds.  (See Compls., dated  July 15 and Dec. 10, 2009, and Dec. 2, 2010.)

On February 3, 7, 9, and 22, and May 20, 2011, respectively, the defendants in the Trustee Actions moved before United States District Judges Jed S. Rakoff and Colleen McMahon, respectively to withdraw the bankruptcy court reference in the Trustee Actions.  By Orders, dated April 25, May 23, and June 6, 2011, Judges Rakoff and McMahon granted motions to withdraw the reference in four of the five Trustee Actions for the limited purpose of resolving two threshold issues, namely (1) "whether the Trustee has standing to bring the claims alleged in the Trustee Actions," and (2) "whether the claims in the Trustee[] Actions are preempted by the Securities Litigation Uniform Standards Act."  (See Opinion of Judge Rakoff, dated Apr. 25, 2011 ("Rakoff Opinion"), at 2; Memorandum Decision and Order of Judge McMahon, dated May 23, 2011.)  The fifth motion to withdraw the bankruptcy reference (Davis') remains pending before Judge Rakoff.  HSBC, Alpha Prime, JP Morgan, and Kohn are also in the throes of moving to dismiss the Trustee Actions before Judges Rakoff and McMahon.  There are no Trustee Actions pending before this Court at this time.[1]

In support of its (unusual) proposed motion to transfer and consolidate the five Trustee Actions pending before Judges Rakoff and McMahon in this Court, Repex (one of three

---

[1]   On February 14, 2011, the Court declined to accept as related Picard v. HSBC Bank PLC, 11 Civ. 763.  Judge Rakoff graciously agreed to take Picard v. HSBC Bank PLC.

Plaintiffs here) argues, among other things, that transfer and consolidation to this Court are appropriate because the Trustee Actions "share both common questions of law and fact with th[is] . . . action," and that "unless this Court consolidates these actions . . . different courts could issue different rulings on common questions of fact and law." (Ltr. to the Hon. Richard M. Berman, dated May 24 ("Repex Ltr."), at 1, 3.)  By letters, dated May 25, May 31 and June 1, 2011, three of the five defendants in the Trustee Actions – (i) Davis (who is also a Plaintiff in the instant action), (ii) JP Morgan Chase & Co., and (iii) UniCredit S.p.A. – oppose Repex's proposed motion to transfer and consolidate. (See Ltrs. to the Hon. Richard M. Berman, dated May 25 ("Davis Ltr."), May 31 ("JP Morgan Ltr."), and June 1, 2011 ("UniCredit Ltr.").)  Davis argues that "this Court previously determined on February 14, 2011 that [the Picard v. HSBC Bank PLC Trustee Action] was unrelated to [the instant case]" and that "judicial economy would best be served by allowing any consolidated case to proceed before Judge Rakoff, who is currently presiding over [four of the Trustee Actions]." (Davis Ltr. at 1–2.)  JP Morgan argues, among other things, that "if [any] reassignment were warranted, it would be the Honorable Colleen McMahon, before whom the [JP Morgan Trustee Action] is pending . . ." (JP Morgan Ltr. at 1.)  UniCredit argues, wisely in this Court's view, that the Trustee Actions "should be allowed to run their course" before Judges Rakoff and McMahon and "[w]hether some form of consolidation would then be warranted . . . is a decision that should be made on an informed basis as dictated by the shape and scope of the litigations *after* the motions to dismiss and the request to enjoin [by the Trustee] these class actions have been decided." (UniCredit Ltr. at 2 (emphasis in original).)

      The burden rests on the moving party to demonstrate that transfer to and consolidation in this Court of the five Trustee Actions are appropriate. See Internet Law Library, Inc. v.

Southridge Capital Mgmt, LLC, 208 F.R.D. 59, 61 (S.D.N.Y. 2002).  Repex unquestionably fails to meet that burden for the following reasons, among others:

First, Repex's request does not appear to comply with Rules 15 or 22 of the (SDNY) Rules for the Division of Business among District Judges, neither of which contemplates one judge (RMB) reaching out to another judge or judges (JSR and CM) and directing them to assign cases pending before them to the first judge.  (See Rules 15 and 22 of the Division of Business among District Judges; see also Civil Practice in the Southern District of New York, §§ 1:12, 1:14, 1:15 ("The decision to reassign a case, or any part of it, rests with the District Judge" before whom the case is pending.)); see e.g., United States v. Sperling, Nos. 73 Cr. 441, 81 Civ. 6378, 86 Civ. 1687, 2003 WL 21518359, at *5 (S.D.N.Y. July 1, 2003).

Second, Repex is not a party to four of the five Trustee Actions pending before Judges Rakoff and McMahon.[2]  See Chevron Corp. v. Donziger, No. 11 Civ. 691, 2011 WL 979609, at *2 (S.D.N.Y. Mar. 7, 2011).  None of the parties to the Trustee Actions, other than Repex, has moved for such transfer and consolidation.  And, as noted, three of the five Trustee Actions defendants oppose reassignment and consolidation.  (See Davis Ltr. at 1 ("Repex lacks standing to seek consolidation of proceedings to which it is not a party."); JP Morgan Ltr. at 1 ("[A]s a non-party to the [JP Morgan Trustee Action], Repex does not explain what possible standing it has to seek consolidation of that action with the cases before this Court."); and UniCredit Ltr. at 1 (UniCredit's "view is that the consolidation suggested . . . would be unwarranted at this time.").)

---

[2]   And, Repex has not, to the Court's knowledge, requested transfer and consolidation of Judge Rakoff before whom Picard v. Repex Ventures, S.A., 11 Civ. 3477 is pending.  (See Rule 15 of the SDNY Rules for Division of Business among District Judges); see also Irish Lesbian and Gay Organization v. Guiliani, 918 F. Supp. 728, 729 (S.D.N.Y. 1996).

4

Third, Repex has not demonstrated that there exists any judicial economy which outweighs the potential for unnecessary confusion and delay if (unlikely as it may be) transfer followed by consolidation were allowed to occur.  See Internet Law Library, Inc., 208 F.R.D. at 61 ("In deciding whether consolidation is proper, 'the court must balance the interest of judicial convenience against any delay . . . that might result from such consolidation.'") (citing Sheet Metal Contractor's Ass'n of N. N.J. v. Sheet Metal Workers' Int'l, 978 F. Supp. 529, 531 (S.D.N.Y. 1997)).  Indeed, requiring transfer and consolidation would interfere with the proceedings (multiple motions) pending before Judges Rakoff and McMahon – which the Court would be loathe to do even if it could.  See Marshall v. Nat'l Ass'n of Letter Carriers, Nos. 00 Civ. 3167, 01 Civ. 3086, 2003 WL 223563, at *4 (S.D.N.Y. Feb. 3, 2003) ("[C]onsolidation would not here serve the interests of justice in light of the pendency of the instant motion practice.").  Transfer and consolidation would also interfere with the motion to amend, dated April 1, 2011, and cross-motion to dismiss, scheduled to be filed on June 29, 2011, that are presently being briefed in the instant action.  See Haas v. Brookhaven Mem'l Hosp., No. 07 Civ. 4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (Plaintiff "has made no showing on the record that consolidation would assist judicial economy or that unnecessary delays or confusion in the resolution of these proceedings would be avoided by consolidation.").  To allow Repex to cause to transfer and consolidate the Trustee Actions with the present case at this juncture would create unnecessary confusion and delay that would not outweigh any interest of judicial convenience.  See Envirco Corp. v. Clestra Cleanroom, Inc., No. 98 Civ. 120, 2002 WL 31115664, at *2 (N.D.N.Y. Sept. 24, 2002); see Transeastern Shipping Corp. v. India Supply Mission, 53 F.R.D. 204, 206 (S.D.N.Y. 1971).

**Conclusion and Order**

For the above stated reasons, the Court denies Repex's proposed motion for transfer and consolidation and concludes that any further briefing on Repex's motion would be futile. See Oregon Natural Desert Ass'n v. McDaniel, 751 F. Supp. 2d 1151, 1157 (D. Or. 2011); Deal v. Hamilton Country Department of Education, No. 01 Civ. 295, 2006 WL 2854463, at *23 (E.D. Tenn. 2006). The Court intends to press forward with the current case management schedule in this case.

Dated: New York, New York
       June 8, 2011

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**