**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HERALD, PRIMEO, AND THEMA FUNDS SECURITIES LITIGATION | ECF Case<br><br>Case No. 09 Civ. 0289 (RMB)<br><br>Class Action |
| This Document Relates to:<br><br>NEVILLE SEYMOUR DAVIS,<br>              Plaintiff,<br>vs.<br>ALBERTO BENBASSAT *et al.*,<br>              Defendants. | Case No. 09 Civ. 2558 (RMB)<br><br>Class Action |

**Reply Memorandum**
**In Further Support of Lead Plaintiff Neville Seymour Davis's**
**Motion for Preliminary Approval of Partial Settlement With HSBC**

*Of Counsel:*

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr. (*pro hac vice*)
Albert Y. Chang (AC-5415)
550 West C Street, Suite 2000
San Diego, California 92101
Telephone:  (619) 241-4810
Facsimile:  (619) 955-5318

*Lead Counsel for Lead Plaintiff Neville Seymour Davis and the Class*

[Additional counsel listed on signature page]

Dated:  July 11, 2011

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. Objectors Lack Standing to Object to Most Aspects of the Settlement...................2

    B. The Objection Based on the Contribution Bar Order Is Without Merit ..................2

    C. The Jurisdictional Objections Are Meritless............................................................3

    D. The Remaining Objections Provide No Basis to Deny Preliminary Approval ......................................................................................................................3

        1. Mr. Davis Is a Member of the Settlement Class Because He Has Suffered Injury as a Result of His Beneficial Ownership of Thema Shares ...............................................................................................................4

        2. The Assignments Contemplated by the Settlement Are Valid .....................5

        3. There Is No Conflict of Interest Between Mr. Davis and the Settlement Class...................................................................................................8

        4. The Proposed Settlement is Superior to Other Methods of Proceeding..........................................................................................................8

        5. The Proposed Opt-Out and Objection Procedures Are Adequate .............10

III. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*Advanced Magnetics v. Bayfront Partners*,
   106 F.3d 11 (2d Cir. 1997)..................................................................................................5

*Broderick v. Adamson*,
   270 N.Y. 260 (N.Y. 1936) ...................................................................................................4

*Cromer Fin. Ltd. v. Berger*,
   205 F.R.D. 113 (S.D.N.Y. 2001) ......................................................................................8, 9

*Drachman v. Harvey*,
   453 F.2d 722 (2d Cir. 1971).................................................................................................4

*Druck Corp. v. Macro Fund Ltd., IIU*,
   No. 07-0744-cv, 290 Fed. App'x 441 (2d Cir. Aug. 26, 2008) ............................................5

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
   462 U.S. 611 (1983).............................................................................................................5

*Florida Power Corp. v. Granlund*,
   82 F.R.D. 690 (M.D. Fla. 1979)...........................................................................................6

*Green v. Wolf Corp.*,
   406 F.2d 291 (2d Cir. 1968).................................................................................................9

*In re "Agent Orange" Prod. Liab. Litig.*,
   818 F.2d 145 (2d Cir.1987)..................................................................................................8

*In re Blech Sec. Litig.*,
   187 F.R.D. 97 (S.D.N.Y. 1999) ...........................................................................................8

*In re Currency Conversion Fee Antitrust Litig.*,
   MDL No. 1409, 2006 U.S. Dist. LEXIS 81440
   (S.D.N.Y. Nov. 8, 2006) ......................................................................................................4

*In re Lloyd's Am. Trust Fund Litig.*,
   No. 96 Civ. 1262 (RWS), 1998 U.S. Dist. LEXIS 1199
   (S.D.N.Y. Feb. 6, 1998) .......................................................................................................9

*In re Michael Milken & Assocs. Sec. Litig.*,
   150 F.R.D. 57 (S.D.N.Y. 1993) ...........................................................................................4

Page

*In re NASDAQ Market-Makers Antitrust Litig.*,
 187 F.R.D. 465 (S.D.N.Y. 1998) ...........................................................................................8

*In re Nortel Networks Corp. Sec. Litig.*,
 No. 01 Civ. 1855 (RMB), 2006 U.S. Dist. LEXIS 93390
 (S.D.N.Y. Dec. 26, 2006) ......................................................................................................3

*In re Real Estate Title & Settlement Servs. Antitrust Litig.*,
 869 F.2d 760 (3d Cir. 1989) ................................................................................................10

*In re State St. Bank & Trust Co. ERISA Litig.*,
 No. 07 Civ. 8488 (RJH), 2009 U.S. Dist. LEXIS 100971
 (S.D.N.Y. Oct. 28, 2009) .......................................................................................................4

*In re Telik, Inc. Sec. Litig.*,
 576 F. Supp. 2d 570 (S.D.N.Y. 2008) ...................................................................................9

*In re Viatron Computer Sys. Corp. Litig.*,
 614 F.2d 11 (1st Cir. 1980) ...................................................................................................2

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985) ...............................................................................................................3

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
 No. 08-01789 (BRL), 2011 Bankr. LEXIS 2482
 (Bankr. S.D.N.Y. June 28, 2011) ...........................................................................................7

*Sprint Commc'ns Co., L.P. v. APCC Servs.*,
 554 U.S. 269 (2008) ...............................................................................................................6

*Zupnick v. Fogel*,
 989 F.2d 93 (2d Cir. 1993) ....................................................................................................2

**STATUTES AND RULES**

Federal Rules of Civil Procedure
 Rule 23 ...........................................................................................................................2, 6, 8

New York General Obligations Law
 § 15-108 ..............................................................................................................................2, 3

**I.     INTRODUCTION**

Led by Thema's directors, auditors (PwC), and lawyers (William Fry), who facilitated Thema's role as one of the largest Madoff feeder funds, certain non-settling defendants ("Objectors") challenge the merits of the Settlement despite having no standing to do so.[1] In addition to being procedurally defective, such objections are meritless. Contending that Thema's case against HTIE in Ireland holds a prospect for greater recovery than that provided by the Settlement, Objectors ignore that any recovery Thema obtains would presumably first be applied to paying its creditors. Chief among them is the Trustee, who stands to recover at least $355 million and up to $692 million from Thema in claimed avoidable transfers. None of that money would go to the Settlement Class, as the bankruptcy court upheld the Trustee's decision to only pay BMIS's direct clients. In addition, Thema and its directors are among the most culpable parties here because they, not HTIE, appointed Madoff to be Thema's broker, investment advisor, and sub-custodian. As the Irish court has noted, Thema's claims against HTIE are subject to reduction or denial if it finds, as is probable, that Thema bears substantial liability. *See* Dkt. No. 281-6 at 9.

In light of these complex realities, including that Thema has not recovered – and might not recover – anything in its case against HTIE and probably cannot recover more than $692 million, the $62.5 million partial settlement is an excellent result for the Settlement Class.

The Settlement also offers innovative solutions that are highly beneficial to the Settlement Class. The assignment of non-settled claims to Mr. Davis enables Thema investors to protect their downside if, even though venue is proper as defendants' and Madoff's misconduct emanated from New York, this action is dismissed on *forum non conveniens*. The assignment is voluntary, and does

---

[1]   This reply adopts all defined terms in the Stipulation and Agreement of Partial Settlement and Mr. Davis's moving brief. Dkt. Nos. 234-1, 235.

not violate Rule 23 because the Court will decide whether to certify a settlement class.

Accordingly, this Court should reject the objections and allow Thema's investors to receive notice of the Settlement and to determine for themselves whether the Settlement is fair.

## II. ARGUMENT

### A. Objectors Lack Standing to Object to Most Aspects of the Settlement

As courts have consistently held, non-settling defendants in a multiple-defendant litigation have no standing to object to the fairness or adequacy of the settlement by other defendants, except to any terms precluding them from seeking indemnification from the settling defendants. *E.g.*, *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993); *In re Viatron Computer Sys. Corp. Litig.*, 614 F.2d 11, 14 (1st Cir. 1980) ("[a] nonsettling defendant does not ordinarily have standing to object to . . . a partial settlement"). Thus, the Court should reject all objections that go beyond the Settlement's indemnification provision.[2]

### B. The Objection Based on the Contribution Bar Order Is Without Merit

The Settlement contemplates a mutual contribution bar. The Settlement bars Objectors against seeking contribution from the HSBC Defendants. Dkt. No. 234-1 § 5.1. Because New York General Obligations Law § 15-108(c) imposes mutuality on all bar orders, the HSBC Defendants cannot seek future contribution from Objectors. Should the Court deem it necessary to include an explicit mutual contribution bar in the judgment, Mr. Davis will consent to it.[3]

---

[2] The Court should also reject as meritless Repex Ventures, S.A.'s ("Repex") two objections (Dkt. No. 277). First, Repex seeks to add redundant words to the release and assignment clauses under the guise of ensuring that they apply only to Thema. But the clear language of these clauses already says what Repex wants them to say. With notice to Repex and before filing the motion for preliminary approval, the settling parties amended the Stipulation to address a similar concern raised by Shmuel Cabilly. *See* Dkt. No. 234-10. The amendment emphasizes that the release and assignment are limited to the "Fund," which is clearly defined as the Thema Fund only. *Id.* No additional amendment is needed. Second, Repex's request as a non-class member for discovery is not only frivolous, but unrelated to the merits of the Settlement and therefore should be rejected outright.

[3] The HSBC Defendants have indicated their consent as well.

### C. The Jurisdictional Objections Are Meritless

Although subject matter jurisdiction cannot be disputed, Objectors ask the Court to deny preliminary approval of the Settlement for want of personal jurisdiction over some defendants and absent class members. Objectors' Br. at 20. As to absent class members, the Settlement's robust mail and publication notice provisions and customary opt-out procedures are more than sufficient to satisfy due process. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). Thus, absent class members who do not opt out, including foreign citizens, will be bound by the judgment. *See*, *e.g.*, *In re Nortel Networks Corp. Sec. Litig.*, No. 01 Civ. 1855 (RMB), 2006 U.S. Dist. LEXIS 93390, at *10 (S.D.N.Y. Dec. 26, 2006) (Berman, J.) (approving similar provisions in a case involving foreign (Canadian) residents).

Moreover, the HSBC Defendants will consent to personal jurisdiction for purposes of settling the claims. Personal jurisdiction also exists over Objectors and other non-settling defendants.[4] And even if personal jurisdiction did not exist as to a particular non-settling defendant, New York law does not require personal jurisdiction over all parties to whom a settling defendant is relieved of liability for contribution. N.Y. GEN. OBLIG. LAW § 15-108(b).

### D. The Remaining Objections Provide No Basis to Deny Preliminary Approval

The Court should reject the remaining objections not only because Objectors lack standing to assert them, but also because the objections impermissibly request a full-blown class certification or final approval analysis at this preliminary approval stage. Contrary to the elevated standard advanced by Objectors, the Court need only conduct "'a preliminary evaluation' as to whether the

---

[4] All Objectors have appeared in this case. Thema and its directors have submitted to the jurisdiction of the bankruptcy court in this District by submitting a SIPA claim; JP Morgan is headquartered in New York; William Fry has an office here; and UniCredit and PwC engage in systematic and regular business here. *See*, *e.g.*, Dkt. No. 76 ¶¶ 27, 43-48, 58-59, 84-91, 128.

settlement is fair, reasonable and adequate." *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2006 U.S. Dist. LEXIS 81440, at *13 (S.D.N.Y. Nov. 8, 2006) (citation omitted). The Court's task is to decide whether the Settlement "'fits within the range of possible approval.'" *In re State St. Bank & Trust Co. ERISA Litig.*, No. 07 Civ. 8488 (RJH), 2009 U.S. Dist. LEXIS 100971, at *14 (S.D.N.Y. Oct. 28, 2009) (citation omitted). A strong presumption of fairness attaches to the Settlement because it was reached by experienced counsel after arm's-length negotiations. *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993). Tested under this standard, the objections are meritless, as discussed below.

### 1. Mr. Davis Is a Member of the Settlement Class Because He Has Suffered Injury as a Result of His Beneficial Ownership of Thema Shares

Rubicon repeatedly acknowledged Mr. Davis as the beneficial owner of Thema shares it held "on [his] behalf and to [his] order." Dkt. No. 236 ¶¶ 3-4. A beneficial shareholder has standing to assert claims under the Securities Exchange Act of 1934 and the common law. *Drachman v. Harvey*, 453 F.2d 722, 727 (2d Cir. 1971) (holding that federal securities law "confers standing upon beneficial shareholders"); *Broderick v. Adamson*, 270 N.Y. 260, 264 (N.Y. 1936) (beneficial shareholders acquire all rights and obligations of record shareholders).

Unable to dispute Rubicon's acknowledgements of Mr. Davis's beneficial ownership of Thema shares, Objectors assert Rubicon transferred Mr. Davis's Thema shares to another entity. Objectors' Br. at 9-10.[5] But the purported transfer failed because Thema rejected Rubicon's request

---

[5] After Thema raised its meritless standing argument at the June 8, 2011 status conference, Mr. Davis's counsel requested that Rubicon's president, John O'Kelly-Lynch, produce all documents relating its trading in Thema shares. Rubicon never produced the requested documents. Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") ¶ 4. Rubicon's failure to produce documents confirms that neither Thema nor Rubicon has any documents disputing Mr. Davis's beneficial ownership of Thema shares. Moreover, by e-mail dated June 14, 2011, Mr. O'Kelly-Lynch acknowledged that Energy Claims Ltd. held certain Thema shares "in trust" for Mr. Davis. *See id.* Ex. 2. Thus, *all* evidence shows that Mr. Davis is a beneficial owner of Thema shares.

to transfer shares. Dkt. No. 236-5. Moreover, even if Rubicon's purported transfer of shares was consummated (it was not), it would not affect Mr. Davis's rights as a beneficial owner because Mr. Davis never agreed to any transfer or assignment of any of his litigation rights. Dkt. No. 236 ¶ 6. Accordingly, Mr. Davis retains the right to seek recovery for his losses. *See Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11, 17 (2d Cir. 1997) (invalidating an assignment of claim absent a showing of the assignor's intent to assign).

Objectors also argue that under the so-called "internal affairs doctrine," Thema's articles and Irish law do not recognize beneficial owners as shareholders. But this doctrine only applies to claims arising from internal corporate matters between the company and its officers and directors. *See Druck Corp. v. Macro Fund Ltd., IIU*, No. 07-0744-cv, 290 Fed. App'x 441, 443 (2d Cir. Aug. 26, 2008) (applying the law of the state of incorporation only after finding that the claims were owned by the company and thus derivative). Mr. Davis's claims have nothing to do with Thema's internal affairs; he asserts *direct* claims against multiple third parties, such as the HSBC Defendants. Thus, the doctrine is inapplicable here. *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 621-22 (1983) (holding internal affairs doctrine inapplicable "where the rights of third parties external to the corporation are at issue").

### 2. The Assignments Contemplated by the Settlement Are Valid

Objectors' vociferous complaints about the assignment of the Settlement Class's non-settled claims to Mr. Davis highlight the value of the assignment. The Objectors' and other defendants' pending motion to dismiss based on *forum non conveniens* (Dkt. No. 252) lacks merit. Were the Court to grant the motion, however, the assignment would allow Mr. Davis to litigate the assigned claims elsewhere for the Settlement Class's benefit with a $10 million fund for paying expenses and

hiring foreign lawyers. Thus, the assignment protects the Settlement Class.[6]

The assignment is voluntary. Litigants are free to choose assignment over class action as a method to aggregate claims. *Sprint Commc'ns Co., L.P. v. APCC Servs.*, 554 U.S. 269, 291 (2008). In *Sprint*, the Supreme Court has squarely rejected an argument similar to what Objectors advance here: the assignment of claims for the purpose of aggregation violates Rule 23. *Id.* In any event, the assignment here does not – and cannot – violate Rule 23 because Mr. Davis seeks certification of a settlement class. This objection therefore lacks merit.[7]

Equally meritless is Objectors' argument that they will be prejudiced by the assignment because their motion to dismiss has not yet been tested. Objectors contradict themselves: they say on one hand that Mr. Davis "has no legitimate right to pursue claims in the United States," and on the other hand that Mr. Davis should be forced to "bring all of the class members' separate claims together as one action in federal court." Objectors' Br. at 15-16. Contradictions aside, Objectors are wrong. The assignment does not create any rights class members do not already have, nor does it prevent the non-settling defendants from asserting any defenses to the assigned claims. The assignment of claims is indisputably permitted under applicable law, and assigned claims are routinely litigated in Europe despite the absence of a class action procedure. Thus, as in *Sprint*, the assignment is legal and indeed a highly beneficial part of the Settlement to class members.

---

[6] In addition to the absence of class actions, the "loser pays" provisions in European law raise the stakes in litigation and impose a hurdle on Thema investors, many of whom lack the funds to litigate individual cases after having lost their life savings due to defendants' misconduct. Indeed, only dozens of cases have been filed against Thema in Ireland. The assignment and litigation fund simply protect the class's interests in light of these potential adversities.

[7] Objectors' reliance on a single case – *Florida Power Corp. v. Granlund*, 82 F.R.D. 690 (M.D. Fla. 1979) – is misplaced. In rejecting the settlement, the *Granlund* court was concerned that (a) the putative assignee was a defendant; (b) the assignment aimed to circumvent Rule 23; and (c) the assignment conflicted with the "policy against indemnification in antitrust actions." *Id.* at 693-94. Here, none of these concerns exist.

With respect to the Settlement Class's assignment of any recovery it might receive from Thema's case against HTIE in Ireland to the HSBC Defendants, it became clear during the mediation with Judge Weinstein that such assignment was necessary to induce the HSBC Defendants to settle. The HSBC Defendants were not willing to pay $62.5 million to settle this action, only to face the risk of paying additional millions in Ireland. Although dismissal of Thema's case in Ireland is contemplated by the Settlement, in the event dismissal does not occur or Thema recovers money before dismissal, the assignment of the Settlement Class's interests in such recovery protects the HSBC Defendants.

Finally, both the Settlement and the assignments are in the best interests of the Settlement Class for two additional reasons. First, Thema is nearly insolvent and therefore has no funds to pursue the Irish case. *See* Bottini Decl. Ex. 1. Nor is Thema likely to succeed because, as the Irish court found, it faces the prospect of contribution. *See* Dkt. No. 281-6 at 9. Second, even if Thema is successful in Ireland, it filed a SIPC claim for only $312 million in net loss. Thema faces a $692 million claim from the Trustee for avoidable transfers that, if successful and collected, could easily wipe out any recovery to Thema shareholders.[8] Because the Trustee has determined any recovery he obtains will go exclusively to direct investors in BMIS,[9] and not to indirect investors, such as Mr. Davis and the Settlement Class, any recovery by Thema would be worthless to the Settlement Class.

---

[8] Significantly, the Trustee's $355.5 million claim against Thema pertains to withdrawals by Thema from BLMIS that occurred within the 90-day preference period under the Bankruptcy Code, for which Thema has no defense. *See* Bottini Decl. ¶ 8.

[9] The bankruptcy court has upheld the Trustee's decision. *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (BRL), 2011 Bankr. LEXIS 2482 (Bankr. S.D.N.Y. June 28, 2011). But this decision is unfair. Not only have Madoff's direct investors already recovered over $7.5 billion, they also had greater reason to discover the fraud than indirect investors like Thema investors, who did not even know Madoff had any involvement with Thema. Moreover, by allowing only claims of direct investors, the Trustee has denied 66.45% of all submitted SIPC claims. *See* https//: www.madofftrustee.com/status.aspx (last viewed July 8, 2011).

### 3. There Is No Conflict of Interest Between Mr. Davis and the Settlement Class

Contrary to the "conflict of interest" asserted by Objectors, the Settlement proceeds are not limited to investors who suffered out-of-pocket losses. The proposed plan of allocation sets aside 5% of the Settlement proceeds for loss of interest and reported NAV value (*see* Dkt. No. 234-3). Net winner class members who have already recouped all their principal and are not happy with a 5% allocation have the right to opt out. In any event, this purported conflict of interest concerns the Settlement's plan of allocation, the consideration of which is properly deferred until after final approval. *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 480 (S.D.N.Y. 1998) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d Cir.1987)). Moreover, even when "conflicts among class members [do] arise at the settlement or damages stage of the litigation[, it] does not require the denial of class certification or the disqualification of . . . representatives." *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 127 (S.D.N.Y. 2001). Thus, this objection is not grounds to deny preliminary approval.

### 4. The Proposed Settlement is Superior to Other Methods of Proceeding

Here, "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Only as a class can every investor share in the substantial recovery and other benefits of the Settlement. No competing, let alone comparable, recoveries are in view. To no surprise, the vast majority of Thema investors have not brought individual claims because (1) the costs and expenses of individual actions are prohibitive; (2) recovery is uncertain; and (3) many class members lack funds to litigate as they lost their life savings in Madoff's Ponzi scheme. *See In re Blech Sec. Litig.*, 187 F.R.D. 97, 107 (S.D.N.Y. 1999) (class action superior in cases of "economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation . . . is often not feasible"). The interests of those

individuals who brought claims in Ireland cannot outweigh the "interest of the class as a whole" served by the significant recovery achieved in the Settlement. *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 584 (S.D.N.Y. 2008). And all class members are free to opt out of the Settlement and pursue their individual claims. Thus, this action embodies all the hallmarks, both in form and substance, of classes routinely certified. Accordingly, a class action is superior to other available methods. *Green v. Wolf Corp.*, 406 F.2d 291, 296 (2d Cir. 1968).

Objectors contend that a class action is not superior because courts in Ireland might not recognize the judgment of this Court. Objectors' Br. at 22. Mr. Davis disagrees. But since recognition of the judgment in Ireland is a condition of the Settlement (*see* Dkt. No. 234-1 §§ 5.5, 8.1(d)), the Settlement cannot be effectuated without achieving this condition. Objectors' speculation about whether this condition will be satisfied does not change the fact that certification is warranted here because a class action is superior to individual actions. *See Cromer*, 205 F.R.D. at 135 ("[e]ven where all the available evidence indicates that foreign plaintiffs who lose in the United States will be able to sue the defendant a second time in their own country, a class action may remain the superior means for litigating the dispute"). Contrary to this Objection, a judgment achieved in this Court, even if not recognized, may still provide "guidance" to foreign courts, "have evidentiary value in any subsequent proceedings," and "discourage relitigation," "thereby contributing to the superiority of the class action procedure." *See In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262 (RWS), 1998 U.S. Dist. LEXIS 1199, at **44-45 (S.D.N.Y. Feb. 6, 1998).

In any event, litigating this issue in a motion for preliminary approval is premature and inappropriate. Under the Settlement, the Irish High Court will decide this issue after final approval here. Indeed, only a small number of investors have filed suits in Ireland, and they will recover nothing for the rest of the class. Moreover, Thema's case in Ireland has achieved no recovery for

class members, asserts claims against only one solvent defendant (HTIE) as opposed to the 25 plus defendants in this action, and holds little realistic prospect for any recovery in light of (1) the Trustee's $692 million clawback claim, as discussed *supra*; and (2) the Irish court's potential finding that Thema bears "some or all of the losses" because of its own misconduct. Dkt. No. 281-6 at 9.

### 5. The Proposed Opt-Out and Objection Procedures Are Adequate

Contrary to Objectors' contention, the notice period is 39 days, not 24. And, although this is longer than the 30-day period routinely approved, Mr. Davis and the HSBC Defendants have agreed to extend the period to 60 days to ensure class members receive adequate time to review the Settlement. Also, Objectors ignore the robust notice that will be published in newspapers around the world, the fact that the Settlement has already received significant international press, and the fact that the settlement documents have been available on the Web sites of Lead Counsel and the HSBC Defendants since June 7, 2011.[10]

As to opt out procedures, the Settlement already contains strong provisions safeguarding any personal financial information submitted by opt-outs. *See* Dkt. No. 234-6 ¶ 29. But to obviate any further concerns about European Union privacy laws, Mr. Davis has agreed that Gilardi, the Claims Administrator, will use a European company to process the opt-outs so that any opt out plaintiffs do not have to disclose their financial information to a U.S.-based entity.[11]

## III. CONCLUSION

For the reasons set forth above, the Court should preliminarily approve the Settlement.

---

[10] Objectors' additional contention that registered shareholders rather than beneficial owners should be required to submit claims is meritless. Beneficial owners are the real owners of the shares and settlements in securities fraud class action cases uniformly require claim forms to be submitted by beneficial owners.

[11] Further, merely opting out of the Settlement does not, contrary to Objectors' contention, require individuals to submit to the jurisdiction of the Court. *See In re Real Estate Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760, 770-71 (3d Cir. 1989).

Dated:  July 11, 2011         Respectfully submitted,

CHAPIN FITZGERALD
  SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr. (*pro hac vice*)
Albert Y. Chang (AC-5415)

        s/ Francis A. Bottini, Jr.
         Francis A. Bottini, Jr.

550 West C Street, Suite 2000
San Diego, California 92101
Telephone:  (619) 241-4810
Facsimile:  (619) 955-5318

*Lead Counsel for Lead Plaintiff*
*Neville Seymour Davis and the Class*

ROBBINS GELLER RUDMAN & DOWD LLP
Darren J. Robbins
Keith F. Park (*pro hac vice*)
James I. Jaconette (*pro hac vice*)
David W. Hall
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

MURRAY, FRANK & SAILER LLP
Brian P. Murray (BM-9954)
Gregory B. Linkh (GL-0477)
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone:  (212) 682-1818
Facsimile:  (212) 682-1892

*Counsel for Lead Plaintiff*
*Neville Seymour Davis and the Class*