# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • FRANKFURT • COLOGNE • MOSCOW
ROME • MILAN • HONG KONG • BEIJING • BUENOS AIRES

LESLIE B. SAMUELS
EDWARD F. GREENE
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
JOHN PALENBERG
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO

DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER

KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
CHRISTOPHER P. MOORE
JOON H. KIM
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
   RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
ELIZABETH LENAS
DANIEL ILAN
CARLO DE VITO PISCICELLI
ANDREW WEAVER
   RESIDENT COUNSEL

Writer's Direct Dial:  +1 212 225 2850
E-Mail:  edavis@cgsh.com

August 11, 2011

**BY HAND DELIVERY**

The Honorable Richard M. Berman
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  In re Herald, Primeo and Thema Funds Securities Litigation,
     Case No. 09 Civ. 0289 (RMB) (HBP)

Dear Judge Berman:

     I write on behalf of the HSBC Defendants and Lead Plaintiff Neville Seymour Davis (together, the "Settling Parties") pursuant to this Court's Order of July 29, 2011 (the "July 29 Order") to jointly advise the Court of the modifications to the Settlement upon which we have agreed to make it less conditional.  With these changes, we respectfully submit that the Court should preliminarily approve the Settlement and direct that notice be sent to the class.  We discuss below each item mentioned by the Court in the July 29 Order:

- The HSBC Defendants and Lead Plaintiff have agreed to delete the Trustee Bar Order Condition from the Settlement.  Therefore, any appeal from the July 28, 2011 decision by Judge Rakoff dismissing the Trustee's common law claims for lack of standing would have no effect on the Settlement, nor would any related rulings for example by Judge McMahon in Picard v. JP Morgan Chase & Co., No. 11 Civ. 0913.

- The assignment to Lead Plaintiff of the Settlement Class Members' claims against the Non-Settling Defendants is part and parcel to the Settlement.  The assignment is an important feature that allows the Settlement Class Members to continue to litigate against the Non-Settling Defendants.  This feature is extremely valuable to the Settlement Class

The Honorable Richard M. Berman, p. 2

- Members, in the event they have to bring claims in jurisdictions outside the United States, where they would have to commence individual actions absent the assignment.

- Lead Plaintiff believes that the Reserve Amount is necessary to address potential litigation outside the United States. This is a partial settlement. Although the Court is undeniably the proper forum to litigate claims arising from a Ponzi scheme orchestrated by Bernard L. Madoff in New York, Lead Plaintiff cannot ignore the risks that some defendants could be dismissed based on *forum non conveniens*. If that occurs, Lead Plaintiff may be forced to litigate claims against such defendants in Ireland. In contrast to the practice in the United States, litigants in Ireland customarily retain multiple levels of lawyers – both solicitors and barristers – on an hourly-fee basis. For example, to participate in the recent proceedings in the High Court, Lead Plaintiff was required to retain not only solicitors and a barrister, but also a senior barrister acting as "special counsel." To this team of Irish counsel, Lead Plaintiff is paying hourly fees in Euros – not U.S. dollars. Moreover, in any proceedings in Ireland, Lead Plaintiff must undertake the risk of having to reimburse any defendants for their legal fees and expenses, in the event Lead Plaintiff loses. In light of these peculiar requirements and the fact that there are over 20 Non-Settling Defendants, litigating the non-settled claims in Ireland would be costly. Based on Lead Plaintiff's Counsel's experience and Irish counsel's advice, the Reserve Amount is reasonable and necessary. Furthermore, the Reserve Amount will only be used, if at all, to bring claims in a forum outside the United States. Any portion of the Reserve Amount that is not used for this purpose will be distributed to the Settlement Class Members. Finally, as set forth in § 2.15 of the Stipulation, the Honorable Howard B. Wiener (Ret.) will oversee the use of the Reserve Amount, as guardian *ad litem* for the Settlement Class. Accordingly, Lead Plaintiff submits that the Reserve Amount is reasonable and necessary for protecting the Settlement Class Members' interests. The HSBC Defendants continue to take no position on the Reserve Amount.

- The Settling Parties now agree that the HSBC Defendants will apply to the Irish High Court for rulings on the prospective enforceability and effect of the Settlement in relation to proceedings in Ireland <u>before</u> this Court holds a fairness hearing and rules on final approval. By contrast, the June 7, 2011 Settlement Agreement provided that such application would be made after the fairness hearing and final approval. After delivery of the July 29 Order, the HSBC Defendants made an application to the Irish High Court on August 4, 2011 requesting that a hearing take place as soon as practicable. Justice Clarke provisionally listed the action for hearing on October 11, 2011, pending a further directions hearing on September 9, 2011. Justice Clarke indicated that it may be mid- to late-October before a judgment is delivered. The Settling Parties have amended the proposed schedule so that the deadline for requests for exclusion or objections to the Settlement is well after the expected date of the Irish High Court's decision. The notice will inform class members that the Irish High Court Order will be posted on the settlement administrator's website where they may access it.

- In part because this is a partial settlement, Lead Plaintiff and Plaintiff's Counsel have made no decision regarding the timing or amount of any fee application except to agree that in no event will it exceed 25% of the Gross Settlement Fund. The notice reflects

these facts. The actual amount of fees sought will await further developments in the case. In any event, no fee application for any amount will be made before a further notice is sent to Settlement Class Members advising them of the actual amount of fees sought. The HSBC Defendants take no position on matters relating to Plaintiff's Counsel's attorneys' fees.

Please find enclosed a copy of the Amended and Restated Stipulation and Agreement of Partial Settlement, dated August 11, 2011, along with a redlined version highlighting these modifications. In addition, we have updated several of the other exhibits to the preliminary approval motion to conform to the modifications and enclose clean and redlined versions of the amended exhibits. We request that this letter, together with its enclosures, be entered into the docket.

The Settling Parties respectfully submit that the Settlement as modified is considerably less conditional as recommended by the July 29 Order and satisfies the standards for preliminary approval. We therefore request that the Court grant the motion for preliminary approval and direct that notice be published and mailed to the class. We are of course available at the Court's convenience for a further conference or for argument on the motion if the Court would find it useful.

Respectfully submitted,

*Evan A. Davis*

Evan A. Davis

Enclosures

cc: All counsel of record (by e-mail)