USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
IN RE HERALD, PRIMEO, and THEMA          :    09 Civ. 289 (RMB)
SECURITIES LITIGATION                              :
                                                            :    **DECISION & ORDER**
------------------------------------------------------------x

Having reviewed the record herein and applicable legal authorities and heard orally from the parties on several occasions including today, the Court hereby respectfully denies the motion, filed June 21, 2011 by Lead Plaintiff Neville Seymour Davis ("Davis"). The motion seeks preliminary approval of partial settlement of one of three purported class actions pending before the Court. The Court concludes (as will be set forth in greater detail in a written opinion in the next seven to ten days) that the proposed settlement agreement, entered into on June 7, 2011 and amended on August 11, 2011 ("Proposed Partial Settlement") between Davis and Defendants HSBC Institutional Trust Services (Ireland) Ltd., HSBC Securities Services (Ireland) Ltd., HSBC Holdings PLC, and proposed defendant HSBC Bank USA, N.A. (collectively, the "HSBC Defendants"), is not "fair, reasonable [or] adequate" – even at this preliminary stage – to members of the proposed class of investors in Thema International Fund plc, whose interests Davis purports to represent. In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1025 (2d Cir. 1992); see In re Refco, Inc. Sec. Litig., No. 05 Civ. 8626, 2007 WL 57872, at *2 (S.D.N.Y. Jan. 9, 2007). The Court generally favors the voluntary settlement of matters before it, including the settlement of purported class actions, and the denial of Davis's motion is without prejudice. The Court would be pleased to entertain future applications for preliminary approval if and when such applications arise. See Refco, 2007 WL 57872, at *6.

As noted, the Court anticipates issuing a fuller decision within approximately one week to ten days. The following "obvious deficiencies," among others, "preclude the Court from

granting preliminary approval of the [Proposed Partial Settlement] in its current form," Karvaly v. eBay, Inc., 245 F.R.D. 71, 86 (E.D.N.Y. 2007):

(1) Inadequate disclosure to (and request for approval from) purported class members of the terms of Davis's current and future application(s) for all legal and other fees (claims administrator, consultants, retired judges, and other counsel, etc.) and their expenses, which "shall be paid from the [$62.5 million g]ross [s]ettlement [f]und." (Proposed Partial Settlement ¶¶ 6.2, 7.1.) Any such information should be included in the class notice and will not "be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the [Proposed Partial S]ettlement," as Davis's counsel requests (Proposed Partial Settlement ¶ 7.5);

(2) The $10 million "Reserve Amount," which is also proposed to be set aside from the gross settlement and is intended "to fund fees and expenses to be incurred as a result of the litigation of claims [by Davis's counsel and Davis] . . . outside the United States [including in Ireland] against the [n]on-[s]ettling Defendants" (Proposed Partial Settlement ¶ 1.30);

(3) The conditional nature of the Proposed Partial Settlement, including the express condition that a ruling in another jurisdiction as to, among other things, the enforceability and res judicata effect of the Proposed Partial Settlement be "in substantial conformity with the position of the [HSBC D]efendants" (Proposed Partial Settlement ¶ 5.5); and

(4) Other concerns, including, among others, the separate assignments to Davis and to the HSBC Defendants of certain rights held by purported class members (see Proposed Settlement ¶¶ 2.13, 2.14); and a proposed "service award totaling €30,000 [to] be paid to [Davis] and [to be] deducted from the [s]ettlement [a]mount" (Proposed Notice of Partial Settlement § II.G).

Dated: New York, New York  
       September 7, 2011

                                            RICHARD M. BERMAN, U.S.D.J.