UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

In re HERALD, PRIMEO and THEMA       :
FUNDS SECURITIES LITIGATION,                 ORDER
                                     :
     This Document Relates to:       09 Civ. 289 (RMB)(HBP)
                                     : (Consolidated with
          ALL ACTIONS.               09 Civ. 2032 and
                                     : 09 Civ. 2558)
-----------------------------------X

          PITMAN, United States Magistrate Judge:

          By letter dated August 18, 2011, plaintiffs seek to

compel discovery with respect to the motion of certain defendants

that (1) the Court lacks in personam jurisdiction over certain

defendants and (2) the action should be dismissed pursuant to the

doctrine of forum non conveniens.  Oral argument on plaintiffs'

application was held on September 6, 2011, and at the conclusion

of the argument, I denied plaintiffs' application for discovery.

I write to supplement the reasons stated on the record for

denying plaintiffs' application.

          Plaintiffs' application is prompted by a motion to

dismiss made by defendants on June 29, 2011.  27 of the 48

defendants seek dismissal of the pending complaint for lack of in

personam jurisdiction.  43 of the defendants seek dismissal on

the ground of forum non conveniens.  With a few exceptions, most

of the defendants who assert lack of in personam jurisdiction

challenge only the sufficiency -- and not the accuracy -- of plaintiffs' jurisdictional allegations.  A few of the defendants have challenged plaintiffs' specific factual allegations and have submitted affidavits or affirmations averring that putative trips to New York never occurred or that purported New York offices were not the offices of a defendant in this action.

Plaintiffs' discovery requests, which consist of five interrogatories and one document request, are extremely broad and untethered to the facts relevant to either in personam jurisdiction or the doctrine of forum non conveniens.  Specifically, plaintiffs' interrogatories seek the following:

        1.  Identify all documents showing your or any of your representatives' communications in or originating from the United States and/or the State of New York with any person related to Madoff or BMIS, whether directly or indirectly.

        2.  Identify all documents showing your or any of your representatives' communications with BMIS and/or Madoff, whether directly or indirectly.

        3.  Identify all documents showing your or your representatives communications with any defendant in this action concerning BMIS or Madoff.

        4.  Identify all documents showing your or your representatives' communications with any person related to BMIS or Madoff.

        5.  Identify all persons who were consulted, directly or indirectly, in order to respond to these interrogatories.

(Ex. C to Plaintiffs' Letter to the Court, dated August 18, 2011).  Plaintiffs' single document seeks "all documents identi-fied in Interrogatories No. 1 through No. 4" (Ex. D to Plain-tiffs' Letter to the Court, dated August 18, 2011).   Plaintiffs have not served any discovery requests aimed at the specific factual averments made by certain of the defendants in support of their motion.

The standards applicable to a motion seeking discovery on the issue of in personam jurisdiction were set forth by the Honorable Gerard E. Lynch, then District, now Circuit Judge, in Ayyash v. Bank Al-Madina, 04 Civ. 9201 (GEL), 2006 WL 587342 at *5 (S.D.N.Y. Mar. 9, 2006):

> "District courts have considerable discretion in deter-mining how best to handle jurisdictional questions," Best Van Lines, Inc. v. Walker, No. 03 Civ. 6585, 2004 WL 9642009, at *3 (S.D.N.Y. May 5, 2004), citing CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986), and "generally" may permit a plaintiff to con-duct "limited discovery with respect to the jurisdic-tional issue." Filius v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir.1990); see also APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) (cautioning that "a court should take care to give the plaintiff ample opportu-nity to secure and present evidence relevant to the existence of jurisdiction" (quoting Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000)).  Such discovery has typically been authorized where the plaintiff has made "a threshold showing that there is some basis for the assertion of jurisdic-tion[,] facts that would support a colorable claim of jurisdiction." Daval Steel Prods, v. M.V. Juraj Dalmatinac, 718 F. Supp. 159, 162 (S.D.N.Y. 1989); see also Strategem Dev. Corp. v. Heron Int'l N.V., 153

> F.R.D. 535, 547-48 (S.D.N.Y. 1994) (authorizing juris-
> dictional discovery where plaintiff "made a sufficient
> start" toward establishing jurisdiction, though not a
> prima facie showing).

A court does not abuse its discretion by denying jurisdictional
discovery to a plaintiff who has failed to make a prima facie
showing of in personam jurisdiction. Best Van Lines, Inc. v.
Walker, 490 F.3d 239, 255 (2d Cir. 2007); Girl Scouts of the U.S.
v. Steir, 102 F. App'x 217, 221 (2d Cir. 2004); Jazini v. Nissan
Motor Corp., 148 F.3d 181, 186 (2d Cir. 1998). However, a prima
facie showing of in personam jurisdiction is not a sine qua non
to jurisdictional discovery. Ehrenfeld v. Mahfouz, 489 F.3d 542,
550 n.6 (2d Cir. 2007); Ayyash v. Bank Al-Madina, supra, 2006 WL
587342 at *5 n.7.

When a court decides a motion to dismiss for lack of in
personam jurisdiction prior to any discovery, a plaintiff's
burden is not unduly heavy.

> Prior to discovery or an evidentiary hearing, plaintiff
> need only make a prima facie showing of jurisdiction
> through pleadings, affidavits, and supporting materi-
> als. DiStefano v. Carozzi N. Am. Inc., 286 F.3d 81, 84
> (2d Cir. 2001); Whitaker v. Am. Telecasting, Inc., 261
> F.3d 196, 208 (2d Cir. 2001); Jazini v. Nissan Motor
> Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998).
>
> For purposes of a Rule 12(b)(2) motion, the Court
> must accept the well-pleaded factual allegations con-
> tained in plaintiffs complaint as true and resolve all
> factual disputes in plaintiff's favor. Thomas v.
> Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006). Specifi-
> cally, all allegations are to be construed in a light

4

most favorable to the plaintiff and all factual disputes resolved in plaintiff's favor, regardless of controverting evidence submitted by the defendant. A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).  See also Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985) (when considering motion to dismiss for lack of personal jurisdiction, court must construe the pleadings liberally for the benefit of the plaintiffs); CutCo Indus., Inc., 806 F.2d at 365 (court must resolve all factual disputes regarding personal jurisdiction in plaintiff's favor).

WorldCare Ltd. Corp. v. World Ins. Co., 767 F. Supp. 2d 341, 348-49 (D. Conn. 2011) (Haight, D.J.); accord Zibiz Corp. v. FCN Tech. Solutions, CV-10-1575 (SJF)(WDW), 2011 WL 837757 at *5 (E.D.N.Y. Mar. 2, 2011).

In light of the foregoing standards, there are several problems with the discovery sought to be propounded by plaintiffs.  First, the vast majority of defendants have not raised any specific factual issues with respect to plaintiffs' jurisdictional allegations and contend only that plaintiffs' jurisdictional allegations are insufficient.  With respect to these defendants, there is no factual issue to be resolved concerning in personam jurisdiction, and, therefore, jurisdictional discovery is not necessary.  Nationwide Mut. Ins. Co. v. Morning Sun Bus Co., 10-CV-1777 (ADS)(AKT), 2011 WL 381612 at *10 (E.D.N.Y. Feb. 2, 2011) ("A plaintiff is not entitled to jurisdictional discovery simply to augment an inadequate pleading if the defen-

dant merely challenges the legal sufficiency of the jurisdic-
tional allegations in the complaint, and does not place the
factual basis for personal jurisdiction in issue." (inner quota-
tions omitted)); accord Philip Morris USA Inc. v. Veles Ltd., 06
Civ. 2988 (GBD), 2007 WL 725412 at *3-*5 (S.D.N.Y. Mar. 12, 2007)
(Daniels, D.J.); Langenberg v. Sofair, 03 Civ. 8339 (KMK), 2006
WL 2628348 at *6-*7 (S.D.N.Y. Sept. 11, 2006) (Karas, D.J.).

      Second, although plaintiffs offer some specific conten-
tions concerning the contacts of some defendants with New York,
it has not offered specific contentions tending to show the
connections of all defendants with New York.  Nevertheless,
plaintiffs seek the same broad discovery from all defendants.
Thus, even under the more permissive standard set forth in Ayyash
v. Bank Al-Madina, supra, 2006 WL 587342 at *5-*6 plaintiffs have
not shown a justification for the discovery it seeks from each
defendant.

      Third, the discovery that plaintiffs seek is plainly
more aimed at the merits of the case than the issue of in per-
sonam jurisdiction.  Jurisdictional discovery should necessarily
be aimed at a defendant's contacts with the forum state.  Plain-
tiffs are not seeking information concerning matters such as the
defendants' visits to New York, assets in New York or volume of
business transacted in New York.  Instead, plaintiffs have served

broad interrogatories and document requests which, on their face, have more to do with the merits of the case than the jurisdictional issues.  Plaintiffs' discovery requests seek, in principal part, information concerning all communications between defendants and Madoff and his related entities without regard to the location of the parties to the communications.  Although paper or electronic communications with a party in New York may, under some circumstances, support a finding of in personam jurisdiction, see generally Fischbarg v. Doucet, 9 N.Y.3d 375, 880 N.E.2d 22, 849 N.Y.S.2d 501 (2007); Deutsche Bank Secs., Inc. v. Montana Bd. of Inv., 7 N.Y.3d 65, 850 N.E.2d 1140, 818 N.Y.S.2d 164 (2006), plaintiffs' requests are vastly overbroad because they are not limited to communications in which one of the parties was located in New York.

Finally, to the extent that plaintiffs attempt to justify their discovery requests as being relevant to the motion of certain defendants to dismiss on the ground of forum non conveniens, their argument also fails.  None of the discovery requests relate to the issues that are material to a motion to dismiss on the ground of forum non conveniens.  See Iragorri v. United Techs. Corp., 274 F.3d 65, 73-75 (2d Cir. 2001) (en banc) (identifying factors relevant to forum non conveniens motion). In addition, the "well established practice" in this Circuit is

7

to decide <u>forum</u> <u>non</u> <u>conveniens</u> motions on the basis of affidavits or declarations alone.  <u>Alcoa S.S. Co. v. M/V Nordic Regent</u>, 654 F.2d 147, 158-59 (2d Cir. 1980) (<u>en</u> <u>banc</u>); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Transunion Corp. v. PepsiCo, Inc.</u>, 811 F.2d 127, 130 (2d Cir. 1987) ("Motions to dismiss for <u>forum</u> <u>non</u> <u>conveniens</u> may be decided on the basis of affidavits. . . . Indeed, as the Court noted in <u>Piper Aircraft</u>, 454 U.S. at 258, 102 S.Ct. at 267, '[r]equiring extensive investigation would defeat the purpose of [the] motion.'" (inner citations omitted)); <u>Fitzgerald v. Texaco, Inc.</u>, 521 F.2d 448, 451 n.3 (2d Cir. 1975) ("[A] motion to dismiss for <u>forum</u> <u>non</u> <u>conveniens</u> does not call for a detailed development of the entire case; rather discovery is limited to the location of important sources of proof. . . . Nor did the district court in this case abuse its discretion, on this motion to dismiss for <u>forum</u> <u>non</u> <u>conveniens</u>, in failing to require detailed disclosure by the defendants of the names of their proposed witnesses and the substance of their testimony.").

Accordingly, for all the foregoing reasons, plaintiffs' application to compel discovery is denied.

Dated:   New York, New York
         September 7, 2011

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel

9