UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
IN RE HERALD, PRIMEO, and THEMA       :       09 Civ. 289 (RMB)
SECURITIES LITIGATION                 :
                                                                  :       **DECISION & ORDER**
------------------------------------------------------------------x

      Having reviewed the record herein, including **(i)** this Court's Decision and Order, dated November 29, 2011, dismissing, among other claims, Plaintiff Neville Seymour Davis's ("Davis") claims against Thema International Fund plc ("Thema") and against Thema's directors, administrators, custodians, investment managers, auditors, advisors, lawyers, and financial intermediaries (collectively, "Defendants") on the grounds of *forum non conveniens*, and temporarily staying that ruling (but only) with respect to Davis's claims against Defendants HSBC Institutional Trust Services (Ireland) Ltd. ("HSBC Trust"), HSBC Securities Services (Ireland) Ltd. ("HSBC Securities"), and HSBC Holdings PLC ("HSBC Holdings"), and proposed defendant HSBC Bank USA, N.A. ("HSBC USA"[1] and, collectively, the "HSBC Defendants"), see 2011 WL 5928952 (S.D.N.Y. Nov. 29, 2011), at *10–18; **(ii)** the third proposed partial settlement agreement ("Third Proposed Partial Settlement"), executed on November 27, 2011 between Davis and the HSBC Defendants; **(iii)** this Court's Decisions and Orders, dated September 7 and 15, 2011, denying Davis's motion for preliminary approval of his second proposed partial settlement agreement, executed on August 11, 2011, because that proposed settlement was "not fair, adequate or reasonable," and unduly benefited Davis and his counsel, see 2011 WL 4351492, at *5 (S.D.N.Y. Sept. 15, 2011) (internal quotation marks omitted); 2011

---

[1] HSBC USA has not been made a party to these proceedings.

WL 4348140 (S.D.N.Y. Sept. 7, 2011);[2] **(iv)** letters submitted separately on December 2, 2011 by counsel to Davis and to the HSBC Defendants requesting that the Court continue the stay for purposes of deciding whether to approve the Third Proposed Partial Settlement (see HSBC Defs.' Ltr. to the Ct., dated Dec. 2, 2011 ("HSBC Ltr."), at 2; see Davis's Ltr. to the Ct., dated Dec. 2, 2011); **(v)** the letter in opposition to a continued stay and in opposition to the Third Proposed Partial Settlement submitted on December 6, 2011 by counsel to Thema (and other interested parties) and arguing persuasively that review and approval by this Court of the latest proposed settlement is irreconcilable with the Court's *forum non conveniens* decision, and that provisions of the Third Proposed Partial Settlement are inherently objectionable (see Thema's Ltr. to the Ct., dated Dec. 6, 2011 ("Thema Ltr."), at 2; see also PricewaterhouseCoopers Ireland's Ltr. to the Ct., dated Dec. 6, 2011); and applicable law, **the Court finds that it is appropriate to lift the stay on Davis's claims against HSBC Trust, HSBC Securities, and HSBC Holdings, effective immediately**.  The proper forum for this case is not the Southern District of New York but is Ireland, where dozens of related cases are currently pending.  (See Third Proposed Partial Settlement ¶ D.)  No purpose would be served by conducting additional motion practice and a further review of the Third Proposed Partial Settlement because the center of gravity of this case is Ireland.  It makes no sense to establish a class and settle a case in the Southern District of New York, where none of the class members are from the U.S., where most of the class members and parties are Irish or otherwise European, and where Defendants, including the HSBC Defendants, have argued so persuasively that the case belongs in a foreign

---

[2] Davis's first proposed partial settlement agreement with the HSBC Defendants, executed on June 7, 2011 and submitted for Court approval on June 21, 2011, was superseded by the second proposed settlement. (Davis & HSBC Defs.' Jt. Ltr. to the Ct., dated Aug. 11, 2011 ("Jt. Settlement Ltr."), at 1 ("With these changes, we respectfully submit that the Court should preliminarily approve the [s]ettlement and direct that notice be sent to the class.").)

(Irish) forum.[3]  As recently as December 2, 2011, the HSBC Defendants' counsel stated: "We agree with the Court that its decision to dismiss on *forum non conveniens* was clearly correct." (HSBC Ltr. at 4); see In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170–71 (2d Cir. 2007); Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 580 (S.D.N.Y. 2001).

The stay should be lifted for the following additional reasons as well:

1) **Public and private policy considerations support litigation of these claims in Ireland.**  See 2011 WL 5928952, at *14–17; see also Freund v. Republic of France, 592 F. Supp. 2d 540, 575 (S.D.N.Y. 2008) (citing Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94–95 (2d Cir. 2006)).  Plaintiff Davis is a citizen of the United Kingdom and is a resident of France.  He asserts claims involving the conduct in Ireland of mostly Irish Defendants which allegedly arise from foreign investments by non-U.S. investors in the Irish Thema fund.  Consistent with the rulings of at least two other federal courts in similar lawsuits, the Court concluded on November 29, 2011, after balancing all the relevant factors, that litigation of Davis's dispute in the Southern District of New York is "genuinely inconvenient" and that Ireland is "significantly preferable."  2011 WL 5928952, at *14 (citing Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., -- F. Supp. 2d --, 2011 WL 3734387, at *15 (S.D.N.Y. 2011); In re Banco Santander Sec.-Optimal Litig., 732 F. Supp. 2d 1305, 1311, 1329–45 (S.D. Fla. 2010)) (internal quotation marks omitted).  A continued stay in order to assess further the Third Proposed Partial Settlement under U.S. law is inappropriate.  As pointed out by Thema,

> HSBC would like to use U.S. procedural rules when they offer a potential benefit to HSBC, but otherwise HSBC insists that the case does not even belong in a

---

[3]  HSBC Trust and HSBC Securities are incorporated under the laws of Ireland, and HSBC Holdings is incorporated under the laws of England.  (See Davis's Proposed Second Am. Compl., dated Apr. 1, 2011, ¶¶ 38–39, 41; Plaintiff Repex Ventures S.A.'s Proposed Third Am. Compl., dated Apr. 1, 2011, ¶ 38.)  HSBC USA is a party to the Third Proposed Partial Settlement but, as noted, is not a party to this case.  See 2011 WL 5928952, at *3, 18; see supra note 1.

3

> United States court. Procedural rules should not be invoked simply to serve the self-interest of a litigant. If the case should not have been filed here and does not belong here, then it is improper to use U.S. procedural rules to resolve any aspect of it.

(Thema Ltr. at 2.)

2) **The litigation which Davis proposes to settle as a Rule 23(b)(3) class action has never been certified as a class action.** Prior to the submission of his (first and second) proposed partial settlements with the HSBC Defendants on June 21 and August 11, 2011, respectively, Davis never sought to certify his proposed class of foreign Thema investors. And, as a result, class certification never took place. Davis is the only purported Thema investor before this Court.[4] The issue of class certification was not independently pursued by Davis after September 2011 when the Court denied preliminary approval of the earlier settlement because it was "not fair, reasonable or adequate . . . to members of the proposed class of investors in Thema," 61 of whom were (and are) litigating their claims against HSBC in the Irish High Court before Justice Frank Clarke, and 50 of whom voiced their objection to the proposed partial settlements. 2011 WL 4348140, at *1; see 2011 WL 4351492, at *5, 8 n.13; (see Ltr. from 50 Thema Investors to HSBC Trust, dated June 22, 2011, attached Ex. A to Decl. of Michael E. Wiles, dated June 30, 2011, at 1 ("[W]e represent 50 investors in Thema" who have "initiated proceedings against [HSBC Trust] . . . before Mr Justice Clarke. . . . [O]ur clients reject this settlement completely" because it "appears to be more of an attempt to leverage the US Class

---

[4]  According to Thema, Davis may not have standing to sue and is not a proper class representative. "Davis is not a registered [Thema] shareholder, has never produced any agreement under which anyone allegedly held [Thema] share[s] in 'trust' for him, and is at serious risk of never being able to pursue a claim even on his own behalf." (Thema Ltr. at 5.)

When, by Order dated October 5, 2009, the Court named Davis as "the presumptive lead plaintiff" in this case, the Court expressly noted that Davis was "the only proposed lead plaintiff who allege[d] to have purchased or sold shares of the Thema Fund" to come forward. (Order at 16–17.)

Action to reduce [HSBC Trust's] global exposure . . . than a genuine attempt to settle with the body of Thema investors.").)  Justice Clarke has determined that these 61 cases, together with a case brought against HSBC Trust by Thema itself, "will be linked, managed together, [and] come to trial together."  [2009] I.E.H.C. 457 ¶ 11.1 (H. Ct.) (Ir.), attached as Ex. L to Decl. of Michael E. Wiles, dated June 29, 2011; (see Third Proposed Partial Settlement ¶ D.)[5]  These facts sharply distinguish this case from those relied upon by Davis and the HSBC Defendants in their recent letters.  In In re Syncor ERISA Litigation, 516 F.3d 1095 (9th Cir. 2008), and LaSala v. Needham & Co., 399 F. Supp. 2d 421 (S.D.N.Y. 2005), the district courts had each already certified a class, Syncor, 516 F.3d at 1098; In re Initial Pub. Offering Sec. Litig., 226 F.R.D 186, 194–97 (S.D.N.Y. 2005), and "there was no question as to whether the case properly belonged in a U.S. court."  (Thema Ltr. at 4.)  Moreover, it would be virtually impossible to conclude upon these facts that a U.S. class action "is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3), (b)(3)(C); see State Sec. Ins. Co. v. Frank B. Hall & Co., 95 F.R.D. 496, 499 (N.D. Ill. 1982) ("[F]or class action purposes Rule 23(b)(3)(C) makes relevant a consideration of the overall convenience of this forum to all the litigants and potential litigants." (emphases omitted)).

 3) **At the core of the Third Proposed Partial Settlement – and of Davis's prior proposed partial settlements – is the condition that it be approved by the Irish High Court before it can take effect.**  (See Third Proposed Partial Settlement ¶ 5.5 & Ex. D; First Amended Proposed Partial Settlement, dated Aug. 11, 2011, ¶ 5.5; Original Proposed Partial Settlement, dated June 7, 2011, ¶ 5.5; HSBC Ltr. at 2 n.1.)  The Irish High Court has already been asked by

---

[5] This Court has been in regular contact with Justice Clarke, and has exchanged transcripts and orders pertaining to the U.S. and Irish cases.  (See Tr. of Proceedings before Justice Clarke, dated Dec. 5, 2011 ("Irish Tr."), at 5:10-11 (JUSTICE CLARK: "Judge Berman keeps me in the loop with everything he does.").)

HSBC Trust to "recognise, enforce and give effect to" any U.S. class action settlement in this Court. (Third Proposed Partial Settlement ¶ 5.5 & Ex. D; see also Tr. of Proceedings, dated Nov. 28, 2011, at 21:1-23 (COURT: "How is [the Third Proposed Partial Settlement] going to impact, if at all, what [Justice Clarke is] doing?" HSBC DEFS.' COUNSEL: "One of the things that does have to be known before there can be a settlement is whether this would be enforced in Ireland. . . . We have it all teed up, our papers have been filed, and [Justice Clarke] felt that it was important for him to [rule on enforceability] so that potential class members could know the answer to that question before deciding whether to opt in or opt out of the class.").) The conditional nature of the Third Proposed Partial Settlement supports the Court's conclusion that the entire case should be litigated in the same forum – namely the Irish High Court. (See Irish Tr. at 5:24–6:13 (HSBC TRUST'S COUNSEL: "[T]here is now a [third] proposed settlement before the US Court. And that is being worked through by Judge Berman, so I think it is probably sensible to put the existing [HSBC Trust] motion [regarding recognition of the settlement in Ireland] . . . back until January [2012]." . . . JUSTICE CLARKE: "[L]eaving over – well then that seems to make sense.").) Thema recently observed,

> This Court could not even fashion a reasonable notice to shareholders until after the High Court has determined how (and whether) the proposed settlement would affect the rights of shareholders who elect not to participate in it. Similarly, the Court cannot even determine if HSBC is willing to proceed with a settlement until after an Irish court has entered a ruling as to what the effect of that settlement might be. Given the contingencies, HSBC and Mr. Davis "have really offered no settlement at all, and there is nothing for the court to approve at this time."

(Thema Ltr. at 3 (quoting Wainwright v. Kraftco Corp., 53 F.R.D. 78, 84 (N.D. Ga. 1971)); see also Thema Ltr. at 5 ("What this settlement really represents is a last-ditch effort (by HSBC) to use U.S. procedures to limit the more threatening litigation that Thema is pursuing [in Ireland] against [HSBC Trust], and a last-ditch effort (by Mr. Davis and his counsel) to salvage a large fee.").)

It appears to this Court that the most direct and obvious approach would be for Davis, who has already appeared as a party in the Irish cases (see Decl. of Jarlath Ryan, dated Sept. 30, 2011, ¶ 2), to present all of his issues, including settlement, before the Irish High Court.  See, e.g., DeYoung v. Beddome, 707 F. Supp. 132, 139 (S.D.N.Y. 1989).

4) **The Third Proposed Partial Settlement suffers from infirmities which might well prevent the Court from granting preliminary approval.**  These include:

>**(i) Settlement contingencies.**  These include a ruling by the Irish High Court in the HSBC Defendants' favor regarding the enforceability of the Third Proposed Partial Settlement in Ireland; a "blow provision" allowing the HSBC Defendants "to terminate the [Third Proposed Partial S]ettlement in its entirely in the event that [s]ettlement [c]lass [m]embers whose aggregate [n]et [l]osses exceed $300 million or [s]ettlement [c]lass [m]embers who have suffered no [n]et [l]oss but whose aggregate account balances . . . exceed $10 million choose to exclude themselves from the [s]ettlement [c]lass"; and a settlement fund which varies depending upon the number of class members (as measured by investment losses) who request exclusion from the settlement.  (Third Proposed Partial Settlement ¶¶ 2.2 (providing for a $52.5 million settlement fund if "the aggregate [n]et [l]oss of [s]ettlement [c]lass [m]embers who request exclusion exceeds $250 million," a $55.5 million fund if exclusion "exceeds $150 million but is equal to or less than $250 million," or a $62.5 million fund if exclusion "is equal to or less than $150 million"), 5.5, 9.1); see 2011 WL 4351492, at *12;
>
>**(ii) Potential prejudice to other parties.**  The possibility exists that the Third Proposed Partial Settlement would prejudice Thema's rights and claims pending in Ireland and "interfere with business decisions that belong exclusively to Thema."  (Thema Ltr. at 4 ("This case has never been certified as a derivative action against HSBC in this Court and it never could be so certified, not only because a derivative action is precluded by the rule in Foss v. Harbottle, but also because Thema's action against [HSBC Trust] pre-dated the filing of this action by nearly four months, as recognized in the [s]ettlement [a]greement." (citing Third Proposed Partial Settlement ¶ D)); see also HSBC Ltr. at 2 n.1 (according to the HSBC Defendants' counsel, "HSBC's exposure to Thema would be reduced because Thema's damages would be reduced in proportion to the interest of the settling Thema investors.  The settlement for which HSBC seeks approval remains conditioned on the Irish High Court confirming the enforceability of a class action settlement judgment in Ireland and on the proportionate reduction in Thema's damage claim.")); 2011 WL 4351492, at *11–12;
>
>**(iii) Potential prejudice to class members.**  The prospect exists that Rule 23(b)(3)'s opt-out settlement rules would prejudice the absent foreign investors who Davis and the HSBC Defendants seek to bind.  (See Thema Ltr. at 3 ("Non-participating shareholders of Thema should not be put in the position of finding that their rights have been altered by a U.S. Court, when that same U.S. Court has already decided that the case does not

even belong in the United States.")); see Fla. Power Corp. v. Granlund, 82 F.R.D. 690, 693 (M.D. Fla. 1979);

**(iv) Generous legal fees.** The proposed fee award to Davis's counsel in the amount of 18% of the gross settlement fund, or $9,450,000 to $11,250,000, appears excessive. (See Third Proposed Partial Settlement ¶¶ 2.2, 2.4, 7.1.) Counsel's performance in this case has been underwhelming, including his selection of a forum that is clearly inconvenient and his earlier attempt to secure a $10 million "war chest" to be deducted from the $62.5 million settlement fund (in addition to counsel's unspecified legal fees), see 2011 WL 4351492, at *7–8; (Tr. of Proceedings, dated Aug. 12, 2011, at 10:13-15; Jt. Settlement Ltr. at 2 ("[Davis] believes that the [$10 million] . . . is necessary to address potential litigation outside the United States. . . .  In contrast to the practice in the United States, [plaintiffs] in Ireland customarily retain multiple levels of lawyers . . . on an hourly-fee basis" and "must undertake the risk of having to reimburse any defendants for their legal fees and expenses, in the event [the plaintiffs] lose[].  In light of these peculiar requirements . . . , litigating the non-settled claims in Ireland could be costly."));[6]

**(v) Rule 23 criteria.** Davis is likely unable to establish typicality, adequacy of representation, or superiority under Rule 23. See Fed. R. Civ. P. 23(a)(3), (4), (b)(3); see supra note 4 and page 5; and

**(vi) Plaintiff's proposed service award.** A proposed €20,000 (or nearly $27,000) "service award" to Davis does not appear to be warranted. (See Ex. A-1 to Third Proposed Partial Settlement, at 5); 2011 WL 4351492, at *9 ("Davis's submissions do not at this time demonstrate a level of special circumstances warranting an incentive award." (internal quotation marks omitted)).

5) **Inapposite case authority.** The decision (cited by the HSBC Defendants) of the United States Court of Appeals for the Second Circuit in Mokhiber on Behalf of Ford Motor Co. v. Cohn, 783 F.2d 26 (2d Cir. 1986) (per curiam), does not address the issues most relevant to these proceedings. (See HSBC Ltr. at 2.) The Court in Mokhiber held that, under a New York State law (N.Y. Bus. Corp. § 626(d)) requiring court approval of settlements in derivative suits, a state court "implicitly retained jurisdiction over [a derivative] suit for the purpose of reviewing a proposed settlement" even after the court had dismissed the suit on *forum non conveniens*

---

[6] While Davis now seeks approval of a settlement which does not include the $10 million foreign war chest (see Davis & HSBC Defs.' Jt. Ltr. to the Ct., dated Nov. 28, 2011, at 2), Davis's counsel earlier represented to this Court that he would not settle this case in the absence of such a fund (see Tr. of Proceedings, dated July 21, 2011, at 39:17-21 (COURT: "[W]ould you enter into a settlement that didn't have these provisions, no $10 million legal war chest and no assignment of claim to [Davis]?" DAVIS'S COUNSEL: "No, we would not.")).

grounds in favor of Michigan.  Id. at 28.  The Third Proposed Partial Settlement does not present a derivative settlement and is, as noted, expressly contingent upon this Court's (and the Irish High Court's) approval.  (See Third Proposed Partial Settlement ¶ 5.5, 8.1(a), (d).)  There is no private "settlement[] without court approval" here as there was in Mokhiber.  783 F.2d at 29.[7]

In view of the parallel Irish proceedings in a clearly adequate forum, as well as "additional circumstances that outweigh the district court's general obligation to exercise its jurisdiction," Freund, 592 F. Supp. 2d at 575 (citing Royal & Sun Alliance, 466 F.3d at 94–95) (internal quotation marks and alterations omitted); see also 2011 WL 5928952, the Court hereby lifts the stay and refrains from entertaining Davis's proposed settlement motion.[8]  The HSBC Defendants "agree with the Court that its decision to dismiss on *forum non conveniens* was clearly correct."  (HSBC Ltr. at 4.)

**Conclusion & Order**

The stay issued by this Court in its Decision and Order, dated November 29, 2011, with respect to Plaintiff Davis's claims against HSBC Trust, HSBC Securities, and HSBC Holdings is

---

[7] The transferee forum in Mokhiber was Michigan, where no related suits appear to have been initiated.  See id. at 28–29.  And, there is no indication that the laws of New York and Michigan differed significantly.  See 2011 WL 5928952.

[8] While the HSBC Defendants contend that there was no "material change[]" between September 15, 2011, the date the Court denied Davis's motion for preliminary approval, and November 27, the date the Third Proposed Partial Settlement was executed (HSBC Ltr. at 3), it should be noted that during that period, HSBC and the other Defendants convinced the Court that this action is "genuinely inconvenient" in the Southern District of New York, 2011 WL 5928952, at *14; (see Att'y Decl. in Supp. of HSBC Defs.' Reply in Further Supp. of Mot. to Dismiss, dated Oct. 28, 2011, ¶ 6; Defs.' Jt. Reply Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss, dated Oct. 28, 2011, at 1 n.1, 3–9 ("[T]here is no real U.S. interest in the U.S. 'hosting' suits by foreign shareholders in foreign funds against foreign defendants over foreign conduct, . . . particularly where [Ireland] . . . ha[s] a strong interest in suits concerning investment funds and financial institutions domiciled and subject to regulation there.").)

lifted, and such claims are dismissed on the basis of *forum non conveniens*, as set forth in the November 29, 2011 Decision and Order. See 2011 WL 5928952, at *10–18.

Dated: New York, New York
       December 8, 2011



_____
RICHARD M. BERMAN, U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/11
```