# CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP

Joseph "Jay" Wheeler (1947 - 2008)
Co-Founder

Frank A. Bottini
fbottini@cfsblaw.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/12

**MEMO ENDORSED**
pg. 4

January 5, 2012

**BY FEDERAL EXPRESS**

The Honorable Richard M. Berman
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   *In re Herald, Primeo and Thema Funds Securities Litigation,*
            No. 09 Civ. 0289 (RMB) (S.D.N.Y)

Dear Judge Berman:

    On behalf of Lead Plaintiff Neville Seymour Davis, we write to request that the Court hold a pre-motion conference for Mr. Davis's anticipated motion under Rules 59(e) and 60 of the Federal Rules of Civil Procedure to amend the December 12, 2011 judgment (the "Judgment") to request entry of *final* judgment pursuant to Rule 54(b) as to all defendants,[1] except Defendants Peter Madoff, Andrew Madoff, and Mark Madoff (the "Madoff Defendants").[2] We believe this requested relief is fully consistent with the Court's stated intention to enter a judgment and close the case as to all Dismissed Defendants. In the alternative, we request that the Court amend the Judgment *sua sponte.*[3]

---

[1] The defendants who are dismissed in the Judgment are collectively referred to as the "Dismissed Defendants."

[2] The Court has discretionary authority to make the requested amendments. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 12 (1980) (district courts have discretion under Rule 54(b)); *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 82 (2d Cir. 2011) (Rule 59(e)); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b)).

[3] *See Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 948 n.3 (7th Cir. 1980) (district courts may raise Rule 54(b) issues *sua sponte*); *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984) (Rule 59(e)); *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962) (Rule 60(b)).

550 West C Street, Suite 2000 | San Diego, CA 92101
Tel: 619.241.4810   Fax: 619.955.5318
www.cfsblaw.com

The Honorable Richard M. Berman
January 5, 2012
Page 2

## I. Rule 54(b) Applies Because The Judgment Resolves Fewer Than All Of Mr. Davis's Claims, But Ends The Litigation For The Dismissed Defendants In This Court

Rule 54(b) provides an exception to the final judgment rule by allowing district courts to designate a judgment as final – and thus appealable – even though the judgment disposes of fewer than all of the claims in an action. FED. R. CIV. P. 54(b). The Second Circuit has "repeatedly stressed the importance of strict adherence to the certification requirements of Rule 54(b)." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 747 (2d Cir. 1976). Thus, a judgment resolving some, but not all, of the claims is interlocutory, absent the district court's express certification that there is "no just reason for delay" for entry of a *final* judgment. *HBE Leasing Corp., v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995). In addition to merely repeating the "no just reason for delay" language, the district court must provide a "reasoned explanation for such determination." *Id.*

District courts have broad discretion to issue Rule 54(b) certifications. *Curtiss-Wright*, 446 U.S. at 12-13. Certifications may be reversed only if the district court is "clearly unreasonable." *Id.* at 10. *Ginett v. Computer Task Group, Inc.* sets forth a three-prong test to guide the district courts' exercise of discretion:

> [T]o have a final judgment under [Rule 54(b)], (1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis original).

Here, because factors (1) and (2) are clearly present, Rule 54(b) is applicable. *See id.* With respect to factor (1), the Amended Class Action Complaint asserts 24 claims against dozens of defendants. *See* Dkt. No. 76. With respect to factor (2), the Judgment resolves all claims against the Dismissed Defendants based on *forum non conveniens* and preemption under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Dkt. No. 360 at 2, and thus ends the litigation in this

The Honorable Richard M. Berman
January 5, 2012
Page 3

Court for those defendants. *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (characterizing SLUSA preemption as a "jurisdictional question"). But because Mr. Davis's claims against the Madoff Defendants are severed, the Judgment remains interlocutory unless the Court certifies it as final under Rule 54(b). *See HBE Leasing Corp.*, 48 F.3d at 632.

## II. The Court Should Certify The Judgment Under Rule 54(b) Because It Meets Factor (3) Of The *Ginett* Test

In deciding on *Ginett*'s third prong, the Court must consider "the interest of sound judicial administration." *Ginett*, 962 F.2d at 1095 (quoting *Curtiss-Wright*, 446 U.S. at 8). The Court must give "proper regard for the duties of both the district court and the appellate court," and "avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [the appellate court's] decision on the appealed claim or require [the appellate court] to decide issues twice." *Id.*

Future resolution of Mr. Davis's claims against the Madoff Defendants would have no bearing on the Second Circuit's review of this Court's conclusions based on *forum non conveniens* and SLUSA preemption. The Madoff Defendants reside in New York. Dkt. No. 76 ¶¶ 54-57, 128. The other New York-based defendants, such as JP Morgan Chase & Co. and The Bank of New York Mellon, did not seek dismissal based on *forum non conveniens*. No sound reason exists to speculate that the Madoff Defendants would take a different approach. To the extent that a SLUSA preemption argument is available to the Madoff Defendants, the Second Circuit's review of the Judgment will guide the Court's analysis of any such argument the Madoff Defendants might raise. Indeed, as the Court has found, the claims against the Madoff Defendants are severable from this action. *See* Dkt. No. 360 at 2; *see also Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987). Accordingly, consideration of sound judicial administration counsels in favor of granting certification under Rule 54(b). *See Ginett*, 962 F.2d at 1095 (affirming a Rule 54(b) certification because the claims are severable).

The Honorable Richard M. Berman
January 5, 2012
Page 4

  Plaintiff desires to proceed with an appeal, and believes that his appeal will likely prevail on the merits. *See Assured Guar. (UK) Ltd. v J.P. Morgan Inv. Mgmt. Inc.*, No. 0227, 2011 NY Slip Op. 9162, at *6 (N.Y. Dec. 20, 2011) (rejecting the so-called "Martin Act preemption"). Because a Rule 54(b) certification will allow immediate appellate review of the Judgment, the Court should find that there is no just reason to delay entry of final judgment with respect to the Dismissed Defendants. *See Ginett*, 962 F.2d at 1095 (finding that "undue hardship" on the parties justifies a Rule 54(b) certification). No party will be prejudiced by immediate appellate review of the Judgment.

  Finally, the Court may issue a Rule 54(b) certification *sua sponte*. *Combined Bronx Amusements, Inc. v. Warner Bros. Pictures, Inc.*, 132 F. Supp. 921 (S.D.N.Y.1955). The policy promoting "just, speedy, and inexpensive determination of every action" justifies entry of final judgment *sua sponte*. *See* Fed. R. Civ. P. 1.

  Accordingly, Mr. Davis respectfully requests that the Court hold a pre-motion conference for Mr. Davis's anticipated motion to amend the Judgment or, in the alternative, amend the Judgment *sua sponte*.

Respectfully yours,

*/s/ Francis A. Bottini, Jr.*

Francis A. Bottini, Jr.
of CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP

cc:   All counsel of record (by e-mail)

Def response, if any, to be subm'd jointly + on or before 1/23/12.

SO ORDERED:
Date: 1/9/12

*/s/ Richard M. Berman*
Richard M. Berman, U.S.D.J.