

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2312
DIRECT FAX
(917) 777-2312
EMAIL ADDRESS
MARCO.SCHNABL@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

**Handwritten memo endorsement:** Pl's Davis' application dated 1/5/12 is respectfully denied as moot as an appeal already has been filed to the Court of Appeals. Brull-Kravner v. Donaldson 2011 WL 2319141 (SDNY).

SO ORDERED: 1/25/12 /s/ Richard M. Berman
Richard M. Berman, U.S.D.J.

**MEMO ENDORSED**

DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 1/25/12

January 23, 2012

RECEIVED JAN 24 2012
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

BY HAND DELIVERY

Hon. Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Herald, Primeo and Thema Funds Securities Litigation*, Master Docket No. 09 Civ. 289

Dear Judge Berman:

We represent defendant UniCredit S.p.A. and certain of its affiliates in the captioned litigation. With the consent of the other defendants in this action, we respectfully write in opposition to plaintiff Neville Seymour Davis's January 5, 2012 request that the Court hold a pre-motion conference for Mr. Davis's anticipated motion under Rules 59(e) and/or 60 of the Federal Rules of Civil Procedure to amend the December 12, 2011 judgment in this case (the "Judgment") or, in the alternative, amend the Judgment *sua sponte* to add language derived from Rule 54(b) stating that the Judgment is "final" and "no just reason" exists for a delay of any appeal from the Judgment.[1]

Mr. Davis's request is both improper and moot because the Judgment is already final and he was plainly not delayed (or prevented) from appealing, as he filed

---

[1] No other plaintiff has requested such relief.

Hon. Richard M. Berman
January 23, 2012
Page 2

a Notice of Appeal from the Judgment on January 11, 2012. (See Docket No. 663.) Other plaintiffs/appellants have done likewise. (See Docket Nos. 362, 364.)

As Mr. Davis himself concedes, the Judgment severed all the dismissed claims in this action from the only claims that remain pending (*i.e.*, the claims against the Madoff Defendants). See Civil Judgment entered December 12, 2011 (Dkt. No. 360). In this Circuit, it has long been the rule that "appeal from a judgment on a validly severed . . . claim may be timely taken as of right notwithstanding the pendency of the remaining claims or counterclaims[.]" Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc., 498 F.2d 358, 361 (2d Cir. 1974); see also Verzani v. Costco Wholesale Corp., 387 F. App'x 50, 52 (2d Cir. 2010) ("Because Robert Verzani has been severed from the action initiated by his son, he may appeal the dismissal of his claim . . . even though no final judgment has issued in the original lawsuit."); accord Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 179 n.4 (1955) ("The concept of finality does not require a judgment completely disposing of every matter or issue that arises in the litigation. Some collateral issues may become so severed . . . as to permit an appeal."), overruled on other grounds by Gulfstrean Aerospace Corp. v. Mayacomas, 485 U.S. 271 (1988); 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Fed. Practice & Procedure § 1689 (3d ed., 2011 Supp.) ("Once a claim has been severed . . ., it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken.").[2]

The Judgment is already final and Mr. Davis has already filed an appeal. There is simply no reason to amend the Judgment, as this is unnecessary and may create procedural complications on an appeal Mr. Davis has already taken. Mr. Davis's request should be denied.

Respectfully,

Marco E. Schnabl

cc: All counsel of record (by e-mail)

---

[2] Unlike the authorities cited above, the cases cited by Mr. Davis do not address the question whether the severance of all pending claims in an action renders adjudication of dismissed claims "final" for purposes of appeal and, therefore, are not relevant to Mr. Davis's request. See, e.g., Ginett v. Computer Task Grp., Inc., 962 F.2d 1085 (2d Cir. 1992) (affirming district court's Rule 54(b) certification of order as "final" in case where no claims had been severed).